Brendan Layde
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

Bruce Berline, Esq.
Law Office of Bruce Berline LLC
Security Title Building, Second Floor
Isa Drive, Capitol Hill
P. O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Tel: (670) 233-3663
Email: bberline@gmail.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel:  (646) 854-9061
Email: ah@aaronhalegua.com

*Attorney for Defendant Arnold Palacios in his Personal Capacity*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>v.<br><br>Commonwealth of the Northern Mariana Islands, *et al.*,<br><br>Defendants. | Case No. 1:24-cv-0001<br><br>**RESPONSE BY DEFENDANT ARNOLD PALACIOS TO PLAINTIFF IPI'S SECOND EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Hearing date: n/a<br>Hearing time: n/a<br>Judge: Hon. David O. Carter |

On March 27, 2024, Plaintiff Imperial Pacific International (CNMI) LLC's ("IPI") filed its Second Emergency Motion for Temporary Restraining Order in the above-captioned case (ECF No. 23 (the "Second TRO Motion")), which was supported by Plaintiff's Points and Authorities (ECF No. 23-1 ("IPI Br.")) and two declarations (ECF Nos. 23-2, 24). The Court ordered that any responses to the Second TRO Motion be filed by March 29, 2024. Accordingly, Defendant Arnold Palacios, in both his individual and personal capacity ("Governor Palacios"), hereby submits his Response to IPI's Second TRO Motion. While none of IPI's arguments for the Second TRO Motion really concern Governor Palacios, nor does the TRO seek to restrain any action by him, IPI nonetheless makes unfounded allegations suggesting improper motivations by Governor Palacios that he wishes to address.

IPI's Second TRO Motion seeks an order barring the various CCC Commissioners and "their employees, agents, attorneys, and all persons acting in concert with them with notice of this motion, from proceeding with deliberation and voting for the Revocation Hearing of IPI's Casino License scheduled for April 2nd, 2024, for Complaint 2021-002, 2021-003." (ECF No. 23). Governor Palacios would not participate in any such deliberations or vote on the issue of revoking IPI's license. Indeed, IPI makes no suggestion otherwise. Therefore, the granting or denial of IPI's Second TRO Motion has no impact on Governor Palacios performing his job.

IPI argues that its Second TRO Motion should be granted because, *inter alia*, it has a "strong likelihood of success" on its due process cause of action. (IPI Br. at 13). In support of this position, IPI states that the CCC Commissioners have a "direct" pecuniary interest in the outcome of the revocation hearing. (*Id.*) IPI then argues that the due process clause may be implicated even where the decisionmaker may receive an "indirect financial benefit" and that the CCC Commissioners may "blindly" revoke IPI's license in order to repay money loaned from the CNMI treasury for the CCC to operate. (*Id.* at 17). In making this argument, IPI also interjects the allegation that "Defendants CNMI and Governor Palacios has additional incentives to see IPI's license revoked because they may have a colorable claim to retake the leasehold of the properties where the casino and hotel is located if IPI's casino license is revoked." (*Id.* at 16).

Governor Palacios requests that this baseless, stray remark by IPI be ignored by the Court. The Governor has no role in the deliberations on whether to revoke IPI's casino license that IPI is challenging, and therefore his "incentives" are irrelevant to IPI's due process argument about whether the CCC Commissioners can deliberate fairly. Indeed, IPI offers no explanation as to why the Governor's motives are of any relevance to their Second TRO Motion. Furthermore, IPI provides zero evidence to support its allegation that the Governor is motivated by a desire to retake the leasehold of the casino property. Moreover, if this were the Governor's overriding motivation, IPI's numerous other violations of its Lease Agreement likely already provide sufficient grounds for the CNMI to terminate the lease. For instance, earlier this year, the Department of Public Lands issued a notice of default to IPI because it has failed to meet the requirements to maintain fire and damage insurance and liability insurance on the premises of its gaming facility.[1] (*See* ECF No. 24-11 (Lease Agreement) at 21, 25–26).

DATED: March 29, 2024

Respectfully submitted,

/s/
Brendan Layde
Legal Counsel

*Attorney for Defendant Arnold Palacios in his Official Capacity*

/s/
Aaron Halegua
Bruce Berline

*Attorney for Defendant Arnold Palacios in his Personal Capacity*

---

[1] Ferdie De La Torre, "DPL issues notices of default, violations against IPI," *Saipan Tribune*, March 6, 2024, https://www.saipantribune.com/news/local/dpl-issues-notices-of-default-violations-against-ipi/article_b986efbc-dab6-11ee-8983-b7b6f54d81c8.html (a copy is also attached as **Exhibit A**).

3

# Exhibit A

https://www.saipantribune.com/news/local/dpl-issues-notices-of-default-violations-against-ipi/article_b986efbc-dab6-11ee-8983-b7b6f54d81c8.html

FEATURED

# DPL issues notices of default, violations against IPI

By FERDIE DE LA TORRE
ferdie_delatorre@saipantribune.com
REPORTER
Mar 6, 2024



Imperial Pacific International (CNMI) LLC's Imperial Pacific Resort in Garapan is seen here in this file photo.
FERDIE DE LA TORRE

Public Lands Secretary Teresita A. Santos has issued a notice of default and notice of violations against Imperial Pacific International (CNMI) LLC for breach of lease by failing to submit fire and damage insurance and liability insurance, among others.

In her letter to IPI president Lingli Cai last Wednesday, Santos gave IPI 30 days to cure the violations and stated that failure to cure will place IPI in automatic default of the land lease with DPL.

When asked for IPI's comments yesterday, IPI director/manager Howyo Chi said they scheduled a meeting next week with DPL to address the issues.

If IPI fails to cure the violations, DPL will also be forced to take corrective action pursuant to Article 28 (remedies) of their lease, Santos said.

Pursuant to Article 28, upon termination of IPI's right to use the premises, DPL may, 15 days after the written notice, enter the premises and take possession of all buildings, fixtures, and improvements except IPI's removable personal property, trade fixtures and equipment and evict IPI without liability of trespass.

"It is hoped that this will not be necessary as a last resort in addressing this matter," Santos told Cai in the letter.

She said DPL is giving notice to IPI that it is in default for failing to comply with the terms and conditions of their land lease agreement dated April 29, 2015.

The secretary said Article 19 of the lease provides that IPI "shall procure upon the completion of construction of the initial gaming facility, and maintain in force during the entire lease term or any extension thereof, fire and damage insurance of the premises in a company or companies authorized to do business in the NMI, with extended coverage endorsements jointly in the names of" IPI and DPL, covering the full insurable value of all permanent improvements on the premises, subject to appropriate co-insurance provisions.

To cure the violation of Article 19, Santos said IPI must submit to DPL within 30 days proof of valid fire and damage insurance for the premises with extended coverage endorsements.

Article 20 of the lease also provides that IPI shall procure commercial general liability insurance for the premises and operation. Santos said IPI must submit to DPL within 30 days proof of valid commercial general liability insurance for the premises and operation.

The secretary also found that IPI failed to submit government requirements, failed to use the premises for its stated purpose, failed to provide a copy of the CNMI Gross Revenue Tax monthly return, failed to provide annual reports and audit, mortgaging the property without express prior written DPL approval, and failed to use the premises for the purpose set forth in the lease for 90 days without DPL's consent.

Ferdie Dela Torre