# EXHIBIT B

Michael W. Dotts, Esq., F0150
**DOTTS LAW OFFICE**
Suite 208, DHL Building
Middle Rd. Chalan Lau Lau
PO Box 505979
Saipan, MP USA 96950
Tel. (670) 234-1600
Email: mdotts@dottslaw.law

*Attorneys for Defendant Imperial Pacific Int'l. (CNMI) LLC*





## BEFORE THE COMMONWEALTH CASINO COMMISSION

| | |
|---|---|
| ANDREW YEOM, in his official capacity as Executive Director (Acting) of the Commonwealth Casino Commission,<br><br>Petitioner,<br><br>v.<br><br>IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,<br><br>Defendant. | DEI # 20-022(i)<br>Complaint No. 20-005<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

### I.
### ANSWER

Defendant Imperial Pacific International (CNMI), LLC ("Defendant" or "IPI"), through counsel, answers the Complaint filed by Plaintiff Andrew Yeom, in his official capacity as Acting Executive Director of the Commonwealth Casino Commission, on October 6, 2020 (the "Complaint"), as follows:

1. Defendant admits the allegations made in Paragraphs 1, 2, 3, 7, 12, 13, 27, 30, 36, 44, 80, and 82 of the Complaint subject to the Affirmative Defenses set forth below. To the extent that an affirmative defense contradicts an admission, the affirmative defense is controlling, and the admission is in fact a denial.

2. Defendant denies the allegations in Paragraphs 37, 39, 45, 47, 48, 52, 56, 57, 58, 60, 71, 72, 73, 74, 75, 76, 78, 86, 87, and 88 of the Complaint.

1

3. As to the allegations made in Paragraphs 4, 5, 6, 8, 9, 10, 11, 14, 15, 16, 26, 28, 29, 33, 35, 38, 40, 42, 43, 46, 50, 51, 54, 55, 62, 65, 66, 67, 68, 69, 70, 84, and 85 of the Complaint, the relevant provisions of the Commonwealth Code, Rules and Regulations of the Casino Commission, Commission Orders, and the Casino License Agreement speak for themselves, and are controlling, and no answer is required by the Defendant. To the extent that Plaintiff may have misstated the law in the Complaint or inappropriately summarized the law, the paragraphs are denied.

4. As to the allegations made in Paragraphs 17, 18, 19, 20, 21, 22, 23, 24, and 25, these paragraphs state legal conclusions and are denied on that basis.

4. As to the allegations made in Paragraph 32, Defendant admits that on paper it has an exclusive license, but as applied the CNMI has allowed other casino gaming to take place on Saipan, and in truth IPI does not have an exclusive license.

5. As to the allegations made in Paragraph in Paragraphs 34 and 8, the allegations are unintelligible and as it is uncertain what Petitioner means, the allegations are denied.

5. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 53, and therefore denies the same.

6. As to the allegations made in Paragraph 63 of the Complaint, Defendant admits that it did not self-report but denies that self-reporting was required under these circumstances.

7. Defendant admits Paragraph 77 of the Complaint is poorly worded. The paragraph begins with what the Plaintiff "does not allege." No answer is required to what is not alleged. The paragraph continues without properly alleging specific facts that there are "other enforcement actions which allege various violations." That there are other actions pending is irrelevant and prejudicial. For these reasons the allegations made in Paragraph 77 are denied.

8. Defendant lacks information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 79 that the Executive Director "considered mitigating factors" that IPI's business was harmed by the Coronavirus pandemic. Given that the Executive Director has proposed no meaningful relief in light of these Acts of God, Defendant denies the allegation that the Executive Director considered mitigating circumstances and put the Plaintiff to the proof of this allegation.

7. As to the allegations made in Paragraph 82 of the Complaint, Defendant lacks information as to what the Executive Director did or did not consider but doubts the Executive Director gave proper consideration to the limitation on his authority or to the effects of the closing of the Defendant's business. The "allegation" that the Commission is "free to consider any other aggravating or mitigating factors it deems relevant" is not a full and correct statement of the law under the Administrative Procedures Act and on that basis is denied.

8. As to the allegations made in Paragraphs 31, 41, 49, 59, 61, 64, and 83 of the Complaint that incorporate the allegations made in other paragraphs, Defendant denies all allegations not specifically admitted.

9. Defendant denies all allegations not expressly admitted.

10. Defendant denies that the Plaintiff is entitled to the relief prayed for.

## II.
## AFFIRMATIVE DEFENSE

Defendant asserts the following defenses and reserves the right to add defenses as they become known during the course of discovery:

A. Plaintiff's Complaint fails to state a claim against the Defendant for which relief may be granted.

B. Plaintiff's claims are barred by waiver, acquiescence and consent.

C. Plaintiff failed to mitigate its alleged damages.

3

1       D.      Plaintiff's damages were caused by events that were not under the control of
2  Defendant.
3       E.      Plaintiff is barred from recovery under the doctrine of laches.
4       F.      Plaintiff's claims are barred because of unclean hands and estoppel.
5       G.      Plaintiff's claims are barred by its breach of the Casino License Agreement by not
6  enforcing the exclusivity that IPI was to enjoy and its failure to address unlawful gaming activity.
7  Any payment due should be stayed until IPI's exclusivity provision is enforced.
8       H.      The statutory underpinning for this action, 4 CMC §2309, mandating the casino
9  regulatory fees, is unconstitutional and is an unlawful taxation disguised as a fee.
10      I.      The casino regulatory fee is unconstitutional as it consists of an impoundment of
11 funds. The CCC operates for less than the amount IPI pays, and the overpayment in impounded for
12 use by the Executive without appropriation by the Legislature.
13      J.      The statutory underpinning for this action, 4 CMC §2309 mandating the casino
14 regulatory fees is unconstitutional for being excessive and deprives IPI of its property without due
15 process of law. The fee set by 4 CMC §2309 was arbitrary and excessive.
16      K.      The statutory underpinning for this action, 4 CMC §2309 mandating the casino
17 regulatory fees is unconstitutional as it violates the right to equal protection of the laws. There are
18 other regulated industries that do not pay a fee to the agencies that regulate them beyond the license
19 fee, such as banks, insurance companies, and poker parlors.
20      L.      Plaintiff's claims are barred by failure of consideration. The Casino License
21 Agreement states that IPI is licensed "to exclusively operate casino gaming on the island of Saipan."
22 In return for this, IPI is to pay an extremely high annual license fee of $15,000,000 subject to
23 increase every five years. The regulatory fee should have been included in the already high license

fee. By paying $3,000,000 as a regulatory fee in addition to a $15,000,000 license fee, IPI has been overcharged.

M.  Defendant is excused from performing in accordance with the doctrine of force majeure. The COVID-19 pandemic arose in China and began to negatively affect Defendant's business in December 2019. The pandemic forced the closure of Defendant's business entirely on March 17, 2020, and by order of the CNMI, the Defendant is still not allowed to reopen. Even if allowed to reopen, there are no tourists coming to Saipan and no recovery is expected in the tourist market until May 2021 at the earliest. Because of these forces beyond the control of the Defendant, the Defendant need not the annual regulatory fee.

N.  Plaintiff has no damages and lacks standing.

O.  Plaintiff's claims are barred under the doctrine of unjust enrichment.

P.  Plaintiff hereby gives notice that it intends to rely upon any other matter constituting an avoidance or affirmative defense as set forth in Com. R. Civ. Pro. 8(c), 9 and 12, and may seek leave to amend this Answer to include and allege those defenses during the course of discovery or trial of this action.

## III.
## PRAYER FOR RELIEF

Wherefore, Defendant prays for the following relief:

a.  The Plaintiff take nothing by its Complaint; and

b.  For such other relief as is just and proper.

Respectfully submitted this 21st day of October 2020.

DOTTS LAW OFFICE
*Attorney for Defendant IPI (CNMI) LLC*

By: _____
Michael W. Dotts, F0150

5