# EXHIBIT

# C



**COMMONWEALTH CASINO COMMISSION**
Commonwealth of the Northern Mariana Islands
Unit 13 & 14, Springs Plaza, Chalan Pale Arnold, Gualo Rai
P.O. Box 500237, Saipan, MP 96950
Telephone: +1 (670) 233-1857/58
Facsimile: +1 (670) 233-1856
Website: www.cnmicasinocommission.com
E-mail: info@cnmicasinocommission.com



E-FILED
CNMI SUPERIOR COURT
E-filed: May 27 2021 06:18PM
Clerk Review: May 27 2021 07:38AM
Filing ID: 66632246
Case Number: 21-0173-CV
Eva Calvo

# COMMISSION ORDER NO: 2021-002

**Final Order for Enforcement Actions 20-001 (consolidated) and 20-003 (consolidated).**

For good cause determined at the February 25, 2021 and March 02, 2021 evidentiary hearings of the Commonwealth Casino Commission, which were duly publicly noticed and open to the public, and based on the authority granted by the laws of the Commonwealth (including but not limited to Public Laws 18-56, 19-24 and 21-38) and the Regulations of the Commonwealth Casino Commission, NMIAC Chapter 175-10.1, the Commonwealth Casino Commission hereby finds and **ORDERS AS FOLLOWS:**

1.      WHEREAS, On or about February 25, 2021 Vice Chairman Ralph S. Demapan presided over an evidentiary hearing of the Commission in Enforcement Action 2020-001 (consolidated).  The consolidated enforcement action encompassed actions 2020-001 and 2020-002; and

2.      WHEREAS, On or about March 02, 2021 Chairman Edward C. Deleon Guerrero presided over an evidentiary hearing of the Commission in Enforcement Action 2020-003 (consolidated).  The consolidated enforcement action encompassed actions 2020-003, 2020-004 and 2020-005; and

3.      WHEREAS, At the evidentiary hearing held on or about March 02, 2021, the parties mutually requested for the Final Orders regarding Enforcement Action 2020-001 (consolidated) and Enforcement Action 2020-003 (consolidated) to be combined; and

4.      WHEREAS, Enforcement Action 2020-001 contains two claims.  Claim one alleges that the casino licensee committed a violation of the Casino License Agreement by failing to make for more than twelve hours the required Community Benefit Fund contributions required by Amendment #3 in violation of §175-10.1-675(b)(1), and committed a violation of §175-10.1-1805(b)(15) by breaching a contract by failing to make the required contributions for more than twelve hours.  Claim Two alleges that is that the casino licensee committed a violation of the Casino License Agreement by failing to make for more than twelve hours the required Community Benefit Fund contributions required by Amendment #5 in violation of §175-10.1-675(b)(1), and committed a violation of §175-10.1-1805(b)(15) by breaching a contract by failing to make the required contributions for more than twelve hours; and

RECEIVED
DATE/BY
@ 9:55 am
4.23.2021

5.   WHEREAS, At the hearing, the Executive Director established, by clear and convincing evidence, through the stipulations, admissions, and exhibits admitted into evidence and matters officially noticed that the casino licensee violated the applicable regulations as alleged in the Complaint. The casino licensee offered no defense to the claims alleged in Enforcement Action 2020-001. The Commission finds that, by clear and convincing evidence, the casino licensee committed two violations of Claim One of Enforcement Action 2020-001 and two violations of Claim Two of Enforcement Action 2020-001; and

6.   WHEREAS, The Commission finds by clear and convincing evidence that all four violations committed by the casino licensee in Enforcement Action 2020-001 are major violations pursuant to §175-10.1-2540(c).   Notwithstanding the foregoing, the Commission, considering the totality of the circumstances, has determined by clear and convincing evidence pursuant to §175-10.1-2535(a), after applying the factors of §175-10.1-2535(b), that the violations committed by the casino licensee in Enforcement Action 2020-001 are major violations. The commission finds by clear and convincing evidence that: the violations were actions of omission; the casino licensee did not self-report all the facts concerning the violations; the casino licensee did not promptly accept responsibility for the offenses; the casino licensee has numerous actions pending in the courts of the United States of America and Commonwealth; the relative harm suffered by the Commonwealth is moderate to great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee breaches contracts. In mitigation, the harm to the gaming industry generally is minor and the Lottery Commission did grant some relief; and

7.   WHEREAS, The four members of Commission participating in the action unanimously determined by clear and convincing evidence that, for Claim One of Enforcement Action 2020-001, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities should be suspended for a period of six months from the effective date of this Order, and the licensee should pay penalties amounting to fifty thousand dollars ($50,000).   Further, the four members of Commission participating in the action unanimously determined by clear and convincing evidence that, for Claim Two of Enforcement Action 2020-001, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities should be suspended for a period of six months from the effective date of this Order, and the licensee should pay penalties amounting to fifty thousand dollars ($50,000); and

8.   WHEREAS, Enforcement Action 2020-002 contains four claims. Claim one alleges that the casino licensee violated Commonwealth law, specifically 4 CMC §2306(b) by failing to pay, for more than twelve hours, the annual license fee when due on August 12, 2020. Claim Two alleges that is that the casino licensee violated the Casino License Agreement by failing to make for more than twelve hours the required annual license fee payment in violation of §175-10.1-610(b). Claim Three alleges that the casino licensee violated §175-10.1-1805(b)(15) by breaching a contract by failing to make the required annual licensee fee payment for more than twelve hours. Claim Four seeks an Order declaring that the casino licensee's failure to pay the annual license fee

in full when due is an unsuitable method of operation and requiring the licensee to pay the annual licensee fee immediately upon the effective date of the Commission's Order; and

9.    WHEREAS, At the hearing, the Executive Director established by clear and convincing evidence through the admissions, stipulations, exhibits admitted into evidence, and matters officially noticed that the casino licensee violated the applicable Commonwealth law, the Casino License Agreement and the applicable regulations by not paying the Annual License Fee in full when due. The casino licensee offered a defense by arguing that the annual license fee was subject to the force majeure clause of the Casino Licensee Agreement.   The Casino Licensee offered no admissible testimony from the casino licensee that it was unable to pay the annual license fee for any reason at all.   The Executive Director argued that the force majeure clause was inapplicable to the Annual License fee as the time for payment was set by statute, and offered testimony that the casino licensee failed to pay the annual license fee not due to force majeure reasons; namely, that IPI had suffered large financial losses prior to the pandemic, that the casino licensee's auditors expressed "going concern" issues prior to the pandemic, and that the then-CEO admitted to the Commission in a public meeting on July 20, 2020 that IPI has some funding to satisfy the annual license fee; and

10.   WHEREAS, The Commission finds that the force majeure clause does not, as a matter of law, apply to the payment of the annual license fee, as the time for payment was set by statute, and the Lottery Commission could not amend an act of the Legislature.   Notwithstanding the foregoing, the Commission finds by clear and convincing evidence that even if the force majeure clause of the Casino License Agreement could toll the requirement to pay the Annual License Fee, the casino licensee has not established that its failure to make the required annual license fee payment when due was at all related to any force majeure reason.   Conversely, the Commission finds that the Executive Director has established by clear and convincing evidence that the casino licensee's failure to make the required annual license fee payment was not due to a force majeure reason; and

11.   WHEREAS, The Commission finds, by clear and convincing evidence, that the casino licensee committed one initial violation of Claim One of Enforcement Action 2020-002 and additional violations every day from January 8, 2020 through February 25, 2020 for a total of forty nine violations for that claim; one initial violation of Claim Two of Enforcement Action 2020-002 and additional violations every day from January 8, 2020 through February 25, 2020 for a total of forty nine violations for that claim; one initial violation of Claim Three of Enforcement Action 2020-002 and additional violations every day from January 8, 2020 through February 25, 2020 for a total of forty nine violations for that claim. The Commission further finds by clear and convincing evidence that the declaratory relief sought by Claim Four should be granted; and

12.   WHEREAS, The Commission finds by clear and convincing evidence that all violations committed by the casino licensee in Claim One and Claim Two of Enforcement Action 2020-002 are major violations pursuant to §175-10.1-2540(c).

Notwithstanding the foregoing, the Commission, considering the totality of the circumstances, has determined by clear and convincing evidence pursuant to §175-10.1-2535(a), after applying the factors of §175-10.1-2535(b), that the violations committed by the casino licensee in Claims One, Two and Three of Enforcement Action 2020-002 are major violations.  The Commission finds by clear and convincing evidence that: the violations were actions of omission; the casino licensee did not self-report all the facts concerning the violations; the casino licensee did not promptly accept responsibility for the offenses; the casino licensee has numerous actions pending in the courts of the United States of America and Commonwealth and before the Commission; the relative harm suffered by the Commonwealth is moderate to great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee breaches contracts; and the casino licensee had some funds to pay for the annual license fee but chose not to.  In mitigation, the harm to the gaming industry generally is minor; and

13.     WHEREAS, The four members of Commission participating in the action unanimously determined by clear and convincing evidence that, for Claims One, Two and Three of Enforcement Action 2020-002, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities should be suspended indefinitely from effective date of this Order until such time as the casino licensee has paid the Annual License Fee in full, and the licensee should pay penalties amounting to one million five hundred thousand dollars ($1,500,000) in total. The Commission also determined by clear and convincing evidence that the requested declaratory order should issue; and

14.     WHEREAS, Enforcement Action 2020-003 has four claims.  Claim One alleges that the casino licensee violated Commission Order 2020-003 by not maintaining the required cash or cash equivalents in a restricted account in a bank in the Commonwealth or United States of America.  Claim Two alleges that the casino licensee violated Commission Order 2020-003 when its highest-ranking executives failed to detail the means by which it would comply with the Order.  Claim Three requests an Order declaring that the casino licensee's failure to comply with the minimum capital requirements of Commission Order 2020-003 and failure to make the required explanations amount to unsuitable methods of operation and requiring immediate compliance.  Claim Four requests an Order declaring that the casino licensee's fiscal and financial capability as owner and operator of the casino has significantly diminished such that the public interest is no longer protected, and requiring the casino licensee to immediately obtain financial capability sufficient to pay all debts as they become due so the public interest is sufficiently protected; and

15.     WHEREAS, Enforcement Action 2020-004 has four claims.  Claim One alleges that the casino licensee violated Commission Order 2020-004 by not paying accounts payable that were over 89 days old as ordered by the Commission.  Claim Two alleges that the casino licensee violated Commission Order 2020-004 by not making the required certifications as ordered by the Commission.  Claim Three requests an Order declaring that the casino licensee's failure to comply with the payment and certification

requirements of Commission Order 2020-004 are unsuitable methods of operation and requiring the casino licensee to pay all amounts required by Commission Order 2020-004 immediately upon the effective date of the Order.  Claim Four seeks an Order declaring that:  the casino licensee is not a "going concern" as that phrase is commonly used in the area of financial accounting; the casino licensee, as a business entity, is not "solvent" as that word is commonly used in the area of financial accounting as of the date of the Order; the casino licensee lacks the present ability to pay debts as they mature and become due; the casino licensee lacks the present ability to pay to public and private entities all payments required by contract; and the casino licensee lacks the present ability to fully construct the entirety of the Initial Gaming Facility located in Garapan, Saipan, CNMI in accordance with all applicable laws, regulations and codes; and

16.     WHEREAS, Enforcement Action 2020-005 has four claims.  Claim One alleges that the casino licensee violated Commonwealth law, specifically 4 CMC §2309 by failing to pay, for more than twelve hours, the Casino Regulatory Fee in full when due. Claim Two alleges that the casino licensee violated Regulation 175-10.1-1225 by failing to pay the Casino Regulatory Fee in full when due for more than twelve hours.  Claim Three alleges that the casino licensee breached a contract by failing to pay, for more than twelve hours, the casino license fee in full when due.  Claim Four seeks a declaration that Imperial Pacific International (CNMI) LLC's failure to pay the casino regulatory fee in full when due amounts to an unsuitable method of operation and requiring the casino licensee to pay the casino regulatory fee in full immediately upon the effective date of the Order; and

17.     WHEREAS, At the hearing, the Executive Director established by clear and convincing evidence through the admissions, stipulations, exhibits admitted into evidence and matters officially noticed that the casino licensee violated the applicable laws and regulations and breached the applicable contracts as alleged in the consolidated complaints.  The casino licensee offered no defense to the claims alleged in Enforcement Actions 2020-003, 2020-004, and 2020-005.  The Commission finds that, by clear and convincing evidence, the casino licensee committed the following violations as alleged in their respective Complaints:

In Enforcement Action 2020-003:  One violation of Claim One for the initial violation and additional violations every day from January 8, 2020 through March 1, 2020, for a total of 53 violations; One violation of Claim Two for the initial violation and additional violations every day from January 8, 2020 through March 1, 2020, for a total of 53 violations.  The Commission further finds by clear and convincing evidence that the declaratory relief sought by Claim Three and Claim Four should be granted;

In Enforcement Action 2020-004:  Three hundred violations of Claim One for the initial day of violation and three hundred additional violations every day from January 8, 2020 through March 1, 2020, for a total of 15,900 violations; Five violations of Claim Two for the initial day of violation and five additional violations every day from January 8, 2020 through March 1, 2020, for a total of two hundred sixty five (265) violations.  The Commission further finds by clear

and convincing evidence that the declaratory relief sought by Claim Three and Claim Four should be granted;

   In Enforcement Action 2020-005:  One violation of Claim One for the initial violation and additional violations every day from January 8, 2020 through March 1, 2020, for a total of 53 violations; One violation of Claim Two for the initial violation and additional violations every day from January 8, 2020 through March 1, 2020, for a total of 53 violations. One violation of Claim Three for the initial violation and additional violations every day from January 8, 2020 through March 1, 2020, for a total of 53 violations.  The Commission further finds by clear and convincing evidence that the declaratory relief sought by Claim Four should be granted; and

18.   WHEREAS, the Commission finds by clear and convincing evidence that the following violations committed by the casino licensee are major violations pursuant to §175-10.1-2540(c):

   In Enforcement Action 2020-003:   For Claim 1, the 52 violations from January 8, 2020 through March 1, 2020; For Claim Two the 52 violations every day from January 8, 2020 through March 1, 2020;

   In Enforcement Action 2020-004: For Claim One for the 15,600 violations January 8, 2020 through March 1, 2020; For Claim Two for the 260 violations from January 8, 2020 through March 1, 2020;

   In Enforcement Action 2020-005:  For Claim One all 53 violations; For Claim Two all 53 violations; and

19.   WHEREAS, The Commission considering the totality of the circumstances, has determined by clear and convincing evidence pursuant to §175-10.1-2535(a), after applying the factors of §175-10.1-2535(b), that the remaining violations in the consolidated complaints comprising Enforcement Action 2020-003 (consolidated) committed by Imperial Pacific International (CNMI) LLC are major violations.   The Commission finds by clear and convincing evidence that: the violations were actions of omission; the casino licensee did not self-report all the facts concerning the violations; the casino licensee did not promptly accept responsibility for the offenses; the casino licensee has numerous actions pending in the courts of the United States of America and Commonwealth and before the Commission; the relative harm suffered by the Commonwealth is moderate to great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee breaches contracts.  In mitigation, the harm to the gaming industry generally is minor; and

20.   WHEREAS, The five members of the Commission unanimously determined by clear and convincing evidence that, for Claims One and Two of Enforcement Action 2020-003, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities should be suspended indefinitely from effective date of this Order until such time as the casino licensee is in complete compliance with Commission Order 2020-003, and the licensee should pay penalties amounting to One Million five hundred thousand dollars ($1,500,000) in total. The Commission also determined by

clear and convincing evidence that the requested declaratory orders in Claim Three and Claim Four should issue; and

21.    WHEREAS, The five members of the Commission unanimously determined by clear and convincing evidence that, for Claims One and Two of Enforcement Action 2020-004, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities should be suspended indefinitely from effective date of this Order until such time as the casino licensee is in complete compliance with Commission Order 2020-004, and the licensee should pay penalties amounting to Two Million dollars ($2,000,000) in total. The Commission also determined that the requested declaratory orders in Claim Three and Claim Four should issue; and

22.    WHEREAS, The five members of the Commission unanimously determined by clear and convincing evidence that, for Claims One, Two and Three of Enforcement Action 2020-005, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities should be suspended indefinitely from effective date of this Order until such time as the casino licensee has fully paid the Casino Regulatory Fee, and the licensee should pay penalties amounting to One Million five hundred thousand dollars ($1,500,000) in total. The Commission also determined that the requested declaratory order in Claim Four should issue; NOW, THEREFORE,

23.    IT IS HEREBY ORDERED that, as to Claims One and Two of Enforcement Action 2020-001, the portion of the Casino License Agreement which allows Imperial Pacific International (CNMI) LLC to conduct gaming activities is hereby suspended for a period of six months from the effective date of this Order, and the casino licensee shall pay penalties of one hundred thousand dollars ($100,000) within one month of the effective date of this Order; and

24.    IT IS HEREBY FURTHER ORDERED that, as to Claims One, Two, and Three of Enforcement Action 2020-002, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities is suspended indefinitely from effective date of this Order until such time as the casino licensee has paid the Annual License Fee in full; and the licensee shall pay penalties amounting to one million five hundred thousand dollars ($1,500,000) in total within six months of the effective date of this Order; and

25.    IT IS HEREBY FURTHER ORDERED that Imperial Pacific International (CNMI) LLC's failure to pay the Annual License Fee in full when required is an unsuitable method of operation.  Imperial Pacific International (CNMI) LLC is ORDERED to pay the Annual License fee in full immediately upon the effective date of this Order; and

26.    IT IS HEREBY FURTHER ORDERED that for Claims One and Two of Enforcement Action 2020-003, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities is suspended indefinitely from the effective date of this Order until such time as the casino licensee is in complete compliance with Commission Order 2020-003, and the licensee shall pay penalties

amounting to one million five hundred thousand dollars ($1,500,000) in total within six months of the effective date of this Order; and

27.    IT IS HEREBY FURTHER ORDERED that Imperial Pacific International (CNMI) LLC's failure to comply with the minimum capital requirements of Commission Order 2020-003 and failure to detail the means by which it shall comply with the minimum capital requirements of Commission Order 2020-003 are unsuitable methods of operation.    Imperial Pacific International (CNMI) LLC is ORDERED to come into compliance with Commission Order 2020-003 prior to the Licensee seeking the lifting of the suspension of its gaming license; and

28.    IT IS HEREBY FURTHER ORDERED that the Commission has determined that Imperial Pacific International (CNMI) LLC's fiscal and financial capability as owner and operator of the casino has significantly diminished such that the public interest is no longer protected.   Imperial Pacific International (CNMI) LLC is ORDERED to obtain financial capability sufficient to pay all debts as they become due so the public interest is sufficiently protected prior to the Licensee seeking the lifting of the suspension of its gaming license; and

29.    IT IS HEREBY FURTHER ORDERED that for Claims One and Two of Enforcement Action 2020-004, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities is suspended indefinitely from effective date of this Order until such time as the casino licensee is in complete compliance with Commission Order 2020-004; and the licensee shall pay penalties amounting to two million dollars ($2,000,000) in total within six months of the effective date of this Order; and

30.    IT IS HEREBY FURTHER ORDERED that that Imperial Pacific International (CNMI) LLC's failure to comply with the payment and certification requirements of Commission Order 2020-004 is an unsuitable method of operation.   Imperial Pacific International (CNMI) LLC is ORDERED to come into compliance with Commission Order 2020-004 immediately upon the effective date of this Order; and

31.    IT IS HEREBY FURTHER ORDERED that the Commission has determined that Imperial Pacific International (CNMI) LLC the casino licensee, as a business entity, is not "solvent" as that word is commonly used in the area of financial accounting as of the date of the Order; the casino licensee lacks the present ability to pay debts as they mature and become due; the casino licensee lacks the present ability to pay to public and private entities all payments required by contract; and the casino licensee lacks the present ability to fully construct the entirety of the Initial Gaming Facility located in Garapan, Saipan, CNMI in accordance with all applicable laws, regulations and codes; and

32.    IT IS HEREBY FURTHER ORDERED that for Claims One, Two and Three of Enforcement Action 2020-005, the portion of the Casino License Agreement that allows the casino licensee to conduct gaming activities is suspended indefinitely from effective

date of this Order until such time as the casino licensee has fully paid the Casino Regulatory Fee; the licensee shall pay penalties amounting to One Million five hundred thousand dollars ($1,500,000) in total within six months of the effective date of this Order; and

33.   IT IS HEREBY FURTHER ORDERED that Imperial Pacific International (CNMI) LLC's failure to pay the Casino Regulatory Fee in full when required is an unsuitable method of operation.  Imperial Pacific International (CNMI) LLC is ORDERED to pay the Casino Regulatory Fee in full immediately upon the effective date of this Order; and

34.   IT IS HEREBY FURTHER ORDERED that the Chairman or the Executive Director shall take steps necessary to ensure that this Order is published in the Commonwealth Register as soon as is practicable; and

35.   IT IS HEREBY FURTHER ORDERED that this Order is to take effect ten days after its publication in the Commonwealth Register and shall remain in effect until it is repealed or replaced by subsequent Order of the Commission; and

36.   NOTICE IS HEREBY PROVIDED that this Order constitutes a final agency order in a contested case. "A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action, is entitled to judicial review of the action within 30 days thereafter in the Commonwealth Superior Court." 1 CMC §9112.

SO ORDERED this _22nd_ day of April, 2021.

Signature: _Edward C. deleon guerrero_

      EDWARD C. DELEON GUERRERO
             CHAIRMAN
    As to Complaint 20-003 (consolidated)

Signature: _____

        RAFAEL S. DEMAPAN
         VICE CHAIRMAN
  As to Complaint 20-001 (consolidated)