# EXHIBIT G




**COMMONWEALTH CASINO COMMISSION**
Commonwealth of the Northern Mariana Islands
P.O. Box 500237
Saipan, MP 96950
Tel: 1 (670) 233-1857/58
Fax: 1 (670) 233-1856
Email: info@cnmicasinocommission.com

Edward Manibusan
Attorney General
Keisha Blaise (T0151)
Assistant Attorney General
Hon Juan A. Sablan Mem. Bldg., 2nd Floor
Capitol Hill
Caller Box 10007 Saipan, MP 96950
Tel: (670) 237-7500 Fax: (670) 664-2349



**BEFORE THE COMMONWEALTH CASINO COMMISSION**

ANDREW YEOM, in his official capacity as Executive Director of the Commonwealth Casino Commission,

    Petitioner,

v.

IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC

    Respondent.

COMPLAINT NO. 2021-003_

**COMPLAINT**

COMES NOW, the Petitioner, Andrew Yeom, in his official capacity as Executive Director of the Commonwealth Casino Commission (the "CCC"), by and through undersigned counsel, and alleges as follows:

## JURISDICTION

1. The CCC has jurisdiction over the Petitioner's claims pursuant to 4 CMC §2314(a) and NMIAC §175-10.1-1501 et seq.

## PARTIES

2. Petitioner Andrew Yeom is the Executive Director of the CCC.

3. Imperial Pacific International (CNMI) LLC ("IPI") is a limited liability company

organized under the laws of the Commonwealth of the Northern Mariana Islands.

## FACTS

4. IPI is required by Commonwealth law, the casino license agreement, and the regulations promulgated by the CCC, to pay an annual regulatory fee.

Commonwealth Law

5. Commonwealth law requires payment of a "Casino Regulatory Fee" of at least three million dollars per year, subject to adjustment. 4 CMC § 2309(a)-(b).

6. Commonwealth law contains no provisions for waiver or reduction of the Casino Regulatory Fee to an amount lower than three million dollars per year.

7. IPI has a statutory obligation to pay the Casino Regulatory Fee.

8. IPI has a statutory obligation to pay the Casino Regulatory Fee in full.

9. IPI has a statutory obligation to pay the Casino Regulatory Fee on the date it is due.

10. IPI has a statutory obligation to pay the Casino Regulatory Fee in full on the date it is due.

11. Per Commonwealth law, the regulatory fee is due on or before October 1 of every year. 4 CMC § 2309(a).

12. Respondent has paid this fee each year it has been required prior to 2020.

13. Per Commonwealth law, the regulatory fee for the year beginning October 1, 2020 through September 30, 2021 was due on or before October 1, 2020.

CCC Regulations

14. One of the CCC's statutory responsibilities is to promulgate regulations which provide for "[s]upervision, monitoring and investigation or other means to ensure the suitability and compliance with the legal, statutory and contractual obligations of owners, operators, and employees of casinos and other persons licensed under" the gaming act. 4 CMC § 2314.

15. The CCC promulgated regulation NMIAC §175-10.1-1225(b), which requires payment of the Casino Regulatory Fee.

16. IPI has a regulatory obligation to pay the Casino Regulatory Fee.

17. IPI has a regulatory obligation to pay the Casino Regulatory Fee in full.

18. IPI has a regulatory obligation to pay the Casino Regulatory Fee on the date it is due.

19. IPI has a regulatory obligation to pay the Casino Regulatory Fee in full on the date it is due.

Breach of Contract

20. In or about August, 2019, the then-Executive Director caused to be filed an action (19-001) for the untimely payment of the annual license fee.

21. The parties entered into a stipulated resolution of that enforcement action. In that stipulated resolution, IPI agreed that it would "ensure that all required fee payments are timely made as required by applicable Commonwealth law, regulation, or otherwise."

22. IPI has a contractual obligation to pay the Casino Regulatory Fee.

23. IPI has a contractual obligation to pay the Casino Regulatory Fee in full.

24. IPI has a contractual obligation to pay the Casino Regulatory Fee on the date it is due.

25. IPI has a contractual obligation to pay the Casino Regulatory Fee in full on the date it is due.

Violation of Commission Order 2019-004

26. The stipulated agreement was confirmed by the Commission in a public meeting on or about September 26, 2019 in Commission Order 2019-004 which included the language "IT IS HEREBY FURTHER ORDERED that the casino licensee, shall ensure that all required fee

3

1  payments are timely made as required by applicable Commonwealth laws, regulations, or otherwise." The Order was published in the Commonwealth Register on or about October 28, 2019 in Volume 41 Number 10 pages 042822-042823.

Failure to Pay

27. The Casino Regulatory Fee was adjusted based on the 5% increase required by law.

28. As adjusted, the Casino Regulatory Fee amount to be paid on or before October 1, 2020 was Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00).

29. IPI did not pay $3,150,000.00 to the Commonwealth Treasurer on or before October 1, 2020.

30. IPI did not pay three million dollars to the Commonwealth Treasurer on or before October 1, 2020.

31. IPI did not pay in part the Casino Regulatory Fee on or before October 1, 2020.

32. IPI did not pay in full the Casino Regulatory Fee on or before October 1, 2020.

33. IPI made no payment for the Casino Regulatory Fee that was due on or before October 1, 2020 on or before October 1, 2020.

34. The Casino Regulatory Fee was not paid in full for more than twelve hours from the time it was due as of October 1, 2020, and was not paid in full for more than twelve hours from the time it was due each day thereafter.

Enforcement Action 2020-005

35. Then-Executive Director caused to be filed Enforcement Action 2020-005 because IPI failed to pay the Casino Regulatory Fee that was due on or before October 1, 2020.

36. Enforcement Action 2020-005 contained four claims. Claim One alleged that the casino licensee violated Commonwealth law, specifically 4 CMC §2309(b), by failing to pay, for more than twelve hours, the Casino Regulatory Fee when due on or before October 1, 2020.

4

Claim Two alleged that the casino licensee violated CCC Regulations by failing to pay, for more than twelve hours, the required Casino Regulatory Fee payment in violation of §175-10.1-1225. Claim Three alleged that the casino licensee violated §175-10.1-1805(b)(15) by breaching a contract by failing to make the required Casino Regulatory Fee payment for more than twelve hours. Claim Four sought an Order declaring that the casino licensee's failure to pay the Casino Regulatory Fee in full when due was an unsuitable method of operation and requiring the licensee to pay the Casino Regulatory Fee immediately upon the effective date of the CCC's Order.

37. Enforcement Action 2020-005 was consolidated with Enforcement Actions 2020-003 and 2020-004 under the caption for Enforcement Action 2020-003 (consolidated).

38. In the First Stipulation as to Certain Fact(s) which Not (sic) Disputed by the Parties filed in Enforcement Action 2020-003 (consolidated), IPI specifically stipulated that the following facts concerning the Casino Regulatory Fee were undisputed:

"(H) Respondent Imperial Pacific International (CNMI) LLC has on no day since October 1, 2020 up through and including March 2, 2021, paid in full the Casino Regulatory Fee as required by Commonwealth Law, CCC Regulations, Commission Order 2019-004 and the stipulated agreement in enforcement action 2019-001.
(I) Respondent Imperial Pacific International (CNMI) LLC has violated Commonwealth law, Commission Order 2019-004, Commission Order 2020-004, and the stipulated agreement in enforcement action 2019-001 every day since October 1, 2020, up through and including March 2, 2021."

39. The CCC issued a final Order on or about April 22, 2021 resolving enforcement action 2020-003 (consolidated) which included the allegations in 2020-005.

40. In Order 2021-002, the CCC found, among other things, that by clear and convincing evidence, the casino licensee committed one initial violation of Claim One of Enforcement Action 2020-005 and additional violations every day from January 8, 2021 through

5

March 1, 2021 for a total of fifty three major violations for that claim[1]; one initial violation of Claim Two of Enforcement Action 2020-005 and additional violations every day from January 8, 2021 through March 1, 2021 for a total of fifty three major violations for that claim; one initial violation of Claim Three of Enforcement Action 2020-005 and additional violations every day from January 8, 2021 through March 1, 2021 for a total of fifty three major violations for that claim. The Commission further found that the declatory relief requested in Count Four should issue.

41.  In Order 2021-002, the CCC, among other things, ordered the IPI to pay the Casino Regulatory Fee in full immediately upon the effective date of the Order. Further, the CCC suspended indefinitely the portion of the Casino License Agreement which allows IPI to conduct gaming activities until such time as the Casino Regulatory Fee is paid in full. Further, the CCC penalized IPI One Million Five Hundred Thousand Dollars ($1,500,000.00) for the violations relating to Enforcement Action 2020-005.

<u>Subsequent Violations</u>

42.  IPI did not pay Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00) to the Commonwealth Treasurer on or before March 3, 2021.

43.  IPI did not pay Three Million Dollars ($3,150,000.00) to the Commonwealth Treasurer on or before March 3, 2021.

44.  IPI did not pay in part the Casino Regulatory Fee on March 3, 2021.

45.  IPI did not pay in full the Casino Regulatory Fee on March 3, 2021.

46.  IPI made no payment for the Casino Regulatory Fee March 3, 2021.

---

[1] The order mistakenly references the year 2020 for 2021 when referring to the additional violations alleged and found between January and March for every additional violation noted herein.

6

47. The Casino Regulatory Fee was not paid in full for more than twelve hours as of March 3, 2021, and was not paid in full for more than twelve hours from the time it was due each day thereafter.

48. Each day from March 3, 2021 through the filing of the Complaint that IPI has failed to pay (for more than 12 hours) the Casino Regulatory Fee is a separate violation of the Regulations.

49. IPI has repeatedly committed numerous offenses by failing to pay the Casino Regulatory Fee on or before October 1, 2020 and January 8, 2021 through March 2, 2021.

50. IPI has repeatedly committed numerous offenses by failing to pay the Casino Regulatory Fee for more than 12 hours from March 3, 2021 through the filing of this Complaint (inclusive).

51. Since October 1, 2020, IPI has made payments to employees, vendors, and litigants but has not paid the Casino Regulatory Fee in whole.

52. Since October 1, 2020, IPI has made payments to employees, vendors, and litigants but has not paid the Casino Regulatory Fee in part.

53. IPI has knowingly and willfully failed to pay the Casino Regulatory Fee in whole for more than 12 hours every day since March 3, 2021 through and including the filing of this Complaint.

54. IPI has knowingly and willfully failed to pay the Casino Regulatory Fee in part every day since March 3, 2021 through and including the filing of this Complaint.

**FIRST CLAIM**

**MAJOR OFFENSE OF FAILING TO MAKE ANY FEE PAYMENT WHEN DUE (FOR MORE THAN 12 HOURS) IN VIOLATION of 4 CMC 2309**

55. Petitioner incorporates herein by reference paragraphs 1-54 as hereinabove alleged as if set forth here in full.

56. IPI is the holder of the exclusive license for casino gaming in the Third Senatorial District contemplated by the Gaming Act.

57. 4 CMC § 2309 requires the holder of the exclusive license to pay the Casino Regulatory Fee.

58. 4 CMC § 2309(a) mandates annual payment of the Casino Regulatory Fee "due on or before October 1 of each year beginning October 1, 2015."

59. Payment of the Casino Regulatory Fee was due on or before October 1, 2020.

60. IPI failed to pay the required amount in full on or before October 1, 2020.

61. The Casino Regulatory Fee remained due and unpaid every day for more than 12 hours from March 3, 2021 through the filing of this Complaint (inclusive).

62. By failing to pay the Casino Regulatory Fee when due, IPI violated 4 CMC §2309.

63. The violation of a commonwealth statute is an "offense" pursuant to §175-10.1-2510(a) which subjects the casino licensee to discipline.

64. On information and belief, IPI has knowingly and willfully violated Commonwealth law by failing to pay the Casino Regulatory Fee in whole or part every day since March 3, 2021 (inclusive).

65. The above actions and omissions which were, on information and belief, committed by IPI are actions or inactions which are inimical to the public health, safety, morals, good order and general welfare of the people of the Commonwealth, or that would reflect or tend to reflect discredit upon the Commonwealth or the gaming industry, and the Commonwealth is damaged thereby.

66. The relative harm suffered by the Commonwealth by IPI's failure to pay the Casino Regulatory Fee required by law from March 3, 2021 through the filing of this Complaint (inclusive) as alleged above is great in that the public's confidence in general and the gaming

public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

67. The failure to timely pay the amount required by 4 CMC §2309 for more than twelve hours is a violation of the CCC's Regulations, §175-10.1-2540, and should be penalized as a major offense for each day unpaid beginning March 3, 2021.

## SECOND CLAIM

### MAJOR OFFENSE OF FAILING TO MAKE ANY FEE PAYMENT WHEN DUE (FOR MORE THAN 12 HOURS) IN VIOLATION of §175-10.1-1225

68. Petitioner incorporates herein by reference paragraphs 1-67 as hereinabove alleged as if set forth here in full.

69. IPI did not pay the required Casino Regulatory Fee in full on or before October 1, 2020 as required by the Casino License Agreement and the Regulations.

70. The Casino Regulatory Fee remained due and unpaid every day from March 3, 2021 through the filing of this Complaint (inclusive).

71. By failing to pay the Casino Regulatory Fee when due every day from February 26, 2021 through the filing of this Complaint (inclusive) IPI violated §175-10.1-1225.

72. The violation of a regulation is an "offense" pursuant to §175-10.1-2510(a) which subjects the casino licensee to discipline.

73. On information and belief, IPI has knowingly and willfully violated Commonwealth law by failing to pay the Casino Regulatory Fee in whole every day since March 3, 2021 (inclusive).

74. On information and belief, IPI has knowingly and willfully violated Commonwealth law by failing to pay the Casino Regulatory Fee in part every day since March 3, 2021 (inclusive).

75. The above actions and omissions which were, on information and belief, committed by IPI are actions or inactions which are inimical to the public health, safety, morals, good order and general welfare of the people of the Commonwealth, or that would reflect or tend to reflect discredit upon the Commonwealth or the gaming industry, and the Commonwealth is damaged thereby.

76. The relative harm suffered by the Commonwealth by IPI's failure to pay the Casino Regulatory Fee required by law from March 3, 2021 through the filing of this Complaint (inclusive) for more than 12 hours is great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

77. The failure to timely pay the amount required by the Casino License Agreement is a violation of the CCC's regulations, §§175-10.1-601 and 2540(c), and should be penalized as major offenses.

### THIRD CLAIM

**MAJOR OFFENSE OF VIOLATING AN ORDER OF CCC IN VIOLATION OF §175-10.1-2510(a)**

78. Petitioner realleges and incorporates by reference paragraphs 1 through 77 of the Complaint as if alleged in full.

79. CCC Order 2021-002 was published in the Commonwealth Register on April 28 2021 and became effective ten days after such publication

80. CCC Order 2021-002 ordered IPI to pay the Casino Regulatory Fee "in full immediately upon the effective date of" CCC Order 2021-002.

81. IPI failed to pay the Casino Regulatory Fee "in full immediately upon the effective date of" CCC Order 2021-002.

10

82. On information and belief, IPI failed to pay the Casino Regulatory Fee in part immediately upon the effective date of CCC Order 2021-002.

83. Each day from the effective date of CCC Order 2021-002 through the filing of this Complaint (inclusive) that IPI failed to pay the Casino Regulatory Fee in whole is a violation of CCC Order 2021-002.

84. On information and belief, IPI has knowingly and willfully violated CCC Order 2021-002 by failing to pay the Casino Regulatory Fee in whole every day since the effective date of CCC Order 2021-002 (inclusive).

85. The above actions and omissions which were, on information and belief, committed by IPI are actions or inactions which are inimical to the public health, safety, morals, good order and general welfare of the people of the Commonwealth, or that would reflect or tend to reflect discredit upon the Commonwealth or the gaming industry, and the Commonwealth is damaged thereby.

86. The relative harm suffered by the Commonwealth by IPI's failure to pay the Casino Regulatory Fee required by law and CCC Order 2021-002 from the effective date of said Order through the filing of this Complaint (inclusive) is great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

87. IPI's failure to timely pay the amount required by 4 CMC §2309 and the CCC Order 2021-002 for more than 12 hours is a violation of the CCC's regulations, §175-10.1-2540, and should be penalized as a major offense, § 175-10.1-2540.

## FOURTH CLAIM

**MAJOR OFFENSE OF BREACHING A CONTRACT IN VIOLATION OF §175-10.1-1805(b)(15)**

88. Plaintiff realleges and incorporates by reference paragraphs 1 through 87 of the Complaint as if alleged in full.

89. Respondent IPI entered into the Stipulated Agreement in Action 19-001 as a bargained for exchange of good and valuable consideration.

90. The Stipulated Agreement is a valid and enforceable agreement between IPI and the Executive Director.

91. Defendant IPI has materially breached the terms of the Stipulated Agreement by failing to make required timely payment in full of the casino regulatory fee.

92. The Commonwealth has suffered damages as a result of Defendant IPI's breaches of the Stipulated Agreement.

93. Regulation §175-10.1-1805(b)(15) states that "breaching any contract" is an unsuitable method of operation which is grounds for disciplinary action pursuant to Regulation §175-10.1-1805(a).

94. The Stipulated Agreement is a contract as contemplated by Regulation §175-10.1-1805(b)(15).

95. The actions described above violated 175-10.1-1805(b)(15). IPI's material breaches of the Stipulated Agreement constitutes breaches of a contract as those terms are used in Regulation §175-10.1-1805(b)(15).

96. The above actions which were, on information and belief, committed by IPI are actions or inactions which are inimical to the public health, safety, morals, good order and general welfare of the people of the Commonwealth, or that would reflect or tend to reflect discredit upon the Commonwealth or the gaming industry, and the Commonwealth was damaged thereby.

97. The Commonwealth has been damaged because of IPI's material breaches of contract.

98. IPI has materially breached the terms of the Stipulated Agreement by failing to make required payment in full of the Casino Regulatory Fee every day from March 3, 2021 through the filing of this Complaint (inclusive).

99. The Commonwealth has suffered damages as a result of IPI's breaches of the Stipulated Agreement.

100. The relative harm suffered by the Commonwealth by IPI's failure to pay the Casino Regulatory Fee required by law, CCC Order 2021-002, and Stipulated Agreement from March 3, 2021 through the filing of this Complaint (inclusive) is great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

## FIFTH CLAIM

### DECLARATORY ORDER FINDING VIOLATIONS CONSTITUTE UNSUITABLE METHOD OF OPERATION FOR PURPOSES OF §175-10.1-1805

101. Petitioner incorporates herein by reference paragraphs 1-100 as hereinabove alleged as if set forth here in full.

102. Petitioner seeks an Order from the CCC declaring that IPI's failure to pay the Casino Regulatory Fee in full when due as alleged in Claims One, Two, Three, and Four above amounts to an unsuitable method of operation per §175-10.1-1805(b)(15) or §175-10.1-1805(a), or otherwise, and requiring Respondent Imperial Pacific International (CNMI) LLC to pay the Casino Regulatory Fee immediately upon the effective date of the Commission's Order.

## SIXTH CLAIM

### DECLARATORY ORDER

103. Petitioner incorporates herein by reference paragraphs 1-102 as hereinabove alleged as if set forth here in full.

104. Petitioner seeks a Declaration from the CCC that, due to the numerous major violations of law and regulations that IPI has repeatedly committed, the Casino License Agreement is terminated and revoked.

### SELF-REPORTING DETERMINATION

105. Petitioner incorporates herein by reference paragraphs 1-104 as hereinabove alleged as if set forth here in full.

106. Regulation §175-10.1-2530 is entitled "Self-reporting Determination". It reads: "The CCC, the Executive Director, or the hearing examiner, as the case may be, shall determine whether the licensee immediately, promptly or belatedly self-reported the offense (and the facts giving rise thereto) to the CCC, or whether the licensee failed to report the offense in a timely manner or at all."

107. IPI did not immediately report the facts resulting in the above-alleged violations. IPI did not affirmatively inform the CCC in writing of each daily violation.

### DETERMINATION OF OFFENSE LEVEL

108. Petitioner incorporates herein by reference paragraphs 1-107 as hereinabove alleged as if set forth here in full.

109. Mandatory offense levels for certain offenses are established by Regulation § 175-10.1-2540.

110. For each offense not listed in §175-10.1-2540, the Commission, the Executive Director, or the hearing examiner, as the case may be, shall determine whether the offense should be penalized as a minor offense, and intermediate offense. § 175-10.1-2535(a).

111. The offenses alleged in Counts One and Two of this Complaint (failing to make any fee payment when due) are listed in §175-10.1-2540(c) as major offenses such that a determination of offense level need not be made pursuant to §175-10.1-2535(a). Notwithstanding the foregoing,

14

1  Petitioner alleges that the violations alleged in Counts One and Two and Three of this Complaint
2  are major offenses pursuant to §175-10.1-2535(a), §175-10.1-2540, or otherwise.

3       112.   The offenses alleged in Count Three of this Complaint (violating any Order of the
4  Commission) are listed in §175-10.1-2540(c) as major offenses such that a determination of offense
5  level need not be made pursuant to §175-10.1-2535(a). Notwithstanding the foregoing, Petitioner
6  alleges that the violations alleged in Count Three of this Complaint are major offenses pursuant to
7
8  §175-10.1-2535(a), §175-10.1-2540, or otherwise.

9       113.   On information and belief, the offense alleged in Claim Four (breach of contract) is
10 not listed in §175-10.1-2540.

11      114.   Petitioner alleges that the violations listed in Claim Four are major offenses.
12
13      115.   In making a determination of offense level pursuant to § 175-10.1-2535, the CCC
14 alleging that the violations alleged in Claim Four are major offenses, the Executive Director shall
15 consider the totality of the circumstances, including but not limited to: whether the offense was an
16 act of commission or omission; the self-reporting determination required by §175-10.1-2130;
17 whether the licensee promptly accepted responsibility for the offense; whether the licensee has
18 committed any previous offenses in the Commonwealth; whether the licensee has committed any
19 previous offenses in any other jurisdiction; the relative harm suffered by the Commonwealth; the
20
21 relative harm suffered by the gaming industry generally; and any other aggravating or mitigating
22 factor deemed relevant.

23      116.   Petitioner alleges that the violations alleged in Claim Four are acts of omission, in
24 that no action was taken when required. The Executive Director further alleges that IPI's material
25 breaches of contract by failing to pay the Casino Regulatory Fee as required by the Casino License
26 Agreement were knowingly and willfully made in that IPI has prioritized other payments at the
27 expense of the Casino Regulatory Fee.
28

117. Petitioner alleges that the IPI did not self-report each of the violations (or the facts resulting in the violations) as required by §175-10.1-2530. IPI did not immediately inform the CCC in writing of each daily violation.

118. Petitioner alleges that IPI has not accepted responsibility for the conduct underlying the offense, in that IPI has not yet corrected the violations by paying the Casino Regulatory Fee as required by law, regulation, contract and Order.

119. Petitioner alleges that IPI has committed numerous previous violations in the Commonwealth. The CCC Order 2021-002 finds that IPI violated numerous laws and Regulations as of the date of the CCC Order. Petitioner is aware of and alleges numerous administrative enforcement actions and civil lawsuits involving IPI pending by other Commonwealth agencies, including but not limited to the Bureau of Environmental and Coastal Quality. Petitioner is aware of allegations of federal and local labor law violations.

120. Petitioner alleges the relative harm suffered by the Commonwealth to be great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

121. Petitioner alleges the relative harm suffered by the gaming industry generally to be moderate to great, in that IPI is persists in violating controlling legal authority after having been ordered to correct its deficiencies.

122. Petitioner alleges, on information and belief, aggravating factors that violating duties specifically required by law, regulation, and contract by a casino licensee is extremely deleterious to the image of gaming in the Commonwealth, and that the harm caused by IPI is great in that the public's confidence in general and the gaming public specifically is greatly harmed when the licensee repeatedly violates law and regulations and repeatedly breaches contracts.

123. Petitioner acknowledges as mitigating factors that IPI's business was affected somewhat by a recent super typhoon and the Coronavirus pandemic, but notes that IPI has had issues with mismanagement which predate those occurrences.

## PENALTIES

124. Petitioner incorporates herein by reference paragraphs 1-123 as hereinabove alleged as if set forth here in full.

125. Each minor offense may be punished by: no punishment; a written warning; a fine not to exceed ten thousand dollars; and/or (in the case of a licensee not the casino operator) suspension of the license for a period not to exceed one month. § 175-10.1-2545(a).

126. Each intermediate offense may be punished by: a fine not to exceed twenty thousand dollars and/or (in the case of a licensee not the casino operator) suspension of the license for a period not to exceed six months. § 175-10.1-2545(b).

127. Each major offense may be punished by: no punishment; a written warning; a fine not to exceed fifty thousand dollars; and/or (in the case of a licensee not the casino operator) suspension of the license for any period of time up to and including license revocation. § 175-10.1-2545(c).

128. The casino operator license may be suspended or modified at the discretion of the CCC upon a finding that one or more major offenses have occurred. § 175-10.1-2545(d).

129. The casino operator license may be terminated at the discretion of the CCC upon a finding that major offenses have repeatedly occurred. § 175-10.1-2545(e).

130. The violations herein are major offenses as established above.

131. Respondent Imperial Pacific International (CNMI) LLC has repeatedly committed numerous major offenses.

132. Due to the number of violations, the duration of IPI's non-compliance, and IPI's continued failure to achieve compliance, Petitioner alleges that IPI's violations as alleged in Counts One, Two, Three, and Four warrant (a) a revocation and termination of the casino operator license, and (b) a penalty of a $50,000 fine per violation per day the fee went unpaid for each of the violations alleged in Counts One, Two, Three, and Four.

## LEAVE TO AMEND

133. On information and belief, discovery in this matter may lead to new or previously unconsidered or discounted information which would require amendment of this Complaint. Accordingly, the Petitioner hereby requests and reserves the right to amend this Complaint as circumstances warrant.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests the following:

A. That the CCC finds and declares that IPI committed the violations alleged in this Complaint and that IPI did not immediately self-report to the CCC the facts which gave rise to the violation(s) prior to being contacted by the CCC's enforcement staff;

B. That the CCC declares that the violations committed by IPI: in Counts One, Two, Three, and Four were major offenses pursuant to CCC Regulation;

C. That the CCC finds, declares and orders that IPI's failure to pay the Casino Regulatory Fee in full when due amounts to an unsuitable method of operation per §175-10.1-1805(b)(15) or §175-10.1-1805(a), or otherwise, and requiring IPI to pay the Casino Regulatory Fee immediately upon the effective date of the CCC's Order.

D. That the CCC finds, declares and Orders that IPI's license to conduct gaming operations in the Third Senatorial District be immediately revoked and terminated as disciplinary

action in accordance with the CCC Regulations;

E. That the CCC Orders IPI to pay a fine of $50,000 per violation per day the Casino Regulatory Fee went unpaid for the major violations alleged in Counts One, Two, Three, and Four.

F. Such other or further relief as the CCC may deem just and proper under the circumstances.

DATED this 28th day of September 2021.

/s/
Keisha Blaise (T0151)
Assistant Attorney General
Attorney for Petitioner