Brendan Layde (F0530)
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>v.<br><br>Commonwealth of the Northern Mariana Islands;<br>Arnold Palacios, Governor of CNMI, in his official and personal capacities;<br>Edward Deleon Guerrero, Chairman of CCC, in his official and personal capacities;<br>Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities;<br>Mariano Taitano, Commissioner of CCC, in his official and personal capacities;<br>Martin Mendiola, Commissioner of CCC, in his official and personal capacities;<br>Ramon M. Dela Cruz, Commissioner of CCC, in his official and personal capacities;<br>Andrew Yeom, Executive Director of CCC, in his official and personal capacities,<br><br>Defendants. | **CIVIL CASE NO. 1:24-cv-00001**<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS AS TO DEFENDANT ARNOLD PALACIOS IN HIS OFFICIAL CAPACITY PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**<br><br>Hearing date:<br><br>Hearing time:<br><br>Judge: Hon. David O. Carter |

## I.     INTRODUCTION

Defendant Arnold Palacios in his official capacity ("Defendant" or "Governor Palacios") hereby submits this Memorandum in Support of Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

The First Amended Complaint filed by plaintiff Imperial Pacific International (CNMI), LLC ("Plaintiff" or "IPI") should be dismissed because it fails to state a claim for which relief can be granted as to Defendant.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

In 2014, the CNMI entered into the Casino License Agreement ("CLA") with IPI as an exclusive casino licensee. ECF No. 9 at 2. IPI's license may be suspended or revoked upon a material breach of the CLA. *Id*. at 3. The CLA requires IPI to pay an annual casino license fee of $15 million. *Id*. Subsequently enacted legislation imposed an additional requirement for IPI to pay a $3 million annual regulatory fee to fund the operational costs of the Commonwealth Casino Commission ("the Commission" or "CCC"). *Id*. IPI has not paid either of these fees since 2020.

In 2020, Executive Director of CCC Andrew Yeom ("CCC Executive Director") filed several complaints before the CCC for, *inter alia*, IPI's failure to pay the annual license fee or regulatory fee. *Id*. The CCC held a hearing on these complaints and suspended IPI's license. *Id*. The suspension was affirmed by the CNMI Superior Court and in turn affirmed in part by the CNMI Supreme Court. *Id*. at 4.

On September 17, 2021, the CCC Executive Director filed a complaint against IPI requesting the CCC to revoke IPI's casino license due to its failure to fulfill its CLA obligations. ECF No. 1-5 at 1–7. A day before the CCC's scheduled revocation hearing, IPI sought and received a temporary restraining order ("TRO") and then a preliminary injunction from this Court to enjoin the hearing and proceed to nonbinding arbitration. ECF No. 9 at 4. The Ninth Circuit reversed this Court's decision. *Id*.

After years of litigation, including the denial of IPI's petition for certiorari to the United States Supreme Court, the CCC once again scheduled a revocation hearing for IPI's license. ECF No. 1 at 8. IPI began negotiating an offer to settle the CCC Executive Director's complaints. But in December 2023, IPI filed two different lawsuits against the CCC. The first lawsuit alleged that the CCC's power to adjudicate issues arising out of the CLA unconstitutionally impaired the CLA, violated IPI's due process rights, violated the CNMI Constitution's separation of powers provision, and was a breach of the CLA. Complaint, *Imperial Pacific International CNMI (LLC) v. Commonwealth Casino Commission*, 1:23-cv-00014 (D. N. Mar. I. Dec. 11, 2023), ECF No. 1.

The second lawsuit alleged that the regulatory fee and the CCC's demands for payment of the regulatory fee unconstitutionally impaired the CLA, violated the Takings Clause of the U.S. Constitution, violated IPI's due process rights, and breached the CLA. Complaint, *Imperial Pacific International CNMI (LLC) v. Commonwealth Casino Commission*, 1:23-cv-00016 (D. N. Mar. I. Dec. 11, 2023), ECF No. 1. On January 24, 2024, IPI filed an amended complaint for 1:23-cv-00014 which named as defendants the Chairman, Commissioners, and Executive Director of the CCC, as well as Governor Palacios in both his personal and official capacities. First Amended Complaint, *Imperial Pacific International CNMI (LLC) v. Commonwealth Casino Commission*, 1:23-cv-00014 (D. N. Mar. I. Jan. 23, 2024), ECF No. 7. The amended complaint, however, did not make any factual allegations against Governor Palacios.

As the parties were engaged in negotiations to see if a settlement could be reached, IPI and the CCC stipulated to dismiss both of these lawsuits, and the revocation hearing was continued to February 28, 2024. ECF No. 3-2 at 7. But just five days before the revocation hearing, IPI filed this action, as well as 1:24-cv-00002, with identical parties and similar claims to the cases IPI had just voluntarily dismissed. ECF No. 1 at 1; Complaint, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00002 (D. N. Mar. I. Feb. 23, 2024), ECF No. 1. IPI filed an emergency motion for a TRO to prevent the revocation hearing, relying on underlying arguments both from the Complaint in this action and from the Complaint in 1:24-cv-00002. ECF No. 3.

The first emergency motion for a TRO came before this Court for a hearing on February 27, 2024, and was denied. ECF No. 8. The Court memorialized its reasoning in a Memorandum Decision issued on February 29, 2024. ECF No. 9. A hearing on whether the license should be revoked was held from February 28 to March 1, 2024. ECF No. 38 ("First Amended Complaint") at 9. The CCC scheduled a meeting for deliberation on the hearing arguments for April 2, 2024, later rescheduled for April 9, 2024, and IPI filed a second emergency motion for a TRO to prevent that meeting from taking place. ECF No. 24, ECF No. 36 at 3. Like the first, the second TRO motion was denied by this Court for failing to establish a likelihood of success on the merits. ECF No. 36 at 12.

The deliberation meeting itself was delayed to April 9, 2024, by the Commission. *Id*. at 3. On April 8, 2024, IPI filed the First Amended Complaint, which removed Governor Palacios in his official capacity from three of the four causes of action in this lawsuit and removed him in his personal capacity altogether. ECF No. 38. Plaintiff has not amended its Complaint in 1:24-cv-00002, though that action overlaps substantially with this one in its claims, arguments, and parties.

Defendant Arnold Palacios in his official capacity now seeks to dismiss this action as against him.[1]

### III.    LEGAL STANDARD

Failure to state a claim upon which relief can be granted is a defense which may be asserted by motion, and such a motion must be made before a responsive pleading. Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When

---

[1] On April 19, 2024, IPI filed a petition for bankruptcy under Chapter 11. *In Re: Imperial Pacific International (CNMI), LLC*, 1:24-bk-00002 (Bankr. N. Mar. I. Apr. 19. 2024), ECF No. 1. Defendant has received no notice of an automatic bankruptcy stay on Plaintiff's constitutional claims in this action. *See* 11 U.S.C § 362 (providing for automatic stay of actions for control of property of bankruptcy estate).

4

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claims and then determine whether those elements could be proven on the facts alleged. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs*., 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

### IV.    ARGUMENT

Plaintiff alleges four causes of action. The original complaint appeared to name all defendants in all causes of action, but the First Amended Complaint names Governor Palacios only in his official capacity and only in its fourth cause of action, which is a state law breach of contract claim for breach of the Casino License Agreement.

This Court has already found no breach of contract under CNMI law, and in any event the Commonwealth and its officers acting in an official capacity possess sovereign immunity with respect to such claims. The First Amended Complaint does not allege, much less show, any conduct on the part of Governor Palacios that relates to any alleged breach or otherwise entitles Plaintiff to relief. IPI fails to state a claim upon which relief can be granted and its Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

**A. This Court has determined that pursuing enforcement actions at the agency level does not constitute breach of the CLA, and such claims are barred by sovereign immunity.**

IPI alleges that defendants breached the CLA's forum selection clause by permitting the CCC, rather than the CNMI courts,[2] to adjudicate issues arising out of the CLA in a revocation

---

2   It would appear to be an implication of IPI's own forum selection clause argument that this cause of action should have been brought in CNMI Superior Court rather than in the federal District Court. ECF No. 3 at 27; ECF No. 38 at 16, 21–22. Given Plaintiff's view that this lawsuit goes to issues in the interpretation of the CLA

5

proceeding.

As IPI observes, ECF No. 38 at 16, the CLA provides that the casino license and its terms "shall be interpreted under the laws of the Commonwealth of the Northern Mariana Islands and the exclusive jurisdiction of the courts thereof." ECF No. 1-1 at 15. The CLA expressly provides that a license revocation proceeding is within the jurisdiction of the CCC to be conducted pursuant to the Commonwealth Administrative Procedure Act, *id*. at 18–19, but that issues going to interpretation of the CLA outside the scope of suspension or revocation proceedings are to be resolved by the Commonwealth (and not the federal) courts. *Id*. at 15.

This Court has already determined[3] that the Casino License Agreement was not breached by the CCC's adjudication of disputes arising under the CLA in a revocation proceeding, holding that "the plain language of the CLA grants the CCC the authority to conduct revocation proceedings; *there is no breach of contract*, rather the CCC is acting within its powers outlined by the CLA." ECF No. 9 at 14–15 (emphasis added). This Court also noted that the CLA authorizes CCC to promulgate regulations governing the procedure of revocation proceedings and therefore "reject[ed] IPI's arguments that there are issues that a CNMI court should resolve before the CCC holds its revocation proceedings." *Id*. at 16.

IPI alleges that "CNMI breached the CLA by bestowing powers upon CCC to function as a judicial office to interpret the terms of the CLA . . . ." ECF No. 38 at 21. But this Court has already made a determination that it "does not find that 4 CMC § 2314 [which established the powers of the CCC] nullifies the CLA that the CNMI and IPI entered into, nor does the statute substantially impair IPI's contractual relationship." ECF No. 9 at 10.

Further, breach of contract claims in federal court arising under CNMI law are barred

---

outside the scope of license revocation or suspension proceedings, ECF No. 38 at 21, it would also seem that IPI's filing of this lawsuit constitutes material breach of contract with respect to CLA Section 30's procedural requirements for dispute resolution. In particular, Plaintiff was required to present the issue in dispute to defendants in a writing and to meet and confer to seek a resolution prior to initiating court proceedings. ECF No. 1-1 at 19.

3  "The law-of-the-case doctrine generally provides that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, 1:19-cv-00016, 2022 WL 3587012, at *3 (D. N. Mar. I. Aug. 22, 2022) (quoting *Askins v. U.S. Department of Homeland Security*, 899 F.3d 1035, 1042 (9th Cir. 2018)).

6

against the Commonwealth because "the Commonwealth enjoys sovereign immunity with respect to claims arising under its own laws." *Ramsey v. Muna*, 849 F.3d 858, 860 (9th Cir. 2017). Such claims are equally barred against the Commonwealth's officers acting in an official capacity because "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

This Court has already held that CCC's adjudication of disputes arising under the CLA in a suspension or revocation proceeding does not constitute breach of the CLA, and such a breach of contract claim is in any event barred by sovereign immunity.

### B. Governor Palacios is not a party to the CLA and is without power to revoke or suspend IPI's casino license or to direct CCC to do so.

IPI's breach of contract claim is without factual foundation and is barred as a matter of law. But even were that not the case, Plaintiff makes no allegations that relate Governor Palacios to its grievances against the CCC. IPI does not allege that any action on the part of Governor Palacios breached the CLA, or for that matter that he is a party to it. Indeed, the *only* factual allegations the First Amended Complaint makes regarding Governor Palacios are that: 1) he is a United States citizen; 2) he resides in Saipan, CNMI; 3) as of January 22, 2024 he is the Governor of the CNMI; and 4) he is being sued "in his official capacities" [sic] in this lawsuit. ECF No. 38 at 3.

This Court has already determined that Governor Palacios is not in contractual privity with IPI. The Court noted in its Memorandum Decision denying Plaintiff's first emergency motion for a TRO that "IPI has not demonstrated a contractual relationship between IPI and the other defendants, other than the CNMI," ECF No. 9 at 9, such that the Court's TRO analysis "focuses on the only contractual relationship that exists, which is between IPI and the CNMI." *Id*. at 10.

Again, "the principle of law of the case directs a court not to alter a previous judicial determination unless unusual circumstances are present." *In re Estate of Roberto*, 2021 MP 3 ¶ 13 (quoting *Cushnie v. Arriola*, 2000 MP 7 ¶ 14). Though "district court orders denying or

1   granting preliminary-injunction requests" do "not typically become law of the case," this is only
2   because the record at the merits stage "may materially differ from the record" at the preliminary
3   injunction stage. *E. Bay Sanctuary Covenant v. Trump*, 950 F.3d 1242, 1262 (9th Cir. 2020).
4   Here, there is no such intervening change in the record.

5   IPI alleges that "Defendants breached the CLA by exercising their power to suspend and
6   revoke IPI's casino license . . . ." ECF No. 38 at 21. But the Governor does not possess this
7   power. The CLA[4] provides that "the Office of the Governor shall have authority for enforcement
8   of the terms and conditions of [the CLA] *except for the elements specifically identified for*
9   *control by the Casino Commission*," whose "authority includes the ability to suspend or revoke
10  the Casino License . . . ." ECF No. 1-1 at 6 (emphasis added).

11  Plaintiff also alleges breach of the CLA "through the operation of CCC under the
12  direction and management of the Defendants." ECF No. 38 at 21. But Governor Palacios does
13  not direct or manage the CCC. IPI itself submitted the organizational chart of the CCC in this
14  action, and the Governor appears nowhere in that chart. ECF No. 24-10 at 2. Though the
15  Governor appoints the Commissioners subject to the advice and consent of the Senate, 4 CMC §
16  2313(b)(1), the NMI Constitution provides that "where the governor appoints a board or
17  commission to perform a regulatory or administrative function . . . the members of such a board
18  or commission *shall be independent* and may be removed only on grounds of gross neglect or
19  dereliction of duty, breach of fiduciary duty, conviction of a felony, or mental or physical
20  incapacity." NMI CONST. art. III, § 21 (emphasis added).

21  Governor Palacios is not a party to the CLA and does not have the power to revoke or
22  suspend IPI's license or to direct the CCC to do so. Further, IPI makes no factual allegations
23  against him that relate to any alleged breach of contract by the CCC.

---

4   The CLA is referenced *passim* throughout the Complaint and is attached to it as an exhibit. It can therefore be considered on a motion to dismiss without conversion to a motion for summary judgment under Fed R. Civ. P. 12(d). *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may . . . consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment.").

## V. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff's fourth cause of action does not state a claim upon which relief can be granted as to Governor Palacios. This action should be dismissed with prejudice as to Defendant under Fed. R. Civ. P. 12(b)(6).

Dated: April 25, 2024

Respectfully submitted,

OFFICE OF THE GOVERNOR

_____/s/_____
Brendan Layde
Legal Counsel
Attorney for Defendant Arnold Palacios in his Official Capacity