OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General
J. Robert Glass, Jr. (F0523)
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: 670-237-7500
Email: robby_glass@cnmioag.org
Attorney for Defendant Commonwealth of the Northern Mariana Islands

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC,

Plaintiff,

vs.

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, the COMMONWEALTH CASINO COMMISSION, ARNOLD PALACIOS, GOVERNOR OF CNMI, in his official and personal capacities, et. al.,

Defendants.

CIVIL CASE NO. 1:24-CV-0001

**DEFENDANT COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1) and (6)**

**Hearing Date:**

**Hearing Time:**

**Judge: Hon. Judge David Carter**

Defendant Commonwealth of the Northern Mariana Islands, respectfully submits this memorandum in support of Defendant's motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

//

# TABLE OF CONTENTS


**I. BACKGROUND** .......... **4**

**II. FACTS** .......... **6**

**III. LEGAL STANDARD** .......... **7**

**IV. ARGUMENT** .......... **8**

1. **PLAINTIFF MAKES NO ALLEGATIONS AGAINST THE COMMONWEALTH PERTAINING TO THEIR CAUSES OF ACTION.** .......... 8
2. **RES JUDICATA BARS PLAINTIFF'S SUIT.** .......... 9
   a. *There is an identity of claims.* .......... *11*
   b. *There has been a final judgment on the merits.* .......... *13*
   c. *There is identity or privity between the parties.* .......... *14*
3. **COLLATERAL ESTOPPEL BARS THIS SUIT.** .......... 14
4. **THE COMMONWEALTH ENJOYS SOVEREIGN IMMUNITY FROM SUITS IN FEDERAL COURT.** .......... 15
5. **THE CCC SHOULD BE DISMISSED AS IT IS NOT A SUE OR BE SUED ENTITY.** .......... 17

**V. CONCLUSION** .......... **17**


# TABLE OF AUTHORITIES

**Cases**


*Alden v. Maine*, 527 U.S. 706 (1999) .......... 15, 16

*Allen v. McCurry*, 449 U.S. 90 (1980) .......... 14

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 7, 8

*Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970) .......... 14

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 7, 8

*Brown v. Felsen*, 442 U.S. 127 (1979) .......... 9

*Camacho v. CNMI DOC*, 2019 WL 392376 (D. N. Mar. Is. January 31, 2019) .......... 16

*Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908 (9th Cir. 2003) .......... 10

*Commonwealth Casino Comm'n v. Imperial Pac. Int'l*, 2023 MP 8 .......... passim

*Constantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982) .......... 11

*Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988) .......... 15

*IGI General Contractor v. CNMI PSS*, 1999 MP 12 .......... 12

*In re Schimmels*,
127 F.3d 875 (9th Cir. 1997) .......... 14

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*,
140 S. Ct. 1589, 206 L. Ed. 2d 893 (2020) .......... 10

*Manila v. CNMI Department of Corrections*,
2019 WL 324424 (D. N. Mar. Is. January 24, 2019) .......... 15, 16

*Marrese v. Am. Acad. Of Orthopaedic Surgeons*,
470 U.S. 373 (1985) .......... 10

*Migra v. Warren City Sch. Dist. Bd. of Educ*,
465 U.S. 75 (1984) .......... 9, 14

*Mpoyo v. Litton Electro-Optical Sys.*,
430 F.3d 985 (9th Cir. 2005) .......... 10

*Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety*,
No. 18-CV-00022, 2019 WL 150875 (D. N. Mar. I. Jan. 10, 2019) .......... 14

*Owens v. Kaiser Found. Health Plan, Inc.*,
244 F.3d 708 (9th Cir. 2001) .......... 9

*Piteg v. Piteg*,
2000 MP 3 ] .......... 10

*Ramsey v. Muna*,
849 F.3d 858 (9th Cir. 2017) .......... 15

*Santos v. Santos*,
4 NMI 206 (1994) .......... 10

*Scott v. Kuhlmann*,
746 F.2d 1377 (9th Cir. 1984) .......... 6, 8

*Sofamor Danek Gorup, Inc. v. Brown*,
124 F.3d 1179 (9th Cir. 1997) .......... 8

*Syverson v. International Business Machines Corp.*,
472 F.3d 1072 (9th Cir. 2007) .......... 12, 13

*United States ex. rel. Barajas v. Northrop Corp.*,
147 F.3d 905 (9th Cir. 1988) .......... 13

*United States v. Romeo*,
114 F.3d 141 (9th Cir. 1997) .......... 14

*Western Radio Servs. Co. v. Glickman*,
123 F.3d 1189 (9th Cir. 1997) .......... 9

**Statutes**

42 U.S.C. § 1983 .......... passim

**Rules**

Federal Rule of Civil Procedure 8(a) .......... 8
Federal Rule of Civil Procedure 8(a)(2) .......... 7
Federal Rule of Civil Procedure 12(b)(1) .......... 1, 8, 17
Federal Rule of Civil Procedure 12(b)(6) .......... 1, 8, 17

## I. Background

1. The 2020 Enforcement Actions

In 2020, the CCC initiated five enforcement actions against Plaintiff:

i. Enforcement Action 2020-001, alleging that Plaintiff violated the Casino License Agreement by failing to pay the 2018 and 2019 Community Benefit Fund contributions.

ii. Enforcement Action 2020-002, alleging that Plaintiff failed to pay the Annual License Fee due August 12, 2020 in violation of 4 CMC § 2306(b) and CCC regulations (§§ 175-10.1-610(b) and 175-10.1-1805(b)(15).

iii. Enforcement Action 2020-003, alleging that Plaintiff failed to comply with Commission Order 2020-003 by failing to maintain the required cash or cash equivalents in a CNMI or United States bank.

iv. Enforcement Action 2020-004, alleging that Plaintiff violated Commission Order 2020-004 by failing to pay accounts payable that were over 89 days old.

v. Enforcement Action 2020-005, alleging Plaintiff violated 4 CMC § 2309 and § 175-10.1-1225 by failing to pay the Casino Regulatory Fee due by October 1, 2020.

*See* ECF No. 1 at 5-6; *See also* ECF No. 3-3 at 4. Enforcement Actions 2020-001 and 2020-002 were consolidated into Enforcement Action 2020-001. ECF No. 1 at 5. Enforcement Actions 2020-003, 2020-004, and 2020-005 were consolidated into Enforcement Action 2020-003. ECF No. 1 at 5.

2. The 2021 Evidentiary Hearings

On February 25, 2021, the CCC conducted evidentiary hearings on Enforcement Action 2020-001 (consolidated). As to Enforcement Action 2020-001, Plaintiff argued that Amendment No. 9 to the Casino License Agreement extended the payment dates to 2025. As to Enforcement Action 002, Plaintiff raise force majeure as a defense. ECF No. 3-3 at 4.

"On March 2, 2021, CCC conducted an evidentiary hearing for Complaints 003, 004, and 005. IPI did not dispute the violations and did not raise any affirmative defense." ECF No. 3-3 at 4 *Commonwealth Casino Comm'n v. Imperial Pac. Int'l*, 2023 MP 8 ⁋ 8.

3. Commission Order No. 2021-002

On April 22, 2021, the CCC issued Order No: 2021-002. ECF No. 1-3 at 6. "The Order suspended IPI's [Plaintiff's] gaming license, ordering IPI [Plaintiff] to pay a total of $18.65 million that it found was due under the Casino License Agreement's ("CLA") Annual License Fee and Annual Regulatory Fee, and imposing a total of $6.6 million in penalties against IPI [Plaintiff]." ECF No. 1 at 6. There are two signatories to the Order: CCC Chairman Edward C. Deleon Guerrero and Defendant Demapan. ECF No. 1-3 at 6. The Chairman is a signatory as to Enforcement Action 2020-003 (consolidated). ECF No. 1-3 at 6. Defendant Demapan is a signatory as to Enforcement Action 2020-001 (consolidated).

4. The NMI Court Proceedings

On November 5, 2021, Plaintiff appealed the Commission Order No. 2021-002 to the Commonwealth of the Northern Mariana Islands Superior Court. ECF No. 1 at 6. Plaintiff alleged the Order was "arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law and unwarranted by the facts." ECF No. 1 at 6; *See also* ECF No. 3-3 ("IPI appealed CCC's order to the Superior Court, arguing that COVID-19 and other factors like Super Typhoon Yutu and changes in federal immigration law constituted force majeure events that excused all its performance obligations." Additionally, IPI claimed that CCC violated its due process rights by discussing IPI's parent company's annual report at the April 2021 meeting. IPI asserted that CCC improperly considered evidence outside the record, leading it to decide against IPI's force majeure defense."). The Superior Court affirmed the Order, finding no due process violation and holding that it "was not arbitrary or capricious." ECF No. 3-3 at 5. The court did not "decide the question of force majeure." ECF No. 3-3 at 5. Instead, the court held that while Plaintiff raised the force majeure defense for Enforcement Actions 001 and 002, it did not raise the defense "or any other defense" as to Enforcement Actions 003, 004, and 005. ECF No. 3-3 at 5. The court thus reasoned that the CCC "had properly suspended" Plaintiff's license. ECF No. 3-3 at 5. The court further found no due process violation and held that CCC's order was not arbitrary or capricious." ECF No. 3-3 at 5. On April 11, 2022, Plaintiff appealed the Superior Court's order to the NMI Supreme Court. ECF No. 1 at 7.

On appeal, Plaintiff argued that the lower court erred by "failing to address force majeure, asserting that COVID-19 and other occurrences are force majeure events excusing performance

in all five complaints." ECF No. 3-3 at 5; *See also* ECF No. 1 at 6. Plaintiff also argued that "Amendment No. 9 constitutes a deferment of its obligations to pay the Community Benefit Funds. ECF No. 3-3 at 5; *See also* ECF No. 1 at 6. Plaintiff also argued that it "suffered a due process violation" such that "all sanctions" should be set aside. ECF No. 3-3 at 5; *See also* ECF No. 1 at 6. "On September 25, 2022, the NMI Supreme Court affirmed the trial court's ruling in part and reversed in part and asked CCC to 'decide on a reasonable deadline for IPI to pay' the annual license fees for 2020 and the following years." ECF No. 1 at 7.

Notably, the NMI Supreme Court found that IPI did not raise the defense of force majeure for Complaints 003-005 and conceded the violations. The Court further found that IPI's change in tactics on appeal was barred by numerous procedural rules and hurdles such as failure to raise the issue before the agency and judicial estoppel. *CCC v. IPI*, 2023 MP 8 ¶¶ 56-62.

5. <u>Recent Developments</u>

The CCC conducted a revocation hearing, and Plaintiff filed its Original Complaint in this action and in 1:24-cv-0002 alleging various deficiencies and allegations. Defendants moved to dismiss this case on claims of res judicata and collateral estoppel. IPI then filed its Opposition to Defendant's Motion to Dismiss, but also filed its First Amended Complaint. Procedurally, this mooted the first Motion to Dismiss that was directed at the Original Complaint. *See Ramirez v. County of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015) ("Because Defendants' motion to dismiss targeted Plaintiff's First Amended Complaint, which was no longer in effect, we conclude the motion to dismiss should have been deemed moot…" Thus, Defendant, the Commonwealth now files this Motion to Dismiss that is directed towards the First Amended Complaint.

## II. Facts

The Commonwealth raises no facts in this motion to dismiss because for purposes of res judicata, a motion to dismiss is only appropriate if the defense raises no disputed issues of fact. *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). However, while the Commonwealth raises no disputed facts here, it reserves its right in any future proceedings in this case to contest the issues of fact as raised by Plaintiff.

## III. Legal Standard

Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations" are not required under the rule, it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The factual allegations must be sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It is insufficient for a pleading to offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). 550 U.S., at 555, 127 S.Ct. 1955. The same goes for "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

A complaint must state a "plausible claim for relief" to "survive[] a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *See also Id*. ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for "lack of subject matter jurisdiction." Fed. R. Civ. P. 12 (b)(1). Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

Dismissal under Federal Rule of Civil Procedure 12(b)(6) on the basis of res judicata is appropriate when "the defense raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984). ("The defendants raised *res judicata* in their motion to dismiss under Rule 12(b)(6), rather than in a responsive pleading. Ordinarily affirmative defenses may not be raised by motion to dismiss…but this is not true when, as here, the defense raises no disputed issues of fact.").

## IV. Argument[1]

### 1. Plaintiff Makes No Allegations Against the Commonwealth Pertaining To Their Causes of Action.

Under Federal Rule of Civil Procedure 8(a), Plaintiff is required to sufficiently plead a cause of action against the Defendant. IPI has not alleged any actions by the Commonwealth, and what little allegations it does raise against the Commonwealth are not actions of the Commonwealth as a government entity, but are accomplished by branches and agencies of the Commonwealth where such accusations are more properly brought against the government officials who enforce such statutory provisions.[2] *See Sofamor Danek Gorup, Inc. v. Brown*, 124 F.3d 1179, 1183-84 (9th Cir. 1997) (for general principle that challenges to constitutionality of a statute are properly brought against officers of the state and not the state itself because of sovereign immunity). Plaintiffs only allegations directed at the Commonwealth are contained in paragraphs 19, 21 and 68. *See* Compl. at ¶¶ 19, 21, and 68.

Paragraph 19 alleges that a law was passed by the Commonwealth creating the CCC and giving the CCC enforcement authority. With no allegations that any enforcement was undertaken by the Commonwealth, the simple act of passing a law is not a violation of any right and does not support any allegation.

Paragraph 21 alleges that a law was passed by the Commonwealth, but makes no allegations that any enforcement was undertaken by the Commonwealth to enforce the law. With no allegations that any enforcement was undertaken by the Commonwealth, the simple act of passing a law is not a violation of any right and does not support any allegation.

[1] Pursuant to Local Rule 5.2(b), attached to this memorandum is Exhibit 1 containing all authorities relied on by the Commonwealth which are not available on LexisNexis or Westlaw.

[2] The Commonwealth also asserts sovereign immunity as a ground for dismissal. That argument is contained below.

Paragraph 68 only alleges that the Commonwealth and the United States entered into the Covenant to Establish the Commonwealth of the Northern Mariana Islands in Political Union with the United States of America. This allegation is only used in support of a legal conclusion that the contracts clause applies in the Commonwealth. Compl. at ¶ 31. This is insufficient to state a cause of action that the Commonwealth did any action which violated a legal right of Plaintiff.

IPI's Complaint contains no specific allegations of any actions taken by Defendant Commonwealth to support its claims. IPI's Complaint is woefully inadequate as it lumps all Defendants together and makes broad, sweeping allegations. IPI has only alleged the Commonwealth passed a law and entered into a Covenant.[3] Passing laws and entering into a Covenant to create a government entity cannot are not factual allegations which show a violation of IPI's rights.

This Court should find Plaintiff IPI has failed to make the minimal allegations of any actions undertaken by the Commonwealth to support any of its Causes of Actions.

**2. Res Judicata Bars Plaintiff's Suit.**

"Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citation omitted); *See also Western Radio Servs. Co. v. Glickman,* 123 F.3d 1189, 1192 (9th Cir. 1997) ("Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."). Res Judicata also applies to §1983 suits. *Migra v. Warren City Sch. Dist. Bd. of Educ,* 465 U.S. 75, 84 (1984). The purpose of res judicata is to "encourage[] reliance on judicial decisions, bar[] vexatious litigation, and free[] the court to resolve other disputes." *Brown*, 442 U.S. at 131.

Res judicata applies when "there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713–14 (9th Cir. 2001). There is an identity of claims where the claims "arise from

[3] The Complaint does not even contain any allegation that the CNMI entered into a contract with IPI. It alleges the Lottery Commission entered into a contract, and then in later paragraphs says the Commonwealth entered into the contract without any allegation of how the Lottery Commission and Commonwealth are the same entity. *Compare* FAC at ¶¶ 14 with 75, 80, 103, 105.

the same transaction" or where the claims "involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020); *See also Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) ("Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.")(citing *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003).

In applying res judicata, the District Court looks at the res judicata rule of the state where the judgment arises. *See Marrese v. Am. Acad. Of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under NMI law for res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Santos v. Santos*, 4 NMI 206 (1994) (citation and quotations omitted). The burden of showing that the opposing party's claim was or should have been asserted in a prior claim rests with the party making the res judicata assertion. *Id.*; *see also Piteg v. Piteg*, 2000 MP 3 ¶ [5,6] (res judicata "not only bar matters which were previously litigated, but also those matters which should have been litigated.").

IPI and the Commonwealth (through its agency the CCC)[4] have been involved in numerous litigations in both federal and state level courts. IPI has filed suit in this Court against the CCC in order to force them into non-binding arbitration. That suit is still pending, but the order by the District Court to submit to non-binding arbitration was reversed by the Ninth Circuit Court of Appeals, and a petition for en banc rehearing banc was also denied. *See Best Sunshine International, LTD (BVI) and Imperial Pacific International (CNMI), LLC v. Commonwealth Casino Commission, as Agency of the Commonwealth of the Northern Mariana Islands*, Appeal No. 22-16630 (Ninth Circuit Court of Appeals August 7, 2023) (Order). IPI then filed a petition for certiorari to the United States Supreme Court who denied certiorari. *See Imperial Pacific*

---

[4] The CCC is an agency of the Commonwealth and thereby a privy of the Commonwealth. *See* 4 CMC § 2313(a).

*International (CNMI), LLC v. Commonwealth Casino Commission, as Agency of the Commonwealth of the Northern Mariana Islands*, No. 23-522 (United States Supreme Court Jan. 8, 2024) (Order Denying petition for writ of certiorari). IPI did not raise any of these claims in any of that litigation despite the ability and knowledge that they could and should have.

IPI and the Commonwealth (through its agency the CCC) also litigated numerous issues regarding their suspension due to non-compliance with the regulatory fee and required payroll reserves. That litigation started at the agency who held that IPI raised no defense to the required payroll reserves (Complaint 2020-003) and regulatory fee (Complaint 2020-005). *See Commonwealth Casino Comm'n v. Imperial Pac. Int'l.,* 2023 MP 8 ¶¶ 50-55 and 62.[5] The NMI Superior Court found likewise and it was affirmed by the NMI Supreme Court. *Id*. Despite the NMI cases being directly about the two issues which IPI is attempting to re-litigate in this Court, they did not raise the arguments when they could have. Thus, the doctrine of res judicata applies and their Complaint should be dismissed with prejudice.

"(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.

*a. There is an identity of claims.*

To determine whether the two claims share an identity, the Court examines several criteria where no one single criteria controls, but where the last criteria is most important. Those criteria are:

> (1) Whether the rights or interests established in the prior judgment would be destroyed or impaired by the prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; (4) whether the two suits arise out of the same transactional nucleus of facts.

*Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).

All four criteria are met in this case. The rights and interests of the prior judgment would be destroyed or impaired by the prosecution of the second action because IPI is literally requesting for this Court to undo the suspension proceedings which were affirmed by the NMI Supreme Court. *See* First Amended Complaint Prayer for Relief (ECF 38) (requesting

---

[5] These Complaints formed the foundation of the suspension of the exclusive casino license in enforcement action 2021-002. *CCC v. IPI*, 2023 MP 8 ¶ 50.

declarations of unconstitutionality and "to vacate, nullify any and all adverse administrative decisions against IPI…including but not limited to Commission Order 2021-002"). It is clear IPI intends to undo that which became final when the NMI Supreme Court affirmed the sanctions imposed in Complaints 2020-002 (Annual License Fee), 2020-003 (required payroll), and 2020-005 (regulatory fee). The NMI Supreme Court then issued its mandate, finalizing the litigation for purposes of res judicata. *See Syverson v. International Business Machines Corp.*, 472 F.3d 1072, 1079 (9th Cir. 2007) ("…the proper query here is whether the court's decision *on the issue as to which preclusion is sought* is final.") (emphasis in original). The mere fact an appellate court has remanded parts of a matter back for determination does not leave the door open for all issues to continue to be litigated. *See Id*. (finding "The Eighth Circuit's decision on the [issue] is thus sufficiently "final" even though there are to be further proceedings on remand on the merits of [the action]"). To sum it up, "finality in the context of issue preclusion may mean little more than that the litigation of a particular issue has reached such a stage that a court sees no really good reason for permitting it to be litigated again." *Id*. at 1079 (cleaned up). In it's First Cause of Action in its First Amended Complaint, IPI alleges Unconstitutional Impairment of Contracts regarding the annual regulatory fee (FAC at ¶ 76) and the minimal capital requirement (FAC at ¶ 78). Both of these issues were decided by the NMI Supreme Court, and IPI now requests this Court to declare the NMI Supreme Court's Opinion void. The Commonwealth is not implicated in the Second Cause of Action for alleged due process violations, but again, these same issues could have been raised and were not. IPI now seeks another bite at the apple to make arguments it did not make prior to this suit. The Third Cause of Action alleged a 42 U.S.C. § 1983 claim against the CNMI as a violation of the separation of powers under Section IV of the NMI Constitution. This issue also could have been raised, and has been raised in other cases, which found that even if the agency could not make a constitutional decision, as only a court of competent jurisdiction may declare statutes unconstitutional, a party must still exhaust its administrative remedies when the issue is not based on solely a constitutional issue. *See IGI General Contractor v. CNMI PSS*, 1999 MP 12 at *6-7. Here, the issue is not solely constitutional, as IPI is asking for relief from revocation, an injunction against having the revocation hearing, and contains an issue regarding breach of the CLA. FAC (ECF 38) at ¶¶102-114 and Prayer for Relief. As to the Fourth Cause of Action for breach of the CLA, this too could

have been raised in the prior litigation regarding the CCC having any agency decision making power over IPI's casino license.

The same issue and rights are also involved. Plaintiff admits as much by arguing they did raise constitutional issues in their appeal to the NMI Supreme Court, but were ignored. *See* ECF 37 (Opposition to Motion to Dismiss) at 4. However, by raising its arguments before the NMI Supreme Court, and then the issue being affirmed, the NMI Supreme Court implicitly rejected those arguments. *See DPL v. Blas*, 2023 MP 7 ¶ 20 n.5 ("Although our opinion did not explicitly discuss this contention, we implicitly rejected it by affirming dismissal"). Further, the mere fact the issue could have been raised is sufficient for res judicata purposes. *See United States ex. rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1988) ("It is immaterial whether the claims asserted subsequent to the judgment were actually pursued in the action that led to the judgment; rather, the relevant inquiry is whether they could have been brought."). The same issues and rights are now being relitigated in this instance, and they either were or could/should have been raised in the prior litigation. Thus, the second and third factors favor application of res judicata.

Finally, the fourth, final, and most important factor also favors the Court applying res judicata to the Complaint— the two suits arise out of the same nucleus of facts. Both suits involve the regulatory fee and the payroll reserves from the same relevant time period. Again, IPI has admitted it is seeking to overturn the already litigated and finalized decisions in this area in its prayer for relief. The facts involved are the same— IPI failed to pay the regulatory fee and failed to maintain the payroll reserves during the same time periods as alleged in this suit. This Court also briefly addressed the issue in the its Order Denying Plaintiff's Second Motion for a Temporary Restraining Order and showed that the same nucleus of facts applied in both this action and the prior actions.

The first element of res judicata favors dismissal.

*b. There has been a final judgment on the merits.*

The NMI Supreme Court ruled in favor of the Commonwealth Casino Commission as agency of the Commonwealth as to the requirement for salary reserves (Complaint 2020-003) and for the imposition of the regulatory fee (Complaint 2020-003). *See CCC v. IPI*, 2023 MP 8 ¶ 64 ("Finally, the sanctions CCC imposed against IPI for Complaint 003…0005—suspending its license and imposing fines—were proper."). The NMI Supreme Court also held that the Annual License Fee is due and payable after "a reasonable deadline" as decided by the CCC. *Id.*

As the NMI Supreme Court is the highest court in the Commonwealth, its adjudication of the matter on the merits is final. While IPI argues that the remand means there has been no final judgment, the remand did not concern the Complaints 0003 and 0005,[6] but even if it did, such is not fatal. *See Syverson*, 472 F.3d at 1079 (9th Cir. 2007).

*c. There is identity or privity between the parties.*

Privity is "a legal conclusion designating a person to identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997). Further, where a public authority has some supervisory or participatory authority in the action, they are bound by the judgment. *Id*. The Commonwealth and the Commonwealth Casino Commission share identity and privity. As discussed below, the Commonwealth Casino Commission is not "a sue or be sued" entity and thus the only proper party to sue in order to sue the CCC is the Commonwealth itself. *See Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety*, No. 18-CV-00022, 2019 WL 150875 at *7-8 (D. N. Mar. I. Jan. 10, 2019) (finding that to sue a government agency the law of the state where the court is located controls and a lack of a "sue or be sued" clause indicates the legislatures desire to not allow the agency to sue or be sued under Commonwealth law). As an agency of the Commonwealth, the CCC shares an identity with the Commonwealth. *See* 4 CMC § 2313(a) ("The Commonwealth Casino Commission is hereby established as an autonomous public agency of the government of the Commonwealth of the Northern Mariana Islands."). Lastly, the Commonwealth is bound by the judgments of the NMI Supreme Court and the NMI District Court's actions upon the CCC. As such, the parties clearly share identity and privity and meet this factor of res judicata.

The Court should therefore apply res judicata to Causes of Action One through Four, but most especially to Cause of Action One, Three, and Four which are directed at the Commonwealth.

**3. Collateral Estoppel Bars This Suit.**

Turning to collateral estoppel, under the rule, issues determined "by a valid and final judgement" cannot be re-litigated "between the same parties in any future lawsuit." *United States*

[6] The remand to CCC to determine a reasonable time to pay concerned the Annual License fee, and not the regulatory fee or the payroll reserve complaints. *See CCC. IPI*, 2023 MP 8 ¶64 ("The Annual License Fees for 2020 and the following years have accrued and continue to accrue and CCC must now decide on a reasonable deadline for IPI to pay them.").

*v. Romeo*, 114 F.3d 141, 143 (9th Cir. 1997) (citing *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). Like res judicata, the collateral estoppel rule applies to section 1983 suits. *Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."); *See also Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984) ("*Allen* [*Allen v. McCurry*, 449 U.S. 90 (1980)]…made clear that issues actually litigated in a state-court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoy in the courts of the State where the judgment was rendered.").

For the reasons set forth above regarding res judicata, the Court should also apply collateral estoppel because IPI is doing nothing more than attempting to re-litigate issues which have been squarely decided against them and issues which they could have raised in their prior litigations in the Commonwealth and Federal Courts.

**4. The Commonwealth Enjoys Sovereign Immunity From Suits In Federal Court.**

The Commonwealth of the Northern Mariana Islands enjoys sovereign immunity under its own laws in federal court. *See Ramsey v. Muna*, 849 F.3d 858, 860-861 (9th Cir. 2017). This immunity is beyond the 11th Amendment and is established based on the Commonwealth's own autonomy as a sovereign entity. *Id*. ("The drafters [of the Covenant][7] likely viewed inclusion of the Eleventh Amendment in § 501(a) as unnecessary to secure immunity, given the long line of authority holding that a State's immunity from private suits is an inherent aspect of sovereignty, not a principle derived solely from the Eleventh Amendment.") (citations omitted). Thus, "the Commonwealth may not be sued without its consent on claims arising under its own laws." *Id*. at 861.

IPI has sued the Commonwealth in three causes of action under its own laws. The First Cause of Action asks this Court for review based on the unconstitutional impairment of contracts under the CNMI Constitution. The Third Cause of Action is a § 1983 claim against the Commonwealth, which may only be brought for injunctive relief and no monetary penalty. *See Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24,

[7] The full title of the Covenant is a Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America.

2019). The Fourth Cause of Action for alleged breach of the CLA is entirely under the laws of the Commonwealth as it provides courts in the CNMI with exclusive jurisdiction. FAC (ECF 38) at ¶ 103.

The CNMI Constitution is the supreme law of the Commonwealth. The Commonwealth has not waived its sovereign immunity for such suit. To the extent the First Cause of Action alleges NMI Constitutional violations, this Court is without jurisdiction to hear and decide such issues.

To the extent the First Cause of Action alleges violations of the US Constitution, the Commonwealth should also enjoy sovereign immunity from suit. While the Commonwealth acknowledges the holding of *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988) and the findings of this Court in *Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24, 2019), it still believes an intervening change in law has taken place and that *Fleming* was implicitly overruled by United States Supreme Court precedent in *Alden v. Maine*, 527 U.S. 706, 728-29 (1999) ("These holdings reflect a settled doctrinal understanding, consistent with the views of leading advocates of the Constitution's ratification, **that sovereign immunity derives not from the Eleventh Amendment but from the structure of the original Constitution**.") (emphasis added). The Supreme Court even clarified "The Eleventh Amendment confirmed, rather than established, sovereign immunity as a constitutional principle; it follows that the scope of the States' immunity from suit is demarcated not by the text of the Amendment alone, but by fundamental postulates implicit in the constitutional design." *Id*. If this was not clear enough, the United States Supreme Court outright stated: "**the sovereign immunity of the States neither derives from, nor is limited by, the terms of the Eleventh Amendment**." *Id*. (emphasis added). Under the holding in *Alden* that sovereign immunity is not derived from or limited by the Eleventh Amendment, *Fleming* can no longer be reconciled or recognized as good law. As such, and against the findings of this Court in *Manila*, the Court should hold that *Alden* was an intervening case which establishes the CNMI's sovereign immunity outside of the Eleventh Amendment. *Alden* is intervening because it was decided eleven years after *Fleming*. Both this Court and the Ninth Circuit have questioned the holding of *Fleming*. It is time for this Court to join the Supreme Court in declaring that sovereign immunity is not derived or limited from the Eleventh Amendment, and to hold the Commonwealth enjoys full sovereign immunity.

As to the Third Cause of Action, the Commonwealth is not a person within the meaning of § 1983 and to the extent the Cause of Action requests for anything other than injunctive relief, the Commonwealth should be dismissed. *See Camacho v. CNMI DOC*, 2019 WL 392376 at *4 (D. N. Mar. Is. January 31, 2019) ("it is well established that neither the CNMI nor its officers acting in their official capacity can be sued under § 1983 because they are not persons within the meaning of the statute.") (cleaned up). IPI is asking for attorney fees and costs in association with its Third Cause of Action and to such extent, the Commonwealth should be dismissed. FAC (ECF 38) at ¶ 101.

As to the Fourth Cause of Action, the entire CLA is governed by Commonwealth law, and thus the Commonwealth enjoys immunity from such suit as it is brought under the laws of the Commonwealth.

**5. The CCC Should Be Dismissed As It Is Not A Sue Or Be Sued Entity.**

IPI also lists the CCC as a party to this action. FAC (ECF 38) at ¶ 6. As the CCC is not a "sue or be sued" entity, the inclusion of the CCC in this action is just another claim against the Commonwealth. *See Norita v. Commonwealth*, 2019 WL 150875 at *6-8 (D. N. Mar. Is. January 10, 2019) (finding that pursuant to the doctrine of *expression unius est exclusion alterius*, the lack of a sue or be sued clause in an agencies' enabling statute means the agency retains its sovereign immunity and cannot be sued). The CCC finds its enabling statute in 4 CMC § 2313(a) and its powers are enumerated in 4 CMC § 2314. Notably, the power to sue or be sued is not included. *Compare* 4 CMC § 2314 with 1 CMC § 8315(d). Thus, the CCC should be dismissed in its entirety because it cannot be sued in its own name as allowing such is really just a suit against the Commonwealth, who is already a party and has asserted its own defenses to IPI's Causes of Action.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully moves to dismiss this suit pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6).

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General

Date: April 25, 2024

/s/ *J. Robert Glass, Jr.*
J. Robert Glass, Jr. (F0523)
Chief Solicitor
Attorney for Defendant
Commonwealth of the Northern Mariana Islands