Edward Manibusan (F0131)
Attorney General
Alison Nelson (T0160)
Assistant Attorney General
Office of the Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
Email: alison_nelson@cnmioag.org

*Attorney for Defendant Andrew Yeom*
*in his official and personal capacities*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC<br><br>Plaintiff,<br><br>v.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; COMMONWEALTH CASINO COMMISSION; ARNOLD PALACIOS, Governor of CNMI, in his official capacity; EDWARD C. DELEON GUERRERO, Chairman of CCC, in his official and personal capacities; RAFAEL S. DEMAPAN, Vice Chairman of CCC, in his official and personal capacities; MARIANO TAITANO, Commissioner of CCC, in his official and personal capacities; MARTIN MENDIOLA, Commissioner of CCC, in his official and personal capacities; RAMON M. DELA CRUZ, Commissioner of CCC, in his official and personal capacities; and ANDREW YEOM, Executive Director of CCC, in his official and personal capacities.<br><br>Defendants. | CIVIL CASE NO. 1:24-cv-00001<br><br>MEMORANDUM IN SUPPORT OF DEFENDANT ANDREW YEOM'S MOTION TO DISMISS FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6) |

Defendant Andrew Yeom, Executive Director of the Commonwealth Casino Commission, in his official and personal capacities, by and through undersigned counsel, hereby

submits this legal memorandum of points and authorities in support of his motion to dismiss Plaintiff's First Amended Complaint as to Defendant Yeom pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

The only cause of action in the First Amended Complaint filed by Plaintiff Imperial Pacific International (CNMI), LLC ("IPI") that names Defendant Yeom is the Fourth Cause of Action (Against All Defendants for Breach of Casino License Agreement).

As explained further below, the Fourth Cause of Action (and as a result, the First Amended Complaint in its entirety) should be dismissed as to Defendant Yeom for three reasons: (1) IPI fails to state a claim for which relief can be granted because it has failed to plead facts that demonstrate a contractual relationship between IPI and Defendant Yeom in either his official or personal capacities, or that demonstrate the breach of such contract; (2) IPI fails to state a claim for which relief can be granted because its claims are barred by the doctrine of res judicata; and (3) this Court lacks subject matter jurisdiction over IPI's state law claim against Defendant Yeom in his official capacity because such claim is effectively a suit against the Commonwealth and therefore is barred by the doctrine of sovereign immunity.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

IPI filed its Complaint in this action on February 23, 2024. (ECF 1.) Then, on February 26, 2024, IPI filed its motion for temporary restraining order ("TRO") (ECF 3) seeking an order from this Court staying the pending revocation hearing, which was denied by this Court on February 29, 2024. (ECF 9.) IPI subsequently filed a second emergency motion for TRO (ECF 23) seeking an order from this Court enjoining the Commission from deliberating regarding the revocation, and this Court again denied the TRO. (ECF 36.) IPI filed its First Amended Complaint on April 8, 2024. (ECF 38.) With respect to the Fourth Cause of Action, the allegations in the Complaint (ECF 1) and the First Amended Complaint (ECF 38) are substantially the same, although the First Amended Complaint also alleges that Defendants breached the CLA by exercising their power to suspend and revoke IPI's casino license while ignoring the force majeure clause in the CLA. (ECF 38 ¶¶ 105, 106, 112 & 113.)

The remaining facts are well summarized in this Court's orders denying IPI's motions for TROs (ECF 9 at 1-5 & ECF 36 at 1-3) and are not restated here. In addition, to the extent the facts stated in the motions filed by other Defendants in this action (ECF at 2-4 & ECF 40-1 at 4-6) are relevant to the Fourth Cause of Action or the arguments against it, Defendant Yeom also incorporates them here.

## II.  LEGAL STANDARDS

### A.  Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action for "lack of subject matter jurisdiction." FED. R. CIV. P. 12 (b)(1). Although sovereign immunity is only quasi-jurisdictional in nature, Rule 12(b)(1) is still a proper vehicle for invoking sovereign immunity from suit. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (citation omitted).

### B.  Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing FED. R. CIV. P. 8(a)(2)). In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claims and then determine whether those elements could be proven on the facts pled. The court should generally draw all reasonable inferences in the plaintiff's favor, *see Sheppard v. David Evans & Assocs.*, 694 F.3d 1045, 1051 (9th Cir. 2012), but it need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations

and citation omitted).

A claim barred by res judicata requires dismissal under Rule 12(b)(6). *Pangelinan v. Wiseman*, Civ. No. 08-0004, 2008 WL 11389559 at *7 (D. N. Mar. I. May 8, 2008). Ordinarily, affirmative defenses may not be raised by motion to dismiss, but dismissal of an action on the basis of res judicata under Rule 12(b)(6) is appropriate when "the defense raises no disputed issues of fact." *See Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).[1]

### III. ARGUMENT

#### A. IPI's Claim Against Defendant Yeom Must be Dismissed Under Rule 12(b)(6) Because IPI Failed to State A Claim Upon Which Relief Can Be Granted

IPI's Fourth Cause of Action fails to state a claim upon which relief can be granted because IPI fails to plead facts that demonstrate either the existence of a contract with Defendant Yeom or the breach of such contract. In addition, IPI fails to state a claim upon which relief can be granted because its claims are barred by the doctrine of res judicata.

##### 1. IPI Failed to Plead Facts to Support a Breach of Contract Action Against Defendant Yeom

To state a claim for breach of contract the plaintiff must plead: (1) the existence of a contract, (2) performance of its conditions by plaintiff, (3) breach by the defendant, and (4) damages as a result of the breach. *Shinji Fujie v. Atalig*, Civil Action No. 10-0131-CV, Order Denying Defendants' Motion to Dismiss (N.M.I. Super. Ct. Feb. 3, 2011) (citations omitted).[2] If IPI fails to establish any of these necessary elements, then its breach of contract claim necessarily fails.

First, IPI fails to plead facts to demonstrate the existence of a contract with Defendant Yeom in either his official capacity as the Executive Director of the Commission or in his personal capacity. This Court has already recognized as much in its denials of IPI's motions for a temporary restraining order. In its February 29, 2024 Memorandum Decision Denying

---

[1] There is also Ninth Circuit authority establishing that claim preclusion defenses such as res judicata may be considered by way of a Rule 12(b)(1) motion to dismiss. *See Gupta v. Thai Airways Int'l, Ltd.*, 487 F.3d 759, 763 & 765 (9th Cir. 2007). To the extent that this Court views Rule 12(b)(1) as the proper basis for a motion to dismiss claims barred by res judicata, Defendant Yeom moves for dismissal on this basis in the alternative.

[2] This case is available online at https://www.cnmilaw.org/pdf/superior/11-02-03-CV10-0131.pdf.

4

Plaintiff's Emergency Motion for Temporary Restraining Order, the Court held that "IPI does not allege, nor is there a clear contractual relationship between IPI and the listed Defendants—besides the CNMI—that IPI also seeks a TRO and preliminary injunction against." (ECF 9 at 8.) In addition, the Court held that "IPI has not demonstrated a contractual relationship between IPI and the other defendants, other than the CNMI." (ECF 9 at 10) Plaintiff's First Amended Complaint does nothing to remedy these failures.

For a plaintiff to bring a breach of contract action against a defendant, the plaintiff and defendant must have a contractual relationship. *Brown v. Kinross Gold U.S.A., Inc.,* 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008). Numerous federal district courts have thus held that "[n]on-parties are not liable for breach of contract." *See, e.g., Santella v. Grishaber,* 672 F. Supp. 321, 328 (N.D. Ill. 1987); *Kelly v. Tillotson-Pearson, Inc.,* 840 F. Supp. 935, 944 (D.R.I. 1994) (citing cases establishing that an action for breach of contract will not lie against non-parties to the contract). It is clear from the face of the Casino License Agreement ("CLA") that Defendant Yeom is not a party to the CLA, whether in his official capacity as the Executive Director of the Commission or in his personal capacity. Rather, the only parties to the CLA are IPI and the Commonwealth Lottery Commission. (ECF 01-1 at 1.)

Second, IPI fails to plead facts to demonstrate a breach by Defendant Yeom. The only alleged facts in the Fourth Cause of Action, generally naming all Defendants, are that Defendants breached the CLA "by acting under the cover of 'suspension and revocation'" and sought to revoke IPI's license "without comply with," while "ignoring," and "without giving due consideration to" the *force majeure* clause. (ECF 38 at 21 ¶¶ 106, 112 & 113.) However, the CLA expressly authorizes the Commission "to suspend or revoke the Casino License, in accordance with the requirements of the Commonwealth Administrative Procedure Act, for violation of the rules." (ECF 01-1 at § 3.) Moreover, this Court has already recognized that "the plain language of the CLA grants the CCC the authority to conduct the revocation proceedings; *there is no breach of contract*, rather the CCC is acting within its powers as outlined by the CLA." (ECF 9 at 14-15 (emphasis added).) The Executive Director is pursuing revocation pursuant to that same authority.

5

2. <u>IPI Fails to State a Claim For Which Relief Can Be Granted Because its Claims Are Barred by the Doctrine of Res Judicata</u>

In ruling on IPI's second motion for a TRO, this Court held that IPI had not met its burden to show a likelihood of success on the merits of its due process claim "because of the res judicata effect [of the CNMI Supreme Court decision] under CNMI law." (ECF 36 at 9-10.) Although the Court did not consider the res judicata effect of the CNMI Supreme Court decision as to IPI's Fourth Cause of Action, the Court should find that the Fourth Cause of Action asserting a breach of contract claim is barred for the same reasons.

The Commonwealth has further briefed the res judicata issue in its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF 40-1 at 9-15.) Defendant Yeom joins in the Commonwealth's arguments that the Plaintiff's claims are barred by the doctrine of res judicata, including the Fourth Cause of Action for breach of the CLA.

**B.** <u>**IPI's Claim Against Defendant Yeom in his Official Capacity Must be Dismissed Under Rule 12(b)(1) Because This Court Lacks Subject Matter Jurisdiction**</u>

IPI's Fourth Cause of Action against Defendant Yeom is brought in his official and personal capacities. The U.S. Supreme Court has explained the difference between such suits as follows:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. *See, e.g.*, *Scheuer v. Rhodes*, 416 U.S. 232, 237-238, 94 S. Ct. 1683, 1686-1687, 40 L.Ed.2d 90 (1974). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, 98 S. Ct. 2018, 2035, n.55, 56 L.Ed.2d 611 1978). As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. *Brandon*, *supra*, 469 U.S. at 471-472, 105 S.Ct., at 878. It is *not* a suit against the official personally, for the real party in interest is the entity.

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). This Court has similarly recognized that "claims against all official capacity Defendants are treated as claims against the

Commonwealth itself." *Norita v. Commonwealth of the N. Mariana Islands Dep't of Pub. Safety*, Case No. 18-cv-00022, 2019 WL 150875 at *6 (D. N. Mar. I. Jan. 10, 2019). Moreover, in *Norita*, the Court further recognized that "[t]hese [official capacity] Defendants may assert sovereign immunity against claims arising from CNMI law, including the CNMI Constitution." *Id.*

The Commonwealth has briefed the sovereign immunity issue in its Memorandum in Support of its Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF 40-1 at 15-16.) Defendant Yeom joins in the Commonwealth's arguments that the Commonwealth enjoys sovereign immunity in federal court from actions brought under its own laws, including the Fourth Cause of Action for breach of the CLA under Commonwealth law.

## IV.  CONCLUSION

For the foregoing reasons, the Fourth Cause of Action (the only cause of action pleaded against Defendant Yeom) should be dismissed with prejudice against Defendant Yeom in his official and personal capacities.

Dated: April 25, 2024

OFFICE OF THE ATTORNEY GENERAL

/s/
Alison M. Nelson (T0160)
Assistant Attorney General

*Attorney for Defendant Andrew Yeom
in his official and personal capacities*