Brendan Layde (F0530)
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>v.<br><br>Commonwealth of the Northern Mariana Islands;<br>Arnold Palacios, Governor of CNMI, in his official capacity;<br>Edward Deleon Guerrero, Chairman of CCC, in his official and personal capacities;<br>Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities;<br>Mariano Taitano, Commissioner of CCC, in his official and personal capacities;<br>Martin Mendiola, Commissioner of CCC, in his official and personal capacities;<br>Ramon M. Dela Cruz, Commissioner of CCC, in his official and personal capacities;<br>Andrew Yeom, Executive Director of CCC, in his official and personal capacities,<br><br>Defendants. | **CIVIL CASE NO. 1:24cv-00001**<br><br>**OPPOSITION TO PLAINTIFF'S MOTION TO EXTEND TIME UNDER LOCAL RULE 7.1(f) TO RESPOND TO MOTION TO DISMISS** |

## I. INTRODUCTION

Defendant Arnold Palacios, Governor of the CNMI, in his official capacity ("Governor Palacios") filed a motion to dismiss the First Amended Complaint ("FAC") in the above-captioned matter on April 25, 2024. Other defendants in this matter also filed motions to dismiss on the same date. On May 4, 2024, Plaintiff Imperial Pacific International (CNMI) LLC ("IPI") filed a motion to extend time to respond to the motions to dismiss.

IPI notes that on April 19, 2024, it filed a petition for Chapter 11 bankruptcy, and that on April 30, 2024, the terms of office of two defendants in this action, Commissioners Martin Mendiola and Ramon Dela Cruz of the Commonwealth Casino Commission ("CCC"), expired. Plaintiff asserts that in light of these facts, it would be "prudent" to amend the FAC.

Because IPI has already amended its Complaint once as a matter of course, further amendment requires either the opposing party's written consent or the Court's leave. Plaintiff asserts that it does not have adequate time to comply with Local Rule 15.1, which requires that a motion to amend a pleading attach the amendment.

IPI's motion simultaneously requests a "reasonable" length of time to respond to the pending motions to dismiss, as well as an extension of two weeks, to May 18, 2024, to file a motion for leave to amend its complaint that complies with LR 15.1. Plaintiff gives no explanation as to why there would previously have been a deadline of May 4, 2024, for such a motion. The proposed order attached to IPI's motion specifies that the extension requested for time to file oppositions to the pending motions to dismiss is two weeks from issuance of such an order.

Plaintiff does not show good cause to grant its motion to extend time. Its Motion to Extend Time should therefore be denied. Because IPI's only articulated rationale for seeking an extension of time is an intent to amend its complaint, Defendant will also address the standard for a motion for leave to amend.

2

## II. LEGAL STANDARD

### A. Standard for Extension of Time

"When an act may or must be done within a specified time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(1)(b).

"[R]equests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010) (quoting 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

### B. Standard for Leave to Amend Pleading

When a party has already amended its pleading once as a matter of course, further amendment may be made "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2).

> Although the rule should be interpreted with "extreme liberality," leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. Prejudice to the opposing party is the most important factor.

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citations omitted).

Reasons to deny a motion for leave to amend also include "bad faith or dilatory motive on the part of the movant." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987).

### III. ARGUMENT

**A. IPI has not shown good cause to grant a motion to extend time.**

Defendant is cognizant that where "there is no indication of bad faith, prejudice, or undue delay, attorneys should not oppose reasonable requests for extensions of time brought by their adversaries." *Ahanchian*, 624 F.3d at 1263. But here, the unpersuasive nature of IPI's stated reasons for seeking an extension of time suggests that its true motive is dilatory.

IPI asserts that the fact that it has filed a bankruptcy petition, *see In Re: Imperial Pacific International (CNMI), LLC*, 1:24-bk-00002 (Bankr. N. Mar. I. Apr. 19. 2024), ECF No. 1, and the fact that the terms in office of two Commissioners of the CCC named as defendants have expired, necessitate that it amend its complaint a second time. It does not explain why this would be the case.

IPI gives no indication of the relevance of its bankruptcy filing to its constitutional and contractual claims in this action. The filing for bankruptcy does not act as an automatic stay of this action because IPI is the plaintiff. *See, e.g., Boone v. Beacon Bldg. Corp.*, 613 F. Supp. 1151, 1155 (D.N.J. 1985) (stating that the automatic stay provisions of the Bankruptcy Act only operate "in actions where the petitioner is in a defensive posture"); *Jandous Elec. Constr. Corp. v. City of New York (In re Jandous Elec. Constr. Corp.)*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (holding that debtor "may not use the automatic stay as a sword when the debtor is the plaintiff in a pending nonbankruptcy suit").

Nor does IPI explain why Commissioners Dela Cruz and Mendiola's terms expiring would warrant amendment. If IPI wishes to dismiss these defendants, it can simply do so. In Plaintiff's sister action, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00002 (D. N. Mar. I. Apr. 24, 2024), ECF No. 21, it dismissed its claims against Governor Palacios in his personal capacity without amending its complaint. Similarly, it has entered a stipulation to dismiss its claims against Defendant Andrew Yeom in this matter without requiring an amendment. ECF No. 43. IPI gives no reason why the expiration of two defendants' terms of office warrants amendment.

Nor does IPI even assert that it requires additional time to respond on the merits to the pending motions to dismiss. In IPI's previously filed and voluntarily dismissed lawsuit with similar claims to the one at bar, it timely filed, contemporaneously with an amended complaint, an opposition to CCC's motion to dismiss addressing res judicata arguments substantially identical to those raised by several defendants in this action. *See* Opposition to Defendant's Motion to Dismiss, *Imperial Pacific International CNMI (LLC) v. Commonwealth Casino Commission*, 1:23-cv-00014 (D. N. Mar. I. Jan. 23, 2024), ECF No. 8. IPI does not articulate why it would require additional time to draft an opposition and amended complaint this time around.

If the Court has reason to be skeptical of the movant's proffered reasons for seeking an extension of time, it may "h[o]ld an evidentiary hearing or s[eek] more information." *Ahanchian*, 624 F.3d at 1260. Under the circumstances, IPI's motion suggests a dilatory motive, unless it can offer up more compelling reasons for an extension to be granted.

Defendant would not oppose a reasonable extension of time to prepare a second amended complaint in compliance with LR 15.1 if Plaintiff gave compelling and good faith reasons why the FAC must be amended. IPI has not as yet provided such reasons. Further, if IPI were to give compelling reasons why two weeks is insufficient to oppose the pending motions to dismiss, Defendant would not oppose an extension.

As it stands, however, IPI does not show good cause to grant a motion to extend time.

**B. IPI has not shown a compelling justification to be given leave to amend.**

Because the only reason IPI articulates for seeking an extension is an intention to amend its complaint a second time, the inquiry as to the motion to extend time merges with the inquiry as to a motion for leave to amend.

Plaintiff does not give compelling reasons why leave to amend should be granted. Amendment would be prejudicial to defendants, the circumstances suggest that Plaintiff's motives are dilatory, and amendment would be futile.

5

### 1. A second amendment would be prejudicial to Defendant.

Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31, (1971) (stating trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion).

IPI initially brought four causes of action against Governor Palacios in both his official and personal capacities. Its First Amended Complaint dismissed the Governor in his personal capacity altogether and dismissed three of the four causes of action with respect to his official capacity. In 1:24-cv-00002, by contrast, IPI has not amended its Complaint but has dismissed all causes of action against Governor Palacios in his personal (but not his official) capacity.

Plaintiff has at no point articulated any rationale for the disparate treatment of its claims against Governor Palacios in 1:24-cv-00002 as opposed to 1:24-cv-00001. Nor has it justified the disparate treatment in this action of its claims against him in his personal, as opposed to his official, capacity. It raised substantially identical claims in lawsuits under different docket numbers in December 2023, which it then dismissed only to resurrect them in the midst of settlement negotiations. Permitting IPI to engage in further seemingly arbitrary reshuffling of the claims and parties in this action would prejudice the Governor's ability to mount a coherent defense against a moving target.

### 2. IPI's lack of compelling justification suggests a dilatory motive.

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).

Plaintiff asserts that it cannot comply with the requirement of LR 15.1 that a motion for leave to amend be accompanied by the amendment. It does not explain why it would need additional time to amend its complaint in light of the two grounds it asserts, nor does it explain why there would be any particular deadline for a motion for leave to amend in the first place.

Again, IPI articulated substantially similar causes of action in a previously filed and

6

dismissed lawsuit, in which it was able to timely file an amended complaint, contemporaneously with an opposition responding to similar arguments to several of those made in pending motions to dismiss in this action. *See* Defendant's Motion to Dismiss, *Imperial Pacific International CNMI (LLC) v. Commonwealth Casino Commission*, 1:23-cv-00014 (D. N. Mar. I. Jan. 9, 2024), ECF No. 4 (motion to dismiss filed exactly two weeks before IPI timely filed an opposition and amended complaint).

IPI has not articulated any facts or theories relevant to its causes of action that would require amendment. It cites only two facts, its bankruptcy filing and turnover in the membership of the CCC, which have no discernible relevance to its claims in this lawsuit. Plaintiff has already amended its complaint as a matter of course, and has already dismissed several defendants in this and its sister lawsuit without amendment. Plaintiff fails to articulate a compelling justification for a second amendment, suggesting the true motive is a dilatory one.

**3. Amendment would be futile because IPI does not state a claim as a matter of law.**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

Amendment would be futile, because all claims it has articulated against Governor Palacios in his official capacity do not state a claim upon which relief can be granted. IPI's FAC names the Governor only in its Fourth Cause of Action, for breach of contract. Such claims are barred because "the Commonwealth enjoys sovereign immunity with respect to claims arising under its own laws," *Ramsey v. Muna*, 849 F.3d 858, 860 (9th Cir. 2017), and "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985).

The other causes of action in its original Complaint included two § 1983 claims, and "[n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983." *DeNeiva v. Reyes*, 966 F.2d 480, 482–83 (9th Cir. 1992). The remaining cause of action in its original Complaint was a Contracts Clause claim, and Governor Palacios is not in contractual

privity with IPI. ECF No. 9 ("the only contractual relationship that exists . . . is between IPI and the CNMI.").

Because IPI's causes of action against Governor Palacios are barred as a matter of law, amendment cannot save its claims. In particular, additional extraneous factual background on the fact that Plaintiff has filed for bankruptcy and that two other defendants' terms have expired would do nothing to save the FAC.

## IV. CONCLUSION

IPI has not met its burden to articulate good cause why it requires additional time to prepare either an opposition to the pending motions to dismiss or a second amended complaint in compliance with LR 15.1. Nor has it given compelling reasons why the Court should grant a motion for leave to amend the FAC.

For the foregoing reasons, IPI's Motion to Extend Time Under Local Rule 7.1(f) to Respond to Motions to Dismiss should be denied.

Dated: May 6, 2024

Respectfully submitted.

OFFICE OF THE GOVERNOR

/s/
Brendan Layde (T0530)
Legal Counsel
Attorney for Defendant Arnold Palacios in his Official Capacity