Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
(*Pro Hac Vice*)

*Attorneys for Plaintiff IPI (CNMI) LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>vs.<br>Commonwealth of the Northern Mariana Islands, et. al.<br><br>Defendants. | **CASE NO. 1:24-cv-00001**<br><br>**OPPOSITION TO DEFENDANT GOVERNOR PALACIOS' MOTION TO DISMISS**<br><br>**CONCURRENTLY FILED WITH MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br><br>**Hearing Date:**<br>**Time:**<br>**Judge: Hon. David O. Carter** |

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Imperial Pacific International (CNMI) LLC, ("IPI") hereby opposes the Motion to Dismiss (ECF No. 39) filed by Defendant Arnold Palacios, in his official capacity as Governor of CNMI.

## I. INTRODUCTION

In its First Amended Complaint, (ECF No. 38), which is the current operative pleading, Plaintiff alleges four causes of actions: 1. Violation of the contracts clauses of the U.S. and CNMI constitutions, 2. Violation of the Due Process clauses of the U.S. and CNMI Constitutions, 3. Violation of Article IV of CNMI Constitution, and 4. Breach of the Casino License Agreement. Plaintiff sought declaratory, injunctive and equitable relieves.

Defendant Arnold Palacios in his official capacity moved to dismiss the Complaint pursuant to Rules 12 (b) (6) of the Federal Rules of Civil Procedure. Defendant argues that the Complaint should be dismissed under Rule 12(b) (6) because Governor Palacios was only sued in his official capacity with respect to a breach of contract cause of action.

Defendant also argues that Palacios is not a party the CLA and does not have power to revoke or suspend IPI's license or to direct CCC to do so.

Plaintiff files concurrently herewith a motion for leave to file a Second Amended Complaint (SAC) which sues Governor Palacios in both official and personal capacities under three causes of actions arising out of federal Constitution and statutes. In the proposed SAC, IPI alleges Governor Palacios, as the head of CNMI government executive branch, despite admitted lack of legal authority to do so, acting under the color of law, directed and colluded with CCC and its Commissioners to use CCC as the front and collection agent to collect disputed annual license fees and to violate IPI's due process rights to fair and impartial decision makers at the revocation hearing.

## II. FACTUAL BACKGROUND

As alleged in the FAC and the proposed Second Amended Complaint ("SAC"): On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI paid the annual license fee each year between 2014 and 2019.

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its annual license Fee payment in year 2020.

Following what are claimed to have been "evidentiary hearings," on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. Among others, Commission Order 2021-002 requires IPI to make the annual license fee owed to CNMI. The Commission also suspended IPI's casino license indefinitely under Commission Order 2021-002.

IPI sought judicial review of Commission Order 2021-002 with CNMI Superior Court with case No. Civil Case No. 21-0173 on May 21, 2021.

On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order.

IPI appealed CNMI Superior Court's decision to CNMI Supreme Court on April 11, 2022, with Case No. 2022-SCC-0006-CIV.

The Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. The Supreme Court Order does not address the issue whether IPI's obligation to make the annual license fee was accrued during the period when its casino license was suspended by CCC.

Notably, however, the CNMI Supreme Court affirmed in part, reversed in part, and remanded the matter back to the Commission for further proceedings consistent with the opinion, including a decision by CCC on a reasonable deadline for IPI to pay the annual license fees.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order.

On November 30, 2023, without any hearing or notice to IPI, the Commission issued a "Notice of Payment Deadline" letter in which it reasoned that "Many contracts provide a thirty-day cure period for monetary default to provide sufficient time for the party to perform its obligations of making payments" and, therefore, "Thirty days is sufficient time" for IPI to pay $62,010,280 annual license fees allegedly accrued for year 2020 to 2023.

The permanent revocation proceedings took place between February 28, 2024, and March 1, 2024. Defendants Demapan, Taitano, Mendiola, and Cruz served as the hearing commissioners and ***did not*** recuse themselves. Counsel for IPI made separate motions to disqualify them.

Following the hearing, Governor Palacios made public remarks contradicting the testimony of and attacking the credibility of IPI's witnesses at the hearing. (**Proposed SAC ¶81**).

The Proposed SAC alleges that Defendant Palacios in his official and personal capacities, directed and colluded with CCC and its commissioners, to initiate and maintain the revocation proceeding against IPI and use CCC as the collection agent to collect the unpaid and disputed annual license fees by exercising the power to revoke as a threat. (**Proposed SAC ¶94**).

The Proposed SAC alleges that Defendant Palacios in his official and personal capacities, directed and colluded with CCC and its commissioners, to refuse the appointment of independent hearing officer for the revocation hearing, and to refuse to recuse themselves as the voting commissioners, which violated the due process right of IPI under the U.S. Constitution. (**Proposed SAC ¶95**).

The Proposed SAC alleges that Defendant Palacios, in his official and personal capacities, directed and colluded with CCC and its Commissioners, demanded the payment of the disputed annual license fees accrued during the force majeure event, for the benefits of CNMI, by exercising CCC's regulatory power to revoke. (**Proposed SAC ¶112**).

The Proposed SAC alleges that Defendant Palacios, in his official and personal capacities, directed and colluded with CCC and its Commissioners, demanded the payment of the disputed annual license fees accrued during the period when IPI's license was suspended, for the benefits of CNMI, by exercising CCC's regulatory power to revoke. (**Proposed SAC ¶116**).

### III. MOTION TO DISMISS LEGAL STANDARD

#### A. Rule 12(b) (6) Standard

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6).  The purpose of Rule 8(a)(2) is to merely "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957).

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly, supra*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009 (*quoting Twombly*, 550 U.S. at 570). "[A]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000

Rule 12(b)(6) motions are disfavored, and should rarely be granted if there is a possibility of amendment. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981 (Rule 12(b)(6) relief is only appropriate in extraordinary circumstances).

### IV. LEGAL ARGUMENT

#### A. Plaintiff's proposed SAC alleges sufficient facts to constitute causes of actions against Defendant Palacios.

The Proposed SAC alleges that Defendant Palacios in his official and personal capacities, directed and colluded with CCC and its commissioners, to initiate and maintain the revocation

proceeding against IPI and use CCC as the collection agent to collect the unpaid and disputed annual license fees by exercising the power to revoke as a threat. (**Proposed SAC ¶94**).

The Proposed SAC alleges that Defendant Palacios in his official and personal capacities, directed and colluded with CCC and its commissioners, to refuse the appointment of independent hearing officer for the revocation hearing, and to refuse to recuse themselves as the voting commissioners, which violated the due process right of IPI under the U.S. Constitution. (**Proposed SAC ¶95**).

The Proposed SAC alleges that Defendant Palacios, in his official and personal capacities, directed and colluded with CCC and its Commissioners, demanded the payment of the disputed annual license fees accrued during the force majeure event, for the benefits of CNMI, by exercising CCC's regulatory power to revoke. (**Proposed SAC ¶112**).

The Proposed SAC alleges that Defendant Palacios, in his official and personal capacities, directed and colluded with CCC and its Commissioners, demanded the payment of the disputed annual license fees accrued during the period when IPI's license was suspended, for the benefits of CNMI, by exercising CCC's regulatory power to revoke. (**Proposed SAC ¶116**).

The Proposed SAC alleges that Defendant Governor Palacios was involved, in his official and personal capacities, by directing and acting in concert with CCC and its commissioner, acting under the color of law, by usurping the regulatory power of CCC, violated IPI's constitutional due process right to impartial decision makers; and by circumventing the defined nine-step dispute resolution process outlined in the CLA, using CCC as his collection agent, to demand the immediate payment of the disputed annual license fees.

### B. <u>CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983.</u>

Under *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), it is clear that where "under section 1983, a citizen sues a state in its own name in federal court, the suit cannot proceed unless the state has waived its sovereign immunity and thereby consented to the suit." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67,

104 S. Ct. 900 (1984; *Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam. "However, it is a settled law that "[a] close examination of the Covenant convinces us that its drafters intended that the Commonwealth not enjoy such immunity." *Fleming*, 837 F.2d at 404.

CNMI government is not immune to the instant action in this Court, likewise, Defendant Governor Palacios who is sued in his official capacity is not immune to action brought under 42 USC § 1983.

In addition, the Proposed SAC also sues Governor Palacios in his personal capacity, which is clearly within 42 USC § 1983.

## C. Once the Motion for Leave to Amend the FAC is granted, the Motion to Dismiss Filed by Defendant Palacios Should be Denied as Moot.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing FRCP 15(a)). In exercising its discretion to allow amendments to pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). Rule 15(a) thus requires a strong showing of prejudice, delay, futility, or bad faith before leave to amend may be denied. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Foman*, 371 U.S. at 182.

Since the filing of the FAC, IPI has been diligent in uncovering the involvement of CNMI and the Governor's office in the suspension and revocation proceedings, which are supposed to be conducted by CCC as an independent agency. Based upon information received by Plaintiff, IPI amended the FAC and alleges additional facts in the Proposed SAC that relate to the involvement of Governor Palacios, which would provide the factual basis for the remaining causes of actions in the SAC against Governor Palacios.

"It is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012)) (citing *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)). "In other words, 'the original pleading no longer performs any function….'" *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

Once the motion for leave to amend the FAC is granted by the Court, the Motion to Dismiss filed by Governor Palacios is moot.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff IPI respectfully requests that Defendant's Motion to Dismiss be denied in its entirety.

Dated: May 17, 2024
Saipan, CNMI

Respectfully submitted,

By: /s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC