1  Stephen J. Nutting
   Law Office of Stephen J. Nutting
2  6th Floor Marianas Business Plaza
   P.O. Box 5093 Saipan, MP 96950
3  Michael Chen
   Michael Chen Law Offices
4  7330 Edna Ave.
   Las Vegas, NV 89117
5  (*Pro Hac Vice*)

6  *Attorneys for Plaintiff IPI (CNMI) LLC*

7

8              **IN THE UNITED STATES DISTRICT COURT**

9              **FOR THE NORTHERN MARIANA ISLANDS**

10

11

12  Imperial Pacific International (CNMI) LLC,     **CASE NO. 1:24-cv-00001**

13                    Plaintiff,                    **OPPOSITION TO DEFENDANTS
                                                    COMMONWEALTH CASINO
14              vs.                                 COMMISSION, EDWARD C.
                                                    DELEON GUERRERO, RAFAEL S.
15  Commonwealth of the Northern Mariana           DEMAPAN, MARIANO TAITANO,
    Islands, et. al.                               MARTIN MENDIOLA, RAMON M.
16                                                  DELA CRUZ IN THEIR OFFICIAL
                                                    AND PERSONAL CAPACITIES
17                    Defendants.                   MOTION TO DISMISS**

18                                                  **CONCURRENTLY FILED WITH
                                                    MOTION FOR LEAVE TO FILE
19                                                  SECOND AMENDED COMPLAINT**

20

21

22

23                                                  **Hearing Date:**
                                                    **Time:**
24                                                  **Judge: Hon. David O. Carter**

25

26  //

27  //

28  //

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................ 1

II.  FACTUAL BACKGROUND ...................................................................................... 2

III.  MOTION TO DISMISS LEGAL STANDARD ......................................................... 7

A.  RULE 12(B)(6) STANDARD .................................................................................... 7

IV.  LEGAL ARGUMENT ............................................................................................... 7

A.  THE UNDERLYING FACTUAL ALLEGATIONS OF THE FAC AND PLAINTIFF'S PROPOSED SAC
POSTDATE THE STATE ACTIONS AND CCC DECISIONS. .......................................................... 7

B.  IPI'S CLAIMS ARE NOT BARRED BY *RES JUDICATA*. ............................................... 8

I.  THE CLAIMS CENTER ON FACTS ARISING AFTER THE CONCLUSION OF THE EARLIER STATE
ACTIONS AND CCC DECISIONS. ..................................................................................... 8

II.  THE CLAIMS ARE NOT THE SAME ........................................................................ 9

III.  NONE OF THE PREVIOUS COMMISSION PROCEEDINGS SHALL BE GIVEN RES JUDICATA EFFECT TO
THE CLAIMS RAISED IN THIS ACTION. .......................................................................... 11

C.  CNMI WAIVED ITS 11TH AMENDMENT SOVEREIGN IMMUNITY FOR CLAIMS UNDER 42 USC
§1983 .......................................................................................................... 14

D.  CCC IS A "SUE OR TO BE SUED" ENTITY UNDER CNMI LAW AND BY GIVING *RES JUDICATA*
EFFECT TO THE STATE ACTIONS. .................................................................................. 14

V.  NO OPPOSITION TO SOVEREIGN IMMUNITY TO CLAIMS UNDER CNMI LAWS 17

VI.  CONCLUSION ........................................................................................................ 17

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

**TABLE OF AUTHORITIES**

**CASES**

*Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 693 (9th Cir. 2007).............................. 8

*Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam) ... 14

*Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980)....................... 15

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009)......................................... 7

*Ashker v. Cate*, No. C 09-2948 CW, 2012 U.S. Dist. LEXIS 45575, at *13-14 (N.D. Cal. Mar.

    30, 2012) ........................................................................................... 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................ 7

*Brown v. Felsen*, 442 U.S. 127, 131 (1979)........................................................ 15

*Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000)................. 7

*Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84

    L.Ed. 329 (1940) ................................................................................. 15

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) ................................................ 16

*Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011).... 13

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957) ........................................ 7

*Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012) ................. 11

*Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)................................................ 15

*Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2nd Cir. 2000) ...................................... 8

*Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988)............................ 14

*Flores v. Life Ins. Co. of N. Am.*, No. 22-55779, 2024 U.S. App. LEXIS 1386, at *2-3 (9th Cir.

    Jan. 22, 2024).................................................................................... 8

*French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) .................................... 14

*Garden City, Inc. v. City of San Jose* (N.D.Cal. Oct. 3, 2013, No. 5:13-cv-00577-PSG) 2013

    U.S.Dist.LEXIS 144977, at *5-6 ................................................................ 10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). ............................ 7

*Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133

    (E.D.Cal.2003)................................................................................... 13

*Howard v. City of Coos Bay*, 871 F.3d 1032, at 1039 (9th Cir. 2017) ........................... 8

*In re E.J.M.*, No. W2003-02603-COA-R3-JV, (Tenn. Ct. App. Mar. 10, 2005)........................ 10

*In re Estate of Dela Cruz,* 2 N.M.I. at 11 .................................................................. 12

*In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) ...................... 12

*Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008) ......................................... 11

*Lindenman v. Umscheid*, 255 Kan. 610, 611 (Kan. 1994) ............................................... 15

*Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984) ................................................................................................................. 8

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020). ..................................................................................................... 16

*Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty.*, 2008 WL 45410, at *2 (D.Ariz.,2008) ....................................................................................................... 13

*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980)............................................................ 12

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984)................................ 16

*Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995) ..................................................... 12

*Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3d Cir. 2011) .............................. 8

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)............................ 10

*Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *18 (S.D. Cal. July 22, 2015). .................................................................................................................. 16

*Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety et al.*, WL 150875 at *2 (D. N. Mar. I. Jan.10, 2019)............................................................ 15, 17

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984) ...................................................................................................... 14

*Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) ......................................................................................... 12

*Santos v. Santos*, No. 90-041, 1992 WL 135876, at *48-49 (N. Mar. I. Mar. 25, 1992)............. 16

*Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019).......... 11

*Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008)..................... 13

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ................................................................ 7

*United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d
    642 (1966). ...................................................................................................... 12

**STATUTES**

1 CMC § 9109 (e) (2)......................................................................................................... 6

4 C.M.C. § 2309 (a) ........................................................................................................... 2

4 CMC 2314 (q) ................................................................................................................ 15

4 CMC§ 2313 (c). .............................................................................................................. 4

CMC § 2313 (a) ................................................................................................................. 17

CMC § 2313 (d) ................................................................................................................. 17

CMC § 2313 (j) .................................................................................................................. 17

**RULES**

Fed. R. Civ. P. 12(b)(6), ................................................................................................... 7

Fed. R. Civ. P. 8(a). ........................................................................................................... 7

Rule 201 of the Federal Rules of Evidence ................................................................. 3, 4, 5

Rule 201 of the Federal Rules of Evidence. ................................................................. 3, 5

**REGULATIONS**

NMIAC § 175-10.1-1410 ................................................................................................... 6

**PUBLIC LAWS**

Public Law 19-24 ............................................................................................................... 2

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

OPPOSITION TO MOTION TO DISMISS FAC BY CCC & CCC COMMISSIONERS

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Imperial Pacific International (CNMI) LLC, ("IPI") hereby opposes the Motion to Dismiss (ECF No. 42) filed by Defendants Commonwealth Casino Commission, Edward C. Deleon Guerrero, Rafael S. Demapan, Mariano Taitano, Martin Mendiola, and Ramon M. Dela Cruz, in their official and personal capacities.

## I.    INTRODUCTION

In its First Amended Complaint, (ECF No. 38), which is the current operative pleading, Plaintiff alleged four causes of actions: 1. Violation of the contracts clauses of the U.S. and CNMI constitutions, 2. Violation of the Due Process clauses of the U.S. and CNMI Constitutions, 3. Violation of Article IV of CNMI Constitution, and 4.   Breach of the Casino License Agreement. Plaintiff sought declaratory, injunctive and equitable relieves.

Defendants Commonwealth Casino Commission, Edward C. Deleon Guerrero, Rafael S. Demapan, Mariano Taitano, Martin Mendiola, and Ramon M. Dela Cruz, in their official and personal capacities moved to dismiss the Complaint pursuant to Rules 12 (b) (6) of the Federal Rules of Civil Procedure. Defendants argue that the Complaint should be dismissed under Rule 12(b) (6) due to the doctrine of *res judicata*. Defendants further argue that the Complaint brought under 42 USC §1983 should be dismissed against the Commissioners in their official capacities because suit against the Commissioners in their official capacity is the same as suit against CNMI government, and CNMI enjoys sovereign immunity with respect to claims brought under 42 USC §1983 in federal court.

Defendant CCC also argues that CCC is not a "sue or be sued" entity under CNMI law.

Defendants' argument as to *res judicata* must fail because the constitutional claims brought in this action arose after the earlier state court litigation (a "bright line rule" for not applying *res* judicata) and are distinct from the claims litigated earlier. Further, affording the Commission order *res judicata* effect would be a manifest injustice and offend the important public interest of judicial impartiality. Simply put, the Commission cannot be expected to

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

impartially rule on constitutional challenges against the very statutory scheme that funds the Commission and renders its existence possible.

Defendants' argument as to their sovereign immunity contradicts with the settled legal precedents. This argument borderlines frivolous.

Under CNMI law, CCC is clearly an entity that can "sue civilly" under 4 CMC §2134 (q). CNMI law is vague on whether an entity can "sue civilly" also has the capacity "to be sued." However, the state court actions where CCC was a defendant have *res judicata* effect on this issue.

## II.   FACTUAL BACKGROUND

As alleged in the FAC and the proposed Second Amended Complaint ("SAC"): On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI paid the annual license fee each year between 2014 and 2019.

On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute").

The Regulatory Fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. § 2309 (a). IPI paid the Casino Regulator Fee each year from 2015 through 2019.

Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the Regulatory Fee such that IPI could apply the $3 million Regulatory Fee to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. However, the Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee."

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its October 1, 2020, Regulatory Fee payment. The Commission commenced several enforcement actions, including Complaint No.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

20-005 with regard to IPI's failure to pay the Regulatory Fee on October 6, 2020. See **Exhibit A.** (Plaintiff requests the court to take judicial notice of Exhibit A under Rule 201 of the Federal Rules of Evidence.)

In response to Complaint No. 20-005, IPI asserted in its affirmative defenses that the Regulatory Fee is unconstitutional, including for the reasons that it is an unlawful taxation disguised as a fee, it deprives IPI of property without due process and is arbitrary and excessive, it violates IPI's right to equal protection, and it is an unconstitutional executive impoundment of funds. See **Exhibit B ¶¶ H, I, J, and K.** (Plaintiff requests the court to take judicial notice of Exhibit B under Rule 201 of the Federal Rules of Evidence.)

Following what are claimed to have been "evidentiary hearings,"[1] on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. With respect to Complaint No. 20-005, the Order contains one, short, conclusory paragraph simply finding that IPI "offered no defense" to the claims and thus violated the Regulatory Fee requirements. See **Exhibit C ¶17.** (Plaintiff requests the court to take judicial notice of Exhibit C under Rule 201 of the Federal Rules of Evidence.) The Order overlooks IPI's affirmative defenses related to its constitutional challenge to the Regulatory Fee, and offers no analysis or finding on these constitutional claims. There are two signatories to the Order: CCC Chairman Edward C. Deleon Guerrero and Defendant Demapan. ECF No. 1-3 at 6. The Chairman is a signatory as to Enforcement Action 2020-003 (consolidated). ECF No. 1-3 at 6. Defendant Demapan is a signatory as to Enforcement Action 2020-001 (consolidated). Defendant Taitano voted for Commission Order.

Notably, the Commissioners are not lawyers, and instead the qualifications of a commissioner include the following: "A Commission member must be an adult, and possess a good moral character, a bachelor's degree in any field of study from a postsecondary educational institution accredited in the United States or must have at least five years of work experience in

---

[1] The rules for evidence at the hearing are that "Any relevant evidence, not subject to a claim of privilege, may be admitted regardless of any rule of evidence which would bar such evidence in judicial matters." NMIAC § 175-10.1-1415 (d) (2).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

the following areas: business management, government management, or financial management." 4 CMC§ 2313 (c).

More importantly, and by admission of attorney for the CCC in a related case, case No. 23-cv-00014, "although the Commission has an account separate from the central government pursuant to P.L. 19-24, the funds [for the Commission] were dependent ***solely on Plaintiff's payment of the Casino Regulatory Fee***." (emphasis added) (ECF No. 4 of 23-cv-00014 at 24).

In fact, IPI acknowledges that the $3M is not the only source of income for the Commission, but it is clearly the lion's share of the revenue of CCC. Here is a table of the revenue of the Commission since year 2018 to 2022:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Casino Regulatory Fees | $3,000,000 | $3,000,000 | $3,000,000 | $0 | $0 |
| Other Regulatory Fees | $151,242 | $100,328 | $106,500 | $20,214 | $15,000 |
| General Fund | $0 | $1 | $1 | $1 | $1 |

ECF No. 24-10 Exhibit J. Commission Annual Reports.

It would be fair to say CCC may not survive much longer or otherwise function properly without the payment of the annual regulatory fee.

IPI sought judicial review of Commission Order 2021-002 with CNMI Superior Court with case No. Civil Case No. 21-0173 on May 21, 2021.

On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order. See **Exhibit D.** (Plaintiff requests the court to take judicial notice of Exhibit D under Rule 201 of the Federal Rules of Evidence.) As the constitutional issues were clearly not within the scope of the underlying Commission Order, the court ruling similarly does not address any of the constitutional concerns raised in IPI's initial affirmative defense before the Commission.

IPI appealed CNMI Superior Court's decision to CNMI Supreme Court on April 11, 2022, with Case No. 2022-SCC-0006-CIV.

The CNMI Superior Court Case, Civil Case No. 21-0173 and the CNMI Supreme Court Case, Civil Case No. 2022-SCC-0006-CIV, are collectively referred to as "State Actions[2]" hereinafter.

The Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. See **Exhibit E.** (Plaintiff requests the court to take judicial notice of Exhibit E under Rule 201 of the Federal Rules of Evidence.)

Notably, however, the CNMI Supreme Court affirmed in part, reversed in part, and remanded the matter back to the Commission for further proceedings consistent with the opinion.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order. See **Exhibit F.** (Plaintiff requests the court to take judicial notice of Exhibit F under Rule 201 of the Federal Rules of Evidence.)

On November 30, 2023, without any hearing or notice to IPI, the Commission issued a "Notice of Payment Deadline" letter in which it reasoned that "Many contracts provide a thirty-day cure period for monetary default to provide sufficient time for the party to perform its obligations of making payments" and, therefore, "Thirty days is sufficient time" for IPI to pay $62,010,280 annual license fees allegedly accrued for year 2020 to 2023. The Commission has not issued any other order on this matter and it thus remains open before the Commission.

On February 29, 2024, this Court denied Plaintiff's emergency motion for an emergency TRO restraining Defendant from conducting the permanent license revocation hearing. (Document 9).   Although not considering the argument of *res judicata*, this Court observed with respect to Plaintiff's due process claim that "at [the] contested case hearings, the Chairman may

---

[2] IPI recognizes that the Commonwealth of Northern Mariana Islands is not a state within the meaning of the U.S. Constitution. The term "State Actions" is used as a shorthand label.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

designate a member of the CCC to serve as hearing commissioner,"[3]  that "NMIAC also dictates other discretionary choices in proceedings," that at present it was unclear from the pleadings "who exactly [among the commissions] would have this conflict, and that since Executive Director Andrew Yeom had filed the motion and requested a revocation hearing this "would appear to fulfill more of the role of a civil plaintiff or prosecutor than a judicial or quasi-judicial role."   (Document 9, pp.11-12)

The permanent revocation proceedings then took place between February 28, 2024, and March 1, 2024. Defendants Demapan, Taitano, Mendiola, and Cruz served as the hearing commissioners and ***did not*** recuse themselves. Counsel for IPI made separate motions to disqualify them based on the following four grounds: (1) all of the hearing commissioners are in fact paid by CCC which is financed almost exclusively by the regulatory fee; (2) all of the commissioners had prior knowledge of the underlying claims giving rise to the permanent license revocation proceedings, including through direct communications with the Executive Director; (3) all of the commissioners had actually been involved in issuing the very Commission Orders giving rise to these permanent revocation proceedings (effectively being asked to review or affirm their earlier decisions); and (4) the commissioners had failed to follow the suggestion of this Court by not appointing non-commissioners as hearing officers. (**Proposed SAC ¶78**) These motions were never ruled upon by the commissioners, who continued to sit as hearing officers. (**Proposed SAC ¶79**) In addition, the Executive Director was observed repeatedly having *ex parte* communications with the commission hearing officers, and one hearing officer was observed extensively browsing his phone during the hearing. (**Proposed SAC ¶80**). Following the hearing, Governor Palacios then made public remarks contradicting the testimony of and attacking the credibility of IPI's witnesses at the hearing. (**Proposed SAC ¶81**).

---

[3]  As the Court recognized (ECF No. 9 at 11), CNMI regulation permits the commissioners of CCC to designate a third party, supposedly an impartial party, to be the hearing officer at the revocation hearing, see NMIAC § 175-10.1-1410. and the hearing officer can disqualify himself/herself at any time during the hearing. See 1 CMC § 9109 (e) (2).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

III.  <u>MOTION TO DISMISS LEGAL STANDARD</u>

**A.  <u>Rule 12(b) (6) Standard</u>**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6), The purpose of Rule 8(a)(2) is to merely "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957)).

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly, supra*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). "[A]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

Rule 12(b)(6) motions are disfavored, and should rarely be granted if there is a possibility of amendment. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (Rule 12(b)(6) relief is only appropriate in extraordinary circumstances).

IV.  <u>LEGAL ARGUMENT</u>

**A.  <u>The Underlying Factual Allegations of the FAC and Plaintiff's proposed SAC postdate the State Actions and CCC Decisions.</u>**

In the First Amended Complaint (FAC), which is the operative pleading, and in the proposed Second Amended Complaint (SAC), wherein IPI alleges CCC and its Commissioners

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

to use CCC as the front and collection agent to collect disputed annual license fees and its collusion with CNMI and Governor Palacios to violate IPI's due process rights to fair and impartial decision makers at the revocation hearing, all of which occurred after the conclusion of the State Actions.

**B.   IPI's claims are not barred by *res judicata*.**

IPI's constitutional claims in this action are not barred by *res judicata* for two reasons. First, they center on facts arising after the conclusion of the State Actions and CCC Decisions, and second, they concern different claims (particularly different infringements of rights - the first involving the temporary suspension of the license, the second involving the permanent revocation and loss of that license).

**i.    The claims center on facts arising after the conclusion of the earlier State Actions and CCC Decisions.**

As to the first argument, it is settled law that "the rule that a judgment is conclusive as to every matter that could have been asserted ***does not*** apply to new claims that arise while the first action was being litigated." *Ashker v. Cate*, No. C 09-2948 CW, 2012 U.S. Dist. LEXIS 45575, at *13-14 (N.D. Cal. Mar. 30, 2012) (emphasis added, citing *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984). "Thus, *res judicata* does not bar litigation of claims based on events that occurred after the filing of the complaint in the first lawsuit." *Id.*, (citing *Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2nd Cir. 2000) (cited in *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 693 (9th Cir. 2007)).

In fact, the Ninth Circuit has recently characterized this as a bright-line rule: "To assess whether two claims could have been brought together, we apply ***a bright-line rule*** 'that *res judicata* does not apply to events post-dating the filing of the initial complaint." *Flores v. Life Ins. Co. of N. Am.*, No. 22-55779, 2024 U.S. App. LEXIS 1386, at *2-3 (9th Cir. Jan. 22, 2024) (emphasis added, citing " *Howard v. City of Coos Bay*, 871 F.3d 1032, at 1039 (9th Cir. 2017), quoting *Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3d Cir. 2011)).

Here, central to IPI's constitutional claims in this action are the events arising after the conclusion of the earlier litigation, namely: (1) the Commission's arbitrary determination on

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

November 30, 2023 that a mere thirty days was a reasonable period of time for IPI to pay $62,010,280 the annual license fees or otherwise be subject to permanent license revocation;[4] (2) the conduct of the permanent license revocation hearing itself, between February 28, 2024 and March 1, 2024, for which IPI alleges numerous due process violations on account the inherent conflict of interest on the part of the commission hearing officers,[5]  the hearing officers' refusal to even consider or rule upon IPI's motions to disqualify, and *ex parte* communication and involvement of the Executive Director in that hearing as well as statements by the Governor Palacios to the media concerning the hearing and witness testimony; and (3) collusion between CNMI government, CNMI Governor Palacios, CCC, and CCC's Commissioners to use CCC as the front and collection agent to pressure IPI in order to collect the disputed annual license fees.

For this reason alone, and under this "bright line" rule, *res judicata* does not bar IPI's constitutional claims in this action.

### ii.    The claims are not the same.

Setting this aside and for the sake of argument, a further reason why *res judicata* does not apply is because the claims in this action are necessarily different than any sort of claims that could have been asserted in the earlier litigation as they concern the Defendants' permanent revocation of the license as opposed to only the temporary suspension of the license and center on different sets of facts.

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior

---

[4] In arguing that the prior court litigation has reached finality, Defendant argues that the mere fact that there is a remand of "parts of a matter back for determination does not leave the door open for all issues to continue to be litigated." However, this means that the Commissions' subsequent actions following the remand necessarily are outside of the scope of the earlier litigation.

[5] Although this Court was not persuaded on this issue at the time of the TRO briefing, that is not dispositive of this issue at this early stage of the case, and indeed the Court noted that IPI was merely alleging without evidence that the Commissioners have been paid from borrowed funds, and further noted that the role of the commissioners in the hearing was "not clear."   Given these fundamentally evidentiary concerns that were appropriate for denial of a TRO, IPI should now be permitted to take discovery on these important issues in the course of this litigation.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.") (citing *Chao v. A–One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir.2003) *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005).

At the time of the State Actions, IPI was only confronting and challenging the temporary suspension of its license, whereas now it is challenging the permanent loss of its license. Moreover, the permanent loss is premised not only on IPI's failure to pay the regulatory fee leading up to the temporary suspension due to *force majeure*, but also during the time for when IPI was legally prohibited from operating due to the temporary suspension of its license. This new action thus concerns an inherently different right being infringed.     *See., e.g.*, *Garden City, Inc. v. City of San Jose* (N.D.Cal. Oct. 3, 2013, No. 5:13-cv-00577-PSG) 2013 U.S.Dist.LEXIS 144977, at \*5-6. (ultimate denial of permit held to be different harm than earlier claim centered on failure to rule on landowner license and permit amendment); *In re E.J.M.*, No. W2003-02603-COA-R3-JV, (Tenn. Ct. App. Mar. 10, 2005) (holding in child custody context that a temporary order is not entitled to *res judicata* like a permanent decree of custody because "any temporary decree changing custody pending final resolution is just that — temporary and not entitled to the same *res judicata* protections.").

They also arise out of different transactional nuclei of facts: the first arising out of IPI's initial failure to pay the regulatory fee based on *force majeure*, and the second involving Defendants' continuing to demand the regulatory fee for the period when IPI's license was temporarily suspended and then imposing a thirty day deadline to come current on all of the past fees, as well as the Commissioners' carrying out of an essentially sham hearing process concerning the permanent revocation of the license in 2024. As this Court has observed, we do not know exactly the extent of the commissioner's compensation from the regulatory fee or what role they played in the hearing yet, hence discoveries are necessary. New and different sets of evidence form the basis of IPI's new lawsuit.

Finally, allowing IPI to challenge the permanent revocation of its license based on these facts would not destroy the rights and interests established in the earlier State Actions which

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

pertained to the temporary suspension of the license for failure to pay the regulatory fee and other issues leading up to and during the pandemic shut down.

For these reasons, the claims are not the same and *res judicate* does not apply.[6]

### iii.    None of the previous Commission proceedings shall be given res judicata effect to the claims raised in this Action.

Finally, to the extent Defendant is arguing that IPI's claims are barred because it could have but did not assert them in any of the Commission proceedings,[7] that argument must fail because constitutional claims which arise, in part, on the administrative agency's own decision-making are necessarily distinct from claims asserted in the agency proceedings and thus such agency decision cannot have *res judicata* effect on those claims. *Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) (plaintiff's first amendment constitutional claim could not have been adjudicated by a planning commission because plaintiff had no first amendment violation to allege until the planning commission had concluded its proceedings and denied their permit application); *Contasti v. City of Solana Beach*, 2012 WL 4109207 (S. D. Cal., Sept.18, 2012) ("The Court finds that the primary right presented by Plaintiffs in this action is outside the scope of the issue that was litigated during the City Council hearings. The Court concludes that the preclusive effect of the City Council's decision does not extend to the substantive due process claim presented in this federal action."); *Jensen v. City of Sonoma*, 2008 WL 5048203 (N.D.Cal.2008) (concluding that a state administrative decision did not preclude Plaintiff's alleged constitutional claims as those claims arose out of conduct at the administrative hearing).

Furthermore, with respect to an administrative agency's decision in particular, a further ground for not affording it *res judicata* effect is where "it was (1) void when issued, or (2) the record is patently inadequate to support the agency's decision, or if according the ruling *res*

---

[6] IPI reserves the right to petition to vacate the license suspension order based upon alternative legal theories.

[7] IPI disputes that it did not raise the constitutionality of the $3M regulatory fee statue at the CCC suspension hearing, since the records indicate that IPI's attorney, Michael Dotts did raise that issue in the Notice of Defenses, but this defense was completely ignored by CCC.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*judicata* effect would (3) ***contravene an overriding public policy*** or (4) ***result in a manifest injustice***." *In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) (emphasis added, citing *In re Estate of Dela Cruz,* 2 N.M.I. at 11).    Thus, "the policy of according *res judicata* effect to administrative rulings which appear final, must be tempered with "fairness and equity."    *Ogumoro*, 1994 WL 725951, at *4 (citing *Dela Cruz*, at 11 n.7). "Neither collateral estoppel nor *res judicata* is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in a manifest injustice." *Id.*, (citing *Dela Cruz* at 12 n. 7) (holding that to afford administrative decision with *res judicata* would result in manifest injustice where the administrative record was patently inadequate to support the decision).

Therefore, for an agency administrative determination to have preclusive effect in federal court, the agency must have "complied with the fairness requirements of federal common law." *Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) (citing *Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995)) (additional citations omitted).[8]    To have preclusive effect in federal court, the state administrative determination must satisfy the requirements of fairness set out in *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Misischia*, 60 F.3d at 629. These requirements are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. *Id.*, citing *Utah Constr.,* 384 U.S. at 422, 86 S.Ct. at 1560.

Judicial impartiality and due process are essential in this analysis. See *Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) (the neutrality requirement helps to guarantee that life, liberty,

---

[8] These cases and other cases where courts afford *res judicata* effect to an administrative decision involve the administrative body acting in a true judicial capacity where it is deciding a dispute between two other parties and hearing evidence on specific issues and applying law to the evidence.   Here, in contrast, the constitutional claims asserted in this action concern the Commissions' own decision-making and call into question the statute that underpins the Commissions' own funding, meaning the Commission cannot sit in a true judicial capacity on these issues, and posing significant due process concerns with giving *res judicata* effect to any Commission decision on these issues.

OPPOSITION TO MOTION TO DISMISS FAC BY CCC & CCC COMMISSIONERS

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law and preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him). *Hardesty Id*. at 1052 ("Preclusion law 'is, of course, subject to due process limitations[,]" citing *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

Therefore, courts **do not** afford *res judicata* to administrative decisions lacking in due process on account of a ***conflict of interest or lack of impartiality***. *Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty*., 2008 WL 45410, at *2 (D.Ariz.,2008) (denying motion to dismiss based on *res judicata* from administrative decision where plaintiff asserted "that conflicts of interest and bias precluded the Board from properly considering his termination and precluded him from having an adequate opportunity to litigate his concerns" and thus plaintiff raised factual issues with respect to the *Utah Construction* elements that made dismissal inappropriate); *Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011) (improper to give preclusive effect to administrative decision because the constitutional claim raised by the lawsuit "could not have been before [administrative agency] because it was [their] ultimate decision . . . and the allegedly discriminatory nature of that decision, that gave rise to plaintiff's claims…it would be counterintuitive, to say the least, for a federal court to shield local government officials from scrutiny under the Constitution and federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions. Federal common law does not command such an abdication of judicial responsibility." (citing *Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133 (E.D.Cal.2003) ("the lawsuit before the court challenges the Board's own actions and therefore could not possibly have been decided by the Board in a manner warranting preclusion.")).

As alleged in the proposed SAC, because the commissioner hearing officers receive the vast majority of their compensation from the very regulatory fee that is being challenged, and because they were directly involved in the underlying decisions giving rise to the permanent revocation, they have deep conflicts of interest. Certainly they would not be inclined to declare

the regulatory framework that underpins their salary to be unconstitutional, or overturn their own earlier rulings based on constitutional challenges.   *See., e.g., Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009) (noting important policy of protecting "public confidence in the fairness and integrity of the nation's elected judges" and holding that a judge who had received a three million dollar campaign contribution from a party should have recused himself from a case involving that party); See, also *French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) (recognizing important public interest in preserving actual and perceived judicial impartiality).

**C. CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983.**

Defendants argue that this suit against the Commissioners in their official capacities is barred by the Eleventh Amendment and must dismissed.

Under *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), it is clear that where "under section 1983, a citizen sues a state in its own name in federal court, the suit cannot proceed unless the state has waived its sovereign immunity and thereby consented to the suit." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam). "However, it is a settled law that "[a] close examination of the Covenant convinces us that its drafters intended that the Commonwealth not enjoy such immunity." *Fleming*, 837 F.2d at 404.

Therefore, *Fleming* is still controlling, and CNMI government is not immune to the instant action in this Court, likewise, Defendants Commissioners who were sued in their official capacities are not immune to action brought under 42 USC § 1983.

**D. CCC is a "Sue or to be Sued" entity under CNMI Law and By Giving *res judicata* Effect to the State Actions.**

The Commission made an argument that the Commission is not a "sue or be sued" entity. Under *Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety et*

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*al.*, WL 150875 at *2 (D. N. Mar. I. Jan.10, 2019). Id. ("The capacity of a governmental entity to be sued in federal court is determined by the law of the state where the district court is located.").

However, unlike *Norita*, where the CNMI legislature was silent as to defendant Department of Public Safety's capacity to sue or be sued; under 4 CMC § 2314 (q), CCC is an entity that has the capacity to "sue civilly to enforce the provisions of the gambling and gaming laws of the Commonwealth." It is no longer true that the CNMI legislature is silent as to Defendant CCC's capacity to sue or be sued.

It is clear that Defendant CCC has the capacity to sue under CNMI Law, CNMI legislature is silent on whether Defendant CCC has the capacity to be sued. The first issue is what legal effect, if any, should the Court be given to 4 CMC § 2314 (q) where it allows CCC to sue, but is silent on whether it can be sued.

In *Norita* and indeed all of the cases Plaintiff has reviewed discussing the doctrine of "sue or be sued," this phrase is used to suggest that the two components – sue and be sued – go hand in hand.   One cannot be parsed from the other.  *See, e.g. Lindenman v. Umscheid*, 255 Kan. 610, 611 (Kan. 1994) ("The capacity to sue or be sued run together. The statutory authority need not be express but can be implied."). It seems that there is no CNMI case law that separates the two components, capacity to sue and capacity to be sued, when analyzing whether a government agency is a "sue or be sued" entity under CNMI law, however, this issue can be resolved by the application of the doctrine of *res judicata* based upon the State Actions.

Federal courts generally follow the doctrines of *res judicata*. *Allen v. McCurry*, 449 U.S. 90, 94–96 (1980). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876). *Res judicata* also precludes "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940)).

OPPOSITION TO MOTION TO DISMISS FAC BY CCC & CCC COMMISSIONERS

*Res judicata* applies when "there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties*." Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713–14 (9th Cir. 2001). The term "privities" is broadly construed—provided that where "new parties represent the same interests," there is privity between the parties. *See Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *18 (S.D. Cal. July 22, 2015). There is an identity of claims where the claims "arise from the same transaction" or where the claims "involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020).

Federal courts look to the *res judicata* rules of the state from which the original judgment was rendered to determine whether the claim is "entitled to the same preclusive effect in a subsequent federal § 1983 suit" in the state court. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). The CNMI Supreme Court described the res judicata rule:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound *"not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac*, 94 U.S. 351, 352 [24 L.Ed 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Santos v. Santos*, No. 90-041, 1992 WL 135876, at *48-49 (N. Mar. I. Mar. 25, 1992) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)).

In the State Actions, where the Commission was the Defendant and Appellee, represented by the Attorney General Office of CNMI, the issue whether the Commission is an "sue or be sued" entity could have been raised in the State Actions.

There is no reason to believe that CCC was prevented or did not have a fair opportunity to litigate the issue of "sue or be sued" in the State Actions, when represented by the Attorney General Office of CNMI. CCC did not dispute and did not raise the "sue or be sued" issue in the State Actions when represented by the Attorney General Office of CNMI. Furthermore, CCC

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

fails to allege that it was deprived of an opportunity to raise this issue in prior State Actions. Indeed, CCC already had its "day in court" on this issue whether it is a "sue or be sued" entity under CNMI law.

Under *Norita,* Attorney General of CNMI may not unilaterally alter Commonwealth law through litigation tactics or failure to timely or successfully assert lack of capacity, however, in the previous State Actions, by not to raise the issue of "sue or be sued," Attorney General of CNMI did not alter CNMI law, Attorney General simply carried out his constitutional duty as the Chief Legal Officer of CNMI government and interpreted what the law [4 CMC § 2314 (q)] is. By representing CCC in the State Action as defendant and appellee, Attorney General of CNMI made it clear that CCC is an entity that has the capacity to be sued.

As alleged by CNMI, the Commission is an "autonomous public agency" under CMC § 2313 (a), Commissioners can be removed by Governor for cause only under CMC § 2313 (d) , and "[t]he members of the Commission are not employees of the Commission or the Commonwealth Government" under CMC § 2313 (j), Co-Defendant Governor Palacios also alleges that he "does not direct or manage CCC" (ECF No. 39-1 at 8); if CCC is dismissed from the instant action where injunctive reliefs are sought, it would be unclear how the reliefs be carried out even if CNMI government and CNMI Governor remain as parties to this Action.

V.  NO OPPOSITION TO SOVEREIGN IMMUNITY TO CLAIMS UNDER CNMI LAWS

IPI does not oppose the argument raised by Defendants that CNMI, including its Agency such as CCC, has not waived its sovereign immunity for claims arising from CNMI laws. Accordingly, IPI moves the Court for leave to amend the FAC on this issue, as set forth in the motion for leave to amend and proposed SAC concurrently filed herewith.

VI.  CONCLUSION

For all of the foregoing reasons, Plaintiff IPI respectfully requests that Defendants' Motion to Dismiss be denied in its entirety.

Dated: May 17, 2024
Saipan, CNMI

Respectfully submitted,

By:/s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC