1  Stephen J. Nutting
   Law Office of Stephen J. Nutting
2  6th Floor Marianas Business Plaza
   P.O. Box 5093 Saipan, MP 96950
3  Michael Chen
   Michael Chen Law Offices
4  7330 Edna Ave.
   Las Vegas, NV 89117
5  (*Pro Hac Vice*)
6
7  *Attorneys for Plaintiff IPI (CNMI) LLC*

8
   **IN THE UNITED STATES DISTRICT COURT**
9
   **FOR THE NORTHERN MARIANA ISLANDS**
10

11

12  Imperial Pacific International (CNMI) LLC,      **CASE NO. 1:24-cv-00001**

13                      Plaintiff,                 **OPPOSITION TO DEFENDANT**
                                                   **CNMI'S MOTION TO DISMISS**
14                      vs.
                                                   **CONCURRENTLY FILED WITH**
15  Commonwealth of the Northern Mariana           **MOTION FOR LEAVE TO FILE**
    Islands, et. al.                               **SECOND AMENDED COMPLAINT**
16
17                      Defendants.

18
19                                                 **Hearing Date:**
                                                   **Time:**
20                                                 **Judge: Hon. David O. Carter**

21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................. 2

III. MOTION TO DISMISS LEGAL STANDARD ............................................... 6

    A. RULE 12(B)(6) STANDARD .......................................................................... 6

IV. LEGAL ARGUMENT ....................................................................................... 7

    A. DEFENDANT'S OPPOSITION ACKNOWLEDGES PRIVITY BETWEEN THE COMMISSION AND THE COMMONWEALTH, AND PLAINTIFF'S PROPOSED SAC ALSO INCLUDES FACTUAL ALLEGATIONS CONCERNING THE COMMONWEALTH. ................................................................................. 7

    B. IPI'S CLAIMS ARE NOT BARRED BY *RES JUDICATA*. ................................... 8

        *i. The claims center on facts arising after the earlier Commission proceedings and filing of the earlier court actions* ................................................................. 8

        *ii. The claims are also not the same.* ....................................................... 9

        *iii. A further reason why res judicata does not apply as to the earlier Commission proceedings specifically is that those proceedings themselves present significant due process problems and concerns regarding conflict of interest.* ........................... 11

    C. CNMI WAIVED ITS 11TH AMENDMENT SOVEREIGN IMMUNITY FOR CLAIMS UNDER 42 USC §1983 ....................................................................................................... 14

    D. CCC IS EXPRESSLY A "SUE OR TO BE SUED" ENTITY UNDER CNMI LAW. ..................... 15

    E. ASKING FOR ATTORNEY FEES AND COSTS UNDER 42 USC 1988 (B) DOES NOT TRANSFORM THE RELIEF REQUESTED FROM INJUNCTIVE TO MONETARY. ...................................... 18

V. NO OPPOSITION TO SOVEREIGN IMMUNITY TO CLAIMS ARISING FROM CNMI LAWS ....................................................................................................................... 18

VI. CONCLUSION ................................................................................................... 19

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

**TABLE OF AUTHORITIES**

**CASES**

*Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 693 (9th Cir. 2007)............................ 8

*Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam) ... 14

*Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980)..................... 16

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) ........................................ 7

*Ashker v. Cate*, No. C 09-2948 CW, 2012 U.S. Dist. LEXIS 45575, at *13-14 (N.D. Cal. Mar. 30, 2012) ....................................................................................... 8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................. 7

*Brown v. Felsen*, 442 U.S. 127, 131 (1979)........................................................... 16

*Buffin v. California,* No. 20-15518 (9th Cir. Jan. 13, 2022)............................................ 18

*Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000)................. 7

*Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009)14

*Chao v. A–One Med. Servs., Inc*., 346 F.3d 908, 921 (9th Cir.2003) .................................. 10

*Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940) ....................................................................................... 16

*Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948) .................................................. 17

*Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011).... 13

*Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957) ........................................... 7

*Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012)...................... 12

*Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876)................................................... 16

*Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2nd Cir. 2000) ......................................... 8

*Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988)................................ 14

*Flores v. Life Ins. Co. of N. Am.*, No. 22-55779, 2024 U.S. App. LEXIS 1386, at *2-3 (9th Cir. Jan. 22, 2024)........................................................................................ 9

*French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) ......................................... 14

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*Garden City, Inc. v. City of San Jose* (N.D.Cal. Oct. 3, 2013, No. 5:13-cv-00577-PSG) 2013 U.S.Dist.LEXIS 144977, at *5-6. ................................................................................................ 10

*Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). ....................................... 7

*Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133 (E.D.Cal.2003) ................................................................................................................................ 14

*Howard v. City of Coos Bay*, 871 F.3d 1032, at 1039 (9th Cir. 2017) ........................................ 9

*In re E.J.M.*, No. W2003-02603-COA-R3-JV, (Tenn. Ct. App. Mar. 10, 2005)......................... 10

*In re Estate of Dela Cruz,* 2 N.M.I. at 11 ................................................................................... 12

*In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) ........................... 12

*Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008) .................................................... 12

*Lindenman v. Umscheid*, 255 Kan. 610, 611 (Kan. 1994) ........................................................... 16

*Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984.................................................................................................................................................. 8

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020). ............................................................................................................................... 17

*Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty.*, 2008 WL 45410, at *2 (D.Ariz.,2008) ............................................................................................................................... 13

*Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24, 2019) ............................................................................................................................................... 15

*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980).......................................................................... 13

*Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984)...................................... 17

*Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) ................................................................ 15

*Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995) .................................................................. 12

*Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3d Cir. 2011) ....................................... 9

*Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005)................................... 10

*Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *18 (S.D. Cal. July 22, 2015). .............................................................................................................................................. 16

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety*, No. 18-CV-00022, 2019 U.S. Dist. LEXIS 5376 at *19 (D. N. Mar. I. Jan. 10, 2019) ........................ 15

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984) ................................................................................................................. 14

*Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) ................................................................................................ 12

*Santos v. Santos*, No. 90-041, 1992 WL 135876, at *48-49 (N. Mar. I. Mar. 25, 1992) .............. 17

*Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) ........... 11

*Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) ......................... 13

*U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ............................................................ 7

*United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). ................................................................................................................. 13

**STATUTES**

1 CMC § 9109 (e) (2). ................................................................................................................. 6

4 C.M.C. §2309 (a) ..................................................................................................................... 2

4 CMC§ 2313 (c). ....................................................................................................................... 3

42 USC §1988 ........................................................................................................................... 18

CMC § 2313 (a) ......................................................................................................................... 18

CMC § 2313 (d) ......................................................................................................................... 18

CMC § 2313 (j) .......................................................................................................................... 18

**RULES**

Fed. R. Civ. P. 12(b)(6),. ............................................................................................................ 7

Fed. R. Civ. P. 8(a). .................................................................................................................... 7

Rule 201 of the Federal Rules of Evidence ........................................................................ 2, 3, 4, 5

Rule 201 of the Federal Rules of Evidence. ............................................................................... 3, 5

**REGULATIONS**

NMIAC § 175-10.1-1410. ............................................................................................................. 6

**PUBLIC LAWS**

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

Public Law 19-24 ................................................................................................................ 2

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Imperial Pacific International (CNMI) LLC, ("IPI") hereby opposes the Motion to Dismiss (ECF No. 40) filed by Defendant Commonwealth of the Northern Mariana Islands.

I.   INTRODUCTION

In its First Amended Complaint, (ECF No. 38), which is the current operative pleading, Plaintiff alleged four causes of actions: 1. Violation of the contracts clauses of the U.S. and CNMI constitutions, 2. Violation of the Due Process clauses of the U.S. and CNMI Constitutions, 3. Violation of Article IV of CNMI Constitution, and 4.   Breach of the Casino License Agreement. Plaintiff sought declaratory, injunctive and equitable relief.

Defendant CNMI has moved to dismiss the Complaint pursuant to Rules 12 (b) (1) and (6) of the Federal Rules of Civil Procedure. Defendants argue that the Complaint should be dismissed under Rule 12(b) (6) due to the doctrine of *res judicata*. Defendant CNMI further argues that the Complaint brought under 42 USC §1983 should be dismissed against CNMI because CNMI enjoys sovereign immunity with respect to claims brought under 42 USC §1983 in federal court.

Plaintiff files concurrently herewith a motion for leave to file a Second Amended Complaint (SAC) which cures many of the issues raised in the motion.

As to the remaining issues, Defendant's argument as to *res judicata* must fail because the constitutional claims brought in this action arose after the earlier Commission proceedings and court litigation (which the Ninth Circuit has declared is a "bright line rule" for not applying *res judicata*) and the claims in this action are distinct from the claims litigated earlier. Further, affording the Commission order specifically with *res judicata* effect would be a manifest injustice and offend the important public interest of judicial impartiality. Simply put, the Commission cannot be expected to impartially rule on constitutional challenges against the very statutory scheme that funds the Commission and renders its existence possible.

Defendant cites no on-point authority for its argument that the Commission cannot be sued, and ignores the CNMI law expressly giving the Commission authority to sue. 4 CMC §2134 (q).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

Defendant CNMI's argument as to its sovereign immunity contradicts with settled legal precedent. This argument advanced by CNMI borderlines frivolous.

## II.   FACTUAL BACKGROUND

As alleged in the FAC and the proposed Second Amended Complaint ("SAC"): On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with the Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI paid the annual license fee each year between 2014 and 2019.

On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute").

The Regulatory Fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. §2309 (a) . IPI paid the Casino Regulator Fee each year from 2015 through 2019.

Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the Regulatory Fee such that IPI could apply the $3 million Regulatory Fee to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. However, the Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee."

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its October 1, 2020, Regulatory Fee payment. The Commission commenced several enforcement actions, including Complaint No. 20-005 with regard to IPI's failure to pay the Regulatory Fee on October 6, 2020. See **Exhibit A.** (Plaintiff requests the court to take judicial notice of Exhibit A under Rule 201 of the Federal Rules of Evidence.)

In response to Complaint No. 20-005, IPI asserted in its affirmative defenses that the Regulatory Fee is unconstitutional, including for the reasons that it is an unlawful taxation

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

disguised as a fee, it deprives IPI of property without due process and is arbitrary and excessive, it violates IPI's right to equal protection, and it is an unconstitutional executive impoundment of funds. See **Exhibit B ¶¶ H, I, J, and K. (**Plaintiff requests the court to take judicial notice of Exhibit B under Rule 201 of the Federal Rules of Evidence.)

Following what are claimed to have been "evidentiary hearings,"[1]  on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. With respect to Complaint No. 20-005, the Order contains one, short, conclusory paragraph simply finding that IPI "offered no defense" to the claims and thus violated the Regulatory Fee requirements. See **Exhibit C ¶17.** (Plaintiff requests the court to take judicial notice of Exhibit C under Rule 201 of the Federal Rules of Evidence.) The Order overlooks IPI's affirmative defenses related to its constitutional challenge to the Regulatory Fee, and offers no analysis or finding on these constitutional claims. There are two signatories to the Order: CCC Chairman Edward C. Deleon Guerrero and Defendant Demapan. ECF No. 1-3 at 6. The Chairman is a signatory as to Enforcement Action 2020-003 (consolidated). ECF No. 1-3 at 6. Defendant Demapan is a signatory as to Enforcement Action 2020-001 (consolidated). Defendant Taitano voted for Commission Order.

Notably, the Commissioners are not lawyers, and instead the qualifications of a commissioner include the following: "A Commission member must be an adult, and possess a good moral character, a bachelor's degree in any field of study from a postsecondary educational institution accredited in the United States or must have at least five years of work experience in the following areas: business management, government management, or financial management." 4 CMC§ 2313 (c).

More importantly, and by admission of attorney for the CCC in a related case, case No. 23-cv-00014, "although the Commission has an account separate from the central government pursuant to P.L. 19-24, the funds [for the Commission] were dependent ***solely on Plaintiff's payment of the Casino Regulatory Fee***." (emphasis added) (ECF No. 4 of 23-cv-00014 at 24).

---

[1]  The rules for evidence at the hearing are that "Any relevant evidence, not subject to a claim of privilege, may be admitted regardless of any rule of evidence which would bar such evidence in judicial matters." NMIAC § 175-10.1-1415 (d) (2).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

In fact, IPI acknowledges that the $3M is not the only source of income for the Commission, but it is clearly the lion's share of the revenue of CCC. The following is a table of the revenue of the Commission since year 2018 to 2022:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Casino Regulatory Fees | $3,000,000 | $3,000,000 | $3,000,000 | $0 | $0 |
| Other Regulatory Fees | $151,242 | $100,328 | $106,500 | $20,214 | $15,000 |
| General Fund | $0 | $1 | $1 | $1 | $1 |

ECF No. 24-10 Exhibit J. Commission Annual Reports.

Given this revenue source, one must assume that the Commission may not survive or otherwise function properly without the payment of the annual regulatory fee including previously accrued regulatory fees that are the subject of this litigation.

IPI sought judicial review of Commission Order 2021-002 with CNMI Superior Court with case No. Civil Case No. 21-0173 on May 21, 2021.

On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order. See **Exhibit D.** (Plaintiff requests the court to take judicial notice of Exhibit D under Rule 201 of the Federal Rules of Evidence.) As the constitutional issues were clearly not within the scope of the underlying Commission Order, the court ruling similarly does not address any of the constitutional concerns raised in IPI's initial affirmative defense before the Commission.

IPI appealed CNMI Superior Court's decision to CNMI Supreme Court on April 11, 2022, with Case No. 2022-SCC-0006-CIV.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

The CNMI Superior Court Case, Civil Case No. 21-0173 and the CNMI Supreme Court Case, Civil Case No. 2022-SCC-0006-CIV, are collectively referred to as "State Actions[2]" hereinafter.

The Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. See **Exhibit E.** (Plaintiff requests the court to take judicial notice of Exhibit E under Rule 201 of the Federal Rules of Evidence.)

Notably, however, the CNMI Supreme Court affirmed in part, reversed in part, and remanded the matter back to the Commission for further proceedings consistent with the opinion.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order. See **Exhibit F.** (Plaintiff requests the court to take judicial notice of Exhibit F under Rule 201 of the Federal Rules of Evidence.)

On November 30, 2023, without any hearing or notice to IPI, the Commission issued a "Notice of Payment Deadline" letter in which it reasoned that "Many contracts provide a thirty-day cure period for monetary default to provide sufficient time for the party to perform its obligations of making payments" and, therefore, "Thirty days is sufficient time" for IPI to pay $62,010,280 annual license fees allegedly accrued for year 2020 to 2023. The Commission has not issued any other order on this matter and it thus remains open before the Commission.

On February 29, 2024, this Court denied Plaintiff's emergency motion for an emergency TRO restraining Defendant from conducting the permanent license revocation hearing. (Document 9).   Although not considering the argument of *res judicata*, this Court observed with respect to Plaintiff's due process claim that "at [the] contested case hearings, the Chairman may designate a member of the CCC to serve as hearing commissioner,"[3] that "NMIAC also dictates other

---

[2] IPI recognizes that the Commonwealth of Northern Mariana Islands is not a state within the meaning of the U.S. Constitution. The term "State Actions" is used as a shorthand label.

[3] As the Court recognized (ECF No. 9 at 11), CNMI regulation permits the commissioners of CCC to designate a third party, supposedly an impartial party, to be the hearing officer at the revocation hearing, see NMIAC § 175-

discretionary choices in proceedings," that at present it was unclear from the pleadings "who exactly [among the commissions] would have this conflict, and that since Executive Director Andrew Yeom had filed the motion and requested a revocation hearing this "would appear to fulfill more of the role of a civil plaintiff or prosecutor than a judicial or quasi-judicial role." (Document 9, pp.11-12)

The permanent revocation proceedings then took place between February 28, 2024, and March 1, 2024. Defendants Demapan, Taitano, Mendiola, and Cruz served as the hearing commissioners and ***did not*** recuse themselves. Counsel for IPI made separate motions to disqualify them based on the following four grounds: (1) all of the hearing commissioners are in fact paid by CCC which is financed almost exclusively by the regulatory fee; (2) all of the commissioners had prior knowledge of the underlying claims giving rise to the permanent license revocation proceedings, including through direct communications with the Executive Director; (3) all of the commissioners had actually been involved in issuing the very Commission Orders giving rise to these permanent revocation proceedings (effectively being asked to review or affirm their earlier decisions); and (4) the Commissioners had failed to follow the suggestion of this Court by not appointing non-commissioners as hearing officers. (Proposed **SAC ¶78**) These motions were never ruled upon by the commissioners, who continued to sit as hearing officers. (Proposed **SAC ¶79**) In addition, the Executive Director was observed repeatedly having *ex parte* communications with the commission hearing officers, and one hearing officer was observed extensively browsing his phone during the hearing. (Proposed **SAC ¶80**). Following the hearing, Governor Palacios then made public remarks contradicting the testimony of and attacking the credibility of IPI's witnesses at the hearing. (Proposed **SAC ¶81**).

### III.  MOTION TO DISMISS LEGAL STANDARD

**A.  Rule 12(b) (6) Standard**

---

10.1-1410. and the hearing officer can disqualify himself/herself at any time during the hearing. See 1 CMC § 9109 (e) (2).

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6),   The purpose of Rule 8(a)(2) is to merely "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957)).

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly, supra*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570). "[A]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

Rule 12(b)(6) motions are disfavored, and should rarely be granted if there is a possibility of amendment. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) (Rule 12(b)(6) relief is only appropriate in extraordinary circumstances).

## IV.   LEGAL ARGUMENT

**A. Defendant's opposition acknowledges privity between the Commission and the Commonwealth, and Plaintiff's proposed SAC also includes factual allegations concerning the Commonwealth.**

Defendant argues that Plaintiff makes no allegations against the Commonwealth, however Defendant then inconsistently argues in its *res judicata* and capacity to be sued sections of its motion that privity exists between the Commission and the Commonwealth.   Accordingly, the allegations against the Commission must equally apply to the Commonwealth.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

Regardless, this issue has been further addressed in the proposed Second Amended Complaint (SAC), wherein IPI provides additional allegations about CNMI's involvement, including its collusion with the Commission and its Commissioners to use the Commission as the front and collection agent to collect disputed annual license fees and its collusion with the Commission and its Commissioners to violate IPI's due process rights to fair and impartial decision makers at the revocation hearing.

**B. IPI's claims are not barred by *res judicata*.**

IPI's constitutional claims in this action are not barred by *res judicata,* whether arising from the earlier State Actions or the Commission proceedings, for three reasons.   First, the instant litigation centers on facts arising after the earlier Commission proceedings and filing of the earlier court actions.   Second, they concern different claims (particularly different infringements of rights - the first involving the temporary suspension of the license, the second involving the permanent revocation and loss of that license), but also different facts and evidence.   Third, affording any *res judicata* effect to the Commission proceedings would be especially improper given significant due process and conflict of interest concerns with those proceedings.

**i.    The claims center on facts arising after the earlier Commission proceedings and filing of the earlier court actions.**

It is settled law that "the rule that a judgment is conclusive as to every matter that could have been asserted ***does not*** apply to new claims that arise while the first action was being litigated." *Ashker v. Cate*, No. C 09-2948 CW, 2012 U.S. Dist. LEXIS 45575, at *13-14 (N.D. Cal. Mar. 30, 2012) (emphasis added, citing *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984). "Thus, *res judicata* does not bar litigation of claims based on events that occurred after the filing of the complaint in the first lawsuit." *Id.*, (citing *Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2nd Cir. 2000) (cited in *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 693 (9th Cir. 2007)).

In fact, the Ninth Circuit has recently characterized this as a bright-line rule: "To assess whether two claims could have been brought together, we apply ***a bright-line rule*** 'that *res judicata* does not apply to events post-dating the filing of the initial complaint." *Flores v. Life Ins.*

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*Co. of N. Am.*, No. 22-55779, 2024 U.S. App. LEXIS 1386, at *2-3 (9th Cir. Jan. 22, 2024) (emphasis added, citing " *Howard v. City of Coos Bay*, 871 F.3d 1032, at 1039 (9th Cir. 2017), quoting *Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3d Cir. 2011)).

Here, central to IPI's constitutional claims in this action are the events arising after the conclusion of the earlier litigation, namely: (1) the Commission's arbitrary determination on November 30, 2023 that a mere thirty days was a reasonable period of time for IPI to pay $62,010,280 the annual license fees or otherwise be subject to permanent license revocation;[4] (2) the conduct of the permanent license revocation hearing itself, between February 28, 2024 and March 1, 2024, for which IPI alleges numerous due process violations on account the inherent conflict of interest on the part of the commission hearing officers,[5] the hearing officers' refusal to even consider or rule upon IPI's motions to disqualify, and *ex parte* communication and involvement of the Executive Director in that hearing as well as statements by the Governor Palacios to the media concerning the hearing and witness testimony; and (3) collusion between CNMI government, CNMI Governor Palacios, CCC, and CCC's Commissioners to use CCC as the front and collection agent to pressure IPI in order to collect the disputed annual license fees.

For this reason alone, and under this "bright line" rule, *res judicata* does not bar IPI's constitutional claims in this action.

    **ii.**    **The claims are also not the same.**

Setting aside this bright line rule and for the sake of argument, a further reason why *res judicata* does not apply is because the claims in this action are necessarily different than any sort of claims that could have been asserted in the earlier litigation as they concern the Defendant's

---

[4] In arguing that the prior court litigation has reached finality, Defendant argues that the mere fact that there is a remand of "parts of a matter back for determination does not leave the door open for all issues to continue to be litigated." However, this means that the Commissions' subsequent actions following the remand necessarily are outside of the scope of the earlier litigation.

[5] Although this Court was not persuaded on this issue at the time of the TRO briefing, that is not dispositive of this issue at this early stage of the case, and indeed the Court noted that IPI was merely alleging without evidence that the Commissioners have been paid from borrowed funds, and further noted that the role of the commissioners in the hearing was "not clear."   Given these fundamentally evidentiary concerns that were appropriate for denial of a TRO, IPI should now be permitted to take discovery on these important issues in the course of this litigation.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

permanent revocation of the license as opposed to only the temporary suspension of the license, they center on different sets of facts and involve different evidence, and rights or interests established in prior litigation would not be destroyed or impaired.

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.") (citing *Chao v. A–One Med. Servs., Inc*., 346 F.3d 908, 921 (9th Cir.2003) *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005).

At the time of the earlier litigation, IPI was only confronting and challenging the temporary suspension of its license, whereas now it is challenging the ***permanent loss*** of its license. Moreover, this permanent loss is premised not only on IPI's failure to pay the regulatory fee leading up to the temporary revocation due to *force majeure*, but also during the time for when IPI was legally prohibited from even operating due to the temporary suspension of its license. This new action thus concerns an inherently different right being infringed.    *See., e.g., Garden City, Inc. v. City of San Jose* (N.D.Cal. Oct. 3, 2013, No. 5:13-cv-00577-PSG) 2013 U.S.Dist.LEXIS 144977, at *5-6. (ultimate denial of permit held to be different harm than earlier claim centered on failure to rule on landowner license and permit amendment); *In re E.J.M.*, No. W2003-02603-COA-R3-JV, (Tenn. Ct. App. Mar. 10, 2005) (holding in child custody context that a temporary order is not entitled to *res judicata* like a permanent decree of custody because "any temporary decree changing custody pending final resolution is just that — temporary and not entitled to the same *res judicata* protections.").

The instant claims also arise out of different transactional nuclei of facts: the first arising out of IPI's initial failure to pay the regulatory and license fee based on *force majeure*, and the second involving Defendant's continuing to demand payment of the fees for the period when IPI's license was temporarily suspended and then imposing a thirty day deadline to come current on all of the past fees, as well as the commissioners' carrying out of an essentially sham hearing process

concerning the permanent revocation of the license in 2024. As this Court has observed, we do not know exactly the extent of the commissioner's compensation from the regulatory fee or what role they played in the hearing, and IPI is alleging based on information and belief that the commission hearing officer's present and/or future income will rise or fall depending on their ability to uphold and enforce collection of these past license and regulatory fees. This is new and different evidence that forms the basis of the instant lawsuit.

Finally, allowing IPI to challenge the permanent revocation of its license based on these facts would not destroy the rights and interests established in the earlier litigation which pertained to the temporary suspension of the license for failure to pay the regulatory fee and other issues leading up to and during the pandemic shut down. This lawsuit concerns the permanent revocation of the license.

For these reasons, the claims are not the same and *res judicate* does not apply.[6]

### iii.    A further reason why res judicata does not apply as to the earlier Commission proceedings specifically is that those proceedings themselves present significant due process problems and concerns regarding conflict of interest.

Finally, to the extent Defendant is arguing that IPI's claims are barred because it could have but did not assert them in any of the Commission proceedings,[7] that argument must fail because constitutional claims which arise, in part, on the administrative agency's own decision-making are necessarily distinct from claims asserted in the agency proceedings and thus such agency decision cannot have *res judicata* effect on those claims. *Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) (plaintiff's first amendment constitutional claim could not have been adjudicated by a planning commission because plaintiff had no first amendment violation to allege until the planning commission had concluded its proceedings and

---

[6] IPI respectfully reserves the right to petition to vacate the license suspension order based upon alternative legal theories.

[7] IPI disputes that it did not raise the constitutionality of the $3M regulatory fee statue at the CCC suspension hearing, since the records indicate that IPI's attorney, Michael Dotts did raise that issue in the Notice of Defenses, but this defense was completely ignored by CCC.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

denied their permit application); *Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012) ("The Court finds that the primary right presented by Plaintiffs in this action is outside the scope of the issue that was litigated during the City Council hearings. The Court concludes that the preclusive effect of the City Council's decision does not extend to the substantive due process claim presented in this federal action."); *Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008) (concluding that a state administrative decision did not preclude Plaintiff's alleged constitutional claims as those claims arose out of conduct at the administrative hearing).

Indeed, with respect to an administrative agency's decision in particular, a further ground for not affording it *res judicata* effect is where "it was (1) void when issued, or (2) the record is patently inadequate to support the agency's decision, or if according the ruling *res judicata* effect would (3) ***contravene an overriding public policy*** or (4) ***result in a manifest injustice***." *In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) (emphasis added, citing *In re Estate of Dela Cruz,* 2 N.M.I. at 11).   Thus, "the policy of according *res judicata* effect to administrative rulings which appear final, must be tempered with "fairness and equity." *Ogumoro*, 1994 WL 725951, at *4 (citing *Dela Cruz*, at 11 n.7). "Neither collateral estoppel nor *res judicata* is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in a manifest injustice." *Id.*, (citing *Dela Cruz* at 12 n. 7) (holding that to afford administrative decision with *res judicata* would result in manifest injustice where the administrative record was patently inadequate to support the decision).

Therefore, for an agency administrative determination to have preclusive effect in federal court, the agency must have "complied with the fairness requirements of federal common law." *Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) (citing *Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995)) (additional citations omitted).[8]   To have preclusive effect in federal court, the state administrative determination must

---

[8]  These cases and other cases where courts afford *res judicata* effect to an administrative decision involve the administrative body acting in a true judicial capacity where it is deciding a dispute between two other parties and hearing evidence on specific issues and applying law to the evidence.   Here, in contrast, the constitutional claims asserted in this action concern the

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

satisfy the requirements of fairness set out in *United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Misischia*, 60 F.3d at 629. These requirements are: (1) that the administrative agency act in a judicial capacity, (2) that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an adequate opportunity to litigate. *Id.*, citing *Utah Constr.,* 384 U.S. at 422, 86 S.Ct. at 1560.

Judicial impartiality and due process are essential in this analysis. See *Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) (the neutrality requirement helps to guarantee that life, liberty, or property will not be taken on the basis of an erroneous or distorted conception of the facts or the law and preserves both the appearance and reality of fairness . . . by ensuring that no person will be deprived of his interests in the absence of a proceeding in which he may present his case with assurance that the arbiter is not predisposed to find against him). *Hardesty Id*. at 1052 ("Preclusion law 'is, of course, subject to due process limitations[,]" citing *Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

Therefore, courts **do not** afford *res judicata* to administrative decisions lacking in due process on account of a ***conflict of interest or lack of impartiality***. *Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty*., 2008 WL 45410, at *2 (D.Ariz.,2008) (denying motion to dismiss based on *res judicata* from administrative decision where plaintiff asserted "that conflicts of interest and bias precluded the Board from properly considering his termination and precluded him from having an adequate opportunity to litigate his concerns" and thus plaintiff raised factual issues with respect to the *Utah Construction* elements that made dismissal inappropriate); *Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011) (improper to give preclusive effect to administrative decision because the constitutional claim raised by the lawsuit "could not have been before [administrative agency] because it was [their] ultimate decision . . . and the allegedly discriminatory nature of that decision, that gave rise to plaintiff's claims…it would be counterintuitive, to say the least, for a federal court to shield local

---

Commissions' own decision-making and call into question the statute that underpins the Commissions' own funding, meaning the Commission cannot sit in a true judicial capacity on these issues, and posing significant due process concerns with giving *res judicata* effect to any Commission decision on these issues.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

government officials from scrutiny under the Constitution and federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions. Federal common law does not command such an abdication of judicial responsibility." (citing *Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133 (E.D.Cal.2003) ("the lawsuit before the court challenges the Board's own actions and therefore could not possibly have been decided by the Board in a manner warranting preclusion.")).

As alleged in the proposed SAC, because the commissioner hearing officers receive the vast majority of their compensation from the very regulatory fee that is being challenged, and because they were directly involved in the underlying decisions giving rise to the permanent revocation, they have deep conflicts of interest.   Certainly they would not be inclined to declare the regulatory framework that underpins their salary to be unconstitutional, or to overturn their own earlier rulings based on constitutional challenges.   *See., e.g., Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009) (noting important policy of protecting "public confidence in the fairness and integrity of the nation's elected judges" and holding that a judge who had received a three million dollar campaign contribution from a party should have recused himself from a case involving that party); See, also *French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) (recognizing important public interest in preserving actual and perceived judicial impartiality).

## C. **CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983.**

Under *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), it is clear that where "under section 1983, a citizen sues a state in its own name in federal court, the suit cannot proceed unless the state has waived its sovereign immunity and thereby consented to the suit." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam). "However, it is a settled law that "[a] close examination of the Covenant convinces us that its drafters intended that the Commonwealth not enjoy such immunity." *Fleming*, 837 F.2d at 404.

CNMI argues that the *Fleming* case was "implicitly overruled by the United States Supreme Court precedent in *Alden v. Maine*, 527 U.S. 706, 728-29 (1999)." However, this argument is contradicted by findings of the CNMI District Court in a more recent case: *Manila v. CNMI Department of Corrections*, 2019 WL 324424 at \*4 (D. N. Mar. Is. January 24, 2019). In *Manila*, this Court confirmed that "Fleming is a published, precedential decision of the Ninth Circuit. Circuit precedent must be followed as long as it is not 'clearly irreconcilable with the reasoning or theory of intervening higher authority[.]' *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). In *Norita v. Northern Mariana Islands*, the Ninth Circuit examined the reasoning of *Alden* and determined that it did not undermine Fleming. 331 F.3d 690, 696 (9th Cir. 2003) ('We have found no closely-on-point intervening Supreme Court decision undermining *Fleming's* holding that CNMI is not entitled to an Eleventh Amendment defense [or] any Ninth Circuit authority questioning *Fleming's* further holding that the CNMI, at least be implication, waived any common law sovereign immunity when it ratified the Covenant."). Since *Norita* and *Christian*, there have been no new decisions from the Supreme Court or from the Ninth Circuit sitting en banc that cannot be reconciled with Fleming. Hence, this Court 'may not reconsider *Fleming* and declare it overruled by implication.' Id. at 696-97." See *Manila* at 8.

Therefore, *Fleming* is still controlling, and Defendant CNMI is a proper party to the instant action in this Court.

**D. CCC is expressly a "Sue or to be Sued" entity under CNMI Law.**

Defendant argues that the Commission is not a "sue or be sued" entity, citing to *Norita v. Commonwealth* for the proposition that under CNMI law there must be an express "sue or be sued" clause to create such capacity. However, *Norita* is readily distinguishable because in that case there was no express clause giving the agency power to sue. *Norita v. Commonwealth of the Northern Mariana Islands Department of Public Safety*, No. 18-CV-00022, 2019 U.S. Dist. LEXIS 5376 at \*19 (D. N. Mar. I. Jan. 10, 2019) ("Commonwealth law is silent as to DPS's capacity to sue or be sued").

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

Here, in contrast, CNMI PL § 2314(q) expressly gives the Commission the power to sue: "The Commission . . . when appropriate shall, in conjunction with the Attorney General, sue civilly to enforce the provisions of the gambling and gaming laws of the Commonwealth[.]"

In *Norita* and indeed all of the cases Plaintiff has reviewed discussing the doctrine of "sue or be sued," this phrase is used to suggest that the two components – sue and be sued – go hand in hand and are two sides of the same coin.    One cannot be parsed from the other.    *See, e.g. Lindenman v. Umscheid*, 255 Kan. 610, 611 (Kan. 1994) ("The capacity to sue or be sued run together. The statutory authority need not be express but can be implied.")

It seems that there is no CNMI case law that separates the two components, capacity to sue and capacity to be sued, when analyzing whether a government agency is a "sue or be sued" entity under CNMI law, however, this issue can be resolved by the application of the doctrine of *res judicata* based upon the State Actions.

Federal courts generally follow the doctrines of *res judicata*. *Allen v. McCurry*, 449 U.S. 90, 94–96 (1980). "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94, 101 S. Ct. 411, 414, 66 L. Ed. 2d 308 (1980) (citing *Cromwell v. County of Sac*, 94 U.S. 351, 352 (1876). *Res judicata* also precludes "litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979) (citing *Chicot County Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 378, 60 S.Ct. 317, 320, 84 L.Ed. 329 (1940)).

*Res judicata* applies when "there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties*." Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713–14 (9th Cir. 2001). The term "privities" is broadly construed—provided that where "new parties represent the same interests," there is privity between the parties. *See Murillo v. Taylor*, No. 14CV876-WQH WVG, 2015 WL 4488060, at *18 (S.D. Cal. July 22, 2015). There is an identity of claims where the claims "arise from the same transaction" or where the

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

claims "involve a common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595, 206 L. Ed. 2d 893 (2020).

Federal courts look to the *res judicata* rules of the state from which the original judgment was rendered to determine whether the claim is "entitled to the same preclusive effect in a subsequent federal § 1983 suit" in the state court. *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 83 (1984). The CNMI Supreme Court described the res judicata rule:

> The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound *"not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." Cromwell v. County of Sac*, 94 U.S. 351, 352 [24 L.Ed 195]. The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

*Santos v. Santos*, No. 90-041, 1992 WL 135876, at *48-49 (N. Mar. I. Mar. 25, 1992) (citing *Commissioner v. Sunnen*, 333 U.S. 591, 597 (1948)).

In the State Actions, where the Commission was the Defendant and Appellee, represented by the Attorney General Office of CNMI, the issue whether the Commission is an "sue or be sued" entity could have been raised in the State Actions.

There is no reason to believe that CCC was prevented or did not have a fair opportunity to litigate the issue of "sue or be sued" in the State Actions, when represented by the Attorney General Office of CNMI. CCC did not dispute and did not raise the "sue or be sued" issue in the State Actions when represented by the Attorney General Office of CNMI. Furthermore, CCC fails to allege that it was deprived of an opportunity to raise this issue in prior State Actions. Indeed, CCC already had its "day in court" on this issue whether it is a "sue or be sued" entity under CNMI law.

Under *Norita,* Attorney General of CNMI may not unilaterally alter Commonwealth law through litigation tactics or failure to timely or successfully assert lack of capacity, however, in the previous State Actions, by not to raise the issue of "sue or be sued," Attorney General of

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

CNMI did not alter CNMI law, Attorney General simply carried out his constitutional duty as the Chief Legal Officer of CNMI government and interpreted what the law [4 CMC § 2314 (q)] is. By representing CCC in the State Action as defendant and appellee, Attorney General of CNMI made it clear that CCC is an entity that has the capacity to be sued.

As alleged by CNMI, the Commission is an "autonomous public agency" under CMC § 2313 (a), Commissioners can be removed by Governor for cause only under CMC § 2313 (d), and "[t]he members of the Commission are not employees of the Commission or the Commonwealth Government" under CMC § 2313 (j), Co-Defendant Governor Palacios also alleges that he "does not direct or manage CCC" (ECF No. 39-1 at 8); if CCC is dismissed from the instant action where injunctive reliefs are sought, it would be unclear how the reliefs be carried out even if CNMI government and CNMI Governor remain as parties to this Action.

**E. Asking for Attorney Fees and Costs under 42 USC 1988 (b) does not transform the relief requested from injunctive to monetary.**

The right to attorney fees and costs awarded to a prevailing party under 42 USC §1988 is independent from the underlying cause of action brought under 42 USC §1983. Courts routinely awarded attorney fees in 42 USC §1983 case where only injunctive relief was granted. See *Buffin v. California,* No. 20-15518 (9th Cir. Jan. 13, 2022). The case cited by CNMI, *Camacho v. CNMI DOC*, 2019 WL 392376 at *4 (D. N. Mar. Is. January 31, 2019, stands for the proposition that CNMI and its officers acting in their official capacity can be sued for injunctive relief, but not monetary damage. The demand for attorney fees and costs by IPI in its cause of actions brought under 42 USC §1983 does not convert the injunctive relief into monetary relief, or otherwise provide a basis for dismissing CNMI from such cause of action.

**V. NO OPPOSITION TO SOVEREIGN IMMUNITY TO CLAIMS ARISING FROM CNMI LAWS**

IPI does not oppose the argument raised by CNMI that CNMI has not waived its sovereign immunity for claims arising from CNMI laws. Accordingly, IPI moves the Court for leave to

amend the FAC on this issue, as set forth in the motion for leave to amend and proposed SAC concurrently filed herewith.

## VI. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff IPI respectfully requests that Defendant's Motion to Dismiss be denied in its entirety.


Dated:
      May 17, 2024
      Saipan, CNMI

Respectfully submitted,

By:<u>/s/ Stephen Nutting</u>
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: <u>/s/ Michael Chen</u>
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x