Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*
*Attorneys for Plaintiff IPI (CNMI) LLC,*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC, | Case No. 1:24-cv-00001 |
| Plaintiff, | **PLAINTIFF'S MOTION SEEKING LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| Vs. | |
| Commonwealth of the Northern Mariana Islands, Commonwealth Casino Commission, Arnold Palacios, governor of CNMI, in his official capacities; Edward C. Deleon Guerrero, Chairman of CCC, in his official and personal capacities; Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; Mariano Taitano, Commissioner of CCC, in his official and personal capacities; Martin Mendiola, Commissioner of CCC, in his official and personal capacities; Ramon M. Dela Cruz, Commissioner of CCC, in his official and personal capacities; Andrew Yeom, Executive Director of CCC, in his official and personal capacities; | Judge: Hon. David O. Carter |
| Defendants. | |

MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff IPI seeks leave to amend its First Amended Complaint filed on April 8, 2024. (ECF No. 38). The proposed Second Amended Complaint ("SAC") is attached to this Motion per LR. 15.1.

SAC has the following material modifications of the FAC, which is the operative pleading in the above captioned case:

1. Add Best Sunshine International Ltd. (BVI), the parent company and contracting entity for the CLA, as a plaintiff to this action.
2. Remove Defendant Andrew Yeom as one of the defendants.
3. Remove Defendants Martin Mendiola and Ramon M. Dela Cruz in their official capacities as defendants.
4. Remove the cause of action of "Violation of Article IV of CNMI Constitution" as well as causes of actions arising under the laws of CNMI without prejudice.
5. Add additional factual allegations that were not known by Plaintiff at the time of the filing of the FAC.

## II. STATEMENT OF RELEVANT FACTS

On April 19, 2024, Plaintiff IPI filed a voluntary petition under Chapter 11 of Title 11 of United States Code. (24-BK-00002) with the Bankruptcy Court for the Northern Mariana Islands. The filing of the bankruptcy petition by Plaintiff IPI casts doubt upon the status of IPI as a legal entity and its financial ability to maintain this litigation. Therefore, it would be prudent to have its sole member, Best Sunshine International Ltd. (BVI) join this litigation since Best Sunshine was a contracting party to the Casino License Agreement prior to the formation of IPI.

Defendant Andrew Yeom is no longer the executive director of CCC since the filing of the FAC. On May 4, 2024, Plaintiff and Defendant Andrew Yeom stipulated to dismiss Defendant Andrew Yeom from the above captioned case with prejudice. (ECF No. 43). The

stipulated motion is currently pending before the Court. It would be prudent to amend the Complaint and remove Mr. Andrew Yeom as one of the defendants, so Plaintiff does not have to respond to the Motion to Dismiss filed by Mr. Yeom.

On April 30, 2024, the terms of commissioners Ramon M. Dela Cruz of Tinian and Martin Mendiola of Rota expired. As such, it would be necessary to remove commissioners Ramon M. Dela Cruz and Martin Mendiola in their official capacities as defendants of the case.

Aside from the procedural matters, since the filing of the FAC, Plaintiff learned additional facts about the involvement of Defendants CNMI and Governor Palacios in the suspension and revocation proceedings. These facts provide additional factual basis to substantiate the remaining causes of actions of this Action. The detailed factual allegations are in the attached SAC.

Defendants CNMI, Governor, CCC, and CCC's Commissioners are immune to causes of actions arising from the laws of CNMI in federal court. Therefore, it would be necessary to amend the FAC and let IPI withdraw these causes of actions without prejudice before this Court.

The Court has not established a deadline for amended pleadings for the instant Action.

### III.  ARGUMENT

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing FRCP 15(a)). In exercising its discretion to allow amendments to pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). Rule 15(a) thus requires a strong showing of prejudice, delay, futility, or bad

faith before leave to amend may be denied. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Foman*, 371 U.S. at 182.

Since the filing of the FAC, IPI has been diligent in uncovering the involvement of CNMI and the Governor's office in the suspension and revocation proceedings, which are supposed to be conducted by CCC as an independent agency. It would be necessary to amend the FAC to allow additional factual allegations been pled to sustain claims raised.

Given the fact that the case is in its early stage, there is no reasons for Defendants to argue any prejudicial effect of amending the FAC. The underlying purpose of Rule 15 is to facilitate decision on the merits, rather than on the pleadings or technicalities.

## IV.   CONCLUSION

Plaintiff respectfully request that the Court grant their motion for leave to file its SAC and adopt the proposed SAC attached to this motion as an amended pleading.

Dated: May 17, 2024
Saipan MP

Respectfully submitted,

By: /s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*
Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC