# EXHIBIT

# I



**COMMONWEALTH CASINO COMMISSION**
**Commonwealth of the Northern Mariana Islands**
P.O. Box 500237
**Saipan, MP 96950**
**Tel: 1 (670) 233-1857/58**
Fax: 1 (670) 233-1856
Email: info@cnmicasinocommission.com





1  Edward Manibusan
   Attorney General
2  Keisha Blaise (T0151)
   Assistant Attorney General
3  Hon Juan A. Sablan Mem. Bldg., 2ⁿᵈ Floor
4  Capitol Hill
   Caller Box 10007 Saipan, MP 96950
5  Tel: (670) 237-7500 Fax: (670) 664-2349



6       **BEFORE THE COMMONWEALTH CASINO COMMISSION**

7

8  **ANDREW YEOM, in his official capacity**
   **as Executive Director of the**
9  **Commonwealth Casino Commission,**
                                              **COMPLAINT NO.  2021-005**
10      **Petitioner,**

11      **v.**
                                              **COMPLAINT**
12 **IMPERIAL PACIFIC INTERNATIONAL**
   **(CNMI) LLC**
13

14     **Respondent.**

15

16      **COMES NOW**, the Petitioner, Andrew Yeom, in his official capacity as Executive Director

17 of the Commonwealth Casino Commission (the "CCC"), by and through undersigned counsel, and

18 alleges as follows:

19                          **JURISDICTION**

20      1.      The CCC has jurisdiction over the Petitioner's claims pursuant to 4 CMC §2314(a)

21 and NMIAC §175-10.1-1501 *et seq.*

22                            **PARTIES**

23

24      2.      Petitioner Andrew Yeom is the Executive Director of the CCC.

25      3.      Imperial Pacific International (CNMI) LLC ("IPI") is a limited liability company

26

27

1  organized under the laws of the Commonwealth of the Northern Mariana Islands.

2  **FACTS**

3  4.      IPI is required by Commonwealth law, the casino license agreement, and the

4  regulations promulgated by the CCC, to pay an annual regulatory fee.

5  Commonwealth Law

6  5.      Commonwealth law requires payment of a "Casino Regulatory Fee" of at least

7  three million dollars per year, subject to adjustment. 4 CMC § 2309(a)-(b).

8  

9  6.      Commonwealth law contains no provisions for waiver or reduction of the Casino

10  Regulatory Fee to an amount lower than three million dollars per year.

11  7.      IPI has a statutory obligation to pay the Casino Regulatory Fee.

12  8.      IPI has a statutory obligation to pay the Casino Regulatory Fee in full.

13  9.      IPI has a statutory obligation to pay the Casino Regulatory Fee on the date it is due.

14  

15  10.     IPI has a statutory obligation to pay the Casino Regulatory Fee in full on the date it

16  is due.

17  11.     Per Commonwealth law, the regulatory fee is due on or before October 1 of every

18  year.  4 CMC § 2309(a).

19  12.     Respondent has paid this fee each year it has been required prior to 2020.

20  13.     Per Commonwealth law, the regulatory fee for the year beginning October 1, 2021

21  through September 30, 2022 was due on or before October 1, 2021.

22  

23  CCC Regulations

24  14.     One of the CCC's statutory responsibilities is to promulgate regulations which

25  provide for "[s]upervision, monitoring and investigation or other means to ensure the suitability

26  and compliance with the legal, statutory and contractual obligations of owners, operators, and

27  employees of casinos and other persons licensed under" the Gaming Act. 4 CMC § 2314.

28

15.    The CCC promulgated regulation NMIAC §175-10.1-1225(b), which requires payment of the Casino Regulatory Fee.

16.    IPI has a regulatory obligation to pay the Casino Regulatory Fee.

17.    IPI has a regulatory obligation to pay the Casino Regulatory Fee in full.

18.    IPI has a regulatory obligation to pay the Casino Regulatory Fee on the date it is due.

19.    IPI has a regulatory obligation to pay the Casino Regulatory Fee in full on the date it is due.

Failure to Pay

20.    The Casino Regulatory Fee was adjusted based on the 5% increase required by law.

21.    As adjusted, the Casino Regulatory Fee amount to be paid on or before October 1, 2021 was Three Million One Hundred Fifty Thousand Dollars ($3,150,000.00).

22.    IPI did not pay $3,150,000.00 to the Commonwealth Treasurer on or before October 1, 2021.

23.    IPI did not pay three million dollars to the Commonwealth Treasurer on or before October 1, 2021.

24.    IPI did not pay in part the Casino Regulatory Fee on or before October 1, 2021.

25.    IPI did not pay in full the Casino Regulatory Fee on or before October 1, 2021.

26.    IPI made no payment for the Casino Regulatory Fee that was due on or before October 1, 2021 on or before October 1, 2021.

27.    The Casino Regulatory Fee was not paid in full for more than twelve hours from the time it was due as of October 1, 2021, and was not paid in full for more than twelve hours from the time it was due each day thereafter.

**FIRST CLAIM**

3

**MAJOR OFFENSE OF FAILING TO MAKE ANY FEE PAYMENT WHEN DUE (FOR MORE THAN 12 HOURS) IN VIOLATION of 4 CMC § 2309**

28.     Petitioner incorporates herein by reference paragraphs 1-57 as hereinabove alleged as if set forth here in full.

29.     IPI is the holder of the exclusive license for casino gaming in the Third Senatorial District contemplated by the Gaming Act.

30.     4 CMC § 2309 requires the holder of the exclusive license to pay the Casino Regulatory Fee.

31.     4 CMC § 2309(a) mandates annual payment of the Casino Regulatory Fee "due on or before October 1 of each year beginning October 1, 2015."

32.     Payment of the Casino Regulatory Fee was due on or before October 1, 2021.

33.     IPI failed to pay the required amount in full on or before October 1, 2021.

34.     The Casino Regulatory Fee remained due and unpaid every day for more than 12 hours from October 1, 2021 through the filing of this Complaint.

35.      By failing to pay the Casino Regulatory Fee when due, IPI violated 4 CMC §2309.

36.     The violation of a Commonwealth statute is an "offense" pursuant to §175-10.1-2510(a) which subjects the casino licensee to discipline.

37.     On information and belief, IPI has knowingly and willfully violated Commonwealth law by failing to pay the Casino Regulatory Fee in whole or part every day since October 1, 2021.

38.     The above actions and omissions which were, on information and belief, committed by IPI are actions or inactions which are inimical to the public health, safety, morals, good order and general welfare of the people of the Commonwealth, or that would reflect or tend to reflect discredit upon the Commonwealth or the gaming industry, and the Commonwealth is damaged thereby.

39.     The relative harm suffered by the Commonwealth by IPI's failure to pay the Casino

4

Regulatory Fee required by law from October 1, 2021 through the filing of this Complaint as alleged above is great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

40.    The failure to timely pay the amount required by 4 CMC § 2309 for more than twelve hours is a violation of the CCC's Regulations, §175-10.1-2540, and should be penalized as a major offense for each day unpaid beginning October 1, 2021.

### SECOND CLAIM

**MAJOR OFFENSE OF FAILING TO MAKE ANY FEE PAYMENT WHEN DUE (FOR MORE THAN 12 HOURS) IN VIOLATION of §175-10.1-1225**

41.    Petitioner incorporates herein by reference paragraphs 1-40 as hereinabove alleged as if set forth here in full.

50.    IPI did not pay the required Casino Regulatory Fee in full on or before October 1, 2021 as required by the Casino License Agreement and the Regulations.

51.    The Casino Regulatory Fee remained due and unpaid every day from October 1, 2021 through the filing of this Complaint.

52.    By failing to pay the Casino Regulatory Fee when due every day from October 1, 2021 through the filing of this Complaint IPI violated §175-10.1-1225.

53.    The violation of a regulation is an "offense" pursuant to §175-10.1-2510(a) which subjects the casino licensee to discipline.

54.    On information and belief, IPI has knowingly and willfully violated Commonwealth law by failing to pay the Casino Regulatory Fee in whole every day since October 1, 2021.

55.    On information and belief, IPI has knowingly and willfully violated Commonwealth law by failing to pay the Casino Regulatory Fee in part every day since October 1, 2021.

56.     The above actions and omissions which were, on information and belief, committed by IPI are actions or inactions which are inimical to the public health, safety, morals, good order and general welfare of the people of the Commonwealth, or that would reflect or tend to reflect discredit upon the Commonwealth or the gaming industry, and the Commonwealth is damaged thereby.

57.     The relative harm suffered by the Commonwealth by IPI's failure to pay the Casino Regulatory Fee required by law from October 1, 2021 through the filing of this Complaint for more than 12 hours is great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

58.     The failure to timely pay the amount required by the Casino License Agreement is a violation of the CCC's regulations, §§175-10.1-601 and 2540(c), and should be penalized as major offenses.

## THIRD CLAIM

**DECLARATORY ORDER FINDING VIOLATIONS CONSTITUTE UNSUITABLE METHOD OF OPERATION FOR PURPOSES OF §175-10.1-1805**

59.     Petitioner incorporates herein by reference paragraphs 1-58 as hereinabove alleged as if set forth here in full.

60.     Petitioner seeks an Order from the CCC declaring that IPI's failure to pay the Casino Regulatory Fee in full when due as alleged in Claims One and Two above amounts to an unsuitable method of operation per §175-10.1-1805(b)(15) or §175-10.1-1805(a), or otherwise, and requiring Respondent Imperial Pacific International (CNMI) LLC to pay the Casino Regulatory Fee immediately upon the effective date of the Commission's Order.

## FOURTH CLAIM

## DECLARATORY ORDER

61.    Petitioner incorporates herein by reference paragraphs 1-60 as hereinabove alleged as if set forth here in full.

62.    Petitioner seeks a Declaration from the CCC that, due to the numerous major violations of law and regulations that IPI has repeatedly committed, the Casino License Agreement is terminated and revoked.

## SELF-REPORTING DETERMINATION

63.    Petitioner incorporates herein by reference paragraphs 1-62 as hereinabove alleged as if set forth here in full.

64.    Regulation §175-10.1-2530 is entitled "Self-reporting Determination". It reads: "The CCC, the Executive Director, or the hearing examiner, as the case may be, shall determine whether the licensee immediately, promptly or belatedly self-reported the offense (and the facts giving rise thereto) to the CCC, or whether the licensee failed to report the offense in a timely manner or at all."

65.    IPI did not immediately report the facts resulting in the above-alleged violations.  IPI did not affirmatively inform the CCC in writing of each daily violation.

## DETERMINATION OF OFFENSE LEVEL

66.    Petitioner incorporates herein by reference paragraphs 1-107 as hereinabove alleged as if set forth here in full.

67.    Mandatory offense levels for certain offenses are established by Regulation § 175-10.1-2540.

68.    For each offense not listed in §175-10.1-2540, the Commission, the Executive Director, or the hearing examiner, as the case may be, shall determine whether the offense should be penalized as a minor offense, and intermediate offense. § 175-10.1-2535(a).

7

69.     The offenses alleged in Counts One and Two of this Complaint (failing to make any fee payment when due) are listed in §175-10.1-2540(c) as major offenses such that a determination of offense level need not be made pursuant to §175-10.1-2535(a).  Notwithstanding the foregoing, Petitioner alleges that the violations alleged in Counts One and Two of this Complaint are major offenses pursuant to §175-10.1-2535(a), §175-10.1-2540, or otherwise.

70.     Petitioner alleges that the IPI did not self-report each of the violations (or the facts resulting in the violations) as required by §175-10.1-2530.  IPI did not immediately inform the CCC in writing of each daily violation.

71.     Petitioner alleges that IPI has not accepted responsibility for the conduct underlying the offense, in that IPI has not yet corrected the violations by paying the Casino Regulatory Fee as required by law, regulation, contract and Order.

72.     Petitioner alleges that IPI has committed numerous previous violations in the Commonwealth. The CCC Order 2021-002 finds that IPI violated numerous laws and Regulations as of the date of the CCC Order. Petitioner is aware of and alleges numerous administrative enforcement actions and civil lawsuits involving IPI pending by other Commonwealth agencies, including but not limited to the Bureau of Environmental and Coastal Quality.  Petitioner is aware of allegations of federal and local labor law violations.

73.     Petitioner alleges the relative harm suffered by the Commonwealth to be great in that the public's confidence in general and the gaming public specifically, is greatly harmed when the licensee repeatedly violates law and regulations, and repeatedly breaches contracts.

74.     Petitioner alleges the relative harm suffered by the gaming industry generally to be moderate to great, in that IPI is persists in violating controlling legal authority after having been ordered to correct its deficiencies.

8

75.     Petitioner alleges, on information and belief, aggravating factors that violating duties specifically required by law, regulation, and contract by a casino licensee is extremely deleterious to the image of gaming in the Commonwealth, and that the harm caused by IPI is great in that the public's confidence in general and the gaming public specifically is greatly harmed when the licensee repeatedly violates law and regulations and repeatedly breaches contracts.

76.     Petitioner acknowledges as mitigating factors that IPI's business was affected somewhat by the Coronavirus pandemic, but notes that IPI has had issues with mismanagement which predate those occurrences.

## PENALTIES

77.     Petitioner incorporates herein by reference paragraphs 1-76 as hereinabove alleged as if set forth here in full.

78.     Each minor offense may be punished by: no punishment; a written warning; a fine not to exceed ten thousand dollars; and/or (in the case of a licensee not the casino operator) suspension of the license for a period not to exceed one month. § 175-10.1-2545(a).

79.     Each intermediate offense may be punished by: a fine not to exceed twenty thousand dollars and/or (in the case of a licensee not the casino operator) suspension of the license for a period not to exceed six months.  § 175-10.1-2545(b).

80.     Each major offense may be punished by: no punishment; a written warning; a fine not to exceed fifty thousand dollars; and/or (in the case of a licensee not the casino operator) suspension of the license for any period of time up to and including license revocation.  § 175-10.1-2545(c).

81.     The casino operator license may be suspended or modified at the discretion of the CCC upon a finding that one or more major offenses have occurred.  § 175-10.1-2545(d).

82. The casino operator license may be terminated at the discretion of the CCC upon a finding that major offenses have repeatedly occurred. § 175-10.1-2545(e).

83. The violations herein are major offenses as established above.

84. Respondent Imperial Pacific International (CNMI) LLC has repeatedly committed numerous major offenses.

85. Due to the number of violations, the duration of IPI's non-compliance, and IPI's continued failure to achieve compliance, Petitioner alleges that IPI's violations as alleged in Counts One and Two warrant (a) a revocation and termination of the casino operator license, and (b) a penalty of a $50,000 fine per violation per day the fee went unpaid for each of the violations alleged in Counts One and Two.

## LEAVE TO AMEND

86. On information and belief, discovery in this matter may lead to new or previously unconsidered or discounted information which would require amendment of this Complaint. Accordingly, the Petitioner hereby requests and reserves the right to amend this Complaint as circumstances warrant.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner requests the following:

A. That the CCC finds and declares that IPI committed the violations alleged in this Complaint and that IPI did not immediately self-report to the CCC the facts which gave rise to the violation(s) prior to being contacted by the CCC's enforcement staff;

B. That the CCC declares that the violations committed by IPI: in Counts One and Two were major offenses pursuant to CCC Regulation;

C. That the CCC finds, declares and orders that IPI's failure to pay the Casino

Regulatory Fee in full when due amounts to an unsuitable method of operation per §175-10.1-1805(b)(15) or §175-10.1-1805(a), or otherwise, and requiring IPI to pay the Casino Regulatory Fee immediately upon the effective date of the CCC's Order.

D.     That the CCC finds, declares and Orders that IPI's license to conduct gaming operations in the Third Senatorial District be immediately revoked and terminated as disciplinary action in accordance with the CCC Regulations;

E.  That the CCC Orders IPI to pay a fine of $50,000 per violation per day the Casino Regulatory Fee went unpaid for the major violations alleged in Counts One and Two.

F.     Such other or further relief as the CCC may deem just and proper under the circumstances.

DATED this 14th day of October 2021.


_____/s/_____
Keisha Blaise (T0151)
Assistant Attorney General
Attorney for Petitioner

11