Brendan Layde
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC,<br><br>Plaintiff,<br><br>v.<br><br>Commonwealth of the Northern Mariana Islands, et al.,<br><br>Defendants. | **CIVIL CASE NO. 1:24-cv-00001**<br><br>**REPLY TO OPPOSITION TO DEFENDANT GOVERNOR PALACIOS'S MOTION TO DISMISS**<br><br>Hearing date:<br><br>Hearing time:<br><br>Judge: Hon. David O. Carter |

## I. INTRODUCTION

Defendant Arnold Palacios in his official capacity ("Defendant" or "Governor Palacios") hereby submits this Reply to Imperial Pacific International (CNMI) LLC's ("Plaintiff" or "IPI") Opposition to his Motion to Dismiss IPI's First Amended Complaint ("FAC") as to him.

## II. LEGAL STANDARD

IPI's Opposition cites several 9th Circuit cases on the 12(b)(6) standard which predate the U.S. Supreme Court's 2007 *Twombly* and 2009 *Iqbal* decisions, which imposed a plausibility requirement on the pleader.

For example, the *U.S. v. Redwood City* decision cited by Plaintiff relies on the "no set of facts" standard from a 1957 U.S. Supreme Court case, *Conley v. Gibson*, which was overturned by *Twombly*. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981) ("Moreover, the accepted rule is that a complaint is not to be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), *overruled by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) ("On such a focused and literal reading of *Conley's* 'no set of facts,' a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.")).

To survive a motion to dismiss, a Plaintiff's Complaint is required under *current* law to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ARGUMENT

**A. The First Amended Complaint does not allege sufficient facts to survive a motion to dismiss, and IPI's Opposition instead argues facts alleged in a proposed complaint which is not currently operative.**

The Governor filed a Motion to Dismiss IPI's First Amended Complaint in this action, which is the currently operative complaint. By arguing in its Opposition that its Proposed Second Amended Complaint ("SAC") alleges sufficient facts to constitute causes of action against the

2

Governor, IPI is tacitly admitting that its First Amended Complaint does not allege sufficient facts to survive a Motion to Dismiss. ECF No. 47 at 4–5. Indeed, as noted in the Motion to Dismiss, the FAC does not allege any conduct on the part of Governor Palacios whatsoever. ECF No. 39-1 at 7.

IPI's Opposition asserts that the Proposed SAC alleges additional facts regarding Governor Palacios and the Commonwealth on the basis of "information received by Plaintiff," ECF No. 47 at 6, but gives no indication of what that purported information[1] might be. It is difficult to imagine what information IPI could have received that would sustain a belief that the CNMI itself, an abstract entity, colluded with or directed the Commissioners of the Commonwealth Casino Commission to do various things. And if it were in fact true that IPI has "been diligent in uncovering the involvement of CNMI and the Governor's office in the suspension and revocation proceedings" since the filing of the FAC, *id*., why then did Plaintiff dismiss the Governor in both his personal and official capacities from its sister action? *See* First Amended Complaint, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00002 (D. N. Mar. I. May 9, 2024), ECF No. 26. That pleading was filed five days *after* IPI filed Plaintiff's Motion to Extend Time Under Local Rule 7.1(f) to Respond to Motions to Dismiss in this docket, which indicated Plaintiff's intent to file a Second Amended Complaint in this action. *See* ECF No. 44. Incidentally, IPI's Proposed SAC brings two causes of action, not three as asserted in its Opposition. *Compare* ECF No. 47 at 1 *with* ECF No. 50-1 at 18–23.

### B. The First Amended Complaint does not name Governor Palacios as a defendant in its Section 1983 causes of action.

IPI's Opposition cites *Fleming v. Dep't of Pub. Safety, Com. of N. Mariana Islands* for the proposition that the Commonwealth has not waived its sovereign immunity with respect to

---

[1] Plaintiff does make one additional factual allegation in the Proposed SAC which is not facially implausible. Namely, IPI correctly notes that Article 30 of the Casino License Agreement requires that parties resolve disputes, other than revocation or suspension proceedings, through a process including a meet and confer requirement and the option of nonbinding arbitration prior to initiating litigation in court. ECF No. 50-1 at 10, 20. This issue was brought to IPI's attention by the Governor's own Motion to Dismiss, which observed that Plaintiff is itself in breach of contract by having filed the instant lawsuit without having complied with the Article 30 procedure. *See* ECF No. 39-1 at 6 n.2.

Section 1983 actions. *See Fleming*, 837 F.2d 401, 405 (9th Cir. 1988).

But as Governor Palacios pointed out in his Motion to Dismiss IPI's sister action, *Imperial Pacific International CNMI (LLC) v. Commonwealth of the Northern Mariana Islands et al.*, 1:24-cv-00002 (D. N. Mar. I. Apr. 25, 2024), ECF No. 22-1 at 7, *Fleming*'s holding as to Section 1983 was overruled by *DeNeiva v. Reyes*, which established that "the CNMI is not a 'person' within the meaning of § 1983, and . . . [n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983." 966 F.2d 480, 482–83 (9th Cir. 1992).

Further, IPI's First Amended Complaint, which is the currently operative complaint the Governor is seeking to dismiss, does not name Governor Palacios as a defendant in its Section 1983 causes of action. *See* FAC, ECF No. 38 at 17, 19. Section 1983 is irrelevant to the pending motion to dismiss the FAC, because Governor Palacios is a named defendant only with respect to the breach of contract cause of action.

### C. IPI's Opposition does not address Plaintiff's breach of contract claim, which is the only cause of action which names the Governor as a defendant.

IPI's FAC only names the Governor as a defendant in its fourth cause of action, for breach of contract. *Id*. at 20. IPI's Opposition to Defendant's Motion to Dismiss does not address this breach of contract claim at all. Plaintiff's filing does not argue, or even assert, that the First Amended Complaint states a claim upon which relief can be granted as to Governor Palacios.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's First Amended Complaint, which is the currently operative Complaint, does not allege sufficient facts to survive a motion to dismiss as to Defendant.

Dated: May 23, 2024

Respectfully submitted,

OFFICE OF THE GOVERNOR

/s/
Brendan Layde
Legal Counsel
Attorney for Defendant Arnold Palacios in his Official Capacity

Pursuant to Appendix A of this Court's Local Rules, service of this document is accomplished on all parties and counsel by the *Notice of Electronic Filing*.