FILED
Clerk
District Court
JUL 19 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, <br><br> Plaintiff, <br><br> v. <br><br> COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; COMMONWEALTH CASINO COMMISSION; ARNOLD PALACIOS, Governor of CNMI, in his official capacity; EDWARD C. DELEON GUERRERO, Chairman of CCC, in his official and personal capacities; RAFAEL S. DEMAPAN, Vice Chairman of CCC, in his official and personal capacities; MARIANO TAITANO, Commissioner of CCC, in his official and personal capacities; MARTIN MENDIOLA, Commissioner of CCC, in his official and personal capacities; RAMON M. DELA CRUZ, Commissioner of CCC, in his official and personal capacities; and ANDREW YEOM, Executive Director of CCC, in his official and personal capacities, <br><br> Defendants. | Case No. 1:24-cv-00001 <br><br> **ORDER GRANTING VOLUNTARY DISMISSAL** |

Before the Court is Plaintiff Imperial Pacific International (CNMI), LLC ("IPI") and Defendant Andrew Yeom's Stipulation of Dismissal of all claims against Yeom with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). ("Mot.," ECF No. 43.) Rule 41(a)(2) dictates that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

This action was initiated by IPI and is proceeding against multiple defendants. The Motion before the Court seeks to dismiss "all of Plaintiff's claims against Defendant Andrew Yeom in his official and personal capacities." (Mot. 1.) By dismissing all claims against Yeom only, the action remains against the other co-Defendants.

"A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citing *Waller v. Fin. Corp. of Am.*, 828 F.2d 579, 583 (9th Cir. 1987); *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)). Ordinarily, a co-defendant does not have standing to object to a dismissal of another defendant. *See Waller*, 828 F.2d at 583 (citing *In re Viatron Comput. Sys. Corp. Litig.*, 614 F.2d 11, 14 (1st Cir. 1980); *In re Beef Indus.*, 607 F.2d 167, 172 (5th Cir. 1979)). However, a non-settling defendant has standing to object to a partial settlement that purports to strip it of a legal claim or cause of action. *Id.* (citing *Beef Indus.*, 607 F.2d at 172). Here, none of the Defendants in this action has made any such showing, and Yeom himself agrees to the terms of the dismissal of the case. (Mot. 1.)

After reviewing the parties' Motion, applicable rules, and authorities, the Court finds the terms of dismissal proper under Rule 41(a)(2). As such, the Court GRANTS the parties' Motion against Defendant Andrew Yeom, and all claims against him are hereby DISMISSED WITH PREJUDICE with each party to bear their own attorneys' fees and costs. All pending motions as to Defendant Andrew Yeom are hereby vacated.

IT IS SO ORDERED this 19th day of July 2024.

_David O. Carter_
DAVID O. CARTER
Designated Judge