F I L E D
Clerk
District Court
JUL 19 2024
for the Northern Mariana Islands
By_____
(Deputy Clerk)

|  |  |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC, | Case No. 1:24-cv-00001 |
| Plaintiff, |  |
| v. | **ORDER GRANTING LEAVE TO FILE PLAINTIFF'S SECOND AMENDED COMPLAINT** |
| COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS; COMMONWEALTH CASINO COMMISSION; ARNOLD PALACIOS, Governor of CNMI, in his official capacity; EDWARD C. DELEON GUERRERO, Chairman of CCC, in his official and personal capacities; RAFAEL S. DEMAPAN, Vice Chairman of CCC, in his official and personal capacities; MARIANO TAITANO, Commissioner of CCC, in his official and personal capacities; MARTIN MENDIOLA, Commissioner of CCC, in his official and personal capacities; RAMON M. DELA CRUZ, Commissioner of CCC, in his official and personal capacities; and ANDREW YEOM, Executive Director of CCC, in his official and personal capacities, |  |
| Defendants. |  |

Before the Court is Plaintiff Imperial Pacific International (CNMI), LLC's ("IPI") Motion Seeking Leave to File a Second Amended Complaint ("SAC"). ("Mot.," ECF No. 50.) The Court hereby GRANTS IPI's Motion, and IPI's proposed second amended complaint attached to its Motion at ECF No. 50-1 shall be filed as its Second Amended Complaint.

No parties have filed an opposition to IPI's Motion. However, in Defendant Arnold Palacios's Opposition ("Opp.," ECF No. 45) to IPI's Motion to Extend Time (ECF No. 44), Palacios makes arguments opposing IPI's amendment, which are addressed herein. (Opp. 5-8.)

1

Federal Rule of Civil Procedure 15(a)(2) permits a plaintiff to file an amended complaint with the opposing parties' consent or the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Here, IPI seeks the court's leave to file a SAC. (Mot. 1.)

"Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Palacios contends that permitting IPI leave to amend its complaint would prejudice him. (Opp. 6.) The Ninth Circuit has found that prejudice is heightened when a plaintiff seeks to amend a complaint late in litigation. *See Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). Additionally, the Ninth Circuit has found that a defendant would suffer undue prejudice when the defendant would have to engage in additional discovery for different legal theories advanced in an amended complaint. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387-88 (9th Cir. 1990). Palacios does not allege that either of these reasons are present, nor does he provide any legal authority specific to the facts of this case to support a finding of prejudice.

Palacios also argues that IPI's lack of compelling justification suggests a dilatory motive and that IPI has not articulated any facts or theories relevant to its causes of action that would require amendment. (Mot. 6.) However, IPI states that it has uncovered "the involvement of CNMI and the Governor's office in the suspension and revocation proceedings" and that "[i]t would be necessary to amend the FAC to allow additional factual allegations [to be] pled to sustain claims raised." (*Id.* at 4.)

Finally, IPI seeks to amend its FAC to withdraw the causes of actions that "Defendants CNMI, Governor, CCC, and CCC's Commissioners are immune to . . . ." (*Id.* at 3.) As such, the Court finds that IPI's amendment is not necessarily futile.

Because there is no strong evidence of undue delay, bad faith or dilatory motive, undue prejudice, or futility of amendment, the Court finds that justice requires the Court to grant IPI's Motion. Defendants' motions to dismiss are hereby moot. They may refile their motions pursuant to the applicable rules once IPI files its SAC.

IT IS SO ORDERED this 19th day of July 2024.

_____
DAVID O. CARTER
Designated Judge