Brendan Layde
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC; Best Sunshine International Ltd (BVI), <br><br> Plaintiffs, <br><br> v. <br><br> Commonwealth of the Northern Mariana Islands; <br> Commonwealth Casino Commission; <br> Arnold Palacios, Governor of CNMI, in his official and personal capacities; <br> Edward Deleon Guerrero, Chairman of CCC, in his official and personal capacities; <br> Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; <br> Mariano Taitano, Commissioner of CCC, in his official and personal capacities; <br> Does 1–10, Inclusive <br><br> Defendants. | **CIVIL CASE NO. 1:24-cv-00001** <br><br><br> **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AS TO DEFENDANT ARNOLD PALACIOS IN HIS OFFICIAL CAPACITY PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE** <br><br> Hearing date: <br><br> Hearing time: <br><br> Judge: Hon. David O. Carter |

## I.     INTRODUCTION

Defendant Arnold Palacios ("Defendant" or "Governor Palacios") in his official capacity, by and through counsel, hereby submits this Memorandum in Support of Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Defendant joins in all aspects of the Memorandum in Support of Motion to Dismiss filed by and through counsel for his personal capacity. The Second Amended Complaint ("SAC") filed by plaintiffs Imperial Pacific International (CNMI), LLC and Best Sunshine International Ltd (BVI) (collectively "Plaintiff" or "IPI") should be dismissed because it fails to state a claim for which relief can be granted as to Defendant.

In addition to the arguments set forth in the brief filed by counsel for Defendant in his personal capacity, this memorandum also argues that attorney's fees under 42 U.S.C. § 1988 cannot be granted against the Governor in his official capacity for IPI's Due Process Claim, and injunctive relief compelling the Governor to conform his conduct to Commonwealth law cannot be granted in federal court.

## II.     LEGAL STANDARD

Failure to state a claim upon which relief can be granted is a defense which may be asserted by motion, and such a motion must be made before a responsive pleading. Fed. R. Civ. P. 12(b)(6).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. (citing Fed. R. Civ. P. 8(a)(2)).

In assessing whether Rule 8(a)(2) has been satisfied, a court must first identify the elements of the plaintiff's claims and then determine whether those elements could be proven on the facts

alleged. The court need not accept "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotations and citation omitted).

## III.  ARGUMENT

Plaintiff alleges two causes of action.[1] The first alleges that the regulatory fee and minimum capital requirement as applied to IPI during the COVID-19 pandemic, as well as the CCC's demand for payment of the annual license fees, unconstitutionally impaired a contractual relationship in violation of the U.S. Constitution's Contract Clause. The second, brought under 42 U.S.C. § 1983, alleges that the Commissioners' non-recusal from the revocation hearing and the CCC's regulatory power over IPI under 4 CMC § 2314 and NMIAC § 175-10.1 violated the U.S. Constitution's Due Process Clause.

IPI fails to state a claim upon which relief can be granted on all the grounds argued by and through counsel for Defendant in his personal capacity, and its Second Amended Complaint should therefore be dismissed.

In addition, attorney's fees cannot be awarded against Governor Palacios in his official capacity under 42 U.S.C. § 1988 for Plaintiff's second cause of action because the Commonwealth and its officers acting in an official capacity cannot be sued for a § 1983 claim under controlling Ninth Circuit precedent.

The Commonwealth and its officers acting in an official capacity should be afforded sovereign immunity under the Eleventh Amendment, and Plaintiff cannot be granted a federal court

---

[1] The original complaint named all defendants, including the Governor in both his official and personal capacities, in four causes of action. These included, *inter alia*, federal Contract Clause and § 1983 Due Process Clause claims. ECF No. 1 at 9–13.

The First Amended Complaint named Governor Palacios only in his official capacity and only in its fourth cause of action, a state law breach of contract claim for breach of the Casino License Agreement. ECF No. 38 at 20.

The Second Amended Complaint now reinserts the Governor in his personal capacity and removes the breach of contract claim, while reinstating the Contract Clause and Due Process Clause causes of action against him in both capacities. ECF No. 56 at 18, 21.

3

injunction compelling an officer of the Commonwealth to conform his conduct with Commonwealth law.

    A.  <u>Governor Palacios in his official capacity cannot be sued for damages under § 1983.</u>

IPI's second cause of action, brought under 42 U.S.C. § 1983, alleges that the failure of the CCC Commissioners to recuse themselves from the revocation hearing and subsequent deliberations, and the CCC's regulatory power over IPI under 4 CMC § 2314 and NMIAC § 175-10.1, violated the Due Process Clause of the United States Constitution.[2] The law in the Ninth Circuit is clear that "the CNMI is not a 'person' within the meaning of § 1983, and . . . [n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983." *DeNeiva v. Reyes*, 966 F.2d 480, 482–83 (9th Cir. 1992); *see also Manila v. CNMI Dep't of Corr.*, No. 18-CV-00003, 2019 WL 324424, at *5 (D. N. Mar. I. Jan. 24, 2019) (dismissing official capacity defendants sued for damages under § 1983).

    B.  <u>Attorney's fees under 42 U.S.C. § 1988 are unavailable against Governor Palacios in his official capacity for IPI's Due Process claim</u>.

Because neither the Commonwealth nor its officers in their official capacities may be sued for damages under 42 U.S.C. § 1983, attorney's fees are unavailable to IPI under 42 U.S.C. § 1988 with respect to the official capacity defendants. *See* 42 U.S.C. § 1988 ("In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."); *Kentucky v. Graham*, 473 U.S. 159, 168 (1985) ("fee liability runs with merits liability; if federal law does not make the government substantively liable . . . the government similarly is not liable for fees . . . under § 1988."). This is as true for a government officer sued in his official capacity as it is for the government itself, because "an official-capacity suit is, in all respects other than name, to be

---

[2] Section 1983 provides that: "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the [U.S.] Constitution and laws, shall be liable to the party injured in an action at law." 42 U.S.C. § 1983 (emphasis added).

treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity." *Id.* at 165–66 (internal citations omitted). Accordingly, the attorney's fees sought by IPI under 42 U.S.C. § 1988 for its Due Process Clause claim, *see* SAC, ECF No. 56 ¶ 126, cannot be granted against Governor Palacios in his official capacity.

C. The Commonwealth and its officers acting in an official capacity should be afforded sovereign immunity under the U.S. Supreme Court's Eleventh Amendment jurisprudence.

The Ninth Circuit at one time held that the CNMI and its officers could be sued in federal court under § 1983 because the Commonwealth lacks the protection of the Eleventh Amendment, unlike the states. *Fleming v. Dep't of Pub. Safety, Com. of N. Mariana Islands*, 837 F.2d 401, 407 (9th Cir. 1988). But it explicitly overturned this holding in *Fleming* on the basis of intervening Supreme Court decisions, *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding states not "persons" within the meaning of § 1983), and *Ngiraingas v. Sanchez,* 495 U.S. 182, 192 (1990) (holding Guam not a "person" within the meaning of § 1983).

A three-judge panel of the Ninth Circuit has suggested that *Fleming*'s holding that the Commonwealth waived Eleventh Amendment immunity in federal court for claims arising under federal law should likewise be revisited. *See Norita v. N. Mariana Islands*, 331 F.3d 690, 696 (9th Cir. 2003) ("CNMI might well be entitled to State-like sovereign immunity according to the Supreme Court's understanding of the proposition for which the Eleventh Amendment stands.").

The *Norita* court declined to overturn *Fleming* on the Eleventh Amendment issue on the ground that "[a] three-judge panel . . . cannot reconsider or overrule a decision of a prior panel unless 'an *intervening* Supreme Court decision undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'" *Id*. (citing *United States v. Gay III,* 967 F.2d 322, 327 (9th Cir.1992)).

But the *Norita* court cited just such an intervening Supreme Court decision. *Alden v. Maine,* 527 U.S. 706 (1999) held "that Eleventh Amendment immunity derives not from the

5

Eleventh Amendment but 'from fundamental postulates *implicit* in the constitutional design.'" *Norita*, 331 F.3d at 694 (citing *Alden*, 527 U.S. at 728–29).

The Supreme Court also holds that any waiver of sovereign immunity must be express and unequivocal. *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); see also *Ramsey v. Muna*, 849 F.3d 858, 860 (9th Cir. 2017) ("the Supreme Court has held, perhaps at odds with our reasoning in *Fleming*, that a waiver of a State's sovereign immunity must be unequivocal." (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99)).

This Court should find that *Fleming* was wrongly decided[3] and that the Commonwealth and its officers acting in an official capacity are afforded the same sovereign immunity under the Eleventh Amendment as other U.S. jurisdictions.

D. <u>IPI cannot secure an injunction in federal court against an official capacity defendant for an officer of the Commonwealth to conform his action to Commonwealth law</u>.

The Eleventh Amendment prohibits a federal court from issuing an injunction against a state, or against its officers where the state is the real party in interest, compelling them to align their conduct with state law. *See Pennhurst*, 465 U.S. at 106 ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment."). Accordingly, injunctive relief cannot be granted by a federal court to compel an official capacity defendant to conform his actions with Commonwealth law as to the scope of 4 CMC § 2314, NMIAC § 175-10.1, or the Casino License Agreement.

## IV. CONCLUSION

For the reasons stated by counsel for Defendant in his personal capacity, Plaintiff's Second Amended Complaint does not state a claim upon which relief can be granted as to Governor Palacios

---

[3] ABA Model Rule 3.1 permits "a good faith argument for an extension, modification or reversal of existing law."

in any capacity. Therefore, this action should be dismissed with prejudice as to Defendant under Fed. R. Civ. P. 12(b)(6).

In addition, for the foregoing reasons, attorney's fees for IPI's Due Process claim are unavailable under 42 U.S.C. § 1988 as to Governor Palacios in his official capacity. Injunctive relief cannot be granted in federal court against an official capacity defendant to compel an officer to conform his actions with Commonwealth law.

Dated: August 13, 2024

Respectfully submitted,

OFFICE OF THE GOVERNOR

/s/
Brendan Layde
Legal Counsel
Attorney for Defendant Arnold Palacios,
in his official capacity