Edward Manibusan (F0131)
Attorney General
Carl F. Dela Cruz (F0525)
Assistant Attorney General
Office of the Attorney General
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 237-7500
Fax: (670) 664-2349
Email: carl_delacruz@cnmioag.org

*Attorneys for Defendants Commonwealth Casino Commission; Edward C. Deleon Guerrero in his official and personal capacities; Rafael S. Demapan in his official and personal capacities; Mariano Taitano in his official and personal capacities; Martin Mendiola in his personal capacity; and Ramon M. Dela Cruz in his personal capacity*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| **Imperial Pacific International (CNMI) LLC; and Best Sunshine International Ltd. (BVI),**<br><br>**Plaintiffs,**<br><br>v.<br><br>**Commonwealth of the Northern Mariana Islands; Commonwealth Casino Commission; CNMI Governor Arnold Palacios, in his official and personal capacities; Edward C. Deleon Guerrero, Chairman of CCC, in his official and personal capacities; Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; Mariano Taitano, Commissioner of CCC, in his official and personal capacities; Martin Mendiola, a former Commissioner of CCC, in his personal capacity; Ramon M. Dela Cruz, a former Commissioner of CCC, in his personal capacity; and Does 1-10, inclusive.**<br><br>**Defendants.** | **CIVIL CASE NO. 1:24-cv-00001**<br><br><br>**DEFENDANTS COMMONWEALTH CASINO COMMISSION, EDWARD C. DELEON GUERRERO, RAFAEL S. DEMAPAN, MARIANO TAITANO, AND MARTIN MENDIOLA'S ANSWER TO SECOND AMENDED COMPLAINT** |

COMES NOW, Defendant Commonwealth Casino Commission; Defendant Edward C. Deleon Guerrero, Chairman of CCC, in his official and personal capacities; Defendant Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; Defendant Mariano

Taitano, Commissioner of CCC, in his official and personal capacities; Defendant Martin Mendiola, a former Commissioner of CCC, in his personal capacity; and Defendant Ramon M. Dela Cruz, a former Commissioner of CCC, in his personal capacity (collectively, "Defendants"), and hereby submits the Defendants' answers to the allegations contained within the Second Amendment Complaint as follows:

1.      The allegations set forth in Paragraph 1 of the Complaint are ADMITTED.

2.      The allegations set forth in Paragraph 2 of the Complaint are ADMITTED.

3.      The allegations set forth in Paragraph 3 of the Complaint are ADMITTED.

4.      The allegations set forth in Paragraph 4 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT the allegations but note that the status of IPI's sole member, Best Sunshine International Ltd. (BVI), is listed with the BVI Financial Services Commission's Registry of Corporate Affairs as "dissolved."

5.      The allegations set forth in Paragraph 5 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT the allegations but note that the status of IPI's sole member, Best Sunshine International Ltd. (BVI), is listed with the BVI Financial Services Commission's Registry of Corporate Affairs as "dissolved."

6.      The allegations set forth in Paragraph 6 of the Complaint are ADMITTED.

7.      The allegations set forth in Paragraph 7 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT the allegations but note that the reference to 4 CMC Section 2414(q) is in error, as the correct statutory citation granting enforcement authority to the Commission is 4 CMC 2314(q) and the authority to "sue civilly" specifies that the authority is "in conjunction with the Attorney General."

8.      The allegations set forth in Paragraph 8 of the Complaint are ADMITTED.

9.      The allegations set forth in Paragraph 9 of the Complaint are ADMITTED.

10.     The allegations set forth in Paragraph 10 of the Complaint are ADMITTED.

11.     The allegations set forth in Paragraph 11 of the Complaint are ADMITTED.

12.     The allegations set forth in Paragraph 12 of the Complaint are ADMITTED, subject to clarification. Defendant Martin Mendiola resides in Rota, CNMI.

13.     The allegations set forth in Paragraph 13 of the Complaint are ADMITTED, subject to clarification.  Defendant Ramon M. Dela Cruz resides in Tinian, CNMI.

14.     Defendants lack sufficient knowledge to form a belief as to information known to Plaintiffs, the beliefs of Plaintiffs, and the future actions Plaintiffs intend to take, and the allegations are therefore deemed DENIED.

15.     The allegations set forth in Paragraph 15 of the Complaint are ADMITTED.

16.     The allegations set forth in Paragraph 16 of the Complaint are ADMITTED.

17.     The allegations set forth in Paragraph 17 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that the CNMI publicly solicited proposals as stated in the referenced exhibit and ADMIT that only two proposals were submitted. However, Defendants lack sufficient knowledge to form a belief as to the CNMI's intended target for proposals and the allegation is therefore DENIED.

18.     The allegations set forth in Paragraph 18 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT the allegations but note that the status of Best Sunshine International Limited (BVI) is listed with the BVI Financial Services Commission's Registry of Corporate Affairs as "dissolved." Defendants further note that Imperial Pacific International Holdings Ltd.'s listing on the Hong Kong stock exchange was canceled effective June 17, 2024, and that the High Court of Hong Kong has ordered Imperial Pacific International Holdings Ltd. to be wound up through liquidation.

19.     The allegations set forth in Paragraph 19 of the Complaint are ADMITTED.

20.     The allegations set forth in Paragraph 20 of the Complaint are ADMITTED.

21.     The allegations set forth in Paragraph 21 of the Complaint are ADMITTED.

22.     The allegations set forth in Paragraph 22 of the Complaint are ADMITTED.

23.     The allegations set forth in Paragraph 23 of the Complaint are ADMITTED.

24.     The allegations set forth in Paragraph 24 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT the allegations but note that the Lottery Commission

continues to exercise authority over the License and CLA as far as amendments to the CLA are concerned.

25.     The allegations set forth in Paragraph 25 of the Complaint are ADMITTED.

26.     The allegations set forth in Paragraph 26 of the Complaint are ADMITTED, subject to clarification.   Defendants DENY that IPI "dutifully paid the $20 million contribution to the Community Benefit Fund each year prior to 2018."

27.     The allegations set forth in Paragraph 27 of the Complaint are ADMITTED.

28.     The allegations set forth in Paragraph 28 of the Complaint are ADMITTED.

29.     The allegations set forth in Paragraph 29 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that CCC has jurisdiction over certain cases and controversies. However, the characterization of the nature of the functions assumed by CCC sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED.

30.     The allegations set forth in Paragraph 30 of the Complaint are ADMITTED.

31.     The allegations set forth in Paragraph 31 of the Complaint are ADMITTED.

32.     The allegations set forth in Paragraph 32 of the Complaint are ADMITTED.

33.     The allegations set forth in Paragraph 33 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that IPI has been unable to make the required payments but DENY that it has only been unable to make payments "for a few years" as the annual license fee payment has not been paid since 2019 and IPI is now five payments in arrears (for 2020, 2021, 2022, 2023, and now 2024 as well). In addition, Defendants DENY that IPI's failure was due to force majeure events and suspension of its casino license, as IPI also failed to collect on debts owed to it and hold funds in reserve.

34.     The allegations set forth in Paragraph 34 of the Complaint are ADMITTED.

35.     The allegations set forth in Paragraph 35 of the Complaint are ADMITTED.

36.     The allegations set forth in Paragraph 36 of the Complaint are ADMITTED.

37.     The allegations set forth in Paragraph 37 of the Complaint are ADMITTED.

38.     The allegations set forth in Paragraph 38 of the Complaint are ADMITTED.

39.     The allegations set forth in Paragraph 39 of the Complaint are ADMITTED.

40.     The allegations set forth in Paragraph 40 of the Complaint are ADMITTED.

41.     The allegations set forth in Paragraph 41 of the Complaint are ADMITTED.

42.     The allegations set forth in Paragraph 42 of the Complaint are ADMITTED.

43.     The allegations set forth in Paragraph 43 of the Complaint are ADMITTED.

44.     The allegations set forth in Paragraph 44 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that IPI appealed the Order and that its appeal contained the referenced arguments. However, Defendants lack sufficient knowledge to form a belief as to the nature of beliefs held by IPI as to its "primary" argument and the allegation in Paragraph 44 of the Complaint is therefore deemed DENIED.

45.     The allegations set forth in Paragraph 45 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that the Superior Court affirmed CCC's order. However, the characterization that the standard of review applied by the Court was "very deferential" sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED.

46.     The allegations set forth in Paragraph 46 of the Complaint are ADMITTED.

47.     The allegations set forth in Paragraph 47 of the Complaint are ADMITTED, subject to clarification.  Defendants ADMIT that the CNMI Supreme Court affirmed in part and reversed in part the trial court's ruling on August 25, 2023 but DENY the allegation that the Court "asked CCC to "decide on a reasonable deadline for IPI to pay" the annual license fees for 2020 and the following years" as the Court held that "The Annual License Fees for 2020 and the following years have accrued and continue to accrue, and CCC must now decide on a reasonable deadline for IPI to pay them."

48.     The allegations set forth in Paragraph 48 of the Complaint are ADMITTED.

49.     The allegations set forth in Paragraph 49 of the Complaint are ADMITTED.

50.     The allegations set forth in Paragraph 50 of the Complaint are ADMITTED.

51.     The allegations set forth in Paragraph 51 of the Complaint are ADMITTED.

52.     The allegations set forth in Paragraph 52 of the Complaint are ADMITTED, subject to clarification.  Defendants ADMIT that Article 30 "Disputes" of the CLA includes the statement that "A dispute ("Dispute") is defined as any and all disagreement(s) between the Parties as to terms or requirements of this License Agreement excluding issues relating to gaming operations which are under the authority of the Casino Commission and proceedings regarding revocation or suspension of this license."

53.     The allegations set forth in Paragraph 53 of the Complaint regarding the "bona fide" nature of IPI's arguments set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

54.     The allegations set forth in Paragraph 54 of the Complaint regarding the "bona fide" nature of IPI's arguments set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

55.     The allegations set forth in Paragraph 55 of the Complaint regarding the "bona fide" nature of IPI's arguments set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

56.     The allegations set forth in Paragraph 56 of the Complaint regarding the "bona fide" nature of IPI's arguments set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

57.     The allegations set forth in Paragraph 57 of the Complaint regarding the "bona fide" nature of IPI's arguments set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

58.     The allegations set forth in Paragraph 58 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

59.     The allegations set forth in Paragraph 59 of the Complaint are ADMITTED.

60.     The allegations set forth in Paragraph 60 of the Complaint are ADMITTED.

61.     The allegations set forth in Paragraph 61 of the Complaint are ADMITTED.

62.     The allegations set forth in Paragraph 62 of the Complaint are ADMITTED.

63.     The allegations set forth in Paragraph 63 of the Complaint are ADMITTED.

64.     The allegations set forth in Paragraph 64 of the Complaint are ADMITTED.

65.     The allegations set forth in Paragraph 65 of the Complaint are ADMITTED.

66.     The allegations set forth in Paragraph 66 of the Complaint are ADMITTED.

67.     The allegations set forth in Paragraph 67 of the Complaint are ADMITTED.

68.     The allegations set forth in Paragraph 68 of the Complaint are ADMITTED.

69.     The allegations set forth in Paragraph 69 of the Complaint are ADMITTED.

70.     The allegations set forth in Paragraph 70 of the Complaint are ADMITTED.

71.     The allegations set forth in Paragraph 71 of the Complaint are ADMITTED.

72.     The allegations set forth in Paragraph 72 of the Complaint are ADMITTED.

73.     The allegations set forth in Paragraph 73 of the Complaint are ADMITTED.

74.     The allegations set forth in Paragraph 74 of the Complaint are ADMITTED.

75.     The allegations set forth in Paragraph 75 of the Complaint are ADMITTED.

76.     The allegations set forth in Paragraph 76 of the Complaint are ADMITTED.

77.     The allegations set forth in Paragraph 77 of the Complaint are ADMITTED.

78.     The allegations set forth in Paragraph 78 of the Complaint are ADMITTED IN PART and DENIED IN PART. Defendants ADMIT that that attorney Michael Chen made the described motions but lack sufficient knowledge to form a belief as to the reasons the motions and the allegations are therefore deemed DENIED. In addition, the stated reasons for the described motions set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

79.     The allegations set forth in Paragraph 79 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT that the described motions were made by Plaintiffs and that the Commissioners did not rule on the motions and continued to proceed with the revocation hearing, but DENY that any grounds for disqualification were "clear."

80.     The allegations set forth in Paragraph 80 of the Complaint are ADMITTED IN PART and DENIED IN PART. Defendants ADMIT that the Executive Director of CCC conversed with the hearing commissioner but DENY that the conversation constitutes an "ex parte" communication. Defendants further ADMIT that the hearing commissioner was browsing his

1    phone during the proceeding but DENY that the browsing was "extensive." Defendants further

2    DENY that these actions constitute "a garden variety of irregularities."

3        81.    The allegations set forth in Paragraph 81 of the Complaint are ADMITTED IN

4    PART AND DENIED IN PART. Defendants ADMIT that an article was published after the

5    revocation hearing but lack sufficient knowledge to form a belief as to the cause of the publication

6    or as to the purpose or effect of the article and the corresponding allegations are therefore deemed

7    DENIED.

8        82.    Defendants lack sufficient knowledge to form a belief as to the nature and timing

9    of information learned by IPI and the allegations in Paragraph 82 of the Complaint are therefore

10   deemed DENIED.

11       83.    The allegations set forth in Paragraph 83 of the Complaint are ADMITTED.

12       84.    Defendants lack sufficient knowledge to form a belief as to the nature and timing

13   of information learned by IPI and the allegations in Paragraph 84 of the Complaint are therefore

14   deemed DENIED.

15       85.    The allegations set forth in Paragraph 85 of the Complaint are ADMITTED.

16       86.    The allegations set forth in Paragraph 86 of the Complaint are ADMITTED.

17       87.    The allegations set forth in Paragraph 87 of the Complaint are ADMITTED.

18       88.    The allegations set forth in Paragraph 88 of the Complaint set forth legal

19   conclusions to which no response is required. In any event, the allegations are DENIED.

20       89.    The allegations set forth in Paragraph 89 of the Complaint set forth legal

21   conclusions to which no response is required. In any event, the allegations are DENIED.

22       90.    The allegations set forth in Paragraph 90 of the Complaint are ADMITTED.

23       91.    The allegations set forth in Paragraph 91 of the Complaint are ADMITTED.

24       92.    The allegations set forth in Paragraph 92 of the Complaint are ADMITTED, subject

25   to clarification. Defendants ADMIT that the CNMI has covered certain Commission expenses but

26   DENY that the funding was "loaned" to the Commission.

27       93.    The allegations set forth in Paragraph 93 of the Complaint set forth legal

28   conclusions to which no response is required. In any event, the allegations are DENIED.

94.     The allegations set forth in Paragraph 94 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

95.     The allegations set forth in Paragraph 95 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

96.     The allegations set forth in Paragraph 96 of the Complaint are ADMITTED.

97.     The allegations set forth in Paragraph 97 of the Complaint are ADMITTED.

98.     The allegations set forth in Paragraph 98 of the Complaint are ADMITTED.

99.     The allegations set forth in Paragraph 99 of the Complaint are ADMITTED.

100.    The allegations set forth in Paragraph 100 of the Complaint are ADMITTED.

101.    Defendants incorporate by reference its responses to the allegations in Paragraphs 1 through 100 of the Complaint.

102.    The allegations set forth in Paragraph 102 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT that the described relief is sought by Plaintiffs, but DENIES that Plaintiffs are entitled to such relief.

103.    The allegations set forth in Paragraph 103 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that CNMI and IPI had an existing contractual relationship and that the contract provides IPI with certain contractual rights to operate a casino in the CNMI in exchange for compensation to CNMI. However, the allegation that the contractual relationship provides IPI with "property rights to operate a casino" sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED. In addition, Defendants DENY the characterization of the compensation as "substantial" in light of the significance of the provided contractual rights.

104.    The allegations set forth in Paragraph 104 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

105.    Defendants lack sufficient knowledge to form a belief as to the nature of beliefs held by IPI and the allegations in Paragraph 105 of the Complaint are therefore deemed DENIED.

106.    The allegations set forth in Paragraph 104 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

107.   Defendants lack sufficient knowledge to form a belief as to the nature of beliefs held by IPI and the allegations in Paragraph 107 of the Complaint are therefore deemed DENIED.

108.   The allegations set forth in Paragraph 108 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

109.   Defendants lack sufficient knowledge to form a belief as to the nature of beliefs held by IPI and the allegations in Paragraph 109 of the Complaint are therefore deemed DENIED.

110.   The allegations set forth in Paragraph 110 of the Complaint are ADMITTED.

111.   The allegations set forth in Paragraph 111 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that the CLA contains the referenced terms. However, the allegation set forth in Paragraph 111 of the Complaint that the issue should be resolved pursuant to those terms sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED.

112.   The allegations set forth in Paragraph 112 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

113.   The allegations set forth in Paragraph 113 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that the CLA contains the referenced terms. However, the allegation set forth in Paragraph 113 that the issue should be resolved pursuant to those terms sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED.

114.   The allegations set forth in Paragraph 114 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

115.   The allegations set forth in Paragraph 115 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that the CLA contains the referenced terms. However, the allegation set forth in Paragraph 115 that the issue should be resolved pursuant to those terms sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED.

116.   The allegations set forth in Paragraph 116 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

117.   The allegations set forth in Paragraph 117 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

118.   Defendants lack sufficient knowledge to form a belief as to the nature and amount of fees incurred by IPI and the allegations in Paragraph 118 of the Complaint are therefore deemed DENIED.

119.   Defendants incorporate by reference its responses to the allegations in Paragraphs 1 through 118 of the Complaint.

120.   The allegations set forth in Paragraph 120 of the Complaint are ADMITTED, subject to clarification. Defendants ADMIT that the described relief is sought by Plaintiffs, but DENIES that Plaintiffs are entitled to such relief.

121.   The allegations set forth in Paragraph 121 of the Complaint are ADMITTED.

122.   The allegations set forth in Paragraph 122 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that 4 CMC 2314 gives CCC authority to interpret the CLA, to adjudicate certain disputes arising from the CLA, and to regulate IPI as a casino operator. However, the characterization of the nature of the functions assumed by CCC sets forth a legal conclusion to which no response is required. In any event, the allegation is DENIED. The remaining allegations, including the allegations that the named Defendants have an interest in finding IPI in violation of the CLA, and that CCC is funded "exclusively" by regulatory fees, are DENIED.

123.   The allegations set forth in Paragraph 123 of the Complaint set forth legal conclusions to which no response is required. In any event, the allegations are DENIED.

124.   The allegations set forth in Paragraph 124 of the Complaint are ADMITTED IN PART AND DENIED IN PART. Defendants ADMIT that CCC determined thirty days after notification to be a "reasonable deadline," and that Plaintiff IPI made multiple motions for disqualification.  Defendants Demapan, Taitano, Mendiola, and Cruz ADMIT that they did not disqualify themselves as "the hearing commissioners," but DENY the allegation that they refused to disqualify themselves as voting commissioners to deliberate and vote as neither deliberation nor vote was made and as they informed Plaintiff  IPI at the hearing that the motions to disqualify

would be decided prior to any deliberation as to the revocation of its casino license.  Defendant Guerrero DENIES the allegation that he refused to disqualify himself as a voting commissioner to deliberate and vote on the revocation hearing as he did not participate in the revocation hearing and openly recused himself from the matter citing his involvement in assisting the CCC Executive Director in the subject matter.  However, the remaining allegations set forth legal conclusions to which no response is required. In addition, the remaining allegations, including the allegations that the named Defendants have an apparent conflict of interest or an interest in the outcome of the revocation hearing, are DENIED.

125.    The allegations set forth in Paragraph 125 of the Complaint are DENIED.

126.    Defendants lack sufficient knowledge to form a belief as to the nature and amount of fees incurred by IPI and the allegations in Paragraph 126 of the Complaint are therefore deemed DENIED.

## **AFFIRMATIVE DEFENSES**

Defendants further assert the following affirmative defenses:

1.    Plaintiffs failed to exhaust administrative remedies.

2.    Plaintiffs fail to state a claim upon which relief can be granted.

3.    Plaintiffs waived the alleged claims.

4.    Plaintiffs' claims are barred by the doctrine of res judicata.

5.    Plaintiffs consented to some or all of the alleged acts by Defendants or its agencies.

6.    The statute of limitations for all or some of Plaintiffs' claims has expired.

7.    The damages allegedly sustained by Plaintiffs were caused or contributed to by Plaintiffs or acts of persons other than Defendants.

8.    Plaintiffs assumed the risks of entering into the Casino License Agreement and operating in the heavily regulated casino industry.

9.    Plaintiffs' claims are barred in whole or in part by the doctrine of estoppel.

10.    Plaintiffs' claims are barred in whole or in part by the doctrine of latches.

11.    Plaintiffs are unable to show that Defendants caused Plaintiffs to suffer a constitutional "deprivation" within the meaning of 42 U.S.C. § 1983.

12.   Defendants' conduct was reasonable with respect to Plaintiffs' claims. "Even defendants who violate constitutional rights enjoy a qualified immunity that protects them from liability for damages unless it is further demonstrated that their conduct was unreasonable under the applicable standard." *Davis v. Scherer*, 468 U.S. 183, 190 (1984).

13.   Plaintiffs are unable to show that Defendants violated a "clearly established" constitutional or statutory law protecting civil rights.

14.   Plaintiffs' claims are barred by the doctrine of unclean hands.

15.   Defendants acted lawfully at all relevant times with respect to Plaintiffs' claims.

16.   Defendants reserve the right to assert any and all additional affirmative defenses which become appropriate based on further discovery in this matter.

**WHEREFORE,** Defendants pray for judgment as follows:

1.   That the Court enter judgment:

    A.   Finding that there was no unconstitutional impairment of contract or violation of the Contracts Clause of the U.S. Constitution; and

    B.   Finding that there was no violation of the Due Process Clauses of the U.S. Constitution.

2.   That the Court award any additional such relief this Court deems just and proper.

Dated: August 13, 2024

OFFICE OF THE ATTORNEY GENERAL

          /s/
Carl F. Dela Cruz (F0525)
Assistant Attorney General

*Attorneys for Defendants Commonwealth Casino Commission; Edward C. Deleon Guerrero in his official and personal capacities; Rafael S. Demapan in his official and personal capacities; Mariano Taitano in his official and personal capacities; Martin Mendiola in his personal capacity; and Ramon M. Dela Cruz in his personal capacity*

11