1  Stephen J. Nutting
   Law Office of Stephen J. Nutting
2  6th Floor Marianas Business Plaza
   P.O. Box 5093 Saipan, MP 96950
3  Michael Chen
   Michael Chen Law Offices
4  7330 Edna Ave.
   Las Vegas, NV 89117
5  (*Pro Hac Vice*)
   *Attorneys for Plaintiffs IPI (CNMI) LLC,*
6  *Best Sunshine International Ltd.*
7
8
9          **IN THE UNITED STATES DISTRICT COURT**
10           **FOR THE NORTHERN MARIANA ISLANDS**
11
12  Imperial Pacific International (CNMI) LLC,     **CASE NO. 1:24-cv-00001**
13  Best Sunshine International Ltd. (BVI);
                                                  **OPPOSITION TO DEFENDANT**
14             Plaintiffs,                        **CNMI'S MOTION TO DISMISS**

15             vs.                                **CONCURRENTLY FILED WITH**
16  Commonwealth of the Northern Mariana          **MOTION FOR LEAVE TO FILE**
    Islands, et. al.                              **THIRD AMENDED COMPLAINT**
17
               Defendants.
18
19                                                **Hearing Date:**
                                                  **Time:**
20                                                **Judge: Hon. David O. Carter**
21
22  //
23  //
24  //
25  //
26  //
27  //
28  //

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

## TABLE OF CONTENTS

I.   INTRODUCTION .................................................................. 1

II.   FACTUAL BACKGROUND ................................................ 3

III.  MOTION TO DISMISS LEGAL STANDARD ..................... 7

A.  RULE 8 (A) (2) PLEADING STANDARD ................................. 7

B.  RULE 12(B) (1) STANDARD FOR STANDING ......................... 8

C.  RULE 12(B) (1) STANDARD FOR SOVEREIGN IMMUNITY ...... 8

D.  RULE 12(B) (6) STANDARD WITH RESPECT TO RES JUDICATA ... 8

IV.  LEGAL ARGUMENT ........................................................ 9

A.  DEFENDANT ACKNOWLEDGES PRIVITY BETWEEN THE GOVERNOR, THE COMMISSION, THE COMMISSIONERS ON ONE HAND AND THE COMMONWEALTH ON THE OTHER HAND. ... 9

B.  IPI HAS STANDING TO SUE. ................................................. 10

C.  IPI HAS THE RIGHT TO CHOOSE BETWEEN STATE COURT REMEDIES AND FEDERAL COURT REMEDIES. ................................. 11

D.  IPI'S CLAIMS ARE NOT BARRED BY *RES JUDICATA*. ............ 11

i.   The claims center on facts arising after the filing of the earlier actions. ... 12

ii.   The claims are not the same. .......................................... 13

iii.  None of the previous Commission proceedings shall be given *res judicata* effect to the claims raised in this Action. .................................... 14

E.  CNMI WAIVED ITS 11TH AMENDMENT SOVEREIGN IMMUNITY FOR CLAIMS UNDER 42 USC §1983. ................................................. 17

F.  THE ISSUE WHETHER CCC IS A "SUE OR TO BE SUED" ENTITY UNDER CNMI LAW IS MOOT. ... 18

V.  CONCLUSION .................................................................. 19

**TABLE OF AUTHORITIES**

**CASES**

*Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam) ... 19

*Chao v. A–One Med. Servs., Inc*., 346 F.3d 908, 921 (9th Cir.2003) ........................................... 14

*Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011).... 18

*Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012)...................... 15

*Fleming v. Department of Public Safety*, 837 F.2d 401 (9ᵗʰ Cir. 1988)........................................ 19

*Foothills Christian Ministries v. Johnson*, 2024 U.S. Dist. LEXIS 91131. ................................ 10

*French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) ...................................................... 19

*Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133

    (E.D.Cal.2003)......................................................................................................................... 18

*In re Estate of Dela Cruz,* 2 N.M.I. at 11................................................................................... 16

*In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) ............................ 16

*Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008)..................................................... 15

*Madrid v. Concho Elementary School Dist. No. 6 of Apache Cnty*., 2008 WL 45410, at *2

    (D.Ariz.,2008)........................................................................................................................... 17

*Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24,

    2019) ............................................................................................................... 10, 19, 20

*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980)............................................................................. 17

*Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003) .................................................................. 20

*Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995) ..................................................................... 16

*Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, (1978) .................. 10

*Monroe v. Pape*, 365 U.S. 167 (1961), ........................................................................................ 11

*Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005)................................... 13

*Norita v. Commonwealth of the N. Mariana Islands Dep't of Pub. Safety*, 2019 U.S. Dist. LEXIS

    5376............................................................................................................................................ 10

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

*Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984) ............................................................................................................. 19

*Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N. Mariana Islands), 2011) ...................................................................................................... 16

*Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) .......... 15

*Taylor v. Sturgell*, 553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) ......................... 17

*United States v. Utah Constr. & Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). ................................................................................................................... 17

*Ward v. Monroeville*, 409 U.S. 57, 62 (1972) .................................................................................. 11

**STATUTES**

1 CMC § 9109 (e) (2) ........................................................................................................................... 6

4 C.M.C. Section 2309 (a) .................................................................................................................... 3

4 CMC§ 2313 (c). ................................................................................................................................ 4

**OTHER AUTHORITIES**

Public Law 19-24 .................................................................................................................................. 3

**RULES**

Rule 201 of the Federal Rules of Evidence ............................................................................. 3, 4, 5, 6

Rule 201 of the Federal Rules of Evidence. .................................................................................. 4, 5

**REGULATIONS**

NMIAC § 175-10.1-1410 ...................................................................................................................... 6

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs Imperial Pacific International (CNMI) LLC, ("IPI") and Best Sunshine International Ltd. (BVI), hereby respond to the Motion to Dismiss (ECF No. 61) filed by Defendant Commonwealth of the Northern Mariana Islands.

I.    INTRODUCTION

In their Second Amended Complaint ("SAC"), (ECF No. 56), which is the current operative pleading, Plaintiffs alleged two causes of actions: 1. Violation of the contracts clauses of the U.S. Constitution, 2. Violation of the Due Process clauses of the U.S. Constitution. Plaintiffs sought declaratory and injunctive relieves.

Defendant CNMI moved to dismiss the SAC pursuant to Rules 8(a), 17(b), 12 (b) (1) and (6) of the Federal Rules of Civil Procedure.

Defendant CNMI argues that Plaintiffs failed to allege a cause of action against the Commonwealth as a government entity, although it does acknowledge that Plaintiffs did make factual allegations against the agents/agencies of Defendant CNMI.

Defendant CNMI argues that the plaintiff Best Sunshine International Ltd. (BVI) ("Best Sunshine") should be dismissed under Rule 17(b) because Best Sunshine lacks the capacity to sue under the laws of British Virgin Island ("BVI").

Defendant CNMI argues that the SAC should be dismissed under Rule 12(b) (1) because Defendant CNMI enjoys sovereign immunity.

Defendant CNMI argues that the SAC should be dismissed under Rule 12(b) (6) due to the doctrine of *res judicata*.

Defendant CNMI also argues that the dispute is not ripe for judicial intervention by federal court, and Plaintiffs suffered no remediable injury, have no standing and should wait for final agency action, then exhaust state court remedies, before Plaintiffs can come to federal court for relief.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

At the end, Defendant CNMI argues that CCC is not a "sue or be sued" entity, and lawsuit against CCC is "just another claim against the Commonwealth." Defendant CNMI asks the Court to dismiss CCC in its entirety.

Plaintiff Best Sunshine noticed that its registered agent in BVI resigned in year 2023 and Best Sunshine is in the process of locating a registered agent in BVI and to restore its legal status in BVI. As such, Best Sunshine asks leave from the Court to withdraw itself as a plaintiff in this action until its legal capacity to sue is restored under the law of BVI. The concurrently filed Motion for Leave to Amend the SAC, and the proposed Third Amended Complaint ("TAC") reflect the withdrawal by Best Sunshine.

Defendant CNMI's argument as to its sovereign immunity contradicts with the settled legal precedents.

Defendant's argument as to *res judicata* must fail because the constitutional claims brought in this action arose after the earlier litigation (a "bright line rule" for not applying *res* judicata) and are distinct from the claims litigated earlier.   Further, affording the Commission order *res judicata* effect would be a manifest injustice and offend the important public interest of judicial impartiality. Simply put, the Commission cannot be expected to impartially rule on constitutional challenges against the very statutory scheme that funds the Commission and renders its existence possible.

Defendant CNMI's argument as to the ripeness is flawed because 42 USC § 1983 provide an independent and supplementary remedy in addition to any state remedies, the latter need not be first sought and refused before the federal one is invoked.

Plaintiff IPI has already suffered recognized injuries due to the violation of its due process rights, even before the final agency action is made. The bar for standing as it relates to due process is low. Typically, simply alleging that procedures are inadequate establishes a sufficient injury-in-fact for Article III standing.

While not representing Commonwealth Casino Commission, counsel for Defendant CNMI made the argument that CCC should also be dismissed because CCC is not a "sue or be sued" entity under CNMI law, which is contradicted by the applicable CNMI statue: 4 CMC §2134 (q).

This issue is also moot because CCC has filed an Answer to SAC. (ECF No. 62) through its own legal counsel.

## II.   FACTUAL BACKGROUND

As alleged in the SAC and the proposed Third Amended Complaint ("TAC"): On or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with then Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI paid the annual license fee each year between 2014 and 2019.

On December 4, 2015, CNMI promulgated Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars on or before October 1 of each year beginning October 1, 2015 ("Regulatory Fee Statute").

The Regulatory Fee is due to CCC "regardless of the actual costs incurred by the [CCC]." 4 C.M.C. Section 2309 (a). IPI paid the Casino Regulator Fee each year from 2015 through 2019.

Before Public Law 19-24 was signed by then Acting Governor, Ralph DLG. Torres, the CNMI legislature's statutory language provided for a "Nonrefundable Credit" to the Regulatory Fee such that IPI could apply the $3 million Regulatory Fee to CCC as a credit against taxes on general revenue as imposed by 4 C.MC. Section 1301. However, the Acting Governor vetoed the provision of "Nonrefundable Credit" with the stated reason that, "the cost of regulating casino gaming activities on Saipan are to be paid in full by the licensee."

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its October 1, 2020, Regulatory Fee payment. The Commission commenced several enforcement actions, including Complaint No. 20-005 with regard to IPI's failure to pay the Regulatory Fee on October 6, 2020. See **Exhibit A.** (Plaintiff requests the court to take judicial notice of **Exhibit A** under Rule 201 of the Federal Rules of Evidence.)

In response to Complaint No. 20-005, IPI asserted in its affirmative defenses that the Regulatory Fee is unconstitutional, including for the reasons that it is an unlawful taxation

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

disguised as a fee, it deprives IPI of property without due process and is arbitrary and excessive, it violates IPI's right to equal protection, and it is an unconstitutional executive impoundment of funds. See **Exhibit B ¶¶ H, I, J, and K. (**Plaintiff requests the court to take judicial notice of Exhibit B under Rule 201 of the Federal Rules of Evidence.)

Following what are claimed to have been "evidentiary hearings,"[1]  on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. With respect to Complaint No. 20-005, the Order contains one, short, conclusory paragraph simply finding that IPI "offered no defense" to the claims and thus violated the Regulatory Fee requirements. See **Exhibit C ¶17. (**Plaintiff requests the court to take judicial notice of **Exhibit C** under Rule 201 of the Federal Rules of Evidence.) The Order overlooks IPI's affirmative defenses related to its constitutional challenge to the Regulatory Fee, and offers no analysis or finding on these constitutional claims. There are two signatories to the Order: CCC Chairman Edward C. Deleon Guerrero and Defendant Demapan. ECF No. 1-3 at 6. The Chairman is a signatory as to Enforcement Action 2020-003 (consolidated). ECF No. 1-3 at 6. Defendant Demapan is a signatory as to Enforcement Action 2020-001 (consolidated). Defendant Taitano voted for Commission Order.

Notably, the Commissioners are not lawyers, and instead the qualifications of a commissioner include the following: "A Commission member must be an adult, and possess a good moral character, a bachelor's degree in any field of study from a postsecondary educational institution accredited in the United States or must have at least five years of work experience in the following areas: business management, government management, or financial management." 4 CMC§ 2313 (c).

More importantly, and by admission of attorney for the CCC in a related case, case No. 23-cv-00014, "although the Commission has an account separate from the central government pursuant to P.L. 19-24, the funds [for the Commission] were dependent ***solely on Plaintiff's payment of the Casino Regulatory Fee***." (emphasis added) (ECF No. 4 of 23-cv-00014 at 24).

---

[1]  The rules for evidence at the hearing are that "Any relevant evidence, not subject to a claim of privilege, may be admitted regardless of any rule of evidence which would bar such evidence in judicial matters." NMIAC § 175-10.1-1415 (d) (2).

In fact, IPI acknowledges that the $3M is not the only source of income for the Commission, but it is clearly the lion's share of the revenue of CCC. Here is a table of the revenue of the Commission since year 2018 to 2022:

|  | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|
| Casino Regulatory Fees | $3,000,000 | $3,000,000 | $3,000,000 | $0 | $0 |
| Other Regulatory Fees | $151,242 | $100,328 | $106,500 | $20,214 | $15,000 |
| General Fund | $0 | $1 | $1 | $1 | $1 |

ECF No. 24-10 Exhibit J. Commission Annual Reports.

It would be fair to say CCC may not survive much longer or otherwise function properly without the payment of the annual regulatory fee by IPI.

On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order. See **Exhibit D.** (Plaintiff requests the court to take judicial notice of Exhibit D under Rule 201 of the Federal Rules of Evidence.) As the constitutional issues were clearly not within the scope of the underlying Commission Order, the court ruling similarly does not address any of the constitutional concerns raised in IPI's initial affirmative defense before the Commission.

Likewise, the Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. See **Exhibit E.** (Plaintiff requests the court to take judicial notice of Exhibit E under Rule 201 of the Federal Rules of Evidence.)

Notably, however, the CNMI Supreme Court affirmed in part, reversed in part, and remanded the matter back to the Commission for further proceedings consistent with the opinion.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order. See **Exhibit F.**

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

(Plaintiff requests the court to take judicial notice of Exhibit F under Rule 201 of the Federal Rules of Evidence.)

On November 30, 2023, without any hearing or notice to IPI, the Commission issued a "Notice of Payment Deadline" letter in which it reasoned that "Many contracts provide a thirty-day cure period for monetary default to provide sufficient time for the party to perform its obligations of making payments" and, therefore, "Thirty days is sufficient time" for IPI to pay $62,010,280 annual license fees allegedly accrued for year 2020 to 2023. The Commission has not issued any other order on this matter and it thus remains open before the Commission.

On February 29, 2024, this Court denied Plaintiff's emergency motion for an emergency TRO restraining Defendant from conducting the permanent license revocation hearing. Although not considering the argument of *res judicata*, this Court observed with respect to Plaintiff's due process claim that "at [the] contested case hearings, the Chairman may designate a member of the CCC to serve as hearing commissioner,"[2] that "NMIAC also dictates other discretionary choices in proceedings," that at present it was unclear from the pleadings "who exactly [among the commissions] would have this conflict, and that since Executive Director Andrew Yeom had filed the motion and requested a revocation hearing this "would appear to fulfill more of the role of a civil plaintiff or prosecutor than a judicial or quasi-judicial role."  (ECF No. 9, pp.11-12)

The permanent revocation proceedings then took place between February 28, 2024, and March 1, 2024.    Defendants Demapan, Taitano, Mendiola, and Cruz served as the hearing commissioners and ***did not*** recuse themselves. Counsel for IPI made separate motions to disqualify them based on the following four grounds: (1) all of the hearing commissioners are in fact paid by CCC which is financed almost exclusively by the regulatory fee; (2) all of the commissioners had prior knowledge of the underlying claims giving rise to the permanent license revocation proceedings, including through direct communications with the Executive

---

[2]  As the Court recognized (ECF No. 9 at 11), CNMI regulation permits the commissioners of CCC to designate a third party, supposedly an impartial party, to be the hearing officer at the revocation hearing, see NMIAC § 175-10.1.1-1410. and the hearing officer can disqualify himself/herself at any time during the hearing. See 1 CMC § 9109 (e) (2).

Director; (3) all of the commissioners had actually been involved in issuing the very Commission Orders giving rise to these permanent revocation proceedings (effectively being asked to review or affirm their earlier decisions); and (4) the commissioners had failed to follow the suggestion of this Court by not appointing non-commissioners as hearing officers. (SAC ¶84) These motions were never ruled upon by the commissioners, who continued to sit as hearing officers. (SAC ¶85) In addition, the Executive Director was observed repeatedly having *ex parte* communications with the commission hearing officers, and one hearing officer was observed extensively browsing his phone during the hearing. (SAC ¶86). Following the conclusion of the hearing, but before the scheduled deliberation and voting, Governor Palacios made public remarks, which demonstrated his attitude towards IPI, his involvement in the negotiation process, his understanding of IPI's breach of contract.    In the official statement, Governor Palacios impeached the testimony of and attacked the credibility of IPI's witnesses at the hearing. (SAC ¶87).

## III.   MOTION TO DISMISS LEGAL STANDARD

### A.   Rule 8 (a) (2) Pleading Standard

The pleading standard under Rule 8(a)(2) in the 9th Circuit requires that a pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief. This standard does not demand detailed factual allegations but requires more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action.    *Anderson v. Anderson*, 2024 U.S. Dist. LEXIS 16422, *Jensen v. Brown*, 2023 U.S. Dist. LEXIS 172458,

To meet this standard, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. This plausibility standard is not akin to a probability requirement but asks for more than a sheer possibility that a defendant has acted unlawfully. *Spencer v. Jasso*, 2024 U.S. Dist. LEXIS 7809.

The 9th Circuit follows the methodological approach set forth in *Ashcroft v. Iqbal* 556 U.S. 662, 677–78 (2009), where the court first identifies the elements of the asserted claim based

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

on statute or case law. The court then determines whether the well-pleaded factual allegations, assumed to be true, plausibly give rise to an entitlement to relief.

Legal conclusions can provide the framework of a complaint, but they must be supported by factual allegations. *Spencer v. Jasso*, 2024 U.S. Dist. LEXIS 7809.

**B.  <u>Rule 12(b) (1) Standard for Standing</u>**

To establish standing in order to survive a motion to dismiss under Rule 12 (b) (1), a plaintiff must demonstrate that they have suffered an injury in fact that is concrete and particularized, and actual or imminent, not conjectural or hypothetical. This injury must be fairly traceable to the challenged conduct of the defendant and likely to be redressed by a favorable judicial decision. *Whitaker v. Independence Menlo Hotel Owner, LLC*, 2021 U.S. Dist. LEXIS 159006. When seeking injunctive relief, the plaintiff must also show a sufficient likelihood of being wronged again in a similar way. *Whitaker v. Independence Menlo Hotel Owner, LLC*, 2021 U.S. Dist. LEXIS 159006.

**C.  <u>Rule 12(b) (1) Standard for Sovereign Immunity</u>**

Regarding sovereign immunity, a Rule 12(b)(1) motion is the proper vehicle for invoking this defense. The party asserting sovereign immunity bears the burden of establishing its existence. If sovereign immunity is properly invoked, federal courts lack jurisdiction over the claims against the sovereign entity.    See *Avila v. California*, 2021 U.S. Dist. LEXIS 26686. The court must address sovereign immunity as a threshold issue before reaching the merits of the case.  *Oregon Mfrs. & Commerce v. Oregon Occupational Safety & Health Division*, 2022 U.S. Dist. LEXIS 228498.

**D.  <u>Rule 12(b) (6) Standard with respect to Res Judicata</u>**

The legal standard for a Rule 12(b)(6) motion with respect to *res judicata* in the 9th Circuit allows a defendant to raise the affirmative defense of res judicata in such a motion. This is permissible when the defense raises no disputed issues of fact and the court can take judicial notice of the records from the prior proceedings.

A Rule 12(b)(6) motion challenges the sufficiency of a complaint by asserting that the complaint fails to state a claim upon which relief can be granted. In the context of *res judicata*,

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

the court must determine whether the elements of *res judicata* are met: (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.    See *Stewart v. United States Bancorp*, 297 F.3d 953. If these elements are satisfied, the court can dismiss the complaint on the grounds of *res judicata*.

The 9th Circuit has consistently held that *res judicata* can be properly raised in a Rule 12(b)(6) motion when the relevant facts are discernible from judicially noticeable records of prior proceedings, and there are no disputed issues of fact.    *Alcaraz v. KMF Oakland LLC,* 2019 U.S. Dist. LEXIS 210934. This approach promotes judicial efficiency by preventing the relitigation of claims that have already been resolved.

IV.  LEGAL ARGUMENT

**A.  Defendant CNMI acknowledges privity between the Governor, the Commission, the Commissioners on one hand and the Commonwealth on the other hand. Plaintiff pleaded sufficient facts against the agents and agencies of the Commonwealth.**

Defendant CNMI argues that Plaintiff makes no allegations against the Commonwealth itself while acknowledging that privity exists between the Commission and the Commonwealth.

For the first cause of action, unconstitutional impairment of contract and violation of the contracts clause of the U.S. Constitution, the SAC pleaded in great details how the Commonwealth enacted Public Law 19-24, which imposes a new obligation on IPI to pay CCC an annual "Casino Regulatory Fee" of three million dollars beginning from October 1, 2015.

For the second cause of action, Defendant CNMI also makes a self-contradicting argument that IPI did not allege any actions by CNMI but by branches and agencies of CNMI, (ECF 61-1, P. 10), and ask the Court to dismiss CNMI as a defendant from this Action for "failure to adequately plead actions taken directly by the Commonwealth as opposed to agents and agencies." (ECF 61-1, P. 11), then argues "the inclusion of the CCC in this action is just another claim against the Commonwealth" and suggested that "the CCC should be dismissed in its entirety because it cannot be sued in its own name." (ECF 61-1, P. 19). Reading the two arguments together, Defendant CNMI is asking the Court to dismiss both the Commonwealth and CCC for exact opposite reasons.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

In *Norita v. Commonwealth of the N. Mariana Islands Dep't of Pub. Safety*, 2019 U.S. Dist. LEXIS 5376, and in *Manila v. CNMI Dep't of Corr.*, 2019 U.S. Dist. LEXIS 12616; when the Court found the parties to be sued lack the capacity to be sued, the court substituted the Commonwealth for the parties that lack the capacity to be sued. Therefore, even if the Court find CCC does not have the capacity to be sued under CNMI Law, the proper solution is to substitute the Commonwealth for CCC rather than dismiss the Commonwealth as a defendant from this Action.

For the cause of action of violation of the Contracts Clause of the U.S. Constitution, the Commonwealth is the only proper defendant for the enactment of the challenged public law 19-28.

The Commonwealth can also be named as an independent defendant for 42 USC § 1983 claims, along with official capacity defendants, insofar as it is for injunctive or declaratory relief only. See *Norita* at 17, see also *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n.55, (1978). Given the fact that there are a number of government officials were sued in their official capacities in this Action, the Commonwealth is a proper party for the second cause of action.

**B.  IPI has Standing to Sue.**

"The bar for standing as it relates to due process is low. Typically, simply alleging that procedures are inadequate establishes a sufficient injury-in-fact for Article III standing. That is because determining the adequacy of the process is generally a merits question, even if a plaintiff does not use the process provided." See *Foothills Christian Ministries v. Johnson*, 2024 U.S. Dist. LEXIS 91131.

The failure to provide a disinterested and impartial decision maker in an administrative adjudication itself is sufficient to constitute an actionable violation of IPI's due process right guaranteed by the U.S. Constitution.

IPI have suffered an injury in fact, which is the absence of a disinterested and impartial decision maker at the license revocation hearing, the injury is concrete and particularized; it occurred in reality, not conjectural or hypothetical. This injury is directly traceable to the

challenged conduct of the defendant, i.e. refusal by the hearing commissioners to recuse themselves upon motions made by IPI; the injury is likely to be redressed by a favorable judicial decision. Without judicial intervention of federal court by granting injunctive relief, there is a strong likelihood, if not certainty, that IPI would be wronged again in a similar way where the Commissioners would deliberate and vote to revoke IPI's casino license. The fact that the revocation proceeding is stayed due to a bankruptcy filing by IPI and the alleged lack of a quorum[3] would not be an insurmountable barrier should CNMI determine to march forward with the revocation decision.

**C. IPI has the right to choose between state court remedies and federal court remedies.**

Defendant CNMI argues that there are state court judicial review processes available to correct the constitutional violations as alleged by IPI, therefore, IPI must avail itself of the state court judicial review before it can come before a federal court for remedy.

Under *Ward v. Monroeville*, 409 U.S. 57, 62 (1972), IPI is "entitled to a neutral and detached judge in the first instance." The mere possibility that the violation by CCC can be corrected by judicial review afforded by the CNMI judiciary does not cure such violation. Under *Monroe v. Pape*, 365 U.S. 167 (1961), the federal remedy, i.e. a lawsuit brought under 42 USC § 1983 in federal court, is supplementary to the state remedy, and the latter need not be first sought and refused before the federal one is invoked. IPI has the right to choose between seeking judicial review at CNMI judiciary after receiving an adverse final agency action, or asserting a 42 USC § 1983 claim in federal court after the revocation hearing but before the final agency action is announced, which is what IPI did exactly in this Action.

**D. IPI's claims are not barred by *res judicata*.**

IPI's constitutional claims in this action are not barred by *res judicata* for two reasons. First, they center on facts arising after the filing of the earlier actions, and second, they concern different claims (particularly different infringements of rights - the first involving the temporary

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

---

[3] On August 20, 2024, Governor Palacios nominated Thomas Atalig Manglona to represent Rota on the Commonwealth Casino Commission.If confirmed by the Senate, Manglona will fill the seat vacated by Martin T. Mendiola.

suspension of the license, the second involving the permanent revocation and loss of that license).

> ### i.     The claims center on facts arising after the filing of the earlier actions.

As to the first argument, it is settled law that "the rule that a judgment is conclusive as to every matter that could have been asserted ***does not*** apply to new claims that arise while the first action was being litigated." *Ashker v. Cate*, No. C 09-2948 CW, 2012 U.S. Dist. LEXIS 45575, at \*13-14 (N.D. Cal. Mar. 30, 2012) (emphasis added, citing *Los Angeles Branch NAACP v. Los Angeles Unified School Dist.*, 750 F.2d 731, 739 (9th Cir. 1984). "Thus, *res judicata* does not bar litigation of claims based on events that occurred after the filing of the complaint in the first lawsuit." *Id.*, (citing *Curtis v. Citibank*, N.A., 226 F.3d 133, 139 (2nd Cir. 2000) (cited in *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 693 (9th Cir. 2007)).

In fact, the Ninth Circuit has recently characterized this as a bright-line rule: "To assess whether two claims could have been brought together, we apply ***a bright-line rule*** 'that *res judicata* does not apply to events post-dating the filing of the initial complaint." *Flores v. Life Ins. Co. of N. Am.*, No. 22-55779, 2024 U.S. App. LEXIS 1386, at \*2-3 (9th Cir. Jan. 22, 2024) (emphasis added, citing " *Howard v. City of Coos Bay*, 871 F.3d 1032, at 1039 (9th Cir. 2017), quoting *Morgan v. Covington Township*, 648 F.3d 172, 177-78 (3d Cir. 2011)).

Here, central to IPI's constitutional claims in this action are the events arising after the filing of the earlier litigation, namely: (1) the Commission's arbitrary determination on November 30, 2023 that a mere thirty days was a reasonable period of time for IPI to pay $62,010,280 the annual license fees or otherwise be subject to permanent license revocation, and (2) the conduct of the permanent license revocation hearing itself, between February 28, 2024 and March 1, 2024, for which IPI alleges numerous due process violations on account the inherent conflict of interest on the part of the commission hearing officers,[4]  the hearing officers'

---

[4] Although this Court was not persuaded on this issue at the time of the TRO briefing, that is not dispositive of this issue at this early stage of the case, and indeed the Court noted that IPI was merely alleging without evidence that the Commissioners have been paid from borrowed funds, and further noted that the role of the commissioners in the

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x

refusal to even consider or rule upon IPI's motions to disqualify, and *ex parte* communication and involvement by the Governor to the media concerning the hearing and witness testimony.

For this reason alone, and under this "bright line" rule, *res judicata* does not bar IPI's constitutional claims in this action.

### ii.     The claims are not the same.

Setting this aside and for the sake of argument, a further reason why *res judicata* does not apply is because the claims in this action are necessarily different than any sort of claims that could have been asserted in the earlier litigation as they concern the Defendant's permanent revocation of the license as opposed to only the temporary suspension of the license and center on different sets of facts.

"Whether the two suits involve the same claim or cause of action requires us to look at four criteria, which we do not apply mechanistically: (1) whether the two suits arise out of the same transactional nucleus of facts; (2) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (3) whether the two suits involve infringement of the same right; and (4) whether substantially the same evidence is presented in the two actions.") (citing *Chao v. A–One Med. Servs., Inc*., 346 F.3d 908, 921 (9th Cir.2003) *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005).

At the time of the earlier litigation, IPI was only confronting and challenging the temporary suspension of its license, whereas now it is challenging the permanent loss of its license. Moreover, the permanent loss is premised not only on IPI's failure to pay the regulatory fee leading up to the temporary revocation due to *force majeure*, but also during the time for when IPI was legally prohibited from operating due to the temporary suspension of its license. This new action thus concerns an inherently different right being infringed.   *See., e.g.*, *Garden City, Inc. v. City of San Jose* (N.D.Cal. Oct. 3, 2013, No. 5:13-cv-00577-PSG) 2013 U.S.Dist.LEXIS 144977, at *5-6. (ultimate denial of permit held to be different harm than earlier claim centered on failure to rule on landowner license and permit amendment); *In re E.J.M.*, No.

hearing was "not clear."   Given these fundamentally evidentiary concerns that were appropriate for denial of a TRO, IPI should now be permitted to take discovery on these important issues in the course of this litigation.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

W2003-02603-COA-R3-JV, (Tenn. Ct. App. Mar. 10, 2005) (holding in child custody context that a temporary order is not entitled to *res judicata* like a permanent decree of custody because "any temporary decree changing custody pending final resolution is just that — temporary and not entitled to the same *res judicata* protections.").

They also arise out of different transactional nuclei of facts: the first arising out of IPI's initial failure to pay the regulatory fee based on *force majeure*, and the second involving Defendant's continuing to demand the regulatory fee for the period when IPI's license was temporarily suspended and then imposing a thirty day deadline to come current on all of the past fees, as well as the commissioners' carrying out of an essentially sham hearing process concerning the permanent revocation of the license in 2024. As this Court has observed, we did not know exactly the extent of the commissioner's compensation from the regulatory fee or what role they played in the hearing. This is new and different evidence that forms the basis of IPI's new lawsuit.

Finally, allowing IPI to challenge the permanent revocation of its license based on these facts would not destroy the rights and interests established in the earlier litigation which pertained to the temporary suspension of the license for failure to pay the regulatory fee and other issues leading up to and during the pandemic shut down.

For these reasons, the claims are not the same and *res judicate* does not apply.[5]

### iii.   None of the previous Commission proceedings shall be given *res judicata* effect to the claims raised in this Action.

Finally, to the extent Defendant is arguing that IPI's claims are barred because it could have but did not assert them in any of the Commission proceedings,[6]  that argument must fail because constitutional claims which arise, in part, on the administrative agency's own decision-making are necessarily distinct from claims asserted in the agency proceedings and thus such

---

[5]  IPI reserves the right to petition to vacate the license suspension order based upon alternative legal theories.

[6]  IPI disputes that it did not raise the constitutionality of the $3M regulatory fee statue at the CCC suspension hearing, since the records indicate that IPI's attorney, Michael Dotts did raise that issue in the Notice of Defenses, but this defense was completely ignored by CCC.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

agency decision cannot have *res judicata* effect on those claims. *Spirit of Aloha Temple v. Cnty. of Maui*, 409 F.Supp.3d 889, 903–04 (D. Hawaii, 2019) (plaintiff's first amendment constitutional claim could not have been adjudicated by a planning commission because plaintiff had no first amendment violation to allege until the planning commission had concluded its proceedings and denied their permit application); *Contasti v. City of Solana Beach,* 2012 WL 4109207 (S. D. Cal., Sept.18, 2012) ("The Court finds that the primary right presented by Plaintiffs in this action is outside the scope of the issue that was litigated during the City Council hearings. The Court concludes that the preclusive effect of the City Council's decision does not extend to the substantive due process claim presented in this federal action."); *Jensen v. City of Sonoma,* 2008 WL 5048203 (N.D.Cal.2008) (concluding that a state administrative decision did not preclude Plaintiff's alleged constitutional claims as those claims arose out of conduct at the administrative hearing).

Furthermore, with respect to an administrative agency's decision in particular, a further ground for not affording it *res judicata* effect is where "it was (1) void when issued, or (2) the record is patently inadequate to support the agency's decision, or if according the ruling *res judicata* effect would (3) **contravene an overriding public policy** or (4) **result in a manifest injustice**." *In re Estate of Ogumoro*, 1994 WL 725951, at *3 (N. Mariana Islands,1994) (emphasis added, citing *In re Estate of Dela Cruz,* 2 N.M.I. at 11). Thus, "the policy of according *res judicata* effect to administrative rulings which appear final, must be tempered with "fairness and equity." *Ogumoro*, 1994 WL 725951, at *4 (citing *Dela Cruz*, at 11 n.7). "Neither collateral estoppel nor *res judicata* is rigidly applied. Both rules are qualified or rejected when their application would contravene an overriding public policy or result in a manifest injustice." *Id.*, (citing *Dela Cruz* at 12 n. 7) (holding that to afford administrative decision with *res judicata* would result in manifest injustice where the administrative record was patently inadequate to support the decision).

Therefore, for an agency administrative determination to have preclusive effect in federal court, the agency must have "complied with the fairness requirements of federal common law." *Royal Crown Ins. Corp. v. Northern Mariana Islands*, 447 Fed. Appx. 760, 763 (C.A.9 (N.

Mariana Islands), 2011) (citing *Misischia v. Pirie,* 60 F.3d 626, 629 (9th Cir.1995)) (additional

citations omitted).[7]    To have preclusive effect in federal court, the state administrative

determination must satisfy the requirements of fairness set out in *United States v. Utah Constr. &*

*Mining Co.,* 384 U.S. 394, 422, 86 S.Ct. 1545, 1560, 16 L.Ed.2d 642 (1966). *Misischia,* 60 F.3d

at 629. These requirements are: (1) that the administrative agency act in a judicial capacity, (2)

that the agency resolve disputed issues of fact properly before it, and (3) that the parties have an

adequate opportunity to litigate. *Id.*, citing *Utah Constr.,* 384 U.S. at 422, 86 S.Ct. at 1560.

　　　Judicial impartiality and due process are essential in this analysis. See *Marshall v.*

*Jerrico*, 446 U.S. 238, 242 (1980) (the neutrality requirement helps to guarantee that life, liberty,

or property will not be taken on the basis of an erroneous or distorted conception of the facts or

the law and preserves both the appearance and reality of fairness . . . by ensuring that no person

will be deprived of his interests in the absence of a proceeding in which he may present his case

with assurance that the arbiter is not predisposed to find against him). *Hardesty Id*. at 1052

("Preclusion law 'is, of course, subject to due process limitations[,]" citing *Taylor v. Sturgell*,

553 U.S. 880, 891, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).

　　　Therefore, courts **do not** afford *res judicata* to administrative decisions lacking in due

process on account of a ***conflict of interest or lack of impartiality***. *Madrid v. Concho*

*Elementary School Dist. No. 6 of Apache Cnty*., 2008 WL 45410, at *2 (D.Ariz.,2008) (denying

motion to dismiss based on *res judicata* from administrative decision where plaintiff asserted

"that conflicts of interest and bias precluded the Board from properly considering his termination

and precluded him from having an adequate opportunity to litigate his concerns" and thus

plaintiff raised factual issues with respect to the *Utah Construction* elements that made dismissal

---

[7] These cases and other cases where courts afford *res judicata* effect to an administrative
decision involve the administrative body acting in a true judicial capacity where it is deciding a
dispute between two other parties and hearing evidence on specific issues and applying law to
the evidence.   Here, in contrast, the constitutional claims asserted in this action concern the
Commissions' own decision-making and call into question the statute that underpins the
Commissions' own funding, meaning the Commission cannot sit in a true judicial capacity on
these issues, and posing significant due process concerns with giving *res judicata* effect to any
Commission decision on these issues.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

inappropriate); *Congregation Etz Chaim v. City of Los Angeles*, 2011 WL 12462883, at *7 (C.D.Cal.,2011) (improper to give preclusive effect to administrative decision because the constitutional claim raised by the lawsuit "could not have been before [administrative agency] because it was [their] ultimate decision . . . and the allegedly discriminatory nature of that decision, that gave rise to plaintiff's claims…it would be counterintuitive, to say the least, for a federal court to shield local government officials from scrutiny under the Constitution and federal civil rights laws by giving preclusive effect to their allegedly discriminatory decisions. Federal common law does not command such an abdication of judicial responsibility." (citing *Guru Nanak Sikh Society of Yuba City v. Cnty. of Sutter*, 326 F.Supp.2d 1128, 1133 (E.D.Cal.2003) ("the lawsuit before the court challenges the Board's own actions and therefore could not possibly have been decided by the Board in a manner warranting preclusion.")).

As alleged in the SAC and in the proposed TAC, because the commissioner hearing officers receive the vast majority of their compensation from the very regulatory fee that is being challenged, and because they were directly involved in the underlying decisions giving rise to the permanent revocation, they have deep conflicts of interest. Certainly they would not be inclined to declare the regulatory framework that underpins their salary to be unconstitutional, or overturn their own earlier rulings based on constitutional challenges.   *See., e.g., Caperton v. A. T. Massey Coal Co.,* 556 U.S. 868, 129 S. Ct. 2252, 173 L. Ed. 2d 1208, (2009) (noting important policy of protecting "public confidence in the fairness and integrity of the nation's elected judges" and holding that a judge who had received a three million dollar campaign contribution from a party should have recused himself from a case involving that party); See, also *French v. Jones*, 876 F.3d 1228, 1237 (C.A.9 (Mont.), 2017) (recognizing important public interest in preserving actual and perceived judicial impartiality).

**E.** **CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983.**

Under *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), it is clear that where "under section 1983, a citizen sues a state in its own name in federal court, the suit cannot proceed unless the state has waived its sovereign immunity and thereby consented to the

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

suit." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam). "However, it is a settled law that "[a] close examination of the Covenant convinces us that its drafters intended that the Commonwealth not enjoy such immunity." *Fleming*, 837 F.2d at 404.

CNMI argues that the *Fleming* case was "implicitly overruled by the United States Supreme Court precedent in *Alden v. Maine*, 527 U.S. 706, 728-29 (1999)" However, this argument is contradicted by findings of this Court in a more recent case: *Manila v. CNMI Department of Corrections*, 2019 WL 324424 at *4 (D. N. Mar. Is. January 24, 2019). In *Manila*, this Court stated "Fleming is a published, precedential decision of the Ninth Circuit. Circuit precedent must be followed as long as it is not 'clearly irreconcilable with the reasoning or theory of intervening higher authority[.]' *Miller v. Gammie*, 335 F.3d 889, 893 (9th Cir. 2003). In *Norita v. Northern Mariana Islands*, the Ninth Circuit examined the reasoning of *Alden* and determined that it did not undermine Fleming. 331 F.3d 690, 696 (9th Cir. 2003) ('We have found no closely-on-point intervening Supreme Court decision undermining *Fleming's* holding that CNMI is not entitled to an Eleventh Amendment defense [or] any Ninth Circuit authority questioning *Fleming's* further holding that the CNMI, at least by implication, waived any common law sovereign immunity when it ratified the Covenant."). Since *Norita* and *Christian*, there have been no new decisions from the Supreme Court or from the Ninth Circuit sitting en banc that cannot be reconciled with *Fleming*. Hence, this Court 'may not reconsider *Fleming* and declare it overruled by implication.' Id. at 696-97." See *Manila* at 8.

Therefore, *Fleming* is still controlling, and Defendant CNMI is a proper party to the instant action in this Court.

**F.   The issue whether CCC is a "Sue or to be Sued" entity under CNMI Law is moot.**

Although CNMI raised the argument on behalf of the Commission that the Commission is not a "sue or be sued" entity under CNMI law, to the extent that the Commission was represented by its own legal counsel and has waived this argument by filing an Answer, (ECF No.62), this issue is moot.

MICHAEL CHEN LAW OFFICE
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com | Call: 626.249.2002x

V.   <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiffs IPI and Best Sunshine respectfully request that Defendant's Motion to Dismiss be denied in its entirety.

Dated:        August 27, 2024
              Saipan, CNMI

Respectfully submitted,

By:<u>/s/ Stephen Nutting</u>
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: <u>/s/ Michael Chen</u>
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*

Attorneys for Plaintiffs
IMPERIAL PACIFIC INTERNATIONAL
(CNMI), LLC
Best Sunshine International Ltd. (BVI).

**MICHAEL CHEN LAW OFFICE**
7330 EDNA AVE LAS VEGAS NV 89117
www.michaelchenlaw.com |Call: 626.249.2002x