Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
(*Pro Hac Vice*)
*Attorneys for Plaintiff IPI (CNMI) LLC
Best Sunshine International Ltd. (BVI).*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC, Best Sunshine International Ltd. (BVI);<br><br>Plaintiffs,<br><br>vs.<br><br>Commonwealth of the Northern Mariana Islands, et. al.<br><br>Defendants. | CASE NO. 1:24-cv-00001<br><br>**OPPOSITION TO DEFENDANT GOVERNOR PALACIOS' MOTIONS TO DISMISS, IN BOTH HIS OFFICIAL AND PERSONAL CAPACITIES**<br><br>**CONCURRENTLY FILED WITH MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT**<br><br>**Hearing Date:**<br>**Time:**<br>**Judge: Hon. David O. Carter** |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Imperial Pacific International (CNMI) LLC, ("IPI") hereby opposes the Motion to Dismiss (ECF No. 59) filed by Defendant Arnold Palacios, in his personal capacity; as well as the Motion to Dismiss (ECF No. 60) filed by Defendant Arnold Palacios, in his official capacity as Governor of CNMI.

I. <u>INTRODUCTION</u>

In the Second Amended Complaint ("SAC") (ECF No. 56), which is the operative pleading, IPI alleges two causes of actions against Governor Palacios in both his personal and official capacity: 1. Violation of the Contract Clause of the U.S. Constitution; 2. Violation of the Due Process Clauses of the U.S. Constitution.

Counsel for Defendant Palacios in his official capacity made the following arguments:

1. Governor Palacios, in his official capacity, cannot be sued for monetary damages under 42 USC § 1983.
2. Governor Palacios, in his official capacity, cannot be liable for attorney fees under 42 USC § 1988.
3. Governor Palacios, in his official capacity, enjoys sovereign immunity under the 11th Amendment of the U.S. Constitution, from 42 USC § 1983 claims.
4. Federal Court has no authority to compel Governor Palacios to conform to Commonwealth law.

IPI agrees with the argument made by Defendant Palacios that Governor Palacios, in his official capacity, cannot be used for monetary damages under 42 USC § 1983. By reviewing the SAC and the proposed Third Amended Complaint ("TAC"), IPI could not identify the ground for this objection by Defendant, since IPI did not ask for monetary damages against Governor Palacios in his official capacity in the SAC and will not do so in the TAC.

IPI takes no position on whether federal court may compel Governor Palacios to conform to Commonwealth law. By reviewing the SAC and the proposed TAC, IPI could not identify the ground for this objection by Defendant, since IPI did not ask for federal court to issue injunction against Governor Palacios in his official capacity to conform to Commonwealth laws in the SAC and will not do so in the TAC.

As for the liability for attorney fees, the right to attorney fees and costs awarded to a prevailing party under 42 USC §1988 is independent from the underlying cause of action brought under 42 USC §1983. The demand for attorney fees and costs by IPI in its cause of actions brought under 42 USC §1983 does not convert the injunctive relief into monetary relief, or

otherwise provide a basis for dismissing Governor Palacios from such cause of action.

The argument that Governor Palacios enjoys sovereign immunity under the 11th Amendment of the U.S. Constitution contradicts established legal principles.

Counsel for Defendant Palacios in his personal capacity made the following arguments:
1. Contract clause is only implicated by legislative action. Governor Palacios is not responsible for the enactment of the challenged legislation.
2. There are insufficient factual allegations to support a claim of due process violation against Governor Palacios in his personal capacity, the two identified factual allegations can be easily explained away without implicating any due process violations.

IPI agrees with Defendant Palacios in his personal capacity that contract clause is only implicated by legislative action, enforcement of the challenged legislation is not subject to the contract clause. Therefore, IPI would ask leave of the Court to amend the SAC accordingly and file a proposed TAC concurrently with this Opposition.

IPI believes that it has pleaded sufficient factual allegations to support a claim of due process violation against Governor Palacios in his personal capacity, although the two identified factual allegations may have plausible explanation without implicating any due process violation from the viewpoint of Defendant Palacios. Under proper Rule 12(b)(6) standard, the argument that alleged wrongdoing may have a benign explanation is almost irrelevant, because the proper Rule 12(b)(6) standard is not whether the Defendant has a plausible explanation for the alleged wrongdoing, but rather, after the exercise of "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," whether Plaintiff meet the "plausibility standard" in which the complaint "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."

In the proposed TAC, IPI would make additional factual allegations, that were already included in the earlier pleadings but less apparent, to expose the connection between Governor Palacios and the activities occurred before and during the revocation hearing at CCC.

## II. FACTUAL BACKGROUND

As alleged in the SAC and the proposed TAC, on or about August 12, 2014, IPI entered into a Casino License Agreement (CLA) with then Governor and the Commonwealth Lottery Commission. Under CLA, among other obligations, IPI would pay a fifteen million dollar annual Casino License Fee. IPI paid the annual license fee each year between 2014 and 2019.

Due to the onset of the Covid-19 pandemic and the government mandated shutting of the casino and all travel to Saipan, IPI was unable to make its annual license Fee payment in year 2020.

Following what are claimed to have been "evidentiary hearings," on March 2, 2021, the Commission issued Order 2021-002 on April 22, 2021. Among others, Commission Order 2021-002 requires IPI to make the annual license fee owed to CNMI. The Commission also suspended IPI's casino license indefinitely under Commission Order 2021-002.

IPI sought judicial review of Commission Order 2021-002 with CNMI Superior Court with case No. Civil Case No. 21-0173 on May 21, 2021. On March 15, 2022, the Superior Court for the Commonwealth of the Northern Mariana Islands issued its order affirming the Commission Order.

IPI appealed CNMI Superior Court's decision to CNMI Supreme Court on April 11, 2022, with Case No. 2022-SCC-0006-CIV. The Commonwealth Supreme Court's Order issued on August 25, 2023, primarily addresses the *force majeure* issue, and does not address any such constitutional arguments. The Supreme Court Order does not address the issue whether IPI's obligation to make the annual license fee was accrued during the period when its casino license was suspended by CCC.

Notably, however, the CNMI Supreme Court affirmed in part, reversed in part, and remanded the matter back to the Commission for further proceedings consistent with the opinion, including a decision by CCC on a reasonable deadline for IPI to pay the annual license fees.

On October 16, 2023, CNMI Superior Court thus issued its order "return[ing] this matter to CCC for proceedings consistent with the NMI Supreme Court's" order.

On November 30, 2023, without any hearing or notice to IPI, the Commission issued a

"Notice of Payment Deadline" letter in which it reasoned that "Many contracts provide a thirty-day cure period for monetary default to provide sufficient time for the party to perform its obligations of making payments" and, therefore, "Thirty days is sufficient time" for IPI to pay $62,010,280 annual license fees allegedly accrued for year 2020 to 2023.

In February 2024, IPI and CCC were in intensive negotiation for a solution with respect to the annual license fees and regulatory fees payment. The scheduled revocation hearing was postponed several times during the negotiation.

Unsatisfied with the settlement results, Governor Palacios directed the Executive Director of CCC to initiate and maintain the revocation proceedings against IPI. (Proposed TAC ¶¶81, **94).**

The permanent revocation proceedings took place between February 28, 2024, and March 1, 2024. Defendants Demapan, Taitano, Mendiola, and Cruz served as the hearing commissioners and ***did not*** recuse themselves. Counsel for IPI made separate motions to disqualify them.

Following the hearing, Governor Palacios made public remarks contradicting the testimony of and attacking the credibility of IPI's witnesses at the hearing. (**SAC ¶81**). The public remarks are ex parte in nature, which was designed to influence the decision makers after the conclusion of the evidentiary hearing, but before the deliberation process. IPI was not afforded an opportunity to rebut such ex parte communication.

From the public statement made by Governor Palacios, Governor Palacios had the incentive to direct or encourage CCC Commissioners not to recuse themselves as the hearing commissioners in the revocation hearing; based upon the funding authorized by Governor Palacios to CCC, Governor has the resources to direct or encourage CCC Commissioners not to recuse themselves as the hearing commissioners in the revocation hearing;; based upon the exposed ex parte communication between Governor and CCC Executive Director and Commissioners, Governor Palacios had the opportunity to direct and encourage CCC Commissioners not to recuse themselves as the hearing commissioners in the revocation hearing and deliberation process. (**Proposed TAC ¶122).**

### III.  MOTION TO DISMISS LEGAL STANDARD

**A.  Rule 12(b) (6) Standard**

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim." *See, e.g., Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997) While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do justice." Fed. R. Civ. P. 12(b)(6).  The purpose of Rule 8(a)(2) is to merely "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007 (*quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. at 99, (1957).

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Twombly, supra*, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009 (*quoting Twombly*, 550 U.S. at 570). "[A]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000)

Rule 12(b)(6) motions are disfavored, and should rarely be granted if there is a possibility of amendment. *U.S. v. Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981 (Rule 12(b)(6) relief is only appropriate in extraordinary circumstances).

### IV.  LEGAL ARGUMENT

**A.  The Proposed TAC alleges sufficient facts to constitute cause of actions against Defendant Palacios.**

The proposed TAC alleges that Defendant Palacios in his official and personal capacities,

directed and encouraged CCC and its commissioners, to initiate and maintain the revocation proceeding against IPI and use CCC as the collection agent to collect the unpaid and disputed annual license fees by exercising the power to revoke as a threat. (**Proposed TAC ¶94**).

The Proposed TAC alleges that Defendant Palacios in his official and personal capacities, made ex parte communication with the Commissioners by publishing an official statement in local newspaper, the statement was made after the conclusion of the evidentiary hearing, but before the scheduled deliberation and voting. The statement went to both the merit of the administrative proceedings before CCC and to the general character of IPI's director and sole witness who testified at the evidentiary hearing, which violated the due process right of IPI under the U.S. Constitution. (**Proposed TAC ¶95**).

The Proposed TAC alleges that Defendant Governor Palacios was involved, in his official and personal capacities, by directing and encouraging CCC and its commissioner, acting under the color of law, by usurping the regulatory power of CCC, violated IPI's constitutional due process right to impartial decision makers, using CCC as his collection agent, to demand the immediate payment of the disputed annual license fees.

Defendant Palacios identified two factual allegations in the SAC that may constitute a claim against Palacios for violation of the due process right of IPI: Governor Palacios contributed to an article related to the settlement process, his role in the settlement process and accused IPI's witness of lying (**SAC ¶81**), and Governor Palacios directed CNMI to fund CC for the revocation proceeding (**SAC ¶92).**

Defendant Palacios downplayed the significance of the two allegations and argued that they "are easily explained without relying on any improper motive." However, under Rule 12(b)(6) standard, the argument that alleged wrongdoing may have a benign explanation is almost irrelevant, because the applicable Rule 12(b) (6) standard is not whether the Defendant has a plausible explanation for the alleged wrongdoing, but rather, after the exercise of "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," whether Plaintiff meet the "plausibility standard" in which the complaint "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]."

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). By taking the allegations made against Governor Palacios as true, and construed them in the light most favorable to the nonmoving party, which is IPI, if the Court finds that it is reasonable to expect that discovery will reveal additional evidence of communications or the exercise of undue influence between Governor Palacios and the Commissioners, either directly, or through other intermediaries, for the purpose of denying IPI a body of disinterested and impartial decision makers at the revocation hearing, or otherwise infringe IPI's due process rights, then the Motions to Dismiss by Governor Palacios must be denied.

## B. CNMI waived its 11th Amendment Sovereign Immunity for claims under 42 USC §1983.

Under *Fleming v. Department of Public Safety*, 837 F.2d 401 (9th Cir. 1988), it is clear that where "under section 1983, a citizen sues a state in its own name in federal court, the suit cannot proceed unless the state has waived its sovereign immunity and thereby consented to the suit." *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-99, 79 L. Ed. 2d 67, 104 S. Ct. 900 (1984; *Alabama v. Pugh*, 438 U.S. 781, 782, 57 L. Ed. 2d 1114, 98 S. Ct. 3057 (1978) (per curiam. "However, it is a settled law that "[a] close examination of the Covenant convinces us that its drafters intended that the Commonwealth not enjoy such immunity." *Fleming*, 837 F.2d at 404.

CNMI government is not immune to the instant action in this Court, likewise, Defendant Governor Palacios who is sued in his official capacity is not immune to action brought under 42 USC § 1983.

In addition, the SAC and the proposed TAC also sue Governor Palacios in his personal capacity, which is clearly within 42 USC § 1983.

## C. Once the Motion for Leave to Amend the SAC is granted, the Motion to Dismiss Filed by Defendant Palacios Should be Denied as Moot.

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when

justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing FRCP 15(a)). In exercising its discretion to allow amendments to pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). Rule 15(a) thus requires a strong showing of prejudice, delay, futility, or bad faith before leave to amend may be denied. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Foman*, 371 U.S. at 182.

Since the filing of the SAC, the occurrence of a number of events made the amendment of the SAC necessary, including the discovery of the current legal status of Best Sunshine International Ltd. (BVI), a co-plaintiff in the SAC, the nomination of new CCC Commissioner by the Governor on August 20, 2024, the response by the Governor's Office to the Presentation of Disputes by IPI dated August 20, 2024, as well as the presentation of legal argument made by Defendant Palacios in his Motions to Dismiss.

"It is well-established in [the Ninth Circuit] that an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" *Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015) (quoting *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *overruled on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896, 927-28 (9th Cir. 2012)) (citing *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 857 (9th Cir. 2011)). "In other words, 'the original pleading no longer performs any function….'" *Id.* (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992)).

Once the motion for leave to amend the SAC is granted by the Court, the Motions to Dismiss filed by Governor Palacios, in both his official and personal capacity, are moot.

### D. **Asking for Attorney Fees and Costs under 42 USC 1988 (b) does not Change the Relief Requested from Injunctive to Monetary.**

As for the liability for attorney fees, the right to attorney fees and costs awarded to a prevailing party under 42 USC §1988 is independent from the underlying cause of action brought

under 42 USC §1983. Courts routinely awarded attorney fees in 42 USC §1983 case where only injunctive relief was granted. See *Buffin v. California*, No. 20-15518 (9th Cir. Jan. 13, 2022). The case cited by Defendant Palacios in his official capacity, *Kentucky v. Graham*, 473 U.S. 159, 168 (1985), stands for the proposition that the Defendant will not be liable for attorney fees if Defendant prevails on the merit, which IPI agrees.

The demand for attorney fees and costs by IPI in its cause of actions brought under 42 USC §1983 does not convert the injunctive relief into monetary relief, or otherwise provide a basis for dismissing Governor Palacios in his official capacity from such cause of action.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff IPI respectfully requests that Defendant Palacios' Motions to Dismiss be denied in its entirety.

Dated:

August 27, 2024

Saipan, CNMI

Respectfully submitted,

By: /s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*

Attorneys for Plaintiff
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC

10