Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*
Attorneys for Plaintiff IPI (CNMI) LLC,
Best Sunshine International Ltd. (BVI)

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC, Best Sunshine International Ltd (BVI); <br><br> Plaintiffs, <br><br> Vs. <br><br> Commonwealth of the Northern Mariana Islands, Commonwealth Casino Commission, CNMI Governor Arnold Palacios, in his official and personal capacities; Edward C. Deleon Guerrero, Chairman of CCC, in his official and personal capacities; Rafael S. Demapan, Vice Chairman of CCC, in his official and personal capacities; Mariano Taitano, Commissioner of CCC, in his official and personal capacities; Martin Mendiola, a former Commissioner of CCC, in his personal capacity; Ramon M. Dela Cruz, a former Commissioner of CCC, in his personal capacity, Does 1-10, Inclusive; <br><br> Defendants. | Case No. 1:24-cv-00001 <br><br> **PLAINTIFF'S MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPLAINT** <br><br> Judge: Hon. David O. Carter |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs IPI and Best Sunshine International Ltd. (BVI) seek leave to amend their Second Amended Complaint filed on July 23, 2024. (ECF No. 56). The proposed Third Amended Complaint ("TAC") is attached to this Motion per LR. 15.1.

TAC has the following material modifications of the SAC, which is the operative pleading in the above captioned case:

1. Removing Best Sunshine International Ltd. (BVI), the parent company and contracting entity for the CLA, as a plaintiff to this action.
2. Except for Defendant CNMI and CCC, dismissing all other defendants from the first Causes of Action: Unconstitutional Impairment of Contract and Violation of the Contract Clause of the U.S. Constitution.
3. Alleging additional factual allegations that were part of the SAC, but less apparent in the SAC.

### II. STATEMENT OF RELEVANT FACTS

Based upon the affidavit filed by Defendant CNMI on August 13, 2024, (ECF No. 61-2), counsel for Plaintiff Best Sunshine International Ltd (BVI), ("Best Sunshine") was informed that the registered agent for Best Sunshine in BVI resigned and the company lacks the capacity to sue in the instant action.

Since then, Best Sunshine engaged local counsel in BVI to restore its legal status, however, Best Sunshine could not have its legal status restored before September 16, 2024, till the court in BVI resumes operation from its summer vacation.

Defendants other than CNMI and CCC are not responsible for the enactment of the annual regulatory fee statute, public law 19-24, and CCC regulations NMIAC § 175 -10.1. Therefore, it would be necessary to amend the SAC and let Plaintiffs dismiss defendants other

than CNMI and CCC from the cause of action of Impairment of Contract, and Violation of the Contracts Clause of U.S. Constitution without prejudice.

Based upon communication with the counsel for Governor Palacios in his personal capacity, it would be prudent to remove some allegations that were based upon information and belief against Governor Palacios, and substitute them with allegations that are based upon facts currently available to IPI.

The Court has not established a deadline for amended pleadings for the instant Action.

### III.  ARGUMENT

Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citing FRCP 15(a)). In exercising its discretion to allow amendments to pleadings, "a court must be guided by the underlying purpose of Rule 15 – to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Leave to amend is "to be applied with extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) (citation omitted). Rule 15(a) thus requires a strong showing of prejudice, delay, futility, or bad faith before leave to amend may be denied. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Foman*, 371 U.S. at 182.

Since the filing of the SAC, IPI has been diligent in ascertaining the involvement of CNMI and the Governor's office in the suspension and revocation proceedings, which are supposed to be conducted by CCC as an independent agency. It would be necessary to amend the SAC to remove some allegations that were based upon information and belief and add some allegations that were based upon information currently available to IPI to sustain claims raised.

Given the fact that the case is in its early stage, there is no reasons for Defendants to argue any prejudicial effect of amending the SAC. The underlying purpose of Rule 15 is to facilitate decision on the merits, rather than on the pleadings or technicalities.

### IV.   CONCLUSION

Plaintiffs respectfully request that the Court grant their motion for leave to file its TAC and adopt the proposed TAC attached to this motion as an amended pleading.

Dated:  August 27, 2024
Saipan MP

Respectfully submitted,

By:/s/ Stephen Nutting
Stephen Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950

Michael Chen
By: /s/ Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
*Pro Hac Vice*
Attorneys for Plaintiffs
IMPERIAL PACIFIC INTERNATIONAL (CNMI), LLC,
BEST SUNSHINE INTERNATIONAL LTD. (BVI).