# EXHIBIT O



**Arnold I. Palacios**
Governor

**David M. Apatang**
Lieutenant Governor

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
# OFFICE OF THE GOVERNOR

*Electronic Delivery*

August 20, 2024

GOV 2024-623

Howyo Chi
Director of IPI
PMB 895, P.O. Box 10001
Saipan, MP 96950

Dear Mr. Chi:

The Office of the Governor is in receipt via email of your letter dated August 12, 2024.

Your letter presents a dispute, pursuant to Article 30 of the Casino License Agreement ("CLA"), as to IPI (CNMI) LLC's ("IPI") obligation pay its Annual License Fee due under Article 5 of the CLA and 4 CMC § 2317 for years during which its exclusive casino license was suspended by the Commonwealth Casino Commission ("CCC").

[redacted]

---

[1]   "[T]he existence of a controversy between a government agency and a private party . . . does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter." Model Rules of Prof'l Conduct r. 4.2 cmt. (Am. Bar Ass'n 2020).

[redacted]

The dispute resolution process outlined under Article 30 governs disagreements "between the Parties as to terms or requirements" of the CLA, "excluding issues relating to gaming operations which are under the authority of the Casino Commission and proceedings regarding revocation or suspension" of the exclusive casino license.

Note that neither Governor Palacios, nor the Office of the Governor, is a party to the CLA. The "Parties" are defined by the CLA as IPI and the Commonwealth Lottery Commission. It is true that the Office of the Governor is endowed by Article 2 with "authority for enforcement of the terms and conditions" of the CLA, "*except for the elements specifically identified for control*" by the CCC.

Article 3, in conjunction with Public Law 18-56, conferred upon the CCC "the authority for the approval of all casino operations and gaming activities conducted under the Casino License." The CCC exercised this power conferred by statute, and by the bargained-for expectations of the parties memorialized in Article 3 of the CLA, by promulgating the Commonwealth Casino Commission Rules and Regulations, codified at NMIAC § 175-10.1.

These regulations include NMIAC § 175-10.6-601, which provides that the "casino licensee shall comply with the requirements as set forth in the Casino License Agreement, and all amendments made thereto, entered into between the Commonwealth Lottery Commission and the casino gaming licensee."

Consistently with the authority conferred on CCC by Article 3 of the CLA and by PL 18-56, this regulation transferred authority for enforcement of the requirements of the CLA, including the obligation to pay the Annual License Fee under Article 5, from the Office of the Governor to the CCC.

Accordingly, the Casino Commission is the appropriate party to demand payment of the Annual License Fee and to administratively adjudicate challenges to IPI's obligation to pay.

[redacted]

████████████████████████████████████████ representatives of the Commonwealth are prepared to meet and confer with IPI within ten working days of receipt of your letter to seek to clarify and resolve this issue.

Sincerely,

Brendan Layde
Legal Counsel
Office of the Governor