Brendan Layde
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC; Best Sunshine International Ltd (BVI), <br><br>Plaintiffs, <br><br>v. <br><br>Commonwealth of the Northern Mariana Islands, et al., <br><br>Defendants. | **CIVIL CASE NO. 1:24-cv-00001** <br><br><br> **REPLY TO OPPOSITION TO MOTION TO DISMISS** <br><br>Hearing date: <br><br>Hearing time: <br><br>Judge: Hon. David O. Carter |

I. INTRODUCTION

Plaintiffs Imperial Pacific International (CNMI), LLC and Best Sunshine International Ltd (BVI) (collectively "Plaintiff" or "IPI") filed the Second Amended Complaint ("SAC") in this action on July 24, 2024. Because the original complaint in the above-captioned action is essentially identical to the previously dismissed First Amended Complaint in *IPI v. CCC*, 1:23-cv-000014, ECF No. 7 (D. N. Mar. I. Jan. 23, 2024), the SAC is really IPI's fifth bite at the apple in increasingly desperate attempts to find any allegations that will stick.

Governor Palacios in his official capacity ("Defendant" or "Governor Palacios") filed a Motion to Dismiss the SAC on August 13, 2024, which joined in arguments for dismissal made by counsel for his personal capacity and added additional discussion of 42 U.S.C. § 1983 claims and Eleventh Amendment sovereign immunity pertaining to his official capacity. IPI filed an Opposition on August 27, 2024, simultaneously with a second motion for leave to amend and a Proposed Third Amended Complaint ("TAC"). If granted, this would constitute IPI's sixth bite at the apple.

For the reasons discussed in the motions to dismiss filed by the Governor in his personal and official capacities and in the replies to IPI's Opposition, the SAC should be dismissed without leave to amend.

II. ARGUMENT

A. IPI's Opposition relies on factual allegations not pleaded in its Second Amended Complaint.

The "Factual Background" section of IPI's Opposition relies on factual allegations which are not pleaded in the SAC, which is the operative complaint at issue in this Motion to Dismiss, but which IPI intends to plead in its Proposed TAC. ECF No. 64 at 5. IPI employed a similar procedure in its Opposition to Governor Palacios's Motion to Dismiss the First Amended Complaint, impliedly conceding that it had not yet pleaded adequate factual allegations against the Governor to survive a Motion to Dismiss after multiple attempts. *See* ECF No. 47 at 4–5.

These as-yet unpleaded factual allegations include paragraphs 81, 94, and 122 of the Proposed TAC. Paragraph 81 references an email from Assistant Attorney General Keisha Blaise to

2

IPI counsel Michael Chen, attached to the Proposed TAC as Exhibit L. ECF No. 65-13. This email has already been repeatedly submitted by IPI to the court, *see, e.g.,* ECF No. 1-12, ECF No. 56-12, yet the Proposed TAC for the first time asserts that this exhibit somehow evidences improper communication between the Governor and the Commonwealth Casino Commission ("CCC").

It is apparent on the face of this exhibit that Ms. Blaise's statement that the Governor did not require an extension of time is a direct response[1] to Mr. Chen's *own question*, visible on the face of the same document, whether the hearing should be continued because "the Governor needs more time to prepare a counter proposal."

If this exhibit provided any legitimate basis to infer improper communication between the Governor and the CCC, IPI would have already made that argument in at least one of its previous five bites at the apple. That it does so only now, in its attempted sixth bite at the apple, is indicative that this argument is in bad faith.

As for paragraphs 94 and 122 of the Proposed TAC, IPI yet again makes wholly-conclusory allegations with no factual support that "[b]ased upon information and belief, Defendant CNMI and Defendant Palacios in his official and personal capacity directed the Executive Director of CCC to initiate and maintain the revocation proceeding against IPI . . . ." and that "Governor Palacios had the inventive, resources, and opportunity to direct or encourage CCC Commissioners not to recuse themselves . . . ." ECF No. 65-1 ¶¶ 94, 122. District courts may properly disregard conclusory allegations that are not supported by any factual enhancement. *See Reaper v. ACE Am. Ins. Co.*, No. 23-15178, 2024 WL 810697, at *1 (9th Cir. Feb. 27, 2024) (affirming district court's dismissal of second amended complaint without leave to amend).

The fact that IPI intends to plead new conclusory allegations in its Proposed Third Amended Complaint is not a reason to save its Second Amended Complaint from dismissal.

---

[1] The dates and times of Ms. Blaise and Mr. Chen's respective emails appear to be misaligned due to the time zone difference between Saipan and the US mainland, which are on opposite sides of the International Date Line.

B. <u>The Court should hold that the holding of *Fleming v. Dep't of Public Safety* was overruled by implication by the Supreme Court in *Alden v. Maine*.</u>

The CNMI is the only populated territory of the United States which is denied sovereign immunity in the federal courts.[2] *See People of Porto Rico v. Rosaly y Castillo,* 227 U.S. 270, 273–75 (1913) (affording sovereign immunity to Puerto Rico); *Richardson v. Knud Hansen Mem'l Hosp.,* 744 F.2d 1007, 1010 (3d Cir.1984) (affording sovereign immunity to the U.S. Virgin Islands); *Marx v. Guam,* 866 F.2d 294, 297–99 (9th Cir.1989) (affording sovereign immunity to Guam).

As IPI correctly observes, the Ninth Circuit held in *Fleming v. Dep't of Pub. Safety, Com. of N. Mariana Islands* that the Commonwealth waived sovereign immunity under the Eleventh Amendment because it is not specifically enumerated among the provisions of the U.S. Constitution applicable to the CNMI in Section 501 of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America. 837 F.2d 401, 404–407 (9th Cir. 1988).

But subsequent developments in the law both in the Ninth Circuit and in the U.S. Supreme Court have steadily chipped away at that holding, which this court should now overturn.[3]

A three-judge panel of the Ninth Circuit has suggested that *Fleming*'s holding that the Commonwealth waived Eleventh Amendment immunity in federal court for claims arising under federal law was wrongly decided. *See Norita v. N. Mariana Islands*, 331 F.3d 690, 696 (9th Cir. 2003) ("CNMI might well be entitled to State-like sovereign immunity according to the Supreme Court's understanding of the proposition for which the Eleventh Amendment stands."). The three-judge *Norita* panel declined to overturn *Fleming* solely because "[a] three-judge panel . . . cannot reconsider or overrule a decision of a prior panel unless 'an *intervening* Supreme Court decision

---

[2] American Samoa does not have a federal district court.

[3] ABA Model Rule 3.1 permits "a good faith argument for an extension, modification or reversal of existing law."

4

undermines an existing precedent of the Ninth Circuit, and both cases are closely on point.'" *Id*. (citing *United States v. Gay III,* 967 F.2d 322, 327 (9th Cir.1992)).

But *Alden v. Maine*, 527 U.S. 706 (1999), cited in *Norita*, *was* just such an intervening Supreme Court decision. Alden held "that Eleventh Amendment immunity derives not from the Eleventh Amendment but 'from fundamental postulates *implicit* in the constitutional design.'" *Norita*, 331 F.3d at 694 (citing *Alden*, 527 U.S. at 728–29). Accordingly, the absence of the Eleventh Amendment from the list of constitutional provisions enumerated in Section 501 of the Covenant simply has no bearing on whether the Commonwealth possesses sovereign immunity.

Further, *Fleming* cannot be reconciled with the line of cases in the U.S. Supreme Court holding that any waiver of sovereign immunity must be express and unequivocal. *See Edelman v. Jordan*, 415 U.S. 651, 673 (1974); *see also Ramsey v. Muna*, 849 F.3d 858, 860 (9th Cir. 2017) ("the Supreme Court has held, perhaps at odds with our reasoning in *Fleming*, that a waiver of a State's sovereign immunity must be unequivocal." (citing *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99)).

The Ninth Circuit has already departed from *Fleming* in holding that the Commonwealth possesses sovereign immunity in federal court for causes of action arising under its own laws. *See Ramsey v. Muna*, 849 F.3d 858, 861 (9th Cir. 2017) ("the Commonwealth may not be sued without its consent on claims arising under its own laws.").

The time has come to end the injustice of denying the Commonwealth and its officers the same sovereign immunity possessed by every other jurisdiction in the American family, particularly given that "the Commonwealth has the power to enact its own laws and indeed enjoys an even greater level of legislative autonomy than Hawaii and Puerto Rico did" at the time they were granted sovereign immunity as territories in the early 20th century. *Ramsey*, 849 F.3d at 860.

### C. IPI cannot be awarded an injunction to compel the Governor to conform with Commonwealth law or attorney's fees under 42 U.S.C. § 1988 therefor.

Contrary to the argument in its Opposition, ECF No. 64 at 2, IPI is indeed seeking an injunction in federal court compelling official capacity defendants to conform their actions with Commonwealth law. Its Prayer for Relief, in both the SAC and Proposed TAC, includes a request "[f]or the court to issue an injunction that Defendants may not exercise any power granted by 4 CMC §2314 and NMIAC § 175 -10.1 . . . ." as well as "[f]or the Court to issue an injunction against Defendants preventing the assumption of jurisdiction by CCC to interpret the terms of CLA and/or to adjudicate claims arising out of the CLA . . . ." ECF No. 56 at 23–24, ECF No. 65-1 at 23–24.

4 CMC § 2314 is a Commonwealth statute and NMIAC § 175-10.1 is a Commonwealth regulation. The CLA is a contract and contract interpretation is a matter of state law. *See, e.g.*, *Int'l Bhd. of Teamsters v. NASA Servs., Inc.*, 957 F.3d 1038, 1042 (9th Cir. 2020) ("To determine whether the parties formed an agreement to arbitrate, courts 'apply ordinary state-law principles that govern the formation of contracts.'" (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995))). The injunctive relief sought by IPI cannot be granted with respect to Governor Palacios. *See Pennhurst State Sch. & Hosp. v. Halderman*, 451 U.S. 1, 7 (1981) ("it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment.").

Because "fee liability runs with merits liability," *Kentucky v. Graham*, 473 U.S. 159, 168 (1985), attorney's fees are unavailable to IPI under 42 U.S.C. § 1988 with respect to its requested injunctive relief.

### III. CONCLUSION

For the foregoing reasons, the Second Amended Complaint should be dismissed without leave to amend with respect to claims against Governor Palacios.

Dated: September 3, 2024

Respectfully submitted,

OFFICE OF THE GOVERNOR

_____/s/_____
Brendan Layde
Legal Counsel
Attorney for Defendant Arnold Palacios,
in his official capacity