Bruce Berline, Esq.
Law Office of Bruce Berline LLC
Security Title Building, Second Floor
Isa Drive, Capitol Hill
P. O. Box 5682 CHRB
Garapan, Saipan, MP 96950
Tel: (670) 233-3663
Email: bberline@gmail.com

Aaron Halegua
AARON HALEGUA, PLLC
524 Broadway, 11th Floor
New York, New York 10012
Tel: (646) 843-9061
Email: ah@aaronhalegua.com

*Attorneys for Defendant Arnold Palacios in his Personal Capacity*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Commonwealth of the Northern Mariana Islands; *et al.*, <br><br> Defendants. | Case No. 1:24-cv-00001 <br><br> **REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AS TO DEFENDANT ARNOLD PALACIOS IN HIS PERSONAL CAPACITY** <br><br> Hearing date: n/a <br> Hearing time: n/a <br> Judge: Hon. David O. Carter |

## I. INTRODUCTION

On August 13, 2024, Defendant Arnold Palacios, in his personal capacity, filed a Motion to Dismiss Plaintiffs' SAC. (ECF No. 59 (the "MTD")).[1] As noted in the MTD, the SAC was already the third complaint filed in this case—not to mention the complaints filed in IPI's companion case, No. 24-cv-00002, or the two TRO motions (unsuccessfully) brought by IPI. (ECF No. 9; ECF No. 36). Since the beginning, it has been evident that Plaintiffs' purpose in bringing this litigation is not about the merits of its claims, but rather to gain settlement leverage over the Governor. (*See* MTD at 4–5; ECF No. 3 at 28). However, it is time for Plaintiffs' escapade to come to an end.

The SAC pleaded two causes of action against Governor Palacios. The MTD detailed how each of these claims lacked merit and should be dismissed. The first cause of action alleged that Governor Palacios violated the Contracts Clause by enforcing existing legislation that he played no role in passing. The MTD offered U.S. Supreme Court and Ninth Circuit cases clearly holding that such executive action to enforce existing laws does not violate the Contract Clause. (*See* MTD at 11–12). In its Opposition, IPI then conceded that its first claim lacks legal merit and agreed to withdraw the claim. (Opp. at 3).

As for the second cause of action, the MTD argued that (1) IPI fails to state a claim because the CCC has not issued a decision on the revocation question and thus IPI has not yet suffered any harm (MTD at 17, n.10); and (2) the two non-conclusory allegations in the SAC are insufficient to state a plausible claim that the Governor engaged in a conspiracy with the CCC Commissioners to have them refuse to recuse themselves from the revocation proceedings and violate IPI's constitutional rights (MTD at 17–19). IPI does not even acknowledge, let alone counter, the argument that its claim is not yet ripe. Therefore, IPI should be deemed to have conceded this argument and the cause of

---

[1] The defined terms herein have the same meaning as set forth in the MTD (ECF No. 59), unless otherwise stated.

action should be dismissed. *Montgomery v. Specialized Loan Servicing, LLC*, 772 Fed. Appx. 476, 477 (9th Cir. 2019).

With regards to the second argument, IPI—after citing pre-*Iqbal* cases that misstate the operable legal standard—barely offers a substantive response. IPI only notes that the Court must construe its allegations in the light most favorable to IPI, but IPI fails to explain how a plausible conspiracy claim can be inferred from its barebones allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). IPI offers no cases in support of its position that it has stated a claim; nor does IPI address any of the numerous cases cited in the MTD where the court found the plaintiff failed to plead a plausible conspiracy claim. Instead, IPI spends most of its discussion explaining that it, once again, seeks leave to file a Third Amended Complaint ("TAC") and why this new pleading will state a plausible claim. Yet, this "argument" only underscores the insufficiency of the SAC that is before the Court. Since IPI has not pleaded a plausible claim for relief in its SAC, the Court should grant the Governor's MTD.[2] Furthermore, as IPI has now amended three times and still failed to state a cause of action, the Governor requests that IPI's claims be dismissed with prejudice. *See Finicum*, 2021 WL 3502462, at *4–5 (dismissing with prejudice where plaintiff had three chances to submit a proper pleading).

---

[2] Concurrently with its Opposition, IPI filed a Motion for Leave to File Third Amended Complaint (ECF No. 65 ("Motion to Amend")), with the TAC attached thereto (ECF No. 65-1). The Governor intends to oppose the Motion to Amend, which marks the latest installment of IPI's "game of whack-a-mole" in which it files causes of action after performing minimal or no research, defendants' object, and then it refiles new claims in the "hope [it]'ll luck into something." *Finicum v. United States*, No. 2:18-CV-00160-SU, 2021 WL 3502462 (D. Or. Aug. 5, 2021). In particular, the Governor will argue that amending the complaint is futile because the CCC has not yet ruled on the revocation question and therefore IPI has not suffered any harm as a result of the alleged conspiracy between the Governor and the Commissioners. In addition, virtually all of the additional facts alleged in the TAC were known (or at least available) to IPI at the time it filed the SAC. Moreover, IPI is operating in bad faith as it willingly files frivolous legal claims with the sole objective of harassing and gaining leverage over the Governor in settlement discussions over IPI's failure to pay fees that numerous courts have already found that it owes. It is unfair to continue subjecting the Governor to this harassment. And, the Court and Defendants have already been generous by providing IPI three opportunities (in this case alone) to state a plausible claim, despite the total lack of diligence that IPI has exhibited in those attempts. Therefore, the SAC should be dismissed with prejudice and IPI should be denied leave to amend.

## II. ARGUMENT

In its second cause of action, the SAC alleges that the Governor "conspired with CCC and its commissioners … by refusing to allow the commissioners to recuse [themselves]" (SAC ¶ 95) and that the Commissioners' refusal to recuse themselves was "at the direction of … Governor Palacios" (*id.* ¶ 125). IPI alleges that these unsubstantiated allegations create a cause of action against the Governor pursuant to 42 U.S.C. § 1983 for violating the Due Process Clauses of the U.S. Constitution. (*Id.* ¶ 120). The MTD provided two reasons why this claim should be dismissed, and IPI has either failed to offer any meaningful opposition or failed to offer any opposition at all.

**A. IPI's § 1983 claim against Governor Palacios should be dismissed because IPI has not yet suffered any harm.**

In the MTD, Governor Palacios argued that this claim should be dismissed because IPI has not yet suffered any harm from the alleged deprivation of its rights—namely, the CCC has not yet decided whether it will revoke IPI's casino license—and cited Ninth Circuit and numerous other authorities supporting the contention that IPI's claim is not ripe. (MTD at 17, n.10). *See, e.g., Woodrum v. Woodward Cnty., Okl.*, 866 F.2d 1121, 1126 (9th Cir. 1989); *Mancuso v. Dunbar*, No. 3:08-cv-1018, 2010 WL 466004, at *6 (D. Conn. Feb. 5, 2010); *Williamson County Regional Planning Com'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 186 (1985). IPI does not acknowledge, let alone address this argument. IPI certainly cites no case law to suggest that some *potential*, future harm that may or may not manifest is adequate to state a claim under § 1983. It is particularly notable that IPI has not addressed this argument because it is also fatal to its proposed TAC. Further, it is not the job of either the defendants or this Court to research, argue, and defend against this argument to dismiss the SAC on IPI's behalf.[3] Accordingly, the Court should find that IPI has conceded this argument and dismiss

---

[3] *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to

3

this cause of action. *See Montgomery*, 772 Fed. Appx. at 477 ("The district court properly dismissed plaintiffs' remaining claims because plaintiffs failed to respond to the arguments raised in defendants' motion to dismiss these claims"); *Wilmot v. Transworld Systems, Inc.*, No. C24-0181JLR, 2024 WL 2846014, at *2 (W.D. Wash. June 5, 2024) (finding that the plaintiff "effectively abandoned his claims by failing to respond substantively to the arguments raised in TSI's motion to dismiss") (internal quotations and citations omitted).

### B. IPI's § 1983 claim against Governor Palacios should be dismissed because IPI has failed to state sufficient facts to state a plausible claim for relief.

The MTD provides a detailed analysis of the allegations in the SAC and why they fail to state a plausible claim for relief, including citations to similar cases where courts dismissed the conspiracy claims for lacking sufficient facts. (MTD at 14–16). Specifically, the MTD argued that, after removing those allegations that are entirely conclusory, the SAC only contains two factual allegations that bear any relevance to this cause of action: (i) that the Governor published a newspaper article that included remarks that undermined the credibility of IPI's witness at the revocation proceeding (SAC ¶ 81); and (ii) that the CNMI, under the Governor, loaned money to the CCC to cover its expenses (SAC ¶ 92). In its Opposition, IPI does not identify any additional relevant allegations in the SAC. (*See* Opp. at 7). Instead, IPI argues that these two facts are sufficient to state a claim because the Court (i) is required under Rule 12(b)(6) to interpret these facts "in the light most favorable" to IPI, and (ii) must deny the MTD if there is a "reasonable expectation that discovery will reveal evidence of … communications or the exercise of undue influence between Governor Palacios and the Commissioners…." (*Id.* at 7–8). However, each of these arguments fails.

---

say against the defendants' reasoning") (quoting Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir.1999)); *Soo Line R.R. Co. v. Conrail*, 965 F.3d 596, 602 (7th Cir. 2020) ("Litigants are obligated to present to the district court both factual and legal arguments in support of their positions").

4

1. IPI cites outdated decisions and misstates the appropriate legal standard.

As a preliminary matter, it should be noted that IPI's statement of the legal standard under Rule 12(b)(6) is inaccurate. IPI relies on two cases that predate and were superseded by the decisions in *Iqbal* and *Twombly*. First, IPI cites to *Gilligan* to argue that Rule 8 "contains a powerful presumption against rejecting pleadings for failure to state a claim." (Opp. at 6 (citing *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 248-49 (9th Cir. 1997))). However, "following the Supreme Court's decisions in *Iqbal* and *Twombly,* district courts [in the Ninth Circuit] have largely treated *Gilligan* as implicitly overruled…. and [*Gilligan*] does not control over the pleading standards articulated in those cases." *Jeffrey v. Foster Wheeler, LLC*, No. 14-CV-05585-WHO, 2015 WL 1004687, at *1 n.2 (N.D. Cal. Mar. 2, 2015). Next, IPI cites to *Redwood City* to support its claim that "Rule 12(b)(6) relief is only appropriate in extraordinary circumstances." (Opp. at 6 (citing *U.S. v. City of Redwood City*, 640 F.2d 963 (9th Cir. 1981)). *Redwood City* adopted this language from an earlier case, *Corsican Prods. v. Pitchess*, 338 F.2d 441 (9th Cir. 1964). However, courts have noted that these earlier "extraordinary circumstances," "extraordinary case," or similar formulations of the Rule 12(b)(6) standard were implicitly overruled by *Iqbal* and *Twombly*. *See, e.g., Hinton v. Virginia Union University*, 185 F. Supp. 3d 807, 823 (E.D. Va. 2016) (the "insuperable bar" standard first appearing in *Corsican Prods*. "runs contrary to the thrust of *Twombly* and *Iqbal*."); *see also Starr v. Baca*, 652 F.2d 1202, 1215 (9th Cir. 2011) ("… it is hard to avoid the conclusion that, in fact, the Court applied a higher pleading standard in … *Twombly* and *Iqbal*.").

Instead, the standard on a Rule 12(b)(6) motion, as set forth in the MTD, is whether "the well-pleaded factual allegations … plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. It is true that as part of this analysis, the district court is to construe properly plead factual allegations "in the light most favorable" to the plaintiff. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). However, this does not mean that the pleading of *any* facts will therefore

5

1 state a claim for relief. Instead, the facts and inferences therefrom must do more than make a legal
2 claim *possible*, but rather must make one *plausible*. *See, e.g.*, *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl.*
3 *Corp. v. Twombly*, 550 U.S. 544, 557 (2007) ("Where a complaint pleads facts that are 'merely
4 consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility
5 of 'entitlement to relief.'")) Moreover, as noted in the MTD, the Ninth Circuit has made clear that
6 district courts are not required to make "unreasonable inferences" or "unwarranted deductions of fact"
7 to save a complaint from a motion to dismiss. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
8 (9th Cir. 2001). *See also Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994)
9 (noting that "the court is not required to accept legal conclusions cast in the form of factual allegations
10 if those conclusions cannot reasonably be drawn from the facts alleged" and affirming dismissal of
11 the complaint).

12 There are countless cases that properly apply the Rule 12(b)(6) standard, including by
13 construing the allegations of the complaint in the light most favorable to the plaintiff, but nonetheless
14 find that the plaintiff has failed to state a plausible claim for relief. *See, e.g., Iqbal*, 556 U.S. at 679–
15 81 (granting defendant's motion to dismiss despite "assum[ing] the veracity" of all "well-pleaded
16 factual allegations"). *See also Escamilla v. City of Santa Ana*, Nos. 21-56326, 23-55346, 2023 WL
17 7040312, at *1, 2 (9th Cir. Oct. 26, 2023) (citing to *Burgert* but nonetheless finding that the plaintiff
18 "did not allege facts sufficient to state a claim under § 1983"); *Xie v. Wu*, No. 6:22-CV-01488-MC,
19 2023 WL 3957413, at *3 (D. Or. June 12, 2023) (citing *Burgert* and noting the directive to construe
20 facts in the light most favorable to plaintiff but nonetheless dismissing the claims in question).

2. <u>IPI neither acknowledges nor distinguishes the analogous cases cited in the MTD in which the allegations were deemed insufficient to state a plausible conspiracy claim.</u>

Indeed, the MTD cites to numerous analogous cases with complaints raising allegations similar to the SAC, but where those facts nonetheless fail to state a plausible claim for relief, such as the *Reaper*, *Moss*, *Solomon*, *Woodrum*, or *Vierra* decisions. (*See* MTD at 17–19). These cases highlight some of the stark deficiencies in the SAC. For instance, there is not even an allegation of the existence of an "agreement" between Governor Palacios and the Commissioners of the CCC to violate IPI's constitutional rights, let alone what the agreement entailed, each defendant's objective, or any prior communications. *Solomon v. Las Vegas Metro. Police Dep't*, 441 F. Supp. 3d 1090, 1094 (D. Nev. 2020). Further, the fact that the Governor made a statement to a newspaper and authorized funding to a government agency does not give rise to a reasonable inference that a conspiracy existed to violate IPI's rights—this requires a massive, unwarranted deduction of fact. *Sprewell*, 266 F.3d at 988. However, IPI fails to even acknowledge, let alone distinguish, these cases. IPI offers no explanation of how these two facts create a plausible claim that Governor Palacios and the Commissioners engaged in a conspiracy to violate its constitutional rights.

The sole argument that IPI offers is that it is "almost irrelevant" that the Governor's actions alleged by IPI are easily explained without relying on any improper motive because the Court must construe the allegations in the light most favorable to IPI. (Opp. at 7). However, IPI's argument is not consistent with the way that district courts are to conduct a Rule 12(b)(6) plausibility analysis. The Supreme Court made clear in *Twombly* that "lawful parallel conduct fails to bespeak unlawful agreement" and therefore "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice." *Twombly*, 550 U.S. at 556. Rather, allegations of parallel conduct must "be placed in a context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.* at 557; *see also Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1048

1  (9th Cir. 2008) (appellants "failed to plead the necessary evidentiary facts to support [the]
2  conclusions" that a conspiracy existed); *Dodakian v. Butters*, No. 23-15484, 2024 WL 1299991, at *1
3  (9th Cir. March 27, 2024) ("Accepting the factual allegations as true and construing the First Amended
4  Complaint liberally, the allegations are not sufficient to support Dodakian's due process [or other]
5  claims."). Similarly, in *Blue Triton Brands*, the court held that even considering the alleged facts "in
6  the light most favorable to the non-moving party," the allegations only stated "ordinary business
7  activities performed for ordinary business purposes" by the defendants and were thus insufficient to
8  plead a plausible conspiracy claim. *Kim v. Blue Triton Brands*, No. 2:22-CV-01907-JLS-KS, 2022
9  WL 17061085, at *7 (C.D. Cal. Nov. 1, 2022), aff'd sub nom. *Kim v. Bluetriton Brands, Inc.*, No. 22-
10 56063, 2024 WL 243343 (9th Cir. Jan. 23, 2024).

11     Accordingly, where IPI has simply alleged two actions by the Governor that are ordinary and
12 proper for him to take, even if interpreted in the light most favorable to IPI, this still does not push
13 IPI's claim of a conspiracy to violate its constitutional rights from "conceivable to plausible."
14 *Twombly*, 550 U.S. at 547. Furthermore, in its Opposition, IPI does not offer any counter to the
15 Governor's argument that issuing a statement to address false claims made about him in a public
16 hearing is a natural response by a public official, or his argument that approving funds so that a
17 government agency can continue operating is ordinary administrative conduct by an executive. (MTD
18 at 16). Rather than address these explanations in any way, IPI only stated that this "benign explanation
19 is almost irrelevant" (Opp. at 7)—but, as discussed above, that is not the law.

20     3. <u>IPI does not cite any legal authority that supports its own position that its two factual allegations are sufficient to state a plausible claim for relief under § 1983.</u>
21
22     Moreover, IPI does not cite any of its own cases to support its position that the Court's
23 obligation to construe the facts pleaded in the SAC in the light most favorable to IPI means that IPI
   has stated a plausible claim or relief under § 1983. Indeed, in the sole case that IPI cites to establish

this instruction on how to construe the plaintiff's allegations, the Ninth Circuit affirmed the district court's dismissal of the complaint. *Burgert*, 200 F.3d at 665.[4]

    4. <u>IPI has not demonstrated that discovery in this case is likely to reveal evidence that Governor Palacios engaged in a conspiracy to violate IPI's constitutional rights</u>.

For these same reasons, IPI has not demonstrated its entitlement to discovery in this case. The Ninth Circuit notes that discovery and continued litigation are burdensome to defendants, and therefore a defendant should not be forced to bear these costs unless the plaintiff has plausibly demonstrated entitlement to relief. *Starr*, 652 F.3d at 1216. The facts alleged in the SAC do not permit an inference that there was an agreement between Governor Palacios and the Commissioners to violate IPI's constitutional rights, let alone suggest that there were communications between them on this topic. Accordingly, the allegations in the SAC do not justify the fishing expedition into the Governor's communications on which IPI would like to embark. *See Twombly*, 550 U.S. at 559 ("it is only by taking care to require allegations that reach the level suggesting conspiracy that we can hope to avoid the potentially enormous discovery expense in cases with no reasonably founded hope that the [discovery] process will reveal relevant evidence."); *Rossel v. City of Chino*, No. ED CV 14-00775-MWF (RZx), 2014 WL 12966420, at *6 (C.D. Cal. Dec. 9, 2014) ("the Supreme Court explained that one of the very purposes of the plausibility pleading standard in *Iqbal* and *Twombly* was to spare defendants from the burden of discovery on the basis of conjecture and speculative pleading.").

---

[4] The *Burgert* decision is actually of limited relevance here because it concerns whether two Hawaiian statutes should be interpreted to provide a private right of action rather than whether the allegations in the complaint state a plausible claim for relief. *Id.*

### III. CONCLUSION

For the foregoing reasons, the Court should dismiss the SAC as to Governor Palacios in his personal capacity because it fails to state a claim against him upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, the Governor requests that the SAC be dismissed with prejudice (and its Motion to Amend therefore denied) since IPI has already been afforded multiple opportunities to amend, has failed each time to state a plausible claim, and has not even demonstrated sufficient diligence to avoid bringing claims clearly barred by Supreme Court and Ninth Circuit precedent. Moreover, further opportunities to amend will be futile, particularly as IPI has not yet suffered any harm as a result of the alleged conspiracy. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009) (affirming dismissal with prejudice where district court dismissed the First Amended Complaint and found "the Second Amended Complaint was no better"); *Finicum*, 2021 WL 3502462, at *4–5 (noting federal pleading is not a "game of whack-a-mole" and dismissing with prejudice where plaintiff had already filed three complaints). Furthermore, permitting IPI yet another opportunity to refile a complaint significantly prejudices the Governor who must defend against each iteration of IPI's flawed pleading. *See Cordes v. Boulder Brands USA, Inc.*, No. CV 18-6534 PSG (JCX), 2019 WL 1002513, at *4–5 (C.D. Cal. Jan. 30, 2019) (denying leave to amend where plaintiff "made essentially no effort to remedy these defects in his amended complaint" and it would "it would be unduly prejudicial to force it to go through yet another round of briefing").

Dated: September 2, 2024

Respectfully submitted,

/s/ *Aaron Halegua*
Aaron Halegua
Bruce Berline

Attorneys for Defendant Arnold Palacios,
in his personal capacity