Brendan Layde (F0530)
Legal Counsel
Office of the Governor
Hon. Juan A. Sablan Mem. Bldg., 2nd Floor
Saipan, MP 96950-8907
Tel: (670) 789-5406
Email: brendan.layde@gov.mp

*Attorney for Defendant Arnold Palacios in his Official Capacity*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC; Best Sunshine International Ltd (BVI), | **CIVIL CASE NO. 1:24-cv-00001** |
| Plaintiffs, | |
| v. | **OPPOSITION TO PLAINTIFF'S MOTION SEEKING LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| Commonwealth of the Northern Mariana Islands, et al., | |
| Defendants. | |

## I.     INTRODUCTION

Defendant Arnold Palacios, Governor of the CNMI, in his personal and official capacities ("Governor Palacios") filed motions to dismiss the Second Amended Complaint ("SAC") in the above-captioned action on August 13, 2024. Plaintiffs Imperial Pacific International (CNMI) LLC and Best Sunshine International Ltd (BVI) (collectively, "Plaintiff" or "IPI") filed an Opposition on August 27, 2024, contemporaneously with a Motion Seeking Leave to File Third Amended Complaint ("TAC").

A third amended complaint would constitute the fourth attempt at a pleading that manages to state a claim against the Governor in this action. Because the causes of action in this case are nearly identical to those previously dismissed as the First Amended Complaint in *IPI v. CCC*, 1:23-cv-00014, ECF No. 7 (D. N. Mar. I. Jan. 23, 2024), a TAC would be IPI's sixth bite at the apple.

Leave to amend yet again should be denied, because IPI has shown a pattern of bad faith and dilatory motive, the Governor would be prejudiced by having to expend government resources to continually defend against meritless claims, IPI has repeatedly failed to cure deficiencies in its pleadings, and amendment would be futile. Governor Palacios in his official capacity hereby joins in the Opposition filed by counsel for his personal capacity and submits the following additional grounds to deny leave to amend.

## II.     LEGAL STANDARD

When a party has already amended its pleading once as a matter of course, further amendment may be made "only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2).

> Although the rule should be interpreted with "extreme liberality," leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue

delay in the litigation, or result in futility for lack of merit. Prejudice to the
opposing party is the most important factor.

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (internal citations omitted).

Reasons to deny a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Denials of motions for leave to amend have been reversed when lacking a contemporaneous specific finding by the district court of prejudice to the opposing party, bad faith by the moving party, or futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186–87 (9th Cir. 1987).

### III. ARGUMENT

The Court should deny IPI leave to amend its complaint yet again, because IPI has shown a pattern of bad faith and dilatory motive, the Governor would be prejudiced by further amendment, IPI has repeatedly failed to cure deficiencies in prior amendments, and amendment would be futile.

**A. IPI has shown a pattern of bad faith and dilatory motive.**

IPI's stated reasons for seeking leave to amend its complaint a third time are suggestive of bad faith and dilatory motive. Its new factual allegations in the Proposed Third Amended Complaint fall into two buckets: facts arising from IPI's own conduct since this litigation has been pending, and allegations regarding circumstances of which IPI was already aware before it filed the original complaint.

**1. Plaintiff adds factual allegations based on circumstances it itself manufactured, suggesting bad faith.**

In determining bad faith, an "amendment should be permitted unless it will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding

3

new but baseless legal theories." "[R]epetitious motions to amend and the filing of multiple amended complaints also raise an inference of bad faith."
*Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:19-CV-00016, 2021 WL 11688017, at *3 (D. N. Mar. I. Mar. 22, 2021) (internal citations omitted).

Plaintiff's first reason to amend is to remove Best Sunshine International Ltd (BVI) as a party. ECF No. 65 at 1. But Plaintiff previously sought leave to amend in order to *add* Best Sunshine as a party. ECF No. 50 at 2. This was because IPI (CNMI) LLC's voluntary Chapter 11 bankruptcy petition potentially called into question that entity's continuing existence at a later stage in this litigation, and Plaintiff thus hoped it could continue to prolong this lawsuit under the guise of Best Sunshine. *See id*. But Best Sunshine *already* does not exist and lacks capacity to sue. Counsel for Plaintiff failed to conduct the most minimal due diligence as to this issue and Defendants were thus obligated to conduct basic due diligence on Plaintiff's behalf. *See* ECF No. 61-2 at 4 (showing Best Sunshine dissolved in April 2023, long before this action was filed).

IPI also seeks to add additional factual allegations relating to circumstances it has itself engendered since the Second Amended Complaint was filed. On August 12, 2024, it emailed Governor Palacios a letter asserting it did not have to pay the annual license fees due on that date. Exhibit A. Governor Palacios responded on August 20, 2024, noting that IPI had failed once again to follow the dispute resolution procedure[1] outlined in Article 30 of the Casino License Agreement ("CLA"). IPI submitted a redacted version of this letter[2] as an attachment to the Proposed TAC with no explanation as to why it would require redaction. Governor Palacios is attaching the unredacted letter for the Court's convenience. *See* Exhibit B. IPI likewise gives no explanation as to why it did not submit to the Court its own letter, to which the Governor was

---

[1] Despite the Office of the Governor stating that representatives of the Commonwealth would be prepared to meet and confer with IPI within ten working days as provided in Article 30 of the CLA, IPI has not actually sought to meet and confer. Indeed, it has not taken any action to resolve its alleged dispute, apart from adding allegations in the instant litigation. This is also suggestive of bad faith.

[2] IPI characterizes this as "yet another letter," ECF No. 65-1 ¶ 97, but as far as the undersigned is aware this is the *only* letter the Office of the Governor has *ever* sent IPI since Governor Palacios was inaugurated.

4

responding. Defendant is therefore providing the context Plaintiff has chosen to omit. *See* Exhibit A.

**2. IPI makes "new" factual allegations on the basis of information it already possessed before filing the original complaint, suggesting dilatory motive.**

"Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). "[L]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, 2021 WL 11688017, at *3 (D. N. Mar. I. Mar. 22, 2021) (quoting *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986)).

Plaintiff alleges for the first time in its Proposed TAC that an email which it has already repeatedly submitted as an exhibit, *see*, *e.g.*, ECF No. 1-12; ECF No. 50-13; ECF No. 56-12, is somehow indicative of improper communications between the Governor and the Executive Director of the Commonwealth Casino Commission ("CCC").

Assistant Attorney General Keisha Blaise stated in that email to Michael Chen, counsel for IPI, that "[t[he Executive Director has not received a request for an extension from the Governor." ECF No. 65-1 ¶ 81. IPI now for the first time asserts that this email contradicts statements in an op-ed published by Governor Palacios that his involvement in settlement negotiations was only necessary as a potential signatory to an amendment to the CLA and that CCC has the sole authority to revoke the license.

But her statement is manifestly a response to Mr. Chen's *own question*, visible in a previous email in the same exhibit, as to whether the Governor needed more time to formulate a counter offer. The Governor's participation in settlement negotiations, alongside Mr. Chen on behalf of IPI and CCC Executive Director Andrew Yeom, is entirely consistent with, and indeed follows from, the fact (which the Governor observed in his op-ed, *see* ECF No. 65-14 at 2) that the CCC and IPI only required his signature to amend the CLA yet again.

Mr. Chen and Howyo Chi, the manager and director of IPI (CNMI) LLC, are well aware that the Governor, by and through counsel, discussed settlement negotiations with Executive Director Yeom, because Mr. Chi was sitting in the same room as Mr. Yeom and the undersigned during settlement discussions and Mr. Chen was himself present by videoconference. *See* Exhibit C (showing that Ms. Blaise, counsel for Executive Director Yeom, Mr. Chen, counsel for IPI, and the undersigned, counsel for the Governor, were all invited to the same settlement conference in February 2024).

Counsel for IPI knew perfectly well that counsel for the Governor and counsel for the CCC Executive Director were communicating with one another and with counsel for IPI regarding settlement negotiations in February 2024. This was not a secret.[3] Because counsel for Plaintiff was already aware before this lawsuit was filed that counsel for the Governor was communicating with counsel for the CCC Executive Director regarding settlement negotiations in February 2024, the assertion that "[s]ince the filing of the SAC, IPI has been diligent in ascertaining the involvement of CNMI and the Governor's office in the suspension and revocation proceedings," ECF No. 65 at 3, is in bad faith. Plaintiff was aware of the relevant circumstances before it filed the original complaint in this action. *Cf. Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (affirming denial of second motion for leave to amend where "'new' facts had been available . . . even before the first amendment").

The new factual allegations in the Proposed Third Amended Complaint are made in bad faith and for no other purpose than to delay and harass.

---

3  As the Governor pointed out in his op-ed, *see* ECF No. 65-14 at 2, Mr. Chen stipulated at the time that communications regarding settlement would be inadmissible in any other forum, but he violated that stipulation at the revocation hearing before the CCC and is now doing so again in federal court.

6

**B. Further amendment would be prejudicial to Defendant.**

Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330–31 (1971) (stating trial court "required" to take potential prejudice into account in deciding Rule 15(a) motion).

"Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In addition to repeatedly removing and reinserting the Governor with respect to particular causes of action, IPI removed the Governor's personal capacity altogether in the First Amended Complaint before reinserting it in the Second Amended Complaint. IPI made no factual allegations against the Governor whatsoever, despite naming him as a defendant, in the First Amended Complaint in 1:23-cv-00014, the original complaint under this docket number, and the First Amended Complaint under this docket. Beginning with the Second Amended Complaint and now again with the Proposed Third Amended Complaint, it makes wholly-conclusory allegations of conspiracy with no factual support.

Counsel for the Office of the Governor and for the Office of the Attorney General have been obligated to take time away from their regular duties to defend against frivolous claims. Each time IPI is faced with a motion to dismiss, it asserts that the next proposed amended complaint will allege sufficient facts to state a claim, tacitly admitting that Plaintiff has repeatedly failed to state a claim upon which relief can be granted. *See* ECF No. 47 at 4–5; ECF No. 64 at 5.

IPI should not be permitted to tie up the resources of the CNMI government in perpetuity while the threat hangs over defendants that, once dismissed from a cause of action, they may at any time be arbitrarily shuffled back in.

**C. IPI has repeatedly failed to cure deficiencies in prior amendments.**

The Ninth Circuit has found district courts properly deny leave to amend a complaint when the plaintiff repeatedly makes conclusory allegations of constitutional violations by state officials and repeatedly fails to provide particularized factual support after multiple attempts.

7

*See*, *e.g.*, *Haddock v. Cnty. of Los Angeles*, 952 F.2d 1399, 1992 WL 8205, at *1 (9th Cir. 1992)[4] ("Here, given [Plaintiff's] repeated failure to cure the deficiencies of his complaint, the potential for prejudice to the defendants, and the vague and conclusory nature of the third proposed amended complaint, the district court did not abuse its discretion.").

IPI has repeatedly and arbitrarily included, removed, and reinserted parties in a series of complaints with no other object than to delay and harass the defendants.

Plaintiff asserts that the complaint must be amended to remove defendants other than the Commonwealth and the CCC from the Contract Clause cause of action. IPI first included Governor Palacios as a defendant in its Contract Clause cause of action in the First Amended Complaint in *IPI v. CCC*, 1:23-cv-00014, ECF No. 7 at 6–7 (D. N. Mar. I. Jan. 23, 2024); included him in that cause of action in the original complaint when the litigation was refiled under the instant docket number, ECF No. 1 at 9–10; removed him from this cause of action in the First Amended Complaint, ECF No. 38 at 15–17, then reinserted him in the Second Amended Complaint, ECF No. 56 at 18–21, and now seeks to remove him a second time in the Third Amended Complaint, ECF No. 65-1 at 19–21.

As for the Due Process § 1983 cause of action, Governor Palacios was named as a defendant in the First Amended Complaint in *IPI v. CCC*, 1:23-cv-00014, ECF No. 7 at 8–10 (D. N. Mar. I. Jan. 23, 2024); included in the original complaint under this docket number, ECF No. 1 at 10–12; removed in the First Amended Complaint, ECF No. 38 at 17–20, reinserted in the Second Amended Complaint, ECF No. 56 at 21–23, and now included in the proposed Third Amended Complaint, ECF No. 65-1 at 21–23.

Enough is enough. Litigation in federal court is not a game of Twister in which the players contort themselves in knots to get on a space, then off again, then back again each time another

---

[4] "Unpublished dispositions and orders of [the 9th Circuit Court of Appeals] issued before January 1, 2007 . . .may be cited to any . . . court in th[at] circuit . . . for factual purposes, such as to show . . . the existence of a related case." 9th Cir. R. 36-3(c)(2).

round is called. Plaintiff has repeatedly failed to cure deficiencies in its complaint after multiple attempts.

**D. Amendment would be futile because IPI does not state a claim upon which relief can be granted.**

"Dismissal with prejudice and without leave to amend is not appropriate unless it is clear . . . that the complaint could not be saved by amendment." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted).

In determining futility,

> "[a]n amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *implied overruling on other grounds rec'd by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). The "proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller*, 845 F.2d at 214 (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974)).

*Pac. Rim Land Dev., LLC v. Imperial Pac. Int'l (CNMI), LLC*, No. 1:19-CV-00016, 2022 WL 3587012, at *13 (D. N. Mar. I. Aug. 22, 2022).

Amendment would be futile, because the claims IPI has articulated against Governor Palacios do not state a claim upon which relief can be granted. The Proposed TAC removes the Governor as a defendant with respect to the Contract Clause cause of action, but the § 1983 Due Process cause of action is not materially changed from the SAC. This cause of action does not state a claim upon which relief can be granted for all the reasons articulated by counsel for the Governor in his personal capacity in their motion to dismiss the SAC, incorporated here by reference. *See* ECF No. 59 at 17–19.

The only new factual allegation in this cause of action in the Proposed TAC is a conclusory assertion that the Executive Director of the CCC was "acting under the direction of Governor Palacios and an agent of Governor Palacios . . . ." ECF No. 65-1 ¶ 121. This is a wholly-conclusory assertion backed by no factual support and can be disregarded by the Court as not entitled to the assumption of truth on a motion to dismiss. *See Reaper v. ACE Am. Ins. Co.*, No. 23-15178, 2024 WL 810697, at *1 (9th Cir. Feb. 27, 2024) (affirming district court's dismissal of second amended complaint without leave to amend).

Amendment would be futile because the Proposed Third Amended Complaint fails to state a claim upon which relief can be granted.

## IV.   CONCLUSION

IPI's repeated reshuffling of parties and claims in this litigation has shown a clear pattern of bad faith, dilatory motive, and failure to conduct minimal due diligence. Its behavior should not be rewarded with another opportunity to engage in more of the same. Its motion for leave to file a third amended complaint should therefore be denied.

Dated: September 10, 2024

                                                Respectfully submitted,

                                                OFFICE OF THE GOVERNOR

                                                /s/
                                                Brendan Layde (T0530)
                                                Legal Counsel
                                                Attorney for Defendant Arnold Palacios in his Official Capacity