# EXHIBIT B



**Arnold I. Palacios**
Governor

**David M. Apatang**
Lieutenant Governor

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
# OFFICE OF THE GOVERNOR

*Electronic Delivery*

August 20, 2024

GOV 2024-623

Howyo Chi
Director of IPI
PMB 895, P.O. Box 10001
Saipan, MP 96950

Dear Mr. Chi:

The Office of the Governor is in receipt via email of your letter dated August 12, 2024.

Your letter presents a dispute, pursuant to Article 30 of the Casino License Agreement ("CLA"), as to IPI (CNMI) LLC's ("IPI") obligation pay its Annual License Fee due under Article 5 of the CLA and 4 CMC § 2317 for years during which its exclusive casino license was suspended by the Commonwealth Casino Commission ("CCC").

Article 22 of the CLA provides that notices and other communications must be given in writing by registered or certified mail or by hand delivery. No dispute was received by this office on or before August 12, 2024, the date on which the Annual License Fee was due, by either of the methods stipulated in the CLA.

The Office of the Governor acknowledges receipt of your presentation of dispute by email, without waiving Article 22's notice requirements. For the sake of ease of communication, this response is likewise being transmitted electronically as well as by hard copy, again without waiver of Article 22's notice requirements.

IPI did not present a similar notice of dispute prior to filing multiple lawsuits against the CCC in December 2023, which similarly challenged the obligation to pay the Annual License Fee. These lawsuits were refiled in February 2024, including Governor Palacios as a defendant in both personal and official capacities.[1]  This failure may have constituted material breach of the CLA under Article 31(d).

---

[1] "[T]he existence of a controversy between a government agency and a private party . . . does not prohibit a lawyer for either from communicating with nonlawyer representatives of the other regarding a separate matter." Model Rules of Prof'l Conduct r. 4.2 cmt. (Am. Bar Ass'n 2020).

Juan A. Sablan Memorial Building • 12296 Pagan Loop • Capitol Hill, Saipan
Caller Box 10007 • Saipan, MP  96950 • (670) 237-2200 • governor.gov.mp

Upon information and belief, no presentation of dispute was received by this office for any of the prior years in which IPI failed to pay the Annual License Fee since its license was suspended, i.e., for 2021, 2022, and 2023. IPI may thereby have waived the right to dispute the Annual License Fee owed for any of those years.

The dispute resolution process outlined under Article 30 governs disagreements "between the Parties as to terms or requirements" of the CLA, "excluding issues relating to gaming operations which are under the authority of the Casino Commission and proceedings regarding revocation or suspension" of the exclusive casino license.

Note that neither Governor Palacios, nor the Office of the Governor, is a party to the CLA. The "Parties" are defined by the CLA as IPI and the Commonwealth Lottery Commission. It is true that the Office of the Governor is endowed by Article 2 with "authority for enforcement of the terms and conditions" of the CLA, *"except for the elements specifically identified for control"* by the CCC.

Article 3, in conjunction with Public Law 18-56, conferred upon the CCC "the authority for the approval of all casino operations and gaming activities conducted under the Casino License." The CCC exercised this power conferred by statute, and by the bargained-for expectations of the parties memorialized in Article 3 of the CLA, by promulgating the Commonwealth Casino Commission Rules and Regulations, codified at NMIAC § 175-10.1.

These regulations include NMIAC § 175-10.6-601, which provides that the "casino licensee shall comply with the requirements as set forth in the Casino License Agreement, and all amendments made thereto, entered into between the Commonwealth Lottery Commission and the casino gaming licensee."

Consistently with the authority conferred on CCC by Article 3 of the CLA and by PL 18-56, this regulation transferred authority for enforcement of the requirements of the CLA, including the obligation to pay the Annual License Fee under Article 5, from the Office of the Governor to the CCC.

Accordingly, the Casino Commission is the appropriate party to demand payment of the Annual License Fee and to administratively adjudicate challenges to IPI's obligation to pay.

Neither the CLA, nor the CNMI Supreme Court decision cited in your Presentation of Dispute, *Commonwealth Casino Comm'n v. Imperial Pac. Int'l*, 2023 MP 8, provides any support for the position that IPI's obligation to pay the Annual License Fee ceased to accrue when CCC suspended its license.

Your letter's citations to provisions of federal law regarding firearms manufacturers, overgrazing of public rangelands, and common carrier deepwater ports are not germane to the topic at hand and fail to articulate any basis to excuse IPI's obligation to pay.

Subject to the above objections to your notice of presentation of dispute, and without waiver of any breach by IPI of the CLA's dispute resolution process, *see* Article 21, representatives of the Commonwealth are prepared to meet and confer with IPI within ten working days of receipt of your letter to seek to clarify and resolve this issue.

Sincerely,

Brendan Layde
Legal Counsel
Office of the Governor