OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General
J. Robert Glass, Jr. (F0523)
Assistant Attorney General
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950
Telephone: 670-237-7500
Email: robby_glass@cnmioag.org
Attorney for Defendant Commonwealth of the
Northern Mariana Islands

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| IMPERIAL PACIFIC INTERNATIONAL (CNMI) LLC<br><br>           Plaintiffs,<br><br>    vs.<br><br>COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS, the COMMONWEALTH CASINO COMMISSION, ARNOLD PALACIOS, GOVERNOR OF CNMI, in his official and personal capacities, et. al.,<br><br>           Defendants. | CIVIL CASE NO. 1:24-CV-0001<br><br>**DEFENDANT COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**<br><br>**Hearing Date:**<br>**Hearing Time:**<br>**Judge: Hon. Judge David Carter** |

      Defendant Commonwealth of the Northern Mariana Islands respectfully submits this Opposition to Plaintiffs' Second Motion to Amend/Correct Complaint.

### I.     Background

      On February 23, 2024, Plaintiff filed its initial complaint. A round of briefing on Motions to Dismiss were filed. On April 8, 2024, Plaintiff filed its First Amended Complaint. Another round of briefing ensued. On May 17, 2024, Plaintiff requested leave to file its Second Amended Complaint. On July 19, 2024, the Court granted Plaintiff leave, and on July 23, 2024 Plaintiff's Second Amended Complaint was filed. Another round of briefing on Motions to Dismiss ensued.

On August 27, 2024, Plaintiff filed its Second Motion to Amend/Correct the Amended Complaint, the current motion. Plaintiff presents what would be its Third Amended Complaint ("TAC") as an exhibit to its Motion. The TAC does nothing to cure many of the major problems presented by Plaintiff's Second Amended Complaint and merely presents more of the ongoing saga in the life of Plaintiff company. Because the TAC does not cure the issues and would require more updates in the future, the Court should deny the Motion and rule on the pending Motions to Dismiss.

## II. Legal Standard

While leave to amend a complaint is typically freely granted, there are exceptions to the general rule. Factors for a court to consider when assessing whether to grant leave to amend include: (i) undue prejudice to opposing party; (ii) undue delay; (iii) bad faith; (iv) repeated failure to cure deficiencies via prior amendments; and (v) futility of amendment. *Eminence Cap., LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Further, when a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'" *Chodos v. W. Publ'g Co.,* 292 F.3d 992, 1003 (9th Cir. 2002) (citing Griggs v. Pace Am. Group, Inc., 170 F.3d 877, 879 (9th Cir.1999)).

## III. Argument

**1. Plaintiff's First Two Reasons for a TAC Can Be Done By Dismissal.**

Plaintiff's first two reasons to seek leave to amend is to remove Best Sunshine International Ltd. (BVI) as a party and to remove all defendants except the Commonwealth and the Commonwealth Casino Commission from the first cause of action. Mot. at 2. Removal of the parties from the Complaint and from the cause of action may be accomplished by a dismissal as opposed to an amendment.

Plaintiff's TAC is a tacit admission it improperly included Best Sunshine in its Second Amended Complaint and now seeks to have them removed. Implicit in this removal is the possibility that should its legal status be restored Plaintiff will again seek to include Best Sunshine as a party. This would, of course, necessitate a Fourth Amended Complaint. The Court should put a stop to this merry-go-round by denying the Motion to Amend and dismissing Best Sunshine from the case. If Plaintiff wants to remove the party it improperly included, it could file a motion for dismissal or seek a stipulation of dismissal from the defendants. Thus, in seeking an

2

amendment, Plaintiff is causing undue delay. Each of the amendments causes a new round of briefing which takes more time which causes new developments that Plaintiff believes needs to be included which starts the cycle over again.[1] At some point, Plaintiff's facts have to be established enough to seek review without constant amendments. Plaintiff's motion is also in bad faith because it is seeking removal of a party it added without conducting its proper due diligence. Further, seeking removal of the party is in bad faith because it can easily be accomplished by dismissal rather than mooting all action in the case. Plaintiff's repeated failure to cure is also highlighted because Plaintiff filed its Second Amended Complaint to add Best Sunshine as a party only to now want to amend its complaint again to remove the party. As such, as to removing Best Sunshine, the Court should simply dismiss them as a party as argued in the Motion to Dismiss as opposed to granting another amendment to the Complaint.

The same arguments would also apply to removing the other defendants from the First Cause of Action. Plaintiff can simply dismiss them from the action and no amendment is necessary.

**2. Plaintiff's Third Reason Does Not Apply to the Commonwealth.**

Plaintiff states the third reason for amendment only applies to facts regarding Governor Palacios. Opp. at 3. While the amendment of the facts does not apply to the Commonwealth, nevertheless the additional facts do nothing to cure the overarching problem with Plaintiff's suit— that it is not ripe for adjudication. Nothing in the newly alleged facts show that Plaintiff's license has been revoked and thus Plaintiff has suffered no harm, nor would plaintiff suffer any harm to dismiss the case and allow the facts to become firm and definite regarding the status of the license, especially since Plaintiff is now seeking liquidation of its business in the bankruptcy court. *See In re Imperial Pacific Internaitonal (CNMI), LLC*, 24-bk-00002 (Motion to Sell Substantially All of Debtors Assets (ECF 182) and Motion to Transfer Lease of Hotel Building (ECF 183)). Plaintiff selling off all of its assets will not allow it to continue to operate a casino as it will no longer have any location or equipment to conduct such a business. In fact, by liquidating its major assets, IPI will cease to exist as an entity which would also moot this case.

---

[1] Plaintiff has done the removing and reinserting of a party on prior occasions as well. *See* ECF 1 (Governor Palacios sued in personal capacity in Complaint); ECF 38 (Removing Governor Palacios in his personal capacity in First Amended Complaint); and ECF 56 (inclusion of Governor Palacios in his personal capacity). *See also* ECF 51 (arguing to ensure Andrew Yeom was not dismissed and then later reincluded in the case).

Thus, the Court should deny amendment, dismiss the case, and allow the case to ripen before continued litigation occurs.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests this Court to deny Plaintiffs Motion to Amend.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL
EDWARD MANIBUSAN
Attorney General

Date: September 10, 2024            /s/ *J. Robert Glass, Jr.*
                                    J. Robert Glass, Jr. (F0523)
                                    Chief Solicitor
                                    Attorney for Defendant
                                    Commonwealth of the Northern Mariana Islands