Stephen J. Nutting
Law Office of Stephen J. Nutting
6th Floor Marianas Business Plaza
P.O. Box 5093 Saipan, MP 96950
Michael Chen
Michael Chen Law Offices
7330 Edna Ave.
Las Vegas, NV 89117
(*Pro Hac Vice*)
*Attorneys for Plaintiff IPI (CNMI) LLC*
*Best Sunshine International Ltd. (BVI).*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| Imperial Pacific International (CNMI) LLC, Best Sunshine International Ltd. (BVI); | **CASE NO. 1:24-cv-00001** |
| Plaintiffs, | **REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** |
| vs. | **Hearing Date:** |
| Commonwealth of the Northern Mariana Islands, et. al. | **Time:** **Judge: Hon. David O. Carter** |
| Defendants. | |

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs Imperial Pacific International (CNMI) LLC, ("IPI") hereby replies to the oppositions to the Motion to Amend the Second Amended Complaint ("SAC") filed by Defendant Arnold Palacios, in his personal capacity; (ECF No. 73) as well as in his official

capacity as Governor of CNMI. (ECF No. 70), and the opposition to the Motion to Amend the SAC filed by CNMI. (ECF No. 71).

## I.    INTRODUCTION

In the Second Amended Complaint ("SAC") (ECF No. 56), which is the operative pleading, IPI alleges two causes of actions against Governor Palacios in both his personal and official capacity: 1. Violation of the Contract Clause of the U.S. Constitution; 2. Violation of the Due Process Clauses of the U.S. Constitution.

Comparing with the SAC, the proposed Third Amended Complaint ("TAC") (ECF No. 65-1), has the following proposed changes:

1. Best Sunshine is removed as a co-plaintiff due to the lapse of its corporate registration in British Virgin Island.

2. Remove defendants other than CNMI and CCC from the cause of action of violation of the Contracts Clause of the U.S. Constitution.

3. Substitutes factual allegations against Governor Palacios with respect to the cause of action of violation of the Due Process Clause of the U.S. Constitution.

Counsel for Defendant Palacios in his official capacity made the following arguments:

1. The new factual allegations in the proposed Third Amended Complaint ("TAC") were known to IPI earlier.

2. Further amended complaint would be prejudicial to the governor.

3. Early pleadings by IPI had some deficiencies.

4. The proposed TAC still fails to state a claim upon which relief can be granted.

Counsel for Defendant Palacios in his personal capacity made the following arguments to support its Opposition to amend the SAC:

1. Early pleadings by IPI had some deficiencies.

2. IPI amended its pleadings several times after the filing of a number of motions to dismiss by defendants and receiving a Rule 11 Motion letter.

3. Further amended complaint would be prejudicial to the governor.

4.  The claim against the Governor's is not ripe because IPI has not suffered any harm.

5.  The proposed TAC still fails to state a claim upon which relief can be granted.

The Commonwealth also filed an Opposition to the Motion to Amend SAC, but IPI failed to see its relevancy since it states that "Plaintiff's Third Reasons Does not Apply to the Commonwealth" and CNMI made the suggestion that the proposed amendment can be accomplished by a dismissal with respect to the first two reasons for amendment. (ECF 71 at 2).

## II.  LEGAL STANDARD

The legal standard for granting a motion for leave to amend a complaint in the 9th Circuit is governed by Federal Rule of Civil Procedure 15(a). Under Rule 15(a)(2), a party may amend its pleading only with the opposing party's written consent or the court's leave, and the court should freely give leave when justice so requires.  See *Montes v. Breckinridge Prop. Fund 2015, LLC*, 2016 U.S. Dist. LEXIS 174954, *Hale v. Lloyd's, London*, 2020 U.S. Dist. LEXIS 9061.

The Ninth Circuit considers five factors when determining whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint.  *Montes v. Breckinridge Prop. Fund 2015, LLC*, 2016 U.S. Dist. LEXIS 174954, *Columbus Univ. v. Prabhakar Tummala*, 2014 U.S. Dist. LEXIS 207041.

Among these factors, the consideration of prejudice to the opposing party carries the greatest weight. See *Montes*.  The burden of proving prejudice is on the party opposing the motion to amend. See *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116.

Additionally, the Ninth Circuit has emphasized that Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." See *Columbus Univ. v. Prabhakar Tummala*, 2014 U.S. Dist. LEXIS 207041, *Ray v. BlueHippo Funding, LLC*, 2007 U.S. Dist. LEXIS 91060.

In the absence of prejudice or a strong showing of any of the other factors, there exists a presumption in favor of granting leave to amend.

III.  <u>LEGAL ARGUMENT</u>

**A.  <u>Governor Has Not Met the Burden of Proving Prejudice if the Motion to Amend the SAC is Granted.</u>**

Governor in his personal capacity, (ECF No. 73 at 14) stated that: "Governor did not oppose IPI's prior motions to amend its pleadings, but rather gave IPI its fair opportunity to plead a proper cause of action." This statement is not true, IPI only filed one motion for leave to amend its pleading earlier, which is the FAC, (ECF No. 50) and Governor is the only party (in his official capacity) who filed an opposition. (ECF No. 45).

As far as the governor is concerned, the meaningful differences between the proposed TAC and the SAC are:

    a.  the dismissal of the Governor from the Contracts Clause cause of action and

    b.  modified factual allegations of the Due Process Clause cause of action.

IPI fails to see any prejudicial effect on the Governor either in his personal capacity or official capacity if the Governor is dismissed from the Contracts Clause cause of action.

As Governor in his personal capacity argued over and over again, "the sole claim that IPI is now seeking to pursue against the Governor in its TAC is not new; it is the same claim that it alleged in the SAC and prior complaints." (ECF No. 73 at 15) As such, IPI also fails to see any prejudicial effect on the Governor by sustaining the same claim in the TAC.

To support its prejudice argument, Governor in his official capacity argued that "Amending a complaint to add a party poses an especially acute threat of prejudice to the entering party." (ECF No. 70 at 7). This argument has no application here since the proposed TAC did not add the Governor as a new party to the litigation.

Governor in both his personal capacity and official capacity argued that the lawsuit by IPI tied up the resources of the CNMI government, however, the cost of defending a lawsuit is generally not considered a prejudicial factor sufficient to deny a motion for leave to amend a complaint in the 9th Circuit. Courts have consistently held that the inherent costs of litigation, including defending against new claims, do not constitute the type of prejudice that would justify

denying leave to amend. For instance, in *PlayUp, Inc. v. Mintas*, the court noted that the cost of defending against a new claim is not the type of prejudice recognized as sufficient to deny leave to amend, especially in cases that are still in early stages of discovery.  *PlayUp, Inc. v. Mintas*, 2022 U.S. Dist. LEXIS 86810.

**B. The Proposed TAC alleges sufficient facts to constitute cause of actions against Defendant Palacios, the Amendment is not Futile.**

In the 9th Circuit, the determination of whether an amendment to a complaint is futile is guided by the same standard used to evaluate a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Specifically, an amendment is considered futile if it would not survive a Rule 12(b)(6) motion to dismiss.  *McGowan v. Cty. of Kern*, 2018 U.S. Dist. LEXIS 96236.

A proposed amendment is deemed futile if no set of facts can be proved under the amendment that would constitute a valid and sufficient claim or defense.  *Safety Dynamics v. General Star Indem. Co.*, 2014 U.S. Dist. LEXIS 185503.  This means that if the proposed amended complaint would be immediately subject to dismissal for failing to state a claim upon which relief can be granted, the amendment is futile.  In assessing futility, the court accepts the plaintiff's material allegations in the complaint as true and construes them in the light most favorable to the plaintiff.  *Seoul Broad. Sys. Int'l, Inc. v. Korea Int'l Satellite Broad.*, 2009 U.S. Dist. LEXIS 138633, However, if the facts alleged do not permit the court to infer more than the mere possibility of misconduct, the complaint has not shown that the pleader is entitled to relief, and the proposed amendment is considered futile.

Additionally, the court may consider whether the proposed amendment merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.

Since the Court has not ruled on the merit of the claims in the SAC or any earlier pleadings, the futility argument advanced by Governor Palacios in his opposition to the Motion to Amend the SAC could be converted into a motion to dismiss the TAC once the Court granted the Motion to Amend the SAC.

The proposed TAC alleges that Defendant Palacios in his official and personal capacities, directed and encouraged CCC and its commissioners, to initiate and maintain the revocation proceeding against IPI and use CCC as the collection agent to collect the unpaid and disputed annual license fees by exercising the power to revoke as a threat. (**Proposed TAC ¶94**).

The Proposed TAC alleges that Defendant Palacios in his official and personal capacities, made ex parte communication with the Commissioners by publishing an official statement in local newspaper, the statement was made after the conclusion of the evidentiary hearing, but before the scheduled deliberation and voting. The statement went to both the merit of the administrative proceedings before CCC and to the general character of IPI's director and sole witness who testified at the evidentiary hearing, which violated the due process right of IPI under the U.S. Constitution. (**Proposed TAC ¶95**).

The Proposed TAC alleges that Defendant Governor Palacios was involved, in his official and personal capacities, by directing and encouraging CCC and its commissioner, acting under the color of law, by usurping the regulatory power of CCC, violated IPI's constitutional due process right to impartial decision makers, using CCC as his collection agent, to demand the immediate payment of the disputed annual license fees.

Defendant Palacios identified two factual allegations in the SAC that may constitute a claim against Palacios for violation of the due process right of IPI: Governor Palacios contributed to an article related to the settlement process, his role in the settlement process and accused IPI's witness of lying (**SAC ¶81**), and Governor Palacios directed CNMI to fund CC for the revocation proceeding (**SAC ¶92**).

Defendant Palacios downplayed the significance of the two allegations and argued that they "are easily explained without relying on any improper motive." However, under Rule 12(b)(6) standard, the argument that alleged wrongdoing may have a benign explanation is almost irrelevant, because the applicable Rule 12(b)(6) standard is not whether the Defendant has a plausible explanation for the alleged wrongdoing, but rather, after the exercise of "all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party," whether Plaintiff meet the "plausibility standard" in which the complaint "raise a

reasonable expectation that discovery will reveal evidence of [the alleged infraction]."

The Supreme Court in *Twombly* has adopted a "plausibility standard," in which the complaint must simply "raise a reasonable expectation that discovery will reveal evidence of [the alleged infraction]." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). By taking the allegations made against Governor Palacios as true, and construed them in the light most favorable to the nonmoving party, which is IPI, if the Court finds that it is reasonable to expect that discovery will reveal additional evidence of communications or the exercise of undue influence between Governor Palacios and the Commissioners, either directly, or through other intermediaries, for the purpose of denying IPI a body of disinterested and impartial decision makers at the revocation hearing, or otherwise infringe IPI's due process rights, then the Motions to Dismiss by Governor Palacios must be denied.

**C.**  **There is no bad faith for IPI to Amend its Pleadings in response to event occurred after the filing of SAC and in response to the Rule 11 Motion Letter.**

In the 9th Circuit, bad faith in amending a complaint is generally characterized by actions taken with wrongful motives such as unnecessary delay, harassment, or to avoid an adverse judgment. For instance, a party acts in bad faith when it seeks to amend its pleadings solely for a wrongful motive like unnecessary delay or harassment. *Leitner v. Sadhana Temple of N.Y., Inc.*, 2014 U.S. Dist. LEXIS 200770, *Xyience Bev. Co., LLC v. Statewide Bev. Co.*, 2015 U.S. Dist. LEXIS 190107.

Additionally, bad faith may be found when a party repeatedly represents to the court that it will not move to amend its complaint and subsequently does so once it becomes apparent that the party will suffer an adverse judgment. *Grecia v. Adobe In*c., 2018 U.S. Dist. LEXIS 209870, Courts also consider bad faith to exist when the proposed amendment will not save the complaint or when the plaintiff is merely seeking to prolong the litigation by adding new but baseless legal theories.  *Burrola v. U.S. Sec. Assocs.*, 2019 U.S. Dist. LEXIS 20333.

A history of dilatory tactics or repeated motions to amend can also be evidence of bad faith.  *Leitner v. Sadhana Temple of N.Y., Inc.*, 2014 U.S. Dist. LEXIS 200770, Furthermore,

bad faith may be inferred when a party files an excessively lengthy amended complaint that adds no new claims or defenses but only marginally pertinent allegations. In evaluating bad faith, courts look to the evidence in the record, including the timing of the amendments and the plaintiff's motives for not amending the complaint earlier.   The burden of showing bad faith lies with the opposing party, who must make an affirmative showing of either prejudice or bad faith. See *Xyience Bev. Co., LLC*.

Between the SAC and the proposed TAC, one proposed change is to dismiss the Governor from the cause of action for Contracts Clause violation, that was largely in response to the motion to dismiss the SAC. The other proposed changes are to substitute and add new factual allegations that substantiate the cause of action for the Due Process Clause violation against the Governor, some were based upon events occurred after the filing of the SAC, some were in response to the Rule 11 Motion letter sent out by Governor. [1]  Governor fails to make an affirmative showing of bad faith when IPI took the Rule 11 Motion letter from the Governor seriously and made the necessary amendment to the SAC as requested by the Rule 11 Motion letter. IPI did not change its legal theory for its Due Process claim, simply adding more factual allegations, or present the factual allegations in the manner that Due Process claim are more plausible.

### D. __There is no undue delay for IPI to file the Amended Complaint.__

IPI has been diligently in filing the amended complaint. IPI has been following all deadline and court orders with respect to the filing and briefing. Without the benefit of discovery tools available, IPI has been diligently in searching for evidence that would support its claims, including going back to the same documents and analyze it from a different perspective, such as the statement from Assistant Attorney General about the involvement of Governor, not only in the context of a failed settlement process, but also in the context of a coordinated effort to revoke IPI's license between Governor and CCC.

---

[1] The response deadline to the Rule 11 Motion Letter fell on the same day for IPI to file the proposed TAC. By filing the proposed TAC, it also mooted the Rule 11 Motion.

CONCLUSION

For all of the foregoing reasons, Plaintiff IPI respectfully requests that IPI's Motions to Amend the SCA be granted.

Dated:                                          Respectfully submitted,

      September 17, 2024

      Saipan, CNMI                          By:/s/ Stephen Nutting
                                                Stephen Nutting
                                                Law Office of Stephen J. Nutting
                                                6th Floor Marianas Business Plaza
                                                P.O. Box 5093 Saipan, MP 96950

                                                Michael Chen
                                                By: /s/ Michael Chen
                                                Michael Chen Law Offices
                                                7330 Edna Ave.
                                                Las Vegas, NV 89117
                                                *Pro Hac Vice*

                                                Attorneys for Plaintiff
                                                IMPERIAL PACIFIC INTERNATIONAL
                                                (CNMI), LLC